THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | | |
|---|---|---|
| KAELI GARNER, *et al.*, | ) | No.  2:21-cv-00750-RSL |
| | ) | |
| Plaintiffs, | ) | FIRST AMENDED CONSOLIDATED |
| | ) | COMPLAINT-CLASS ACTION |
| vs. | ) | |
| | ) | |
| AMAZON.COM, INC., *et al.*, | ) | COMPLAINT FOR VIOLATIONS OF THE |
| | ) | CALIFORNIA, FLORIDA, ILLINOIS, |
| Defendants. | ) | MARYLAND, MASSACHUSETTS, |
| | ) | MICHIGAN, NEW HAMPSHIRE, |
| | | PENNSYLVANIA, AND WASHINGTON |
| | | WIRETAPPING STATUTES; THE |
| | | WASHINGTON CONSUMER |
| | | PROTECTION ACT; THE FEDERAL |
| | | WIRETAP ACT; AND THE STORED |
| | | COMMUNICATIONS ACT |

DEMAND FOR JURY TRIAL

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1

## I.  INTRODUCTION

2    1.    This class action lawsuit arises out of Amazon's practice of using smart-speaker

3    technology ("Alexa") to surreptitiously: (a) *intercept*; (b) *eavesdrop*; (c) *record*; (d) *disclose*;

4    and/or (e) *use* millions of Americans' voices and communications, all without their knowledge or

5    consent. Such conduct blatantly violates Washington's wiretapping law, which applies nationwide

6    to Plaintiffs and all members of the Class.  The conduct also violates the laws of Florida, New

7    Hampshire, Massachusetts, California, Maryland, Pennsylvania, Illinois, and Michigan

8    (collectively, with Washington, "State Wiretapping laws") – all of which prohibit either the

9    *interception*, *eavesdropping*, *recording*, *disclosure*, or *use* of communications without the consent

10   of all parties to the communications.  Defendants here, Amazon.com, Inc. and Amazon.com

11   Services LLC (collectively, "Amazon" or "Defendants"), are therefore liable as a result of their

12   egregious violations of the State Wiretapping laws – and are also liable for their violations of the

13   Washington Consumer Protection Act ("CPA"), the Electronic Communications Privacy Act of

14   1986 ("Federal Wiretap Act"), and the Stored Communications Act of 1986 ("SCA").  Plaintiffs

15   Kaeli Garner, Mark Fladd, Stephanie Fladd, Jodi Brust, John Dannelly, Diane McNealy, Michael

16   McNealy, Lisa Hovasse, Sandra Mirabile, Ricky Babani, Susan Lenehan, Jeffrey Hoyt, Lorlie

17   Tesoriero, James Robinson, Rosa Comacho, Eric Dlugoss, Julie Dlugoss, Ronald Johnson, Selena

18   Johnson, Caron Watkins, and Kelly Miller (collectively, "Plaintiffs") bring this action individually,

19   and on behalf of a Class of similarly situated individuals (defined below), to redress those

20   violations of law.

21   2.    The State Wiretapping laws are united in the prohibition of Amazon's conduct

22   alleged herein.

23

24

25

26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                        - 1 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

| State | Conduct Prohibited | Statute |
|---|---|---|
| Washington | Interception or Recording | Wash. Rev. Code §9.73.030 |
| Florida | Interception or Disclosure or Use; or "Endeavors" to Intercept or Disclose or Use | Fla. Stat. §934.03 |
| New Hampshire | Interception or Disclosure or Use; or "Endeavors" to Intercept or Disclose or Use | N.H. Rev. Stat. §570-A:2 |
| Massachusetts | Interception or Disclosure or Use; or "Attempts" to Intercept or Disclose or Use | Mass. Gen. Laws ch. 272, §99 |
| California | "Tap[ping]" or Reading or Use; or "Attempts" to Read or Use | Cal. Penal Code §631 |
| California | Eavesdropping or Recording | Cal. Penal Code §632 |
| Maryland | Interception or Disclosure or Use; or "Endeavor[s]" to Intercept or Disclose or Use | Md. Code Ann., Cts. & Jud. Proc. §10-402 |
| Pennsylvania | Interception or Disclosure or Use; or "Endeavors" to Intercept or Disclose or Use | 18 Pa. Cons. Stat. §5703 |
| Illinois | Overhearing or Transmitting or Recording or Interception or Use or Disclosure | 720 Ill. Comp. Stat. §5/14-2 |
| Michigan | Eavesdropping | Mich. Comp. Laws §750.539c |

3.     Amazon utilized Alexa technology to ***willfully*** and ***intentionally intercept*** and ***eavesdrop*** upon the confidential conversations of Plaintiffs and the Class that Amazon was not a

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                          - 2 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    party to.  Amazon then ***recorded*** those conversations, permanently storing them in the process.

2    Shockingly, Amazon then ***disclosed*** those conversations to human listeners, including third parties.

3    Amazon did all of this to ***use*** those conversations for its own financial benefit, including to provide

4    personalized ads for consumers.  Plaintiffs thereby bring this action on behalf of both registered

5    users and unregistered persons, who never consented to any interception, recording, disclosure, or

6    use of their communications.[1]

7         4.     Alexa is an omnipresent feature in Amazon's products.  In addition to Amazon

8    products utilizing Alexa – such as Echo Dot, Echo Plus, Echo Sub, Echo Show, Echo Input, Echo

9    Frames eyeglasses, Amazon Fire TV digital media player, Amazon Fire TV sticks, Amazon Alexa

10   Auto, and Amazon Fire tablets – Amazon has authorized several third-party device manufacturers

11   to offer products that either come with Alexa capability built-in or that are easily integrated with

12   Alexa, for example, Sonos Devices (collectively, "Alexa Devices").

13        5.     Millions of Americans use Alexa Devices in their homes.  People speak to Alexa

14   about a variety of topics, ranging from prosaic, such as asking Alexa to play music or create a to-

15   do list, to profoundly private, such as asking Alexa about medical conditions.  Most people believe

16   that when they speak to an Alexa Device, their voice is temporarily processed so that Alexa can

17   generate a response or carry out the user's command.  No one expects that Alexa creates permanent

18   recordings of their voices or sends recordings to human listeners for Amazon to use for its own

19   commercial gain.  Worse, Amazon records and permanently stores these recordings even if no

20   wake word has been used to activate an Alexa Device.

21

22

23

24

25

26   ---
     [1]    "Registered users" refers to Alexa Device users who set up the Alexa Device through the use of their Alexa App,
     as outlined below.  "Unregistered persons" refers to people who did not set up the Alexa Device, nor registered it.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                      - 3 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

6.      Alexa Devices employ "far field technology" to maintain expansive auditory reach.[2] This allows conversations from other rooms to be intercepted and recorded.[3]

7.      The mechanics of Amazon's illegal conduct work as follows.  Alexa Devices are designed to record and respond to human commands in a simulated voice.  While an Alexa Device is "always on,"[4] it is only supposed to respond to commands after an individual says a wake word, which is usually "Alexa" or "Echo."  Once the Alexa Device recognizes the wake word, it then records the ensuing communication.  Because Alexa Devices were created to capture voices "from anywhere in the room,"[5] they record ***anything spoken in its vicinity***.  The Alexa Device then transmits that recording to Amazon's servers for interpretation and processing before receiving the relevant data back in response.  ***Amazon then permanently stores a copy of that recording on its own servers for later use and commercial benefit, warehousing billions of private conversations in the process***.[6]  This practice becomes all the more sinister when one considers the widespread proliferation of Alexa Devices, which underscores the magnitude of information Alexa is impermissibly capturing and storing.

8.      Amazon designed its Alexa Devices to intercept and record any conversation within its expansive auditory reach without the use of the wake word. In fact, Amazon specifically

---

[2]   Smart Home, *Introducing Amazon Echo*, YOUTUBE (Aug. 5, 2016), https://www.youtube.com/watch?v=CYtb8RRj5r4.

[3]  Aditya Saroha, *Alexa can hear and record what is typed in nearby devices, study finds*, THE HINDU (Dec. 28, 2020), https://www.thehindu.com/sci-tech/technology/alexa-can-hear-and-record-what-istyped-in-nearby-devices-study-finds/article33435660.ece.

[4]   Smart Home, *Introducing Amazon Echo*, YOUTUBE (Aug. 5, 2016), https://www.youtube.com/watch?v=CYtb8RRj5r4.

[5]   *Id.* (discussing Alexa's use of "far field technology").

[6]   Geoffrey A. Fowler, *Alexa has been eavesdropping on you this whole time*, WASH. POST (May 6, 2019), https://www.washingtonpost.com/technology/2019/05/06/alexa-has-been-eavesdropping-you-this-whole-time/;  *see also* Ry Crist, *Amazon and Google are listening to your voice recordings.  Here's what we know about that*, CNET (July 13, 2019), https://www.cnet.com/home/smart-home/amazon-and-google-are-listening-to-your-voice-recordings-heres-what-we-know/ (discussing how Amazon stated that it if you make a purchase via Alexa, it may be used to "provide personalized ads").

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 4 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

patented a "a system for capturing and processing portions of a spoken utterance command that may occur before a wake word" or "pre-wake word speech processing." In other words, the Alexa devices may record and process all conversations prior to any use of a wake word.[7]

9.      Critically, Alexa does not discriminate between registered users and non-registered persons for recording purposes.  It simply records any and all voices.  This means Alexa routinely captures unintentional communications without the knowledge or consent of the individuals speaking.  This is true regardless of whether someone is talking directly to Alexa, to another person, or even to themselves.  Anyone within the vicinity of an Alexa Device will have their voice recorded.

10.      In light of Alexa's eavesdropping capabilities, it is unsurprising that Alexa Devices capture a host of extremely personal and private conversations, including conversations about one's family, medical conditions, religious beliefs, political affiliations, confidential professional communications, and other personal or private matters.  Tellingly, former Amazon executive Robert Frederick admitted that he turns off his Alexa Device when he wants to have a "private moment."[8]

11.      This practice is evidenced by Plaintiffs' allegations that Alexa Devices surreptitiously recorded their private conversations which were not intended for Alexa. The Plaintiffs were recorded in their homes, where they have a reasonable expectation of privacy, conversing about a range of highly sensitive topics ranging from confidential work communications in their capacity as a City Prosecutor to communications related to sexual intercourse.

---

[7]  U.S. Patent No. 10,192,546 (issued Jan. 24, 2019) *available at* https://appft.uspto.gov/netacgi/nph-Parser?Sect1=PTO1&Sect2=HITOFF&d=PG01&p=1&u=%2Fnetahtml%2FPTO%2Fsrchnum.html&r=1&f=G&l=50&s1=%2220190156818%22.PGNR.&OS=DN/20190156818&RS=DN/20190156818.

[8]  *Amazon's Alexa saves private conversations without being summoned*, 9NEWS (Feb. 21, 2020), https://www.9news.com.au/technology/amazon-alexa-smart-speaker-stores-private-conversations-google-home-apple-homepod/4107916e-5e34-4e22-806a-1255a3bb213f.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                  - 5 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

12.     Despite Alexa's built in listening and recording functionalities, Amazon failed to disclose that it makes, stores, analyzes, and uses recordings of these interactions, and that such activities occur whether or not a user uses a wake word to intentionally communicate with an Alexa Device. In fact, Amazon states that Alexa is **not** "recording all my conversations."[9] Amazon's "Alexa, Echo Devices, and Your Privacy," page poses the question "Is Alexa recording all my conversations?" Amazon provides the following response:

> No. By default, Echo devices are designed to detect only your chosen wake word (Alexa, Amazon, Computer, or Echo). The device detects the wake word by identifying acoustic patterns that match the wake word. ***No audio is stored or sent to the cloud unless the device detects the wake word (or Alexa is activated by pressing a button)***.[10]

13.     As alleged herein by named Plaintiffs' specific allegations, Amazon's statement that they do not record all conversations unless a wake word is used is patently false because named Plaintiffs have found numerous examples of conversations that were meant to be private and where no wake word was used, and which Amazon nevertheless recorded and stored indefinitely.

14.     Amazon further failed to disclose that it uses human and artificial intelligence analysts located in listening facilities to listen to, interpret, and evaluate these recordings.

15.     While Alexa is held out to resemble an ideal servant in a Victorian manor, hovering in the background, waiting patiently to do its master's bidding, that is merely a façade. In reality, Alexa is more akin to an Orwellian Big Brother informant, surreptitiously collecting personal, private, and confidential conversations to bring back to its true master, Amazon – which then uses the unauthorized and unlawfully obtained information for self-serving purposes.

---

[9] *Alexa, Echo Devices, and Your Privacy*, https://www.amazon.com/gp/help/customer/display.html?nodeId=GVP69FUJ48X9DK8V (last visited Nov. 16, 2021).

[10] *Id.* (emphasis added).

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 6 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

16.     Plaintiffs bring this Consolidated Class Action Complaint against Defendants to obtain redress for all persons in the United States or its Territories who have used Alexa on any Alexa Device, or had their communications monitored, recorded, intercepted, used, or disclosed by or through an Alexa Device – irrespective of whether they were registered users or unregistered persons – and have therefore been wiretapped by Amazon without consent.  Plaintiffs allege as follows as to themselves, upon personal knowledge of their own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by their undersigned attorneys:

## II.     PARTIES

17.     Plaintiff Kaeli Garner is a natural person and citizen of California and resides in San Diego, California.  Plaintiff lives in a household with an Alexa Device registered to someone else.

18.     Plaintiff Mark Fladd is a natural person and citizen of California and resides in Corona, California.  Plaintiff lives in a household with an Alexa Device registered by himself.

19.     Plaintiff Stephanie Fladd is a natural person and citizen of California and resides in Corona, California.  Plaintiff lives in a household with an Alexa Device registered by someone else.

20.     Plaintiff Jodi Brust is a natural person and citizen of California and resides in Kelseyville, California.  Plaintiff lives in a household with an Alexa Device registered by herself.

21.     Plaintiff John Dannelly is a natural person and citizen of Colorado and resides in Colorado Springs, Colorado.  Plaintiff lives in a household with an Alexa Device registered by himself.

22.     Plaintiff Diane McNealy is a natural person and citizen of New Hampshire and resides in Londonderry, New Hampshire.  Plaintiff lives in a household with an Alexa Device registered by herself.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                            - 7 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    23.    Plaintiff Michael McNealy is a natural person and citizen of New Hampshire and

2  resides in Londonderry, New Hampshire.  Plaintiff lives in a household with an Alexa Device

3  registered by someone else.

4    24.    Plaintiff Lisa Hovasse is a natural person and citizen of Massachusetts and resides

5  in Burlington, Massachusetts.  Plaintiff lives in a household with an Alexa Device registered by

6  herself.

7    25.    Plaintiff Sandra Mirabile is a natural person and citizen of Florida and resides in

8  Bonita Springs, Florida.  Plaintiff lives in a household with an Alexa Device registered by herself.

9    26.    Plaintiff Ricky Babani is a natural person and citizen of Florida and resides in Lake

10 Mary, Florida.  Plaintiff lives in a household with an Alexa Device registered by someone else.

11   27.    Plaintiff Susan Lenehan is a natural person and citizen of Florida and resides in St.

12 Augustine, Florida.  Plaintiff lives in a household with an Alexa Device registered by herself.

13   28.    Plaintiff Jeffrey Hoyt is a natural person and citizen of Washington and resides in

14 Kirkland, Washington.  Plaintiff lives in a household with an Alexa Device registered by himself.

15   29.    Plaintiff Lorlie Tesoriero is a natural person and citizen of Washington and resides

16 in Kirkland, Washington.   Plaintiff lives in a household with an Alexa Device registered by

17 someone else.

18   30.    Plaintiff James Robinson is a natural person and citizen of Illinois and resides in

19 Morris, Illinois.  Plaintiff lives in a household with an Alexa Device registered by himself.

20   31.    Plaintiff Rosa Comacho is a natural person and citizen of Illinois and resides in

21 Morris, Illinois.  Plaintiff lives in a household with an Alexa Device registered by someone else.

22   32.    Plaintiff Eric Dlugoss is a natural person and citizen of Michigan and resides in

23 Holly, Michigan.  Plaintiff lives in a household with an Alexa Device registered by himself.

24   33.    Plaintiff Julie Dlugoss is a natural person and citizen of Michigan and resides in

25 Holly, Michigan.  Plaintiff lives in a household with an Alexa Device registered by someone else.

26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 8 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

34.     Plaintiff Ronald Johnson is a natural person and citizen of Pennsylvania and resides in Oil City, Pennsylvania.  Plaintiff lives in a household with an Alexa Device registered by someone else.

35.     Plaintiff Selena Johnson is a natural person and citizen of Pennsylvania and resides in Oil City, Pennsylvania.  Plaintiff lives in a household with an Alexa Device registered by herself.

36.     Plaintiff Caron Watkins is a natural person and citizen of Maryland and resides in Baltimore, Maryland.  Plaintiff lives in a household with an Alexa Device registered by someone else.

37.     Plaintiff Kelly Miller is natural person and citizen of Maryland and resides in Brunswick, Maryland.  Plaintiff lives in a household with an Alexa Device registered by herself.

38.     Defendant Amazon.com, Inc. is a Delaware corporation with its headquarters and principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

39.     Defendant Amazon.com Services LLC is a Washington limited liability company with its headquarters and principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

## III.     JURISDICTION AND VENUE

40.     This Court has subject-matter jurisdiction over this dispute under 28 U.S.C. §1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, there are at least 100 class members, and at least one member of the class is a citizen of a different state than at least one Defendant.

41.     This Court has personal jurisdiction over Defendants because a substantial part of the harm, events, and conduct giving rise to Plaintiffs' claims occurred in Washington, and Defendants are headquartered in Washington.

42.     Venue is proper in this Court under 28 U.S.C. §1391 because Defendants are headquartered in this District, and because a substantial part of the events and conduct giving rise to Plaintiffs' claims took place in this District.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 9 -

Byrnes ♦ Keller ♦ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   **IV.   FACTUAL ALLEGATIONS**

2       43.     Amazon is a leviathan in the technology and e-commerce world, with net sales in

3   2020 exceeding $386 billion.[11]   Amazon's main sources of revenue are retail sales, third-party

4   seller services, subscription services, and Amazon Web Services ("AWS") arrangements that

5   include "global sales of compute, storage, database, and other services."[12]   According to some

6   reports, approximately 42% of the Internet is powered by AWS – more than double that of

7   companies like Microsoft and Google.[13]

8       44.     Amazon also develops technology products, including Alexa, which Amazon

9   describes as its "voice AI" that "lives in the cloud and is happy to help anywhere there's internet

10  access and a device that can connect to Alexa."[14]

11      45.     A2Z Development Center, LLC[15] began designing and engineering the Echo "smart

12  speaker" in 2010, and Alexa was introduced to the world in 2014 when that product was launched.

13  Amazon filed a patent for "Pre-Wakeword Speech Processing" in 2019.[16]

14      46.     Today, Amazon's use of Alexa is ubiquitous, as the "cloud-based voice service [is]

15  available on hundreds of millions of devices from Amazon and third-party device

16  manufacturers,"[17] including residential thermostats, computers, and security cameras.   Indeed, as

17

18  [11]   Amazon, Inc. Form 10-K for Fiscal Year Ended December 31, 2020, https://d18rn0p25nwr6d.cloudfront.net/CIK-0001018724/336d8745-ea82-40a5-9acc-1a89df23d0f3.pdf.

19  [12]   *Id.*

20  [13]   Matt Ward, *Amazon Eats the World*, BETTER MARKETING (Jan. 29, 2018), https://thinkgrowth.org/the-big-4-part-one-amazon-the-company-that-consumes-the-world-fb4679f10708.

21  [14]   Amazon, *FAQs: What is Alexa?*, https://www.amazon.com/b?ie=UTF8&node=21576558011 (last visited Sept. 1, 2021).

22

23  [15]   Upon information and belief, A2Z Development Center, LLC is the predecessor to Amazon.com Services LLC, a current named Defendant. A2Z Development Center, LLC was a Delaware limited liability company with its headquarters and principal place of business located at 1120 Enterprise Way, Sunnyvale, California 94089.   A2Z Development Center, LLC employed thousands of individuals, many of whom worked on Alexa-enabled devices and software at its Sunnyvale headquarters, and was a subsidiary of Amazon.com, Inc.

24

25  [16]   U.S. Patent No. 10,192,546, *supra* n.7.

26  [17]   Amazon, *What is Alexa?*, https://developer.amazon.com/en-US/alexa (last visited Sept. 1, 2021).

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                 - 10 -

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    of January 2019, Amazon reported that over 100 million devices with Amazon's Alexa assistant

2    pre-installed had been sold.[18]  Consumer surveys conducted in 2019 indicate that Amazon retained

3    "70% of the smart speaker market share."[19]  By 2020, the number doubled to over 200 million,[20]

4    and sales continue to grow.

5           47.    In order to use an Alexa Device, a person needs a WiFi Internet connection and the

6    Alexa mobile application ("Alexa App") installed on a smartphone, tablet, or other device.

7           48.    To first use the Alexa App, an individual must have an account with Amazon.

8    The individual must then follow the set-up process on the Alexa Device, which indicates that

9    one must pair the Alexa Device with the Alexa App.  After the person has paired the Alexa Device

10   to the Alexa App, the Alexa Device is ready for use by anyone, including people who do not have

11   an account with Amazon, have not set up the Alexa Device, do not have an Alexa App, and have

12   not consented to being intercepted, recorded, or otherwise wiretapped.

13          49.    Defendants advertised that the Alexa Devices record and respond to wake words –

14   which are usually "Alexa" or "Echo."[21]  Amazon represents that the wake word is used to bring

15   the Device to life so that it can begin processing a request.  Otherwise, Alexa is supposed to be

16   dormant, not listening, recording, or otherwise responding.  Once Alexa recognizes the wake word,

17   it starts recording communications and transmits the recording to Amazon's servers where

18   "'algorithms in the server . . . analyze the speech pattern and try to detect and identify the words'"

19

20

---

21   [18]   Lucas Matney, *More than 100 million Alexa devices have been sold*, TECHCRUNCH (Jan. 4, 2019),
     https://techcrunch.com/2019/01/04/more-than-100-million-alexa-devices-have-been-sold/.

22

23   [19] Serge Egelman *et al.*, *Privacy Attitudes of Smart Speaker Users,* 4 Proceedings on Privacy Enhancing Technologies
     250, 254 (2019), https://www.researchgate.net/publication/336184996_Privacy_Attitudes_of_Smart_Speaker_Users.

24   [20]   Ben Fox Rubin, *Amazon sees Alexa devices more than double in just one year*, CNET (Jan. 6, 2020),
     https://www.cnet.com/home/smart-home/amazon-sees-alexa-devices-more-than-double-in-just-one-year/.

25

26   [21]   Matt Day, et al., *Amazon Workers Are Listening to What You Tell Alexa*, BLOOMBERG (Apr. 10, 2019),
     https://www.bloomberg.com/news/articles/2019-04-10/is-anyone-listening-to-you-on-alexa-a-global-team-reviews-
     audio.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 11 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

to generate a response.[22]  The only way to stop an Alexa Device from "listening" is to turn off the device or unplug it.  However, because the device is intended to be "hands free" and on "standby" to receive commands and provide information, shutting it off entirely removes the product's function and purpose.

50.     Amazon designed the Alexa Devices to intercept and record conversations even before a wake word is uttered.  Specifically, Amazon filed a patent to allow Alexa Devices to capture and process conversations that "may occur before a wake-word."[23]

51.     An unregistered person has no ability to ask or request that Amazon delete some or all of the recordings.  In fact, an unregistered person does not even have access to the recordings unless he or she asks a registered user for access to the registered user's Alexa account. Even for registered users, a request to delete all recordings does *not* delete all recordings Amazon keeps or recordings kept and used by third parties with whom Amazon has shared recordings.

52.     For years, Amazon represented that users "control Alexa with [their] voice" and that those interactions with Alexa were "stream[ed] . . . to the cloud" and were used to "respond to [a user's] requests" and "improve [Alexa's] services."[24]  Unbeknownst to users, however, every interaction between any user and Alexa is recorded and sent to an Amazon facility where it is permanently stored and reviewed by Amazon, its employees, and third parties.[25]

53.     A 2019 survey of smart-home device users revealed that "[a]lmost half of participants did not know their interactions were being permanently stored," and instead "incorrectly believed that their audio is only saved temporarily."[26] In addition, survey participants

---

[22]  Carley Lerner, *Is Alexa Really Always Listening*, READER'S DIGEST (May 28, 2021), https://www.rd.com/article/is-alexa-really-always-listening/.

[23] U.S. Patent No. 10,192,546, *supra* n.7.

[24]  Amazon, *Alexa Terms of Use* (January 1, 2020).

[25]  Day, et al., *supra* n.21.

[26]  Serge Egelman *et al., supra* n.19.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 12 -

1  were unaware of Amazon's human listening practices because Amazon's "privacy policies do not

2  clearly state that other humans may be reviewing users' recordings, and . . . this fact remained

3  secret from the public."[27] This is especially egregious where a majority of users are concerned

4  about someone listening to their voice recordings.[28] The same survey found that Amazon's current

5  policy of "expecting users to manually review and delete interactions . . . places an undue burden

6  on them."[29]

7       54.    Importantly, Amazon does not need to permanently store these audio recordings for

8  Alexa Devices to function.  Alexa Devices could process audio interactions locally on the device

9  and send only a digital query, rather than a voice recording, to Amazon's servers.  Indeed, Amazon

10  developed a "Local Voice Control" feature for Alexa Devices that allows individuals "to fulfill a

11  limited set of requests on select [Alexa] devices when the device is not connected to the

12  internet[.]"[30] Amazon could also upload audio recordings to short-term memory in the cloud and

13  immediately overwrite those recordings after processing, much like Alexa constantly overwrites

14  the audio it captures prior to a user saying a wake word.  If Amazon did that, it would never possess

15  a permanent recording of any user's communications.

16       55.    Admittedly, Amazon's Alexa Devices have the capability to function without the

17  need to permanently store users' audio recordings. In 2021, Amazon announced that it "will enable

18  senior living and healthcare providers to integrate Alexa into their properties." Notably, the Alexa

19  Devices that will be used in senior living properties and healthcare providers will ***not*** save any

20

21

---

22  [27]  *Id.* at 258.

23  [28]  Jason Cohen, *Amazon's Alexa Collects More of Your Data Than Any Other Smart Assistant*, PC Mag UK (Oct.
24  22, 2021), https://uk.pcmag.com/smart-home/136455/amazons-alexa-collects-more-of-your-data-than-any-other-smart-assistant.

25  [29]  Serge Egelman *et al., supra* n.19.

26  [30]  Amazon, Alexa and Alexa Device FAQs, https://www.amazon.com/gp/help/customer/display.html?nodeId=201602230 (last visited Sept. 1, 2021).

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 13 -

Byrnes ✦ Keller ✦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  voice recordings or share any personal information with Alexa because, according to Amazon,
2  those Alexa Devices "were designed with privacy in mind."[31]

3      56.    Many similar "smart speaker" devices are less intrusive than Alexa Devices.
4  Apple's natural-language processing system, "Siri," records communications in a similar manner
5  to Alexa, and sends those recordings to Apple's servers.[32]  However, Apple stores those recordings
6  in an identifiable form for only a short period of time, and then deletes the recordings entirely.[33]
7  Likewise, Mercedes has developed voice recognition technology that allows drivers to ask their
8  car for directions, and that offers substantial functionality even when the vehicle lacks an Internet
9  connection (and, therefore, the vehicle cannot transmit a recording).[34]  Amazon does not utilize
10 these less intrusive methods because it is a company that is built on the relentless acquisition of
11 consumer data.

12     57.    To achieve Amazon's goal of collecting as much data as possible, Alexa Devices
13 regularly intercept and record communications without consent from the individuals speaking.
14 These surreptitious recordings capture interactions that people never intended for Alexa to hear.
15 One reported example is when Alexa activates – and then begins recording and transmitting
16 communications to the cloud – despite the absence of a wake word.[35]  For instance, when the wake
17 word is "Echo," Alexa regularly activates when it hears words containing a vowel plus "k" or "g"

18

19  ---

20  [31] Amazon, *Press Release: Amazon Brings Alexa to Senior Living Communities and Healthcare Systems with Alexa Smart Properties*, AMAZON PRESS CENTER (Oct. 25, 2021), https://press.aboutamazon.com/news-releases/news-release-details/amazon-brings-alexa-senior-living-communities-and-healthcare.

21  [32] Lisa Eadicicco, *Amazon workers reportedly listen to what you tell Alexa – here's how Apple and Google handle
22  what you say to their voice assistants*, BUSINESS INSIDER (Apr. 15, 2019, https://www.businessinsider.com/how-amazon-apple-google-handle-alexa-siri-voice-data-2019-4.

23  [33]  *Id.*

24  [34]  Matt Robinson, *In-Car Voice Control Still Isn't Perfect, But I'm Warming To It*, CAR THROTTLE (Mar. 2019),
25  https://www.carthrottle.com/post/in-car-voice-control-still-isnt-perfect-but-im-warming-to-it/.

26  [35]  Jennifer Jolly, *It's not you, it's them: Google, Alexa and Siri may answer even if you haven't called*, USA TODAY
   (Feb. 25, 2020), https://www.usatoday.com/story/tech/conferences/2020/02/25/google-alexa-siri-randomly-answer-even-without-wake-word-study-says/4833560002/.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                - 14 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

sounds.[36]  Examples include common words and phrases such as "pickle," "that cool," "back to," and "ghost."[37]  While a user may customize the wake word, it cannot alter Amazon's insidious conduct as Alexa will continue to be activated by "false positives" and intercept and record communications without required notice or other consent.

58.     In addition, an Alexa Device may activate upon hearing a wake word or "false wake" spoken on television or the radio, and then begin recording.[38]  This can lead to the interception, recording, and analysis of conversations, speech, and other sounds that are private in nature, despite no one in the house intentionally activating an Alexa Device.

59.     Indeed, after conducting an internal investigation and upon information and belief, Alexa Devices intercepted and recorded Plaintiffs' voices when no one gave a command, when no wake word was mentioned, when no consent was given, and before any indication was provided that the Alexa Devices were activated.

**Alexa Devices Surreptitiously Intercept and Record Plaintiffs' Voices**

60.     For example, Plaintiff Kaeli Garner has lived with her roommate since March 2021. She is an unregistered person which means she has never consented to Amazon's policies.  Her roommate has an Alexa Device located in the roommate's bedroom, where Ms. Garner has a reasonable expectation of privacy since it is located inside the house she resides in, and upon review of the recorded conversations, Plaintiffs' counsel was able to find a recording of Ms. Garner's voice that she did not consent to (June 29, 2021, at 1:25 a.m. recording):

---

[36]  *Id.*

[37]  *Id.*

[38]  Andrew Liptak, *Amazon's Alexa started ordering people dollhouses after hearing its name on TV*, THE VERGE (Jan. 7, 2017), https://www.theverge.com/2017/1/7/14200210/amazon-alexa-tech-news-anchor-order-dollhouse.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                - 15 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

61.     Specifically, the above screenshot demonstrates that Amazon continues to store Ms. Garner's voice recording after it has been recorded, even when Amazon itself understands that the "Audio was not intended for Alexa."  This means that Amazon knows that no wake word was used, yet nevertheless continues to record and store Ms. Garner's voice.

62.     The above demonstrates that Amazon has the capability of understanding what recordings were consented to and what recordings were not consented to, yet nevertheless insidiously records and stores *all* of those recordings.

63.     The above screenshot is one example of the Alexa App's user interface, which only registered users may access to view recordings (although, as noted above, most registered users do not know that their Alexa Devices have this functionality).  In the examples that follow, each

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                              - 16 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  named Plaintiff accessed their recordings, or the recordings of the registered user that they live

2  with, through an Alexa App in a manner similar to the above screenshot.

3      64.    Plaintiffs' counsel was also able to locate conversations of the registered user (*i.e.*,

4  Ms. Garner's roommate) where the registered user herself had her voice recorded but there was no

5  wake word used.

6      65.    In addition, Amazon also has multiple recordings of Plaintiff Susan Lenehan, a

7  registered user, that Ms. Lenehan did not consent to and where no wake word was used:



FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                          - 17 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

66.     Ms. Lenehan's Alexa-enabled device is located in her combined living room and kitchen, in which she has a reasonable expectation of privacy. In one instance, Ms. Lenehan was recorded saying "Well that's good" (April 12, 2019, at 9:06 p.m. recording). Ms. Lenehan did not use a wake word to initiate this recording and never consented to Amazon recording her saying "Well that's good."

67.     Further, on November 30, 2019, at 6:23 p.m., Ms. Lenehan was recorded by an Alexa Device saying: "Go to your room."  No Alexa wake word was ever used, yet Amazon intercepted, captured, and recorded Ms. Lenehan's voice.  Ms. Lenehan never consented to Amazon recording her saying "Go to your room."  To this day, Amazon has not deleted the recordings, as they are still stored.

68.     Similarly, Amazon surreptitiously recorded multiple conversations of Plaintiff Diane McNealy and her husband, Plaintiff Michael McNealy, through an Alexa Device located in their living room – where Mr. and Mrs. McNealy have a reasonable expectation of privacy. For example, Amazon recorded a private conversation not intended for Alexa on August 20, 2020, where Mrs. McNealy discussed her cancer treatment and whether she was "drinking enough water." No wake word was used to initiate this recording. The recording is stored with Amazon and has not been deleted.

69.     On May 1, 2021, Amazon also surreptitiously recorded a conversation Plaintiff Michael McNealy had with his minor grandchild, and a minor family friend in his living room where he states, "I can't help you." Again, no wake word was used before Amazon intercepted and recorded Mr. McNealy's conversation. Even though this conversation was recorded without the use of a wake word, the recording remains stored with Amazon and has not been deleted.

70.     Plaintiff Selena Johnson is a registered user with an Alexa Device, the Echo Show, located in her kitchen, where she and her family have a reasonable expectation of privacy. Her husband, Plaintiff Ronald Johnson is an unregistered person whose conversations were recorded by Mrs. Johnson's Alexa Device. On multiple occasions Amazon has intercepted and recorded

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 18 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   Mrs. and Mr. Johnson's conversations that were not intended for Alexa. Upon review of the

2   recordings, Amazon has multiple surreptitious recordings of Mrs. and Mr. Johnson engaging in

3   sexual intercourse and personal conversations between the two of them about sexual intercourse.[39]

4   **At no point** did Mrs. and Mr. Johnson ever consent to Amazon collecting these recordings or

5   information about them.

6     71.  There are also multiple surreptitious recordings of conversations between Mrs. and

7   Mr. Johnson and their foster children discussing confidential details about their foster children's

8   situations.[40] The Alexa Device also recorded multiple private conversations between the Johnsons

9   and their daughter and grandchildren which were not intended for Alexa and where no wake word

10  was used.[41] The Echo Show Device also recorded the Johnson's private conversations about family

11  medical information that were not intended for the Device. For example, the Echo Show Device

12  recorded a conversation concerning medical information in their home on April 28, 2020. These

13  conversations were not intended for Amazon and no wake word was used, yet these conversations

14  remain stored with Amazon.

15    72.  Plaintiff Caron Watkins is an unregistered user of an Alexa-enabled Sonos Device.

16  She owns two devices, both of which are located in her living room, where she and her family

---

[39] Including conversations on May 11, 2019, May 17, 2019, June 19, 2020, October 5, 2020, November 6, 2020, and July 16, 2021.

[40] For example, conversations taking place on March 14, 2020, March 16, 2020, April 24, 2020, April 26, 2020, May 3, 2020, June 4, 2020, June 28, 2020, August 17, 2020, August 18, 2020, August 25, 2020, August 28, 2020, and November 7, 2020.

[41] For example, on February 20, 2019, February 21, 2019, February 24, 2019, June 8, 2019, June 11, 2019, June 21, 2019, August 19, 2019, September 8, 2019, September 21, 2019, October 4, 2019, October 14, 2019, November 17, 2019, November 30, 2019, December 1, 2019, December 30, 2019, December 31, 2019, January 3, 2020, January 23, 2020, February 5, 2020, February 6, 220, February 7, 2020, February 10, 2020, March 6, 2020, March 19, 2020, March 25, 2020, March 26, 2020, March 31, 2020, April 12, 2020, April 21, 2020, April 22, 2020, April 24, 2020, April 25, 2020, April 28, 2020, May 5, 2020, May 8, 2020, May 17, 2020, May 18, 2020, May 20, 2020, May 23, 2020, May 27, 2020, June 1, 2020, June 4, 2020, June 29, 2020, July 1, 2020, July 11, 2020, July 16, 2020, July 17, 2020, July 19, 2020, July 20, 2020, July 21, 2020, July 22, 2020, July 26, 2020, July 28, 2020, July 30, 2020, July 31, 2020, August 2, 2020, October 17, 2020, October 23, 2020, October 25, 2020, October 26, 2020, October 28, 2020, November 13, 2020, December 4, 2020, December 22, 2020, January 16, 2021, January 18, 2021, February 10, 2021, March 14, 2021, April 4, 2021, April 5, 2021, April 10, 2021, April 21, 2021, May 16, 2021, May 19, 2021, July 22, 2021, and August 31, 2021.

---

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

     - 19 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   have a reasonable expectation of privacy. The Device recorded and stored multiple confidential

2   communications without Ms. Watkins' consent. For example, on May 13, 2021, at 10:24 a.m., Ms.

3   Watkins was surreptitiously recorded saying "Smith and Wesson, 40 Cal." Ms. Watkins confirms

4   that this statement was part of a conversation related to her work as a City Prosecutor.

5       73.   Ms. Watkins's Sonos Device has also captured private conversations concerning

6   personal marital and family matters. For example, on April 18, 2021, at 9:35 p.m., the Device

7   surreptitiously recorded a personal marital disagreement between Ms. Watkins and her husband.

8   This highly personal conversation, along with several other unintended conversations, were

9   recorded without a wake word and remain stored with Amazon.

10      74.   Plaintiff Jodi Brust was also surreptitiously recorded by her Echo Dot and Echo

11  Show devices on multiple occasions. Her Echo Dot device is located in her office and her Echo

12  Show device is located in her bedroom, both locations where Ms. Brust has a reasonable

13  expectation of privacy. On September 14, 2020, at 10:14 p.m., Ms. Brust's Echo Dot recorded her

14  saying "Hey Google," a wake word for a competing smart-home device. Similarly, on August 6,

15  2020, Ms. Brust's Echo Dot recorded her saying "how will this clear." And on December 9, 2020,

16  at 1:03 p.m., Ms. Brust's Echo Dot recorded Ms. Brust saying, "I think so," as well as the voice of

17  whomever Ms. Brust was communicating with. None of these recordings were intended for

18  Amazon and no wake word was used before Amazon intercepted and recorded Ms. Brust's

19  conversations. These recordings remain stored with Amazon and have not been deleted.

20      75.   Amazon also has surreptitious and unconsented recordings of Plaintiff Jeffrey Hoyt

21  and Plaintiff Lorlie Tesoriero. Mr. Hoyt is a registered user with an Alexa Device located in his

22  kitchen, where he has a reasonable expectation of privacy, and Ms. Tesoriero is an unregistered

23  person whose conversations were recorded by Mr. Hoyt's Alexa Device. For example, on

24  September 5, 2021, at 1:21 p.m., Amazon intercepted and recorded Mr. Hoyt saying, "It's closer

25  to the third." Mr. Hoyt's conversation was not intended for Amazon and no wake word was used.

26  This conversation remains stored with Amazon.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                                          - 20 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

76.     Further, Amazon intercepted and recorded another conversation between Mr. Hoyt and Ms. Tesoriero on April 17, 2021, at 4:13 p.m., where Ms. Tesoriero asked Mr. Hoyt "what happened" and he responded "nothing." Again, this conversation was not intended for Amazon, no wake word was used, and the recording remains stored with Amazon.

77.     Plaintiff James Robinson is a registered user with an Echo Device. Plaintiff Rosa Comacho is an unregistered user. Mr. Robinson also found multiple conversations that were intercepted and recorded by Amazon through an Alexa Device located in Mr. Robinson's living room. The Alexa Device is positioned in a part of the living room that is adjacent to Mr. Robinson's kitchen and dining room, and in area where Mr. Robinson and Ms. Comacho have an expectation of privacy. Mr. Robinson discovered a recording of his conversation concerning his minor daughter's health issues. Ms. Comacho also found multiple conversations that were intercepted and recorded by Amazon through Mr. Robinson's Alexa Device. These conversations and other similar conversations were not intended for Amazon, no wake word was used to initiate the recordings, and the unintended recordings remain stored with Amazon.

78.     Plaintiff Sandra Mirabile is a registered user of a Kindle Fire Device with built in Alexa technology. Ms. Mirabile uses her Kindle Fire in "show mode" which means that even when not in use, the Kindle Fire stands ready to respond to a wake word. This device is portable, and Ms. Mirabile often keeps her device in her bedroom or living area, where she has a reasonable expectation of privacy. Ms. Mirabile found multiple conversations that were intercepted and recorded by Amazon through her Alexa-enabled Kindle Fire Device. For example, on July 18, 2021, at 12:45 p.m., Ms. Mirabile was recorded without her consent during a phone call with her sister-in-law where she said, "Hi Kathy, it's Sandy." This recording, and many others, were not intended for Alexa and remain stored with Amazon.

79.     Plaintiff Lisa Hovasse also found multiple conversations that were intercepted and recorded by Amazon through Alexa Devices that Ms. Hovasse has throughout her home and in her

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 21 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  car, where she has a reasonable expectation of privacy. These surreptitious recordings were not

2  intended for Alexa and no wake word was used to initiate the recording.

3        80.    Plaintiff John Dannelly also found multiple conversations that were intercepted and

4  recorded by Amazon through an Alexa Device located in his living room where he has a reasonable

5  expectation of privacy. Again, these surreptitious recordings were not intended for Alexa, no wake

6  word was used to initiate the recordings, and the recordings remain stored with Alexa.

7        81.    Plaintiffs Eric Dlugoss and Julie Dlugoss also found multiple conversations that

8  were intercepted and recorded by Amazon through an Alexa Device, an Echo Dot, located at the

9  corner of their kitchen and living room, where they had a reasonable expectation of privacy. Again,

10  these surreptitious recordings were not intended for Alexa, no wake word was used to initiate the

11  recordings, and the recordings remain stored with Alexa.

12        82.    Plaintiff Ricky Babani is an unregistered user. Mr. Babani, upon information and

13  belief, confirms that he frequently engaged in conversation in close proximity to an Alexa Device

14  owned by his cousin, a registered user, located within his cousin's house, where Mr. Babani had a

15  reasonable expectation of privacy. These surreptitious recordings were not intended for Alexa, no

16  wake word was used to initiate the recordings, and the recordings remain stored with Alexa.

17        83.    Plaintiff Mark Fladd is a registered user of an Alexa Device and Plaintiff Stephanie

18  Fladd is an unregistered user. Mr. Fladd, upon information and belief, confirms that he frequently

19  engaged in conversation in close proximity to his Device, located in his son's bedroom, where he

20  had a reasonable expectation of privacy. Mr. Fladd confirms, on information and belief, that he

21  engaged in many conversations near the Device between July 2020 and November 2020. These

22  private conversations were not intended for Alexa.

23        84.    Based on information and belief, Plaintiff Kelly Miller was also surreptitiously

24  recorded by an Alexa Device without the use of a wake word in a location where she has a

25  reasonable expectation of privacy.

26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

Byrnes ♦ Keller ♦ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 22 -

85.     Amazon intercepted and recorded private conversations not intended for Alexa through Alexa Devices located in areas where Plaintiffs have reasonable expectations of privacy, such as living rooms, kitchens, bedrooms, or automobiles. Worse yet, Amazon knows it intercepted conversations that were not intended for Alexa and did not have a wake word as it classifies some of these conversations as "audio not intended for Alexa," or "audio cannot be understood." However, Amazon continues to intercept, record, and store these surreptitious recordings.

86.     As seen in footnote 39-41 and all the other allegations brought by named Plaintiffs within this complaint, false accepts frequently and routinely occur, *i.e.,* where the Alexa Device will record without a wake word being used, resulting in numerous conversations being recorded without consent.

87.     Amazon attempts to justify its cavalier data collection practices, at least with respect to the "false wakes," by stating that Alexa "[o]n some occasions" will accidentally record without a wake word, analogizing it to "when a person walking down the street turns their head when they hear what sounds like their name."[42]  However, these surreptitious recordings are not accidental. Rather, Alexa Devices are designed to intercept and record conversations even when a wake word is not uttered.[43]  Put simply, Amazon has never disclosed that it records these types of unintentional communications on Alexa Devices or provides these recordings to human listeners. Moreover, Amazon neither discloses nor seeks approval from registrants to waive state law protections regarding notice, much less non-registrants with whom it does not contract.[44]

---

[42]   Amazon, *When is Alexa Listening?*, https://www.amazon.com/is-alexa-always-listening/b?ie=UTF8&node=21137869011 (last visited Sept. 1, 2021).

[43]   U.S. Patent No. 10,192,546 (issued Jan. 24, 2019) *available at* https://appft.uspto.gov/netacgi/nph-Parser?Sect1=PTO1&Sect2=HITOFF&d=PG01&p=1&u=%2Fnetahtml%2FPTO%2Fsrchnum.html&r=1&f=G&l=50&s1=%2220190156818%22.PGNR.&OS=DN/20190156818&RS=DN/20190156818.

[44]   For example, the Washington Wiretapping Statute states that "Where consent by all parties is needed pursuant to this chapter, consent shall be considered obtained whenever one party has announced to all other parties engaged in the communication or conversation, in any reasonably effective manner, that such communication or conversation is

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                        - 23 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   Regardless, even if Amazon was justified in recording "false wakes" (and it is not), Amazon cannot

2   possibly justify **storing** and **disclosing** recordings involving a "false wake."

3        88.    The same is true concerning certain intentional communications with Alexa.  Prior

4   to November 2020, Amazon represented that it "streamed" user's voices to the cloud for

5   processing in order to allow Alexa to respond to a command.  This bolsters Plaintiffs' reasonable

6   expectation of privacy that highly personal questions posed to Alexa, in the confine of one's home,

7   would remain confidential, instead of being recorded, permanently stored, and disseminated

8   among Amazon employees, contractors, and third parties to analyze.  Stated differently, no one

9   consented to the recording and permanent storage of deeply personal commands, such as "Alexa,

10  what is the number for the suicide hotline?" or "Alexa, what are the symptoms of depression?"

11       89.    Yet another example is when an Alexa Device records private conversations and

12  communications after a user has given a command.  Alexa Devices have not provided the required

13  notice, much less recorded the notice given, or otherwise have permission to record interactions

14  for any duration simply because a wake word was uttered.  There is a reasonable, and logical,

15  expectation that someone can give Alexa a command, then have a private conversation thereafter

16  that will not be recorded.

17       90.    Further, because Alexa uses "far field technology," its auditory reach is expansive.

18  It can hear individuals typing across the room such that it can record PIN codes and text messages

19  by picking up and listening to the vibration of the screen while a user's finger taps it.[45]  Reports

20  also indicate that Alexa has recorded people during intimate moments.[46]  And, there have been

21

22  about to be recorded or transmitted: PROVIDED, That if the conversation is to be recorded that said announcement shall also be recorded."  Wash. Rev. Code §9.73.030(3).

23  [45]    Aditya Saroha, *Alexa can hear and record what is typed in nearby devices, study finds*, THE HINDU

24  (Dec. 28, 2020), https://www.thehindu.com/sci-tech/technology/alexa-can-hear-and-record-what-istyped-in-nearby-devices-study-finds/article33435660.ece.

25  [46]    Asher Stockler, *Amazon Alexa Capturing Audio of People Having Sex, Possible Sexual Assaults:*

26  *Report*, NEWSWEEK (Aug. 1, 2019), https://www.newsweek.com/amazon-alexa-recordings-romaniasex-privacy-1452173.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 24 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1 reports that Alexa has sent and forwarded audio recordings of private conversations to family

2 members, without the intent of the Alexa user.[47] Similar reports indicated that "[w]hile this may

3 seem like an isolated incident, it is actually extremely common for Alexa to activate accidentally,

4 begin recording, and upload the 'eavesdropped' audio to the cloud."[48] Indeed, Alexa was named

5 "the least trustworthy voice assistant" and was found to collect the most data about its users as

6 compared to other voice assistants.[49] Worse yet, reports have found that 38% of voice assistant

7 users were unable to find a way to disable their smart assistant when they were concerned that the

8 devices were always listening to them.[50]

9      91.    While Amazon purports to obtain consent to record individuals who set up an Alexa

10 Device on their Alexa App on their phone (*i.e.*, the registered users), there is a large group of

11 individuals who do not, and could not, consent to being recorded: unregistered persons. This is

12 true regardless of whether unregistered persons intentionally or unintentionally engage Alexa

13 Devices because they did not know of Amazon's decision to make, retain, share with third parties,

14 and use their voices. Amazon's terms of use, conditions, and purported "notices" are, therefore,

15 inapplicable to these individuals, which encompass visitors or guests in a home or building, people

16 speaking on the phone or on television, or anyone other than the person who purchased and

17 registered the Alexa Device that made the illegal recording. Furthermore, there is no verbal

18 warning telling unregistered persons that "this will be recorded," as required by certain state

19 privacy statutes, specifically the statutes referenced herein. *See, e.g.,* n.44.

20

21 ────────────────

22 [47]    Carley Lerner, *Is Alexa Really Always Listening*, READER'S DIGEST (May 28, 2021),
https://www.rd.com/article/is-alexa-really-always-listening/.

23 [48]    David H. Coull, *Amazon is turning on the Sidewalk feature without your permission*, SENDERO ARTICLES (June
24 22, 2021), https://sendero.com/amazon-is-turning-on-the-sidewalk-feature-without-your-permission/.

[49] Jason Cohen, *supra* n.28.
25
[50] *Id.*
26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL        - 25 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

92.     As for registered users, Amazon insidiously hides its purported disclosures and layers of terms through: (a) small blue font in black background; (b) inconspicuous and insufficient notice; (c) hyperlinks to other pages, and (d) the catch-all phrase: "all the terms found here." Notably, this is insufficient to give the required notice to a reasonable user under current law.  *See, e.g., Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014).

93.     Furthermore, Amazon regularly changes its disclosures and terms after a registered user completes the Alexa registration process.  For example, Amazon has changed the Alexa Conditions of Use at least once per year during the last five years. Therefore, the terms and disclosures identified in Exhibit A were not the same terms and disclosures presented to the registered Plaintiffs when each person set up an Alexa account.

94.     To set up and "register" the Alexa Device, Amazon requires that one has an Alexa App and syncs up the device with the Alexa App.

95.     When a user opens up the Alexa App, they are prompted to the Sign-In Page. At the Sign-In Page, Amazon's "Conditions of Use" and "Privacy Notice" currently appear on the set-up screen as follows:

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                               - 26 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15   96.     When a user clicks on the "Conditions of Use" hyperlink, the following page

16 appears on their screen:

17
18
19
20
21
22
23
24
25
26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                              - 27 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

97.     For ease of reference, the entire "Conditions of Use" (current as of May 3, 2021) is reprinted to this Consolidated Complaint as Exhibit A.

98.     When a user clicks on the Privacy Notice, the following page appears on their screen:

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                   - 28 -

99.     For ease of reference, the entire Privacy Notice (current as of February 12, 2021) is

reprinted to this Consolidated Complaint as Exhibit B.

100.     After this initial Sign-In page, the user is then currently directed to the following

screens:

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                   - 29 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 30 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26





FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                              - 31 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26





FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26





FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                           - 33 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

101.    Washington law requires a notice of recording and the use of the recording.  No such notice is given by Amazon each time an Alexa Device is activated.  Washington law also requires that the notice itself be recorded.  *See supra* n.44.  No such recordings exist for registrants, much less non-registrants.  Even the terms do not state what state law applies or that the waivers from state law requirements are being waived.  Amazon makes no effort to seek a "click through" or other sign of purported intent from registrants, much less non-registrants.

**Plaintiffs Do Not Consent to Amazon Recording Their Conversations – Indeed Amazon Explicitly Tells Plaintiffs that Alexa Devices Do Not Record Their Conversations**

102.    Amazon provides registered users with Conditions of Use and a Privacy Notice.[51] The Privacy Notice contains an embedded link under the subheading "For What Purposes Does Amazon Use Your Personal Information?"[52]

103.    The embedded link described above leads to a page titled "Alexa, Echo Devices, and Your Privacy."[53]   This page contains the subheading "Is Alexa recording all my conversations?"[54] Amazon expressly answers this question by saying, "No."[55] Further, Amazon states "No audio is stored or sent to the cloud unless the device detects the wake word (or Alexa is activated by pressing a button)."[56]

104.    Amazon's response to the above question is false. Specifically, as numerous named Plaintiffs detailed through their allegations herein, Amazon records, stores, and then discloses

---

[51] Exhibits A-B.

[52] Exhibit B.

[53]        *Alexa,        Echo        Devices,        and        Your        Privacy,* https://www.amazon.com/gp/help/customer/display.html?nodeId=GVP69FUJ48X9DK8V  (last visited  Nov. 16, 2021).

[54] *Id.*

[55] *Id.*

[56] *Id.*

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

- 34 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  Plaintiffs' voices and conversations **even where no wake word was used** contrary to Amazon's

2  assertions.

3        105.    And in fact, **all** conversations are likely to be recorded while the Alexa technology

4  constantly listens for a wake word in the background, as evidenced by the patent.[57]

5        106.    As demonstrated through an independent investigation conducted by undersigned

6  counsel, Alexa Devices regularly record and permanently store communications from unregistered

7  persons.  This means Amazon, and its workers and contractors around the world, are listening to

8  the voice recordings and creating voiceprints of the individuals that were recorded.

9        107.    Amazon's deceptive practice of improperly recording and intercepting

10 communications is rampant.   According to a *Bloomberg* report, at least 100 transcripts of

11 conversations are uploaded to the cloud **each day** that Alexa Devices have recorded without being

12 intentionally activated.[58]  Recently, a State Bar of California draft opinion clarified that attorneys

13 working remotely must implement measures to safeguard confidential client information, which

14 can be accomplished, in part, by **disabling Alexa Devices**.[59]  The American Bar Association has

15 also recommended this same procedure.[60]

16        108.    It is not speculation that Amazon permanently stores a copy of voice recordings on

17 its own servers for later use and analysis.[61]  Amazon does not dispute that it keeps transcripts and

18

19

20  [57]  U.S. Patent No. 10,192,546 (issued Jan. 24, 2019) *available at* https://appft.uspto.gov/netacgi/nph-
    Parser?Sect1=PTO1&Sect2=HITOFF&d=PG01&p=1&u=%2Fnetahtml%2FPTO%2Fsrchnum.html&r=1&f=G&l=5
21  0&s1=%2220190156818%22.PGNR.&OS=DN/20190156818&RS=DN/20190156818.

22  [58]  Day, *et al.*, *supra* n.21.

23  [59]  Karen Sloane, *Calif. Bar to attorneys: Disable Alexa when working from home*, REUTERS (Aug. 13, 2021), Day,
    *et al.*, *supra* n.21.

24  [60]  American Bar Association, Standing Committee on Ethics and Professional Responsibility, *Formal Opinion 498:*
25  *Virtual Practice*, (Mar. 10, 2021), at 6, https://www.americanbar.org/content/dam/aba/administrative
    /professional_responsibility/aba-formal-opinion-498.pdf.

26  [61]  Charlie Osborne, *Amazon confirms Alexa customer voice recordings are kept forever*, ZD NET (July 3, 2019),
    https://www.zdnet.com/article/amazon-confirms-alexa-customer-voice-recordings-are-kept-forever/.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                          - 35 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   voice recordings permanently,[62] as it conceded this point in a response to United States Senator

2   Chris Coons' inquiry.  Instead, Amazon suggests it removes transcripts and recordings if they are

3   manually deleted by users.  However, because Alexa utilizes "'other storage systems[,]'" there are

4   still records that exist from "some conversations with Alexa . . . even if people remove the

5   audio[.]"[63]   In other words, "'Amazon's response leaves open the possibility that transcripts of

6   user voice interactions with Alexa are not deleted from all of Amazon's servers, even after a user

7   has deleted a recording of his or her voice . . .  What's more, the extent to which this data is shared

8   with third parties, and how those third parties use and control that information, is still unclear.'"[64]

9          109.    What is clear, however, is that Amazon uses these recordings for its own benefit.

10   It claims to use the recordings to constantly refine, improve, and develop new technologies.

11   Crucially, Amazon has the capability to use the recorded conversations to help Amazon send

12   targeted advertisements to individuals based on what is said.[65]  Moreover, many Alexa recordings

13   are reviewed by Amazon workers and contractors, with reviewers analyzing up to 1,000 audio

14   clips per day from outposts located in Costa Rica, Romania, and India.[66]   Recent reports have

15   revealed that when Amazon audits this data, the auditors may have access to potentially personally

16   identifiable information, including location data.[67]

17

18

19   ─────────────────────

[62]   Alfred Ng, *Amazon Alexa keeps your data with no expiration date, and shares it too*, CNET (July 2, 2019),
20   https://www.cnet.com/home/smart-home/amazon-alexa-keeps-your-data-with-no-expiration-date-and-shares-it-too/.

[63]   *Id.*; Press Release, *Sen. Chris Coons, Amazon responds to Sen. Coons' concerns about consumer privacy*
21   *practices for Alexa devices* (July 3, 2019), https://www.coons.senate.gov/news/press-releases/amazon-responds-to-
    sen-coons-concerns-about-consumer-privacy-practices-for-alexa-devices.

22
[64]   *Id.*

23
[65]   *See* U.S. Patent No. 10,692,506 (filed Aug. 2, 2019).

24
[66]   *See* Asher Stockler, *Amazon Alexa Capturing Audio of People Having Sex, Possible Sexual Assaults: Report*,
25   NEWSWEEK (Aug. 1, 2019), https://www.newsweek.com/amazon-alexa-recordings-romaniasex-privacy-1452173.

26   [67]   A. Dellinger, *Amazon considered letting Alexa listen to you without a wake word*, ENGADGET (May 23, 2019),
    https://www.engadget.com/2019-05-23-amazon-alexa-recording-before-wake-word-patent.html.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                          - 36 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

110.    Amazon does not sufficiently warn individuals via its "Conditions of Use" or "Privacy Notice," as provided in Exhibits A and B, that it is intercepting, recording, monitoring, disclosing, or using their communications and creating permanent recordings of their voice when they are communicating in the vicinity of an Alexa Device.  It, therefore, also does not obtain their consent to do so.

111.    This was confirmed by Amazon personnel in an interview with Dave Limp, Senior Vice President of Devices and Services at Amazon.com conducted by PBS Frontline for their documentary *Amazon Empire: The Rise and Reign of Jeff Bezos*:

**NARRATOR**: Once the device is awake and the blue light is on, it's recording. And last year, it was revealed that Amazon employs thousands of people around the world to listen and transcribe some of those recordings to help train the system.

**JAMES JACOBY [Interviewer]**: Do you think that you did a good enough job of disclosing that to consumers?  That there are humans involved in listening to these recordings?

**DAVE LIMP**: We try to articulate what we're doing with our products as clearly as we can.  But if I could go back in time and I could be more clear and the team could be more clear on how we were using human beings to annotate a small percentage of the data, I would, for sure.  What I would say, though, is that once we realize that customers didn't clearly understand this, within a couple of days we added an opt-out feature so that customers could turn off annotation if they so chose.  And then within a month or two later we allowed people to auto-delete data, which they also asked for within that time frame.  We're not going to always be perfect, but when we make mistakes, I think the key is that we correct them very quickly on behalf of customers.

**NARRATOR**: But even one of the founders of Amazon Web Services approaches his Alexa devices with caution.

**JAMES JACOBY**: When do you turn off your Alexa?

**ROBERT FREDERICK [Former senior manager, Amazon Web Services]**: I turn off my Alexa when I know for a fact that the conversation that I am going to have or whenever I just want to have a private moment.  I don't want certain conversations to be heard by humans, conversations that I know for a fact are not

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 37 -

things that should be shared, then I actually turn off those particular listening devices.[68]

112.    To make matters worse, the storage of these recordings has been reported to be unsecure.  Recent reports described how vulnerable the recordings are to hackers even when stored.  For example, CheckPoint stated that the vulnerabilities would have allowed an attacker to "[s]ilently install skills (apps) on a user's Alexa account"; "[g]et a list of all installed skills on the user's Alexa account"; "*[g]et the victim's voice history* with their Alexa"; and, appallingly, "[g]et the *victim's personal information*."[69]  No such analysis of security of third-party servers to which Amazon transmits information and recordings is possible as Amazon never discloses the identity of these third parties.

113.    Earlier this year, Amazon's ambitions for Alexa have manifested more clearly: Amazon's use of Alexa is part of an overall plan to create a forced "shared" Internet that is opt-in by default.  Indeed, Amazon intends that, automatically, all Amazon devices, including "Alexa, Echo, Ring, CCTV cameras, ambient light sources, motion sensors and other electronics" will share part of the user's Internet channel with his or her neighbors in case they do not have Internet and vice versa.[70]  To opt out of this program, users must go through a burdensome opt-out process for all of their devices.  No such option is available to non-registered persons living in a home, visiting a business, or otherwise in a structure with an Alexa Device who wish to keep surreptitious communications from being intercepted and recorded or want no recording of even wake word

---

[68]    PBS Frontline, *Amazon Empire: The Rise and Reign of Jeff Bezos*, transcript available at https://www.pbs.org/wgbh/frontline/film/amazon-empire/transcript/ (last visited Sept. 1, 2021).

[69]    Dikla Barda, et al., *Keeping the gate locked on your IoT devices: Vulnerabilities found on Amazon's Alexa*, CHECK POINT RESEARCH (Aug. 13, 2020), https://research.checkpoint.com/2020/amazons-alexa-hacked/; *see also* Tech Desk, *A critical flaw could have leaked all your personal Alexa voice recordings*, THE INDIAN EXPRESS (Aug. 14, 2020), https://indianexpress.com/article/technology/social/amazon-alexa-critical-bug-voice-recordings-6554545/.

[70]    Abdullah, *Amazon Will Force Users of Their Devices to Share the Internet*, GIZCHINA (May 31, 2021), https://www.gizchina.com/2021/05/31/amazon-will-force-users-of-their-devices-to-share-the-internet/; *see also* Laurel Wamsley, Y*our Amazon Echo Will Share Your Wireless Network With Neighbors, Unless You Opt Out*, NPR (June 4, 2021), https://www.npr.org/2021/06/02/1002590964/your-amazon-echo-will-share-your-wi-fi-network-with-neighbors-unless-you-opt-out.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                          - 38 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    communications, especially in situations and settings where someone else utters the wake word

2    and the non-registered person is in the background.

3        114.    Thus, it is unsurprising that Amazon's goal has been, and remains, the aggressive

4    acquisition of consumers' data based on its dominant AWS presence, its "shared" Internet

5    program, and the use of Alexa Devices to capture and record human communications and data.

6    Being able to create a dossier on each person by matching voice to all of the other attributes

7    Amazon has gathered through Alexa is valuable, and its value continues to grow as the technology

8    allows more and better voiceprints.   Recently, although involving a separate Amazon product

9    (Amazon One), Congress inquired about Amazon's plan to protect user data privacy and security

10   and stated its "concerns about user privacy are heightened by evidence that Amazon shared voice

11   data with third-party contractors[.]"[71]

12       115.    In addition, Amazon is increasingly concerned with data collection due to the

13   monetary value of data.[72] The *Economist* affirmatively states that the "world's most valuable

14   resource is no longer oil, but data."[73] This is the case because data in the data brokerage industry

15   "has become a strategic asset that allows companies to acquire or maintain a competitive edge"[74]

16       116.    Individual data points have monetary value. The Organization for Economic

17   Cooperation and Development ("OECD") published a paper titled "Exploring the Economics of

---

[71]    Letter from Sen. Amy Klobuchar, et al. to Andy Jassy (Aug. 12, 2021), https://www.cassidy.senate.gov/imo
/media/doc/0DA3E8409AD9EB20E056BC005E5858B1.8.12.21-letter-to-amazon.pdf (citing news articles).

[72] *See, generally, How much is User Data Worth?*, Pawtocol (Mar. 16, 2020), https://pawtocol.medium.com/how-much-is-user-data-worth-f2b1b0432136.

[73] *The world's most valuable resource is no longer oil, but data*, THE ECONOMIST (May 6, 2017), https://www.economist.com/leaders/2017/05/06/the-worlds-most-valuable-resource-is-no-longer-oil-but-data.

[74] Pauline Glickman and Nicolas Glady, *What's the Value of Your Data?*, TECHCRUNCH (Oct. 13,2015), https://techcrunch.com/2015/10/13/whats-the-value-of-your-data/.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                          - 39 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Personal Data: A Survey of Methodologies for Measuring Monetary Value" in which the OECD

provides the below chart demonstrating the various "Market prices for personal data by type."[75]



**Figure 7.  Market prices for personal data by type**

(per record)

* two different prices provided by different providers.

*Sources:* Locate Plus (address Unpublished Phone Number  Felony) Pallorium (address, past address Unpublished Phone Number Social Security Number) KnowX via Swipe Toolkit (Past address, Marriage/Divorce Bankruptcy Information Business Ownership) LexisNexis via Swipe Toolkit (Education Background Employment History Social Security Number  Felony sex offender) Experian (Credit History) Voters online.com (voter registration)

---

[75] *Exploring the Economics of Personal Data: A Survey of Methodologies for Measuring Monetary Value*, OECD DIGITAL ECONOMY PAPERS, NO. 220 (Apr. 2, 2013), https://www.oecd- ilibrary.org/docserver/5k486qtxldmq-en.pdf?expires=1630429771&id=id&accname=guest&checksum=EE508E4C5722D02DCC45931 B4D7B63A0.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                           - 40 -

**Amazon's Collection of Voice Recordings Produced Economic Loss to Plaintiffs and the Class**

117.     A 2018 *Forbes* article goes even further, stating that human voice data is the "next frontier."[76] The article explains how voice data is an "untapped resource" with "a tremendous amount of potential value on the table."[77]

118.     One such example is seen in the voice biometrics market which was valued at $1.1 billion in 2020. This market value is projected to increase to $3.9 billion by 2026.[78]

119.     Moreover, market participants in the data brokerage market see real-world value in simple and short phrases as concise as "[m]y voice is my password."[79] To that end, companies are paying individuals to record their voices making these short statements, in order to obtain such voice recordings from individuals.[80]

120.     Further, one of Amazon's competitors, Facebook, Inc. (now Meta Platforms, Inc.), has offered to pay individuals for their voice recordings just last year in 2020. This program, known as "Pronunciations," allowed individuals to receive up to $5 in compensation in exchange for a recording of themselves saying "'Hey Portal,' followed by the first name of a friend from your

---

[76]   Eric Schrock, *Why Human Voice Is Data's Next Frontier*, FORBES (Apr. 20, 2018), https://www.forbes.com/sites/forbestechcouncil/2018/04/20/why-human-voice-is-datas-next-frontier/?sh=137417264d6f.

[77] *Id.*

[78] Chris Burt, *Voice biometrics forecast to grow at 22.8 percent rate to $3.9B by 2026*, BIOMETRIC UPDATE (Apr. 9, 2021), https://www.biometricupdate.com/202104/voice-biometrics-forecast-to-grow-at-22-8-percent-rate-to-3-9b-by-2026.

[79]   *Get paid to read out loud – audio recording jobs* (last visited Nov. 16, 2021), https://www.clickworker.com/blog/get-paid-to-read-out-loud-audio-recording-jobs/.

[80] *See id.*; Gina Ragusa, *5 tricks to get paid money for selling your data – since it's getting sold anyway*, MIC (Nov. 2, 2017), https://www.mic.com/articles/185544/5-tricks-to-get-paid-for-selling-your-data-since-its-getting-sold-anyway.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 41 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    friends list."[81] Facebook has thus placed monetary value on individual's voice recordings, even

2    where such voice recordings are limited to ***one word*** (*e.g.* someone's first name).

3    121.    While many companies pay market prices for such voice recordings, Amazon does

4    not. Amazon instead collects, records, and stores the voice recordings of individuals—both

5    registered and unregistered—without conferring upon such individuals proper consideration for

6    their voice recordings. Amazon thereby deprives these individuals of the value associated with

7    their voice, which is the individuals' property, and the value associated with the personal

8    conversations, such as derivative information revealed by the conversation itself.  Amazon thus

9    illicitly takes and profits off what it does not own – named Plaintiffs' and the Class's voices – and

10   thus deprives named Plaintiffs and the Class the proper consideration and compensation for their

11   voice.

12   122.    Certainly, Amazon has the ability to ask for proper consent from its registered users

13   to record and store their voice.  It can ask its registered users whether they would like to prevent

14   Alexa from maintaining a permanent database of their conversations. It can ask registered users

15   for affirmative consent to permanently record and store conversations, and then deactivate the

16   permanent recording function for users who do not provide consent.  For registered users and non-

17   registered persons alike, Amazon could make the ubiquitous announcement that the conversation

18   is being intercepted and stored, regardless of whether the activation is intentional or not, allowing

19   each person to stop communicating, turn off, or unplug the device before continuing.  Or, it could

20   simply only use the intentional wake word voice recording for the duration necessary to store them

21   locally on the device, rather than transmit every single recording to Amazon's servers.  Moreover,

22   Alexa Devices could, by default, automatically delete recordings unless a user affirmatively allows

23   Amazon to use the recordings, instead of having a cumbersome process to delete past recordings,

24

25
     ---
[81]  Jay Peters, *Facebook will now pay you for your voice recordings*, THE VERGE (Feb. 20, 2020),
26   https://www.theverge.com/2020/2/20/21145584/facebook-pay-record-voice-speech-recognition-viewpoints-
     proununciations-app.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                               - 42 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

without providing an option to stop Alexa Devices from making the recordings in the first place.[82]
Currently, the only way to prevent the recordings is to mute an Alexa Device's microphone, or
unplug the device entirely, which defeats its intended purpose. Some or all of these changes would
possibly benefit non-registered persons who enjoy no options for their protection at the moment.

123.    Amazon, however, does not do this because it would be antithetical to its
overarching objective of collecting as much data from Americans as possible to further its
commercial endeavors.  To that end, the use of Alexa Devices to improperly capture and preserve
private communications from millions of Americans is working exactly as Amazon intended.

## V.    CLASS ALLEGATIONS

124.    Plaintiffs bring this action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal
Rules of Civil Procedure, individually and on behalf of all other persons similarly situated.

125.    Plaintiffs bring this action individually and on behalf of a Class  and the proposed
Class definition is as follows:

**Nationwide Registered User Class**: All registered Alexa users who reside in the
United States or its Territories who (i) used Alexa on any Alexa Device, or (ii) had
their communications intercepted, recorded, monitored, disclosed, or stored by or
through an Alexa Device; and

**California Registered User Class**: All registered Alexa users who reside in
California who (i) used Alexa on any Alexa Device, or (ii) had their
communications tapped, read, used, eavesdropped, or recorded by an Alexa Device,
including "attempts" or "endeavors" to do such conduct; and

**California Unregistered Persons Class**: All unregistered persons who reside in
California who had their communications tapped, read, used, eavesdropped, or
recorded by or through an Alexa Device, including "attempts" or "endeavors" to
do such conduct by an Alexa Device; and

**Florida Registered User Class**: All registered Alexa users who reside in Florida
who (i) used Alexa on any Alexa Device, or (ii) had their communications
intercepted, used, or disclosed by or through an Alexa Device, including
"endeavors" to do such conduct by an Alexa Device; and

---

[82]   Fowler, *supra* n.6.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                             - 43 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**Florida Unregistered Persons Class**: All unregistered persons who reside in Florida who had their communications intercepted, used, or disclosed by or through an Alexa Device, including "endeavors" to do such conduct by an Alexa Device; and

**Illinois Registered User Class**: All registered Alexa users who reside in Illinois who (i) used Alexa on any Alexa Device, or (ii) had their communications overheard, transmitted, recorded, intercepted, used, or disclosed by or through an Alexa Device; and

**Illinois Unregistered Persons Class**: All unregistered persons who reside in Illinois who had their communications overheard, transmitted, recorded, intercepted, used, or disclosed by or through an Alexa Device; and

**Maryland Registered User Class**: All registered Alexa users who reside in Maryland who (i) used Alexa on any Alexa Device, or (ii) had their communications intercepted, used, or disclosed by an Alexa Device, including "endeavors" to do such conduct by an Alexa Device; and

**Maryland Unregistered Persons Class**: All unregistered persons who reside in Maryland who had their communications intercepted, used, or disclosed by an Alexa Device, including "endeavors" to do such conduct by an Alexa Device; and

**Massachusetts Registered User Class**: All registered Alexa users who reside in Massachusetts who (i) used Alexa on any Alexa Device, or (ii) had their communications intercepted, used, or disclosed by or through an Alexa Device, including "attempts" to do such conduct by an Alexa Device; and

**Michigan Registered User Class**: All registered Alexa users who reside in Michigan who (i) used Alexa on any Alexa Device, or (ii) had their communications eavesdropped by an Alexa Device; and

**Michigan Unregistered Persons Class**: All unregistered persons who reside in Michigan who had their communications eavesdropped by an Alexa Device; and

**New Hampshire Registered User Class**: All registered Alexa users who reside in New Hampshire who (i) used Alexa on any Alexa Device, or (ii) had their communications intercepted, used, or disclosed by or through an Alexa Device, including "endeavors" to do such conduct by an Alexa Device; and

**New Hampshire Unregistered Persons Class**: All unregistered persons who reside in New Hampshire who used Alexa on any Alexa Device, or had their communications intercepted, used, or disclosed by or through an Alexa Device, including "endeavors" to do such conduct by an Alexa Device; and

**Pennsylvania Registered User Class**: All registered Alexa users who reside in Pennsylvania who (i) used Alexa on any Alexa Device, or (ii) had their

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 44 -

Byrnes ◆ Keller ◆ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

communications intercepted, used, or disclosed by or through an Alexa Device, including "endeavors" to do such conduct by an Alexa Device; and

**Pennsylvania Unregistered Persons Class**: All unregistered persons who reside in Pennsylvania who had their communications intercepted, used or disclosed by or through an Alexa Device, including "endeavors" to do such conduct by an Alexa Device; and

**Washington Registered User Class**: All registered Alexa users who reside in Washington who (i) used Alexa on any Alexa Device, or (ii) had their communications intercepted or recorded by or through an Alexa Device; and

**Washington Unregistered Persons Class**: All unregistered persons who reside in Washington who had their communications intercepted or recorded by or through an Alexa Device.

126.    Or in the alternative, Plaintiffs bring this action individually and on behalf of the following Class:

**Nationwide Registered User Class**: All registered Alexa users who reside in the United States or its Territories who (i) used Alexa on any Alexa Device, or (ii) had their communications intercepted, recorded, monitored, disclosed, or stored by or through an Alexa Device; and

**Nationwide Unregistered Persons Class**: All unregistered persons who reside in the United States or its Territories who had their communications intercepted, recorded, monitored, disclosed, or stored by or through an Alexa Device.

127.    Excluded from the Class are Defendants, their employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; Plaintiffs' counsel and their employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case.

128.    Plaintiffs reserve the right to modify, expand, or amend the definitions of the proposed Classes following the discovery period and before the Court determines whether class certification is appropriate.

129.    Certification of Plaintiffs' claims for Class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a Class-wide basis using the same evidence as they would use to prove those elements in individual actions alleging the same claims.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 45 -

1

### A.       Numerosity

2       130.       This action satisfies the requirement of Fed. R. Civ. P. 23(a)(1) as Defendants'

3  conduct violated the privacy rights of potentially millions of Class members, including Plaintiffs,

4  without consent.

5       131.       The identities of Class members are ascertainable, as the names of Class members

6  can be identified through objective criteria.  Specifically, Amazon knows the names of all Class

7  members who have an Amazon account and are registered to an Alexa Device, or have downloaded

8  the Alexa App, and unregistered Class members can self-identify as members of the Class by

9  determining whether there is a registered Alexa Device in their household.  Plaintiffs anticipate

10  providing appropriate notice to the certified Class in compliance with Fed. R. Civ. P. 23(c)(2)(A)

11  or (B), to be approved by the Court after class certification, or pursuant to Court Order under Fed.

12  R. Civ. P. 23(d).

13

### B.       Typicality

14       132.       This action satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because Plaintiffs'

15  claims are typical of the claims of each of the Class members, as all Class members were and are

16  similarly affected, and their claims arise from the same or substantially similar conduct.

17

### C.       Adequacy of Representation

18       133.       This action satisfies the requirements of Fed. R. Civ. P. 23(a)(4) because Plaintiffs

19  are committed to prosecuting the action, will fairly and adequately protect the interests of Class

20  members, and have retained counsel competent and experienced in class action litigation,

21  including litigations to remedy privacy violations.  Plaintiffs have no interests that are antagonistic

22  to the interests of the Class, and Defendants have no defenses unique to Plaintiffs.  Plaintiffs and

23  their counsel are committed to vigorously prosecuting this action on behalf of the members of the

24  Class, and they have the resources to do so.  Neither Plaintiffs nor their counsel have any interest

25  adverse to the interests of the other members of the Class.

26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                   - 46 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### D.     Commonality

134.    This action satisfies the requirements of Fed. R. Civ. P. 23(a)(2) because there are questions of law and fact that are common to the Class.  These common questions predominate over any questions affecting only individual Class members.  The questions of law and fact common to the Class include, but are not limited to:

(a)     whether Alexa Devices operating Alexa intercept, eavesdrop, record, disclose, or use voice recordings of persons who interact with them;

(b)     whether registered users or unregistered persons who had their communications wiretapped by an Alexa Device, in their home or locations where they otherwise would have an expectation of privacy, have an objectively reasonable expectation of confidentiality;

(c)     whether Defendants obtained consent to intercept, eavesdrop, record, disclose, or use voice recordings of registered users or unregistered persons who interacted with Alexa Devices;

(d)     whether Defendants' conduct violates the laws of the states of California, Florida, Illinois, Maryland, Massachusetts, Michigan, New Hampshire, Pennsylvania, and Washington as alleged below; and

(e)     whether Defendants' conduct violates the Federal Wiretap Act or the SCA, as alleged below.

### E.     Superiority/Predominance

135.    This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of the rights of the Class members.  The joinder of individual Class members is impracticable because of the vast number of Class members.

136.    In comparison to piecemeal litigation, class action litigation presents far fewer management difficulties, conserves the resources of both the judiciary and the parties far better,

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                          - 47 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

and protects the rights of each Class member far more effectively.  The benefits to the legitimate interests of the parties, the Court, and the public resulting from class action litigation substantially outweigh the expenses, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation. Class adjudication is superior to other alternatives under Fed. R. Civ. P. 23(b)(3)(D).  Class treatment will also avoid the substantial risk of inconsistent factual and legal determinations on the many issues in this lawsuit.

### F.      Rule 23(b)(2) Certification

137.    The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

138.    Defendants' actions are generally applicable to the Class as a whole, and Plaintiffs seek, among other things, equitable remedies with respect to the Class as a whole.

### G.      Rule 23(c)(4) Certification

139.    Particular issues are also appropriate for certification under Fed. R. Civ. P. 23(c)(4) because the claims present particular, common issues, the resolution of which would materially advance the resolution of this matter and the parties' interests therein.  Such particular issues include, but are not limited to:

(a)      whether Amazon, through Alexa Devices, intercepts, eavesdrops, discloses, uses, or records voices of registered users or unregistered persons;

(b)      whether Amazon stores such recordings on its servers;

(c)      whether Amazon obtained consent to intercept, eavesdrop, disclose, use, or record the voices and communications of registered users or unregistered persons interacting with an Alexa Device;

(d)      whether registered users or unregistered persons who had their communications wiretapped by an Alexa Device, in their home or locations where they otherwise

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                - 48 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

would have an expectation of privacy, have an objectively reasonable expectation of confidentiality;

(e)     whether Plaintiffs and Class members are entitled to preliminary or permanent injunctive relief, including the nature of such injunction(s); and

(f)     whether Class members are entitled to damages, including the proper measure of those damages.

## VI.    TOLLING, CONCEALMENT, AND ESTOPPEL

140.    The applicable statutes of limitation have been tolled as a result of Amazon's knowing and active concealment and denial of the facts alleged herein, namely its practice of recording, intercepting, monitoring, and permanently storing individuals' private conversations without their consent.

141.    Plaintiffs and Class members could not, with due diligence, have discovered the full scope of Amazon's conduct, due in no small part to Amazon's efforts to conceal such conduct. All applicable statutes of limitation also have been tolled by operation of the discovery rule.  Under the circumstances, Amazon was under a duty to disclose the nature and significance of their practice of recording, intercepting, monitoring, and permanently storing confidential communications, but did not do so.  Defendants are therefore estopped from relying on any statute of limitations.

142.    Amazon's fraudulent concealment and omissions are common to Plaintiffs and all Class members.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 49 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**COUNT I**

**Violation of the Washington Wiretapping Statute, Wash. Rev. Code §9.73.030
(Brought on Behalf of Plaintiffs Jeffrey Hoyt, Lorlie Tesoriero, and the Nationwide
Registered Class and Washington Class, or in the alternative, on behalf of All Plaintiffs and
the Nationwide Registered and Nationwide Unregistered Class)[83]**

143.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

144.    Washington's Wiretapping Statute makes it "unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record" either: (a) any "private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication"; or (b) any "private conversation, by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the conversation." Wash. Rev. Code §9.73.030.

145.    Pursuant to Amazon's Conditions of Use: "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."

146.    Plaintiffs and Class members used Alexa Devices in locations, such as their residences, where they had a reasonable expectation of privacy from unknown intrusions or were in situations where there was no expectation that communications of any kind would be intercepted or recorded.

---

[83] The "Washington Class" refers to both the Washington Registered User Class and the Washington Unregistered Persons Class.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 50 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

147. When Plaintiffs spoke or conversed near the vicinity of an Alexa Device, Amazon intercepted or recorded Plaintiffs' communications without Plaintiffs' consent.

148. When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon intentionally recorded their communications, transmitted them to cloud servers, and retained copies of them, in violation of Wash. Rev. Code §9.73.030(1)(a), which prohibits the intentional interception of another person's oral communications.

149. When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon recorded their communications, transmitted them to cloud servers, retained copies of them, and utilized those recordings for Amazon's own commercial benefit, in violation of Wash. Rev. Code §9.73.030(1)(b), which prohibits the intentional interception of another person's oral conversations.

150. Amazon did not adequately disclose to Plaintiffs and Class members that it would intercept or record their communications and conversations that occurred in the vicinity of an Alexa Device. At no time did Amazon in the interaction inform any person that Alexa would be recording the information before beginning or continuing the interaction, and Amazon has no recording of having given a recorded announcement, in violation of Wash. Rev. Code §9.73.030(b)(3).

151. Plaintiffs and Class members did not believe that Amazon would intercept or record their interactions with Alexa.

152. Plaintiffs and Class members reasonably expected that their Alexa interactions would remain private.

153. Plaintiffs and Class members did not consent to having their communications recorded, stored, intercepted, or monitored by Amazon through the Alexa Device.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 51 -

154.     Amazon intercepted or recorded interactions that Plaintiffs and Class members had with Alexa.

155.     Amazon's conduct violated the statute complained of herein.

156.     Amazon's conduct in violation of the statute complained of herein caused injury to the dignity, well-being, and security of Plaintiffs and Class members.

157.     By this conduct, Amazon intentionally intercepted and used oral communications without the consent of all parties to those communications, in violation of Wash. Rev. Code §9.73.030.

158.     Amazon violated Plaintiffs' and Class members' right to privacy in their confidential communications, as protected by Wash. Rev. Code §9.73.030.

159.     Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings of Plaintiffs' and Class members' interactions with Alexa Devices, and to implement procedures requiring announcement and recording of the announcement purporting to obtain consent from any user for each and every interaction.

160.     Plaintiffs, individually and on behalf of the members of the Class, seek: (a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under Wash. Rev. Code §9.73.060; (c) punitive damages; and (d) costs and reasonable attorneys' fees under Wash. Rev. Code §9.73.060.

161.     Plaintiffs, individually and on behalf of the members of the Class, bring this claim within two years of the alleged misconduct that occurred by Amazon, as set forth herein.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 52 -

1

**COUNT II**

2

3

**Violation of the Washington Consumer Protection Act, Wash. Rev. Code §19.86 *et seq.* (Brought on Behalf of Plaintiffs Jeffrey Hoyt, Lorlie Tesoriero, and the Nationwide Registered User Class and Washington Class, or, in the alternative, on behalf of All Plaintiffs and the Nationwide Registered and Nationwide Unregistered Class)**

4

5

162.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with

6

the same force and effect as if fully restated herein.

7

163.    Plaintiffs bring this claim individually and on behalf of the Class.

8

164.    The Washington CPA prohibits "[u]nfair methods of competition and unfair or

9

deceptive acts or practices in the conduct of any trade or commerce."  Wash. Rev. Code

10

§19.86.020.

11

165.    The elements of a Washington CPA claim are (1) an unfair or deceptive act or

12

practice, (2) occurring in trade or commerce, (3) with a public interest impact, (4) an injury to

13

plaintiff in his or her business or property, and (5) a causal relationship between the unfair or

14

deceptive act and the resulting injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*

15

*Co.*, 105 Wash. 2d 778, 780 (1986).

16

166.    Amazon has committed unfair acts and practices in the conduct of trade or

17

commerce, in violation of Wash. Rev. Code §19.86.020, by violating Plaintiffs' rights to privacy

18

and by storing private information about Plaintiffs and the Class without their consent, including

19

the voices of Plaintiffs and the Class.

20

167.    Upon information and belief, Amazon shared its collected data with third parties

21

for profit or other business purposes, which further violates the Washington CPA and is an unfair

22

or deceptive act or practice.

23

168.    Amazon committed its conduct in the context of trade or commerce.  Amazon sells

24

its Alexa Devices in interstate commerce in markets across the nation.  In addition, Alexa Device

25

owners can use their Alexa Device to make purchases, including through the Amazon e-commerce

26

marketplace.  Further, Amazon uses its covert recordings of Alexa Device owners for business

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                      - 53 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   purposes affecting interstate commerce, including on information and belief by providing that data

2   to third parties for profit.

3       169.   The public interest is harmed by Amazon's conduct in recording, storing,

4   analyzing, and utilizing the private speech and other sounds of the citizens of this state who have

5   a fundamental privacy interest in this information. Indeed, Amazon's unlawful procurement of the

6   personal voice recordings of millions of individuals without their consent has large ramifications

7   on the privacy interest of those individuals. In addition, to the extent that Amazon uses this data

8   for improvements to its products and services or transmits such data to third parties for profit or

9   other benefit, Amazon is deriving an unfair competitive advantage as a result of its covert

10  recording.   The public interest is further supported by statutes specifically governing how

11  announcements are to be conducted and recorded and themselves recorded and, if these mandates

12  are not followed, declaring the actions are actionable.

13      170.   Plaintiffs and the Class members have been injured by paying more for Alexa

14  Devices than they would have been willing to pay were it fully disclosed that such devices are

15  recording, storing, analyzing, and utilizing their private information.   In addition, Plaintiffs and

16  the Class have been harmed in their privacy interests through this conduct.   Further, Plaintiffs/non-

17  registered persons and the Class members/non-registered persons have been injured by having

18  personal conversations and personal characteristics used and continuing to be used for commercial

19  gain, all without announcement or consent.

20      171.   Plaintiffs and the Class expected their Alexa Device to only "listen" when prompted

21  by the use of the wake word and did not expect that recordings would be stored or shared with

22  third parties by Amazon.   These considerations are material to Plaintiff and the Class as reasonable

23  consumers.   Had Plaintiffs and the Class known this, they would either have not purchased the

24  Alexa Device or would have demanded to pay less.   Plaintiffs/non-registered persons and the

25  Class/non-registered persons had no opportunity to shut off the Alexa Device or continue on with

26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                              - 54 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  any conversations once they had knowledge of the Alexa Device intercepting and recording

2  communications.

3      172.    Moreover, Plaintiffs and Class members have been deprived of the value inherent

4  with their personal data collected through the unconsented recording by Amazon.  As alleged *supra*

5  ¶¶117-121, a market exists for human individuals' voice recordings, and entities and companies

6  recognize that they must pay for such information.  Plaintiffs and the Class members have a

7  property interest in their voice recordings, and Plaintiffs and Class members were deprived of the

8  appropriate consideration and compensation that must be paid to them when Amazon collected

9  and stored their voice recordings without consent or consideration.

10     173.    Amazon's actions are unfair as they offend public policy as established by statute

11  and are otherwise unethical, oppressive, or unscrupulous.

12     174.    There is a causal link between the unfair or deceptive acts complained of and the

13  injuries alleged.

14     175.    Plaintiff and the Class are entitled to damages and reasonable attorneys' fees

15  pursuant to Wash. Rev. Code §19.86.090.

16                                **COUNT III**

17          **Violation of the Florida Wiretapping Statute, Fla. Stat. §934.03**
18  **(Brought on Behalf of Plaintiffs Ricky Babani, Sandra Mirabile, Susan Lenehan, and the
        Florida Class)**

19     176.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with

20  the same force and effect as if fully restated herein.

21     177.    Florida's Wiretapping Statute makes it unlawful and penalizes any person who

22  either: (a) "intentionally intercepts, endeavors to intercept, or procures any other person to

23  intercept or endeavor to intercept any wire, oral, or electronic communication"; or (b)

24  "intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any

25  electronic, mechanical, or other device to intercept any oral communication when: (1) Such device

26  is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 55 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

in wire communication; or (2) Such device transmits communications by radio or interferes with the transmission of such communication." Fla. Stat. §934.03(1)(a)-(b)(2).

178.    Florida's Wiretapping Statute further makes it unlawful and penalizes any person who: (c) "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;" or (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection." Fla. Stat. §934.03(1)(c)-(d).

179.    Plaintiffs and Class members used Alexa Devices in locations, such as their residences, where they had a reasonable expectation of privacy from unknown intrusions.

180.    When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored, intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs' consent.

181.    When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon intentionally recorded their communications, transmitted them to cloud servers, and retained copies of them, in violation of Fla. Stat. §934.03(1)(a), which prohibits the intentional interception of another person's oral communications.

182.    When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon intentionally recorded their communications, transmitted them to cloud servers, retained copies of them, and utilized those recordings for Amazon's own commercial benefit, in violation of Fla. Stat. §934.03(1)(b), which prohibits the intentional "use" of another person's oral communications.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 56 -

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

183.    Plaintiffs and Class members were further harmed when Amazon intentionally disclosed their recorded communications to third-party contractors for analysis, in violation of Fla. Stat. §934.03(c).

184.    Amazon did not adequately disclose to Plaintiffs and Class members that it would record and store their communications that occurred in the vicinity of an Alexa Device.

185.    Plaintiffs and Class members did not believe that Amazon would record and store their interactions with Alexa.

186.    Plaintiffs and Class members reasonably expected that their Alexa interactions would remain private.

187.    Plaintiffs and Class members did not consent to having their communications recorded, stored, intercepted, or monitored by Amazon through the Alexa Device.

188.    Amazon intentionally recorded and stored interactions that Plaintiffs and Class members had with Alexa.

189.    Amazon's conduct violated the statute complained of herein.

190.    Amazon's conduct in violation of the statute complained of herein caused injury to the dignity, well-being, and security of Plaintiffs and Class members.

191.    By this conduct, Amazon intentionally intercepted and used oral communications without the consent of all parties to those communications, in violation of Fla. Stat. §934.03.

192.    Amazon violated Plaintiffs' and Class members' right to privacy in their confidential communications, as protected by Fla. Stat. §934.03.

193.    Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings of Plaintiffs' and Class members' interactions with Alexa Devices, and to implement procedures requiring consent from any user.

194.    Plaintiffs, individually and on behalf of the members of the Class, seek: (a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                          - 57 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under Fla. Stat. §934.10; (c) punitive damages; and (d) costs and reasonable attorneys' fees under Fla. Stat. §934.10.

195.    Plaintiffs, individually and on behalf of the members of the Class, bring this claim within two years of the alleged misconduct that occurred by Amazon, as set forth herein.

## COUNT IV

**Violation of the New Hampshire Wiretapping Statute, N.H. Rev. Stat. §570-a:2
(Brought on Behalf of Plaintiffs Diane McNealy, Michael McNealy, and the New
Hampshire Class)**

196.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

197.    New Hampshire's Wiretapping Statute penalizes a person who, without the consent of all parties to the communication: (a) "[w]ilfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any telecommunication or oral communication"; or (b) "[w]ilfully uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when: (1) Such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in telecommunication, or (2) Such device transmits communications by radio, or interferes with the transmission of such communication, or (3) Such use or endeavor to use (A) takes place on premises of any business or other commercial establishment, or (B) obtains or is for the purpose of obtaining information relating to the operations of any business or other commercial establishment." N.H. Rev. Stat. §570-A:2, I(a)-(b)(3).

198.    New Hampshire's Wiretapping Statute also penalizes a person who either (c) "[w]ilfully discloses, or endeavors to disclose, to any other person the contents of any telecommunication or oral communication, knowing or having reason to know that the information

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 58 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

was obtained through the interception of a telecommunication or oral communication in violation of this paragraph"; or (d) "[w]illfully uses, or endeavors to use, the contents of any telecommunication or oral communication, knowing or having reason to know that the information was obtained through the interception of a telecommunication or oral communication in violation of this paragraph." N.H. Rev. Stat. §570-A:2, I(c)-(d).

199. Plaintiffs and Class members used Alexa Devices in locations, such as their residences, where they had a reasonable expectation of privacy from unknown intrusions.

200. When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored, intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs' consent.

201. When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon intentionally recorded their communications, transmitted them to cloud servers, and retained copies of them, in violation of N.H. Rev. Stat. §570-A:2, I(a) and (b), which prohibits the willful interception of any oral communication, and the willful use of any device to intercept any oral communication, respectively.

202. Plaintiffs and Class members were also harmed when Amazon intentionally disclosed their recorded conversations to contractors, and used those conversations for analysis, in violation of N.H. Rev. Stat. §570-A:2, I(c) and (d).

203. Amazon did not adequately disclose to Plaintiffs and Class members that it would record and store their communications that occurred in the vicinity of an Alexa Device.

204. Plaintiffs and Class members did not believe that Amazon would record and store their interactions with Alexa.

205. Plaintiffs and Class members reasonably expected that their Alexa interactions would remain private.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 59 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

206.   Plaintiffs and Class members did not consent to having their communications recorded, stored, intercepted, or monitored by Amazon through the Alexa Device.

207.   Amazon intentionally recorded and stored interactions Plaintiffs and Class members had with Alexa.

208.   Amazon's conduct violated the statute complained of herein.

209.   Amazon's conduct in violation of the statute complained of herein caused injury to the dignity, well-being, and security of Plaintiffs and Class members.

210.   By this conduct, Amazon intentionally intercepted and used oral communications without the consent of all parties to those communications, in violation of N.H. Rev. Stat. §570-A:2.

211.   Amazon violated Plaintiffs' and Class members' right to privacy in their confidential communications, as protected by N.H. Rev. Stat. §570-A:2.

212.   Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings of Plaintiffs' and Class members' interactions with Alexa Devices, and to implement procedures requiring consent from any user.

213.   Plaintiffs, individually and on behalf of the members of the Class seek: (a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under N.H. Rev. Stat §570-A:11; (c) punitive damages; and (d) costs and reasonable attorneys' fees under N.H. Rev. Stat. §570-A:11.

214.   Plaintiffs, individually and on behalf of the members of the Class, bring this claim within three years of the alleged misconduct that occurred by Amazon, as set forth herein.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 60 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1

**COUNT V**

2

3

**Violation of the Massachusetts Wiretapping Statute, Mass. Gen. Laws Ch. 272, §99**
**(Brought on Behalf of Plaintiff Lisa Hovasse and the Massachusetts Class)**

4

215.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with

5

the same force and effect as if fully restated herein.

6

216.    The Massachusetts Wiretapping Statute penalizes any person who "[w]illfully

7

commits an interception, attempts to commit an interception, or procures any other person to

8

commit an interception or to attempt to commit an interception of any wire or oral

9

communication."  Mass. Gen. Laws ch. 272, §99(C)(1).

10

217.    The Massachusetts Wiretapping Statute also penalizes any person who "[w]illfully

11

discloses or attempts to disclose to any person the contents of any wire or oral communication,

12

knowing that the information was obtained through interception"; or "[w]illfully uses or attempts

13

to use the contents of any wire or oral communication, knowing that the information was obtained

14

through interception."  Mass. Gen. Laws ch. 272, §99(C)(3)(a)-(b).

15

218.    Plaintiffs and Class members used Alexa Devices in locations, such as their

16

residences, where they had a reasonable expectation of privacy from unknown intrusions.

17

219.    When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored,

18

intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs'

19

consent.

20

220.    When Plaintiffs and Class members used Alexa Devices or otherwise had their

21

communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon

22

intentionally recorded their communications, transmitted them to cloud servers, and retained

23

copies of them, in violation of Mass. Gen. Laws ch. 272, §99(C)(1), which prohibits any

24

corporation who "[w]illfully commits an interception, attempts to commit an interception, or

25

procures any other person to commit an interception or to attempt to commit an interception of

26

any wire or oral communication."

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 61 -

221.     When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon intentionally recorded their communications, transmitted them to cloud servers, retained copies of them, and utilized those recordings for Amazon's own commercial benefit, in violation of Mass. Gen. Laws ch. 272, §99 (C)(3)(b), which prohibits any corporation who "[w]illfully uses or attempts to use the contents of any wire or oral communication, knowing that the information was obtained through interception."

222.     Plaintiffs and Class members were further harmed when Amazon disclosed their recorded conversations to contractors, in violation of Mass. Gen. Laws ch. 272, §99 (C)(3)(a).

223.     Amazon did not adequately disclose to Plaintiffs and Class members that it would record and store their communications that occurred in the vicinity of an Alexa Device.

224.     Plaintiffs and Class members did not believe that Amazon would record and store their interactions with Alexa.

225.     Plaintiffs and Class members reasonably expected that their Alexa interactions would remain private.

226.     Plaintiffs and Class members did not consent to having their communications recorded, stored, intercepted, or monitored by Amazon through the Alexa Device.

227.     Amazon intentionally recorded and stored interactions that Plaintiffs and Class members had with Alexa.

228.     Amazon's conduct violated the statute complained of herein.

229.     Amazon's conduct in violation of the statute complained of herein caused injury to the dignity, well-being, and security of Plaintiffs and Class members.

230.     By this conduct, Amazon intentionally intercepted and used oral communications without the consent of all parties to those communications, in violation of Massachusetts General Laws Chapter 272, Section 99.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 62 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

231.    Amazon violated Plaintiffs' and Class members' right to privacy in their confidential communications, as protected by Massachusetts General Laws Chapter 272, §99.

232.    Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings of Plaintiffs' and Class members' interactions with Alexa Devices, and to implement procedures requiring consent from any user.

233.    Plaintiffs, individually and on behalf of the members of the Class seek: (a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations ; (b) damages equal to $100 per day or $1,000, whichever is greater, under Mass. Gen. Laws ch. 272, §99(Q); (c) punitive damages; and (d) costs and reasonable attorneys' fees under Mass. Gen. Laws ch. 272, §99(Q).

234.    Plaintiffs, individually and on behalf of the members of the Class, bring this claim within one year of the alleged misconduct that occurred by Amazon, as set forth herein.

### COUNT VI

**Violation of the California Invasion of Privacy Act, Cal. Penal Code §631**
**(Brought on Behalf of Plaintiffs Kaeli Garner, Mark Fladd, Stephanie Fladd, Jodi Brust, and the California Class)**

235.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

236.    Plaintiffs and Class members used Alexa Devices in locations, such as their residences, where they had a reasonable expectation of privacy from unknown intrusions.

237.    When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored, intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs' consent.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                        - 63 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

238.     To establish liability under Cal. Penal Code §631(a), Plaintiffs need only establish that Amazon, "by means of any machine, instrument, or contrivance, or any other manner," did any of the following:

> intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable or is being sent from or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

239.     The California Supreme Court has twice explained that the "express objective" of the California Invasion of Privacy Act ("CIPA") is to "protect a person placing or receiving a call from a situation where the person on the other end of the line permits an outsider to tap his telephone or listen in on the call." *Ribas v. Clark*, 696 P.2d 637, 642 (Cal. 1985); *Smith v. LoanMe, Inc.*, 483 P.3d. 869, 879 (Cal. 2021) ("As [the California Supreme Court] explained in *Ribas* . . . a substantial distinction has been recognized between the secondhand repetition of the contents of a conversation and its simultaneous dissemination to an unannounced second auditor, whether that auditor be a person or mechanical device."). The Ninth Circuit similarly explained that one of the purposes of wiretapping statutes is "to prevent the acquisition of the contents of a message by an unauthorized third-party or 'an unseen auditor.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 608 (9th Cir. 2020), *cert. denied*, *Facebook, Inc. v. Davis*, 141 S. Ct. 1684 (2021).

240.     Alexa's software is a "machine, instrument, contrivance, or . . . other manner" used to engage in the prohibited conduct at issue here.

241.     At all relevant times, by using the Alexa Devices, Amazon intentionally tapped, electronically or otherwise, the lines of Internet communication between Plaintiffs on the one hand, and various individuals on the other.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 64 -

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

242.    At all relevant times, by using Alexa's technology, Amazon willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of telephonic communications of Plaintiff and Class, while the telephonic communications were in transit or passing over any wire, line, or cable or were being sent from or received at any place within California.

243.    At all relevant times, by using Alexa's technology, Amazon willfully and without the consent of all parties to the communication, or in any unauthorized manner, used or attempted to use communications obtained from Plaintiffs in the manner described above, including, but not limited to, for the purpose of targeted advertising.

244.    Plaintiffs and members of the California Class did not consent to any of Amazon's actions in enabling wiretaps in Alexa Devices.  Nor have Plaintiffs and Class members consented to Amazon's intentional access, interception, reading, learning, recording, and collection of Plaintiffs' and Class members' telephonic communications.

245.    The violation of Cal. Penal Code §631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

246.    Unless enjoined, Amazon will continue to commit the illegal acts alleged herein. Plaintiffs continue to be at risk because they frequently use verbal communications within the hearing range of Alexa Devices.  Plaintiffs continue to desire to use their Alexa Devices for the purpose of voice-controlled tasks and entertainment. However, Plaintiffs are wary of using the Alexa Devices if the Alexa Devices are recording and storing their communications without their consent or without the wake word being said. Plaintiffs would be willing to use their Alexa Devices if they knew that they would not be wiretapped by Amazon when they did not use a wake word.

247.    Plaintiffs and Class members seek all relief available under Cal. Penal Code §637.2, including statutory damages of $5,000 per violation.

248.    Plaintiffs, individually and on behalf of the members of the Class, bring this claim within one year of the alleged misconduct that occurred by Amazon, as set forth herein.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                              - 65 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# COUNT VII

**Violation of the California Invasion of Privacy Act, Cal. Penal Code §632**
**(Brought on Behalf of Plaintiffs Kaeli Garner, Mark Fladd, Stephanie Fladd, Jodi Brust,**
**and the California Class)**

249.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

250.    Plaintiffs and Class members used Alexa Devices in locations, such as their residences, where they had a reasonable expectation of privacy from unknown intrusions.

251.    When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored, intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs' consent.

252.    The California Legislature enacted CIPA finding that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code §630.  Thus, the intent behind CIPA is "to protect the right of privacy of the people of this state." *Id.*

253.    Cal. Penal Code §632 prohibits the eavesdropping and recording of any confidential communication, including those occurring among the parties in the presence of one another or by means of a telephone, telegraph, or other device through the use of an electronic amplifying or recording device without the consent of all parties to the communication.

254.    When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon intentionally recorded their communications, transmitted them to cloud servers, and retained copies of them, in violation of Cal. Penal Code §632(a)-(b), which prohibits any "corporation"

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 66 -

1   from intentionally using a "recording device to eavesdrop upon or record" any "confidential

2   communication" without the "consent of all parties" to the confidential communication.

3        255.    Plaintiffs and Class members allege that Amazon, through the use of Alexa

4   Devices, intentionally recorded the private conversations of individuals, because it had the

5   knowledge, to a substantial certainty, that the use of Alexa Devices will result in the recordation

6   of a confidential conversation.

7        256.    Indeed, Amazon's failure to rectify and destroy the audio recordings of millions of

8   individuals further demonstrates Amazon's intent to permanently store said confidential

9   communications, and to continue its practice of eavesdropping and recording individuals'

10  conversations.

11       257.    Plaintiffs and Class members never consented to Amazon's recording of their

12  conversations.

13       258.    Plaintiffs and Class members had a reasonable expectation of privacy in their

14  confidential communications.

15       259.    Plaintiffs and Class members seek statutory damages in accordance with Cal. Penal

16  Code §637.2(a), which provides for the greater of: (a) $5,000 per violation; or (b) three times the

17  amount of damages sustained by Plaintiffs and the Class in an amount to be proven at trial, as well

18  as injunctive or other equitable relief.

19       260.    Plaintiffs and Class members have also suffered irreparable injury from these

20  unauthorized acts of disclosure.  Their personal, private, and sensitive health information has been

21  collected, viewed, accessed, stored, and used by Defendants, and have not been destroyed.  Due to

22  the continuing threat of such injury, Plaintiffs have no adequate remedy at law, and are entitled to

23  injunctive relief.

24       261.    Plaintiffs, individually and on behalf of the members of the Class, bring this claim

25  within one year of the alleged misconduct that occurred by Amazon, as set forth herein.

26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                           - 67 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# COUNT VIII

**Violation of the Maryland Wiretapping Statute, Md. Code Ann., & Jud. Proc. §10-402
(Brought on Behalf of Plaintiffs Caron Watkins, Kelly Miller, and the Maryland Class)**

262.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

263.    Maryland's Wiretapping Statute makes it unlawful for any person to either "Wilfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication"; or "Wilfully disclose, or endeavor to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle;" or "Wilfully use, or endeavor to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle." Md. Code Ann., Cts. & Jud. Proc. §10-402(a)(1)-(3).

264.    Plaintiffs and Class members used Alexa Devices in locations, such as their residences, where they had a reasonable expectation of privacy from unknown intrusions.

265.    When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored, intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs' consent.

266.    When Plaintiffs and Class members used Alexa Devices or otherwise had their communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon intentionally recorded their communications, transmitted the communications to cloud servers, and retained copies of the communications, in violation of Md. Code Ann., Cts. & Jud. Proc. §10-402, which prohibits the willful interception of any oral communication.

267.    Amazon did not adequately disclose to Plaintiffs and Class members that it would record and store their communications that occurred in the vicinity of an Alexa Device.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 68 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

268.     Plaintiffs and Class members did not believe that Amazon would record and store their interactions with Alexa Devices.

269.     Plaintiffs and Class members reasonably expected that their Alexa interactions would remain private.

270.     Plaintiffs and Class members did not consent to have their communications recorded, stored, intercepted, or monitored by Amazon through Alexa Devices.

271.     Amazon intentionally recorded and stored interactions that Plaintiffs and Class members had with Alexa.

272.     Amazon's conduct violated the statute complained of herein.

273.     Amazon's conduct in violation of the statute complained of herein caused injury to the dignity, well-being, and security of Plaintiffs and Class members.

274.     By this conduct, Amazon intentionally intercepted, disclosed, and used oral communications without the consent of all parties to those communications, in violation of Md. Code Ann., Cts. & Jud. Proc. §10-402.

275.     Amazon violated Plaintiffs' and Class members' right to privacy in their confidential communications, as protected by Md. Code Ann., Cts. & Jud. Proc. §10-402.

276.     Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings of Plaintiffs' and Class members' interactions with Alexa Devices, and to implement procedures requiring consent from any user.

277.     Plaintiff, individually and on behalf of the members of the Class seek: (a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under Md. Code Ann., Cts. & Jud. Proc. §10-410;

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                          - 69 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  (c) punitive damages; and (d) costs and reasonable attorneys' fees under Md. Code Ann., Cts. &
2  Jud. Proc. §10-410.

3       278.    Plaintiffs, individually and on behalf of the members of the Class, bring this claim
4  within three years of the alleged misconduct that occurred by Amazon, as set forth herein.

5                                      **COUNT IX**

6  **Violation of the Pennsylvania Wiretapping Statute, 18 Pa. Cons. Stat. §5703**
   **(Brought on Behalf of Plaintiffs Selena Johnson, Ronald Johnson, and the Pennsylvania**
7  **Class)**

8       279.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with
9  the same force and effect as if fully restated herein.

10      280.    The Pennsylvania Wiretapping Statute penalizes any person who either: (a)
11 "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or
12 endeavor to intercept any wire, electronic or oral communication"; or (b) "intentionally discloses
13 or endeavors to disclose to any other person the contents of any wire, electronic or oral
14 communication, or evidence derived therefrom, knowing or having reason to know that the
15 information was obtained through the interception of a wire, electronic or oral communication";
16 or (c) "intentionally uses or endeavors to use the contents of any wire, electronic or oral
17 communication, or evidence derived therefrom, knowing or having reason to know, that the
18 information was obtained through the interception of a wire, electronic or oral communication."
19 18 Pa. Cons. Stat. §5703(1)-(3).

20      281.    Plaintiffs and Class members used Alexa Devices in locations, such as their
21 residences, where they had a reasonable expectation of privacy from unknown intrusions.

22      282.    When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored,
23 intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs'
24 consent.

25      283.    When Plaintiffs and Class members used Alexa Devices or otherwise had their
26 communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 70 -

1  intentionally recorded their communications, transmitted the communications to cloud servers, and

2  retained copies of the communications, in violation of 18 Pa. Cons. Stat. §5703, which prohibits

3  the willful interception of any oral communication.

4      284.  Amazon did not adequately disclose to Plaintiffs and Class members that it would

5  record and store their communications that occurred in the vicinity of an Alexa Device.

6      285.  Plaintiffs and Class members did not believe that Amazon would record and store

7  their interactions with Alexa Devices.

8      286.  Plaintiffs and Class members reasonably expected that their Alexa interactions

9  would remain private.

10      287.  Plaintiffs and Class members did not consent to have their communications

11  recorded, stored, intercepted, or monitored by Amazon through Alexa Devices.

12      288.  Amazon intentionally recorded and stored interactions Plaintiffs and Class

13  members had with Alexa.

14      289.  Amazon's conduct violated the statute complained of herein.

15      290.  Amazon's conduct in violation of the statute complained of herein caused injury to

16  the dignity, well-being, and security of Plaintiffs and Class members.

17      291.  By this conduct, Amazon intentionally intercepted, disclosed, and used oral

18  communications without the consent of all parties to those communications, in violation of 18 Pa.

19  Cons. Stat. §5703.

20      292.  Amazon violated Plaintiffs' and Class members' right to privacy in their

21  confidential communications, as protected by 18 Pa. Cons. Stat. §5703.

22      293.  Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings

23  of Plaintiffs' and Class members' interactions with Alexa Devices, and to implement procedures

24  requiring consent from any user.

25      294.  Plaintiffs, individually and on behalf of the members of the Class seek: (a) an

26  injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions and to

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 71 -

1   delete those recordings already made, and to implement functionality sufficient to prevent

2   unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not

3   record or permanently store interactions, communications, or conversations; (b) damages equal to

4   $100 per day or $1,000, whichever is greater, under 18 Pa. Cons. Stat. §5725; (c) punitive damages;

5   and (d) costs and reasonable attorneys' fees under 18 Pa. Cons. Stat. §5725.

6       295.    Plaintiffs, individually and on behalf of the members of the Class, bring this claim

7   within two years of the alleged misconduct that occurred by Amazon, as set forth herein.

8                                        **COUNT X**

9   **Violation of the Illinois Eavesdropping Statute, 720 Ill. Comp. Stat. §5/14-2**
    **(Brought on Behalf of Plaintiffs James Robinson, Rosa Comacho, and the Illinois Class)**
10

11      296.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with

12  the same force and effect as if fully restated herein.

13      297.    Plaintiffs and Class members used Alexa Devices in locations, such as their

14  residences, where they had a reasonable expectation of privacy from unknown intrusions.

15      298.    When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored,

16  intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs'

17  consent.

18      299.    When Plaintiffs and Class members used Alexa Devices or otherwise had their

19  communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon

20  intentionally recorded their communications, transmitted the communications to cloud servers, and

21  retained copies of the communications, in violation of 720 Ill. Comp. Stat. §5/14-2, which prohibits

22  knowingly and intentionally using an eavesdropping device in a surreptitious manner for purposes

23  of overhearing, transmitting, intercepting, or recording all or any part of any private conversation.

24      300.    720 Ill. Comp. Stat. §5/14-2(a)(5) further penalizes any person who intentionally

25  "[u]ses or discloses any information which he or she knows or reasonably should know was

26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                          - 72 -

Byrnes ♦ Keller ♦ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  obtained from a private conversation or private electronic communication in violation of this
2  Article, unless he or she does so with the consent of all of the parties."

3      301.   Amazon did not adequately disclose to Plaintiffs and Class members that it would
4  record, store, and disclose their private conversations that occurred in the vicinity of an Alexa
5  Device.

6      302.   Plaintiffs and Class members did not believe that Amazon would record, store, and
7  disclose their private conversations with Alexa Devices.

8      303.   Plaintiffs and Class members reasonably expected that their Alexa interactions
9  would remain private.

10     304.   Plaintiffs and Class members did not consent to have their private conversations
11  recorded, stored, intercepted, disclosed, or monitored by Amazon through Alexa Devices.

12     305.   Amazon intentionally recorded, stored, and disclosed the private conversations
13  Plaintiffs and Class members had with Alexa.

14     306.   Amazon's conduct violated the statute complained of herein.

15     307.   Amazon's conduct in violation of the statute complained of herein caused injury to
16  the dignity, well-being, and security of Plaintiffs and Class members.

17     308.   By this conduct, Amazon intentionally intercepted and used and disclosed oral
18  communications without the consent of all parties to those communications, in violation of 720
19  Ill. Comp. Stat. §5/14-2.

20     309.    Amazon violated Plaintiffs' and Class members' right to privacy in their private
21  conversations, as protected by 720 Ill. Comp. Stat. §5/14-2.

22     310.   Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings
23  of Plaintiffs' and Class members' interactions with Alexa Devices, and to implement procedures
24  requiring consent from any user.

25     311.   Plaintiffs, individually and on behalf of the members of the Class seek: (a) an
26  injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions and to

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                           - 73 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   delete those recordings already made, and to implement functionality sufficient to prevent

2   unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not

3   record or permanently store interactions, communications, or conversations; (b) nominal damages

4   under 720 Ill. Comp. Stat. §5/14-6; (c) punitive damages; and (d) costs and reasonable attorneys'

5   fees under as provided by 720 Ill. Comp. Stat. §5/14-6.

### COUNT XI

**Violation of the Michigan Eavesdropping Statute, Mich. Comp. Laws §750.539c
(Brought on Behalf of Plaintiffs Eric Dlugoss, Julie Dlugoss, and the Michigan Class)**

9   312.   Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with

10   the same force and effect as if fully restated herein.

11   313.   Plaintiffs and Class members used Alexa Devices in locations, such as their

12   residences, where they had a reasonable expectation of privacy from unknown intrusions.

13   314.   When Plaintiffs used the Alexa Devices, Amazon intentionally recorded, stored,

14   intercepted, or monitored Plaintiffs' interactions with the Alexa Devices without Plaintiffs'

15   consent.

16   315.   The Michigan Eavesdropping Statute prohibits the willful use of any device to

17   eavesdrop upon a private conversation without the consent of all parties thereto.  Mich. Comp.

18   Laws §750.539c.  "Eavesdropping" under the statute includes recording or transmitting any part

19   of private discourse without the permission of all persons engaged in the discourse.  Mich. Comp.

20   Laws §750.539a(2).

21   316.   When Plaintiffs and Class members used Alexa Devices or otherwise had their

22   communications recorded, stored, intercepted, or monitored by an Alexa Device, Amazon

23   intentionally recorded their communications, transmitted the communications to cloud servers, and

24   retained copies of the communications, in violation of Mich. Comp. Laws §750.539c.

25   317.   Amazon did not adequately disclose to Plaintiffs and Class members that it would

26   record and store their private conversations that occurred in the vicinity of an Alexa Device.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                              - 74 -

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    318.   Plaintiffs and Class members did not believe that Amazon would record and store

2    their private conversations with Alexa Devices.

3    319.   Plaintiffs and Class members reasonably expected that their Alexa interactions

4    would remain private.

5    320.   Plaintiffs and Class members did not consent to have their private conversations

6    recorded, stored, intercepted, or monitored by Amazon through Alexa Devices.

7    321.   Amazon intentionally recorded and stored private conversations Plaintiffs and

8    Class members had with Alexa.

9    322.   Amazon's conduct violated the statute complained of herein.

10   323.   Amazon's conduct in violation of the statute complained of herein caused injury to

11   the dignity, well-being, and security of Plaintiffs and Class members.

12   324.   By this conduct, Amazon intentionally intercepted and used oral communications

13   without the consent of all parties to those communications, in violation of Mich. Comp. Laws

14   §750.539c.

15   325.   Amazon's intentional and unlawful interception, use, attempted use, disclosure, and

16   divulgence violated Plaintiffs' and Class members' right to privacy in their confidential

17   communications, as protected by Mich. Comp. Laws §750.539c.

18   326.   Amazon further violated Plaintiffs' and Class members' right to privacy in their

19   private conversations, as protected by Mich. Comp. Laws §750.539c.

20   327.   Amazon is able, and Plaintiffs seek an Order requiring it, to destroy the recordings

21   of Plaintiffs' and Class members' interactions with Alexa Devices, and to implement procedures

22   requiring consent from any user.

23   328.   Plaintiffs, individually and on behalf of the members of the Class seek: (a) an

24   injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions and to

25   delete those recordings already made, and to implement functionality sufficient to prevent

26   unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                              - 75 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  record or permanently store interactions, communications, or conversations; (b) nominal damages

2  under Mich. Comp. Laws §750.539c; (c) punitive damages; and (d) costs and reasonable attorneys'

3  fees under Mich. Comp. Laws §750.539c.

### COUNT XII

**Violation of the Federal Wiretap Act, 18 U.S.C. §2510 e*t seq.***
**(Brought on Behalf of All Plaintiffs and the Nationwide Class and all the Subclasses)**

329.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with the same force and effect as if fully restated herein.

330.    Plaintiffs brings this claim individually and on behalf of the Class.

331.    The Federal Wiretap Act, 18 U.S.C. §2510, *et seq.*, prohibits the interception of any wire, oral, or electronic communications. The statute confers a civil cause of action on "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. §2520(a).

332.    "Electronic communication" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce." 18 U.S.C. §2510(12).

333.    "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. §2510(4).

334.    "Contents" is defined as "includ[ing] any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. §2510(8).

335.    "Person" is defined as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation." 18 U.S.C. §2510(6).  Plaintiffs and the Class are persons as identified by Section 2510(6) of the Federal Wiretap Act.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 76 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

336.    Alexa Devices are devices for the purposes of the Federal Wiretap Act because they include software used to intercept electronic communication.

337.    Amazon, through its design, authorship, programming, knowing and intentional installation, activation, or other involvement with Alexa Devices and the Alexa virtual assistant has intentionally intercepted, endeavored to intercept, or procured others to intercept or endeavor to intercept, electronic communications and described herein, in violation of 18 U.S.C. §2511(1)(a).  This interception was acquired during transmission during the real-time interface between the Alexa Device and the Alexa cloud and other Amazon services and processes, to acquire the content of Plaintiffs' and the Class's electronic communications, including their personally identifiable information as described.

338.    The contents intercepted include information concerning the substance, purport, or meaning of that communication, including, but not limited to: dates, times, locations, and purpose of appointments and parties thereto; media preferences; dates, times, and parties to phone calls and other electronic communications; contents of email, text, and other electronic messages; contents of conversations; the contents of online searches; IP addresses; zip codes; product model numbers; hardware and software versions; region and language settings; contents of media consumed or accessed through or in the presence of an Alexa Device; the contents of a user's "phone book" of contacts; conversations in people's homes; people singing; involuntary sounds; bank details; and full names.

339.    As described herein, Amazon intercepted Plaintiffs' and the Class's communications during transmission, simultaneous with their occurrence.

340.    As a result, Plaintiffs and the Class have suffered harm and injury, including due to the interception and transmission of private and personal, confidential, and sensitive communications, sounds, content, and data.

341.    Plaintiffs and the Class have been damaged by the interception or disclosure of their communications in violation of the Wiretap Act, as described herein, and are thus entitled to

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                                    - 77 -

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   preliminary, equitable, or declaratory relief; statutory and punitive damages; and reasonable

2   attorneys' fees and litigation costs reasonably incurred.  18 U.S.C. §2520(b).

3                                        **COUNT XIII**

4            **Stored Communications Act, 18 U.S.C. §2702, e*t seq.***
5        **(on Behalf of All Plaintiffs and the Nationwide Class and all the Subclasses)**

6           342.    Plaintiffs re-allege and incorporate the preceding allegations of this Complaint with

7    the same force and effect as if fully restated herein.

8           343.    Plaintiffs bring this claim individually and on behalf of the Class.

9           344.    The SCA provides that a person "providing an electronic communication service to

10   the public shall not knowingly divulge to any person or entity the contents of a communication

11   while in electronic storage by that service[.]" 18 U.S.C. §2702(a)(1).

12          345.    "Electronic communication" is broadly defined as "any transfer of signs, signals,

13   writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a

14   wire, radio, electromagnetic, photoelectronic or photo-optical system that affects interstate or

15   foreign commerce[.]" 18 U.S.C. §2510(12).

16          346.    "Electronic storage" is defined as "any temporary, intermediate storage of a wire

17   or electronic communication incidental to the electronic transmission thereof; and . . . any storage

18   of such communication by an electronic communication service for purposes of backup protection

19   of such communication[.]" 18 U.S.C. §2510(17)(A)-(B).

20          347.    "Electronic communication service" is defined as "any service which provides to

21   users thereof the ability to send or receive wire or electronic communications[.]" 18 U.S.C.

22   §2510(15).

23          348.    "Person" is defined as "any employee, or agent of the United States or any State or

24   political subdivision thereof, and any individual, partnership, association, joint stock company,

25   trust, or corporation."  18 U.S.C. §2510(6).

26          349.    Amazon, as a corporation, is a person as defined under 18 U.S.C. §2510(6).

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                         - 78 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1     350.    Amazon workers and contractors are persons as defined under 18 U.S.C. §2510(6)
2  and are not necessary to forward the recorded conversations to its destination.

3     351.    Plaintiffs and Class members, as individuals, are persons as defined under 18
4  U.S.C. §2510(6).

5     352.    Plaintiffs and Class members reasonably expected that Amazon's service did not
6  include disclosing their "electronic communications," *i.e.*, their recorded conversations (as broadly
7  defined). Plaintiffs' and Class members' expectations were based, in part, on Amazon's failure to
8  provide ***any*** disclosures or obtain consent for permission to do so.  Amazon workers and
9  contractors were not an intended party or recipient of Plaintiffs' and Class members' recorded
10  conversations. Plaintiffs and Class members did not consent or authorize Amazon to disclose their
11  communications to any third parties.

12     353.    Amazon stores Plaintiffs' and Class members' electronic communications for back-
13  up or processing purposes. During this period, Amazon, without authorization, intentionally
14  divulged and transmitted Plaintiffs' and Class members' recorded conversations to third parties,
15  such as Amazon workers and contractors.

16     354.    Amazon knowingly divulged the contents of Plaintiffs' and Class members'
17  communications while they were in electronic storage to third parties, such as Amazon workers
18  and contractors, in intentional or in reckless disregard for Plaintiffs' and Class members' privacy
19  rights. Amazon did so for its own benefit in order to increase and improve their marketing and
20  advertising efforts.

21     355.    Amazon's actions were at all relevant times knowing, willful, and intentional, as
22  evidenced by the fact that this was Amazon's routine business practice, and it purposefully failed
23  to disclose this practice to consumers.

24     356.    As a result of Amazon's violations of the SCA, Plaintiffs and Class members have
25  suffered harm and injury, including, but not limited to, the invasion of their privacy rights.

26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 79 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

357.   Pursuant to 18 U.S.C. §2707, Plaintiffs and Class members are entitled to: (a) appropriate equitable or declaratory relief; (b) damages, in an amount to be determined at trial, assessed as the sum of the actual damages suffered by Plaintiffs and the Class and any profits made by Amazon as a result of the violation, but in no case less than the minimum statutory damages of $1,000 per person; and (c) reasonable attorneys' fees and other litigation costs reasonably incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the proposed Class, respectfully requests that the Court enter an Order:

A.   Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class counsel;

B.   Declaring that Amazon's conduct, as set forth above, violates the state statutes cited herein;

C.   Ordering Amazon to delete all recordings of Class members, and to implement procedures to require consent before recording or storing protected communications;

D.   Awarding damages, including nominal, statutory, and punitive damages where applicable, to Plaintiffs and the Class in an amount to be determined at trial;

E.   Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

F.   Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable;

G.   Awarding such other further injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Class; and

H.   Awarding such other and further relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                              - 80 -

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

DATED: November 17, 2021

Respectfully submitted,

/s/ Bradley S. Keller

**BYRNES KELLER CROMWELL LLP**
BRADLEY S. KELLER
1000 Second Avenue
Seattle, WA  98104
Telephone:  206/622-2000
206/622-2522 (fax)
bkeller@byrneskeller.com

*Liaison Counsel for Plaintiffs and the Class*

/s/ Michael P. Canty
**LABATON SUCHAROW LLP**
MICHAEL P. CANTY
(admitted *pro hac vice*)
CAROL C. VILLEGAS
(admitted *pro hac vice*)
DAVID SALDAMANDO
(admitted *pro hac vice*)

140 Broadway
New York, NY  10005
Telephone: 212/907-0700
212/818-0477 (fax)
mcanty@labaton.com
cvillegas@labaton.com
dsaldamando@labaton.com

*Co-Lead Counsel for Plaintiffs and the Class*

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

- 81 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**ROBBINS GELLER RUDMAN**
**& DOWD LLP**
PAUL J. GELLER
STUART A. DAVIDSON
(admitted *pro hac vice*)
MAXWELL H. SAWYER
(admitted *pro hac vice*)
ALEXANDER C. COHEN
(admitted *pro hac vice*)
120 East Palmetto Park Drive, Suite 500
Boca Raton, FL  33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
msawyer@rgrdlaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**THORNTON LAW FIRM LLP**
GUILLAUME BUELL (admitted *pro hac vice*)
1 Lincoln Street
Boston, MA  02111
Telephone:  617/720-1333
617/720-2445 (fax)
gbuell@tenlaw.com

**BURSOR & FISHER, P.A.**
L. TIMOTHY FISHER (admitted *pro hac vice*)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone:  925/300-4455
925/407-2700 (fax)
ltfisher@bursor.com

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL

- 82 -

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2  **BURSOR & FISHER, P.A.**
   ALEC M. LESLIE (admitted *pro hac vice*)
3  MAX S. ROBERTS (admitted *pro hac vice*)
   888 Seventh Avenue, Third Floor
4  New York, NY  10019
   Telephone:  646/837-7150
5  212/989-9163 (fax)
   aleslie@bursor.com
6  mroberts@bursor.com

7  **ZIMMERMAN REED LLP**
   BRIAN C. GUDMUNDSON
8  (admitted *pro hac vice*)
   JASON P. JOHNSTON (admitted *pro hac vice*)
9  MICHAEL J. LAIRD (admitted *pro hac vice*)
10 1100 IDS Center
   80 South 8th Street
11 Minneapolis, MN  55402
   Telephone:  612/341-0400
12 brian.gudmundson@zimmreed.com

13
14 **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
   ROBERT K. SHELQUIST
15 (admitted *pro hac vice*)
   REBECCA A. PETERSON
16 (admitted *pro hac vice*)
   100 Washington Avenue South, Suite 2200
17 Minneapolis, MN  55401
   Telephone:  612/339-6900
18 612/339-0981 (fax)
   rkshelquist@locklaw.com
19 rapeterson@locklaw.com

20
21 *Interim Counsel for Plaintiffs and the Class*

22
23
24
25
26

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND DEMAND
FOR JURY TRIAL
No.: 2:21-cv-00750-RSL                    - 83 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on the 17th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ Bradley S. Keller
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

# EXHIBIT A

**Conditions of Use**

**Last updated: May 3, 2021**

Welcome to Amazon.com. Amazon.com Services LLC and/or its affiliates ("Amazon") provide website features and other products and services to you when you visit or shop at Amazon.com, use Amazon products or services, use Amazon applications for mobile, or use software provided by Amazon in connection with any of the foregoing (collectively, "Amazon Services"). By using the Amazon Services, you agree, on behalf of yourself and all members of your household and others who use any Service under your account, to the following conditions.

**Please read these conditions carefully.**

We offer a wide range of Amazon Services, and sometimes additional terms may apply. When you use an Amazon Service (for example, Your Profile, Gift Cards, Amazon Video, Your Media Library, Amazon devices, or Amazon applications) you also will be subject to the guidelines, terms and agreements applicable to that Amazon Service ("Service Terms"). If these Conditions of Use are inconsistent with the Service Terms, those Service Terms will control.

**PRIVACY**

Please review our Privacy Notice, which also governs your use of Amazon Services, to understand our practices.

**ELECTRONIC COMMUNICATIONS**

When you use Amazon Services, or send e-mails, text messages, and other communications from your desktop or mobile device to us, you may be communicating with us electronically. You consent to receive communications from us electronically, such as e-mails, texts, mobile push notices, or notices and messages on this site or through the other Amazon Services, such as our Message Center, and you can retain copies of these communications for your records. You agree that all agreements, notices, disclosures, and

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 1 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

other communications that we provide to you electronically satisfy any legal requirement that such communications be in writing.

**COPYRIGHT**

All content included in or made available through any Amazon Service, such as text, graphics, logos, button icons, images, audio clips, digital downloads, data compilations, and software is the property of Amazon or its content suppliers and protected by United States and international copyright laws. The compilation of all content included in or made available through any Amazon Service is the exclusive property of Amazon and protected by U.S. and international copyright laws.

**TRADEMARKS**

Click here to see a non-exhaustive list of Amazon trademarks. In addition, graphics, logos, page headers, button icons, scripts, and service names included in or made available through any Amazon Service are trademarks or trade dress of Amazon in the U.S. and other countries. Amazon's trademarks and trade dress may not be used in connection with any product or service that is not Amazon's, in any manner that is likely to cause confusion among customers, or in any manner that disparages or discredits Amazon. All other trademarks not owned by Amazon that appear in any Amazon Service are the property of their respective owners, who may or may not be affiliated with, connected to, or sponsored by Amazon.

**PATENTS**

One or more patents owned by Amazon apply to the Amazon Services and to the features and services accessible via the Amazon Services. Portions of the Amazon Services operate under license of one or more patents. Click here to see a non-exhaustive list of applicable Amazon patents and applicable licensed patents.

**LICENSE AND ACCESS**

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 2 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Subject to your compliance with these Conditions of Use and any Service Terms, and your payment of any applicable fees, Amazon or its content providers grant you a limited, non-exclusive, non-transferable, non-sublicensable license to access and make personal and non-commercial use of the Amazon Services. This license does not include any resale or commercial use of any Amazon Service, or its contents; any collection and use of any product listings, descriptions, or prices; any derivative use of any Amazon Service or its contents; any downloading, copying, or other use of account information for the benefit of any third party; or any use of data mining, robots, or similar data gathering and extraction tools. All rights not expressly granted to you in these Conditions of Use or any Service Terms are reserved and retained by Amazon or its licensors, suppliers, publishers, rightsholders, or other content providers. No Amazon Service, nor any part of any Amazon Service, may be reproduced, duplicated, copied, sold, resold, visited, or otherwise exploited for any commercial purpose without express written consent of Amazon. You may not frame or utilize framing techniques to enclose any trademark, logo, or other proprietary information (including images, text, page layout, or form) of Amazon without express written consent. You may not use any meta tags or any other "hidden text" utilizing Amazon's name or trademarks without the express written consent of Amazon. You may not misuse the Amazon Services. You may use the Amazon Services only as permitted by law. The licenses granted by Amazon terminate if you do not comply with these Conditions of Use or any Service Terms.

**YOUR ACCOUNT**

You may need your own Amazon account to use certain Amazon Services, and you may be required to be logged in to the account and have a valid payment method associated with it. If there is a problem charging your selected payment method, we may charge any other valid payment method associated with your account. Visit Your Payments to manage your payment options. You are responsible for maintaining the confidentiality of your

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 3 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

account and password and for restricting access to your account, and you agree to accept responsibility for all activities that occur under your account or password. Amazon does sell products for children, but it sells them to adults, who can purchase with a credit card or other permitted payment method. If you are under 18, you may use the Amazon Services only with involvement of a parent or guardian. Parents and guardians may create profiles for teenagers in their Amazon Household. Alcohol listings on Amazon are intended for adults. You must be at least 21 years of age to purchase alcohol, or use any site functionality related to alcohol. Amazon reserves the right to refuse service, terminate accounts, terminate your rights to use Amazon Services, remove or edit content, or cancel orders in its sole discretion.

**REVIEWS, COMMENTS, COMMUNICATIONS, AND OTHER CONTENT**

You may post reviews, comments, photos, videos, and other content; send e-cards and other communications; and submit suggestions, ideas, comments, questions, or other information, so long as the content is not illegal, obscene, threatening, defamatory, invasive of privacy, infringing of intellectual property rights (including publicity rights), or otherwise injurious to third parties or objectionable, and does not consist of or contain software viruses, political campaigning, commercial solicitation, chain letters, mass mailings, or any form of "spam" or unsolicited commercial electronic messages. You may not use a false e-mail address, impersonate any person or entity, or otherwise mislead as to the origin of a card or other content. Amazon reserves the right (but not the obligation) to remove or edit such content, but does not regularly review posted content.

If you do post content or submit material, and unless we indicate otherwise, you grant Amazon a nonexclusive, royalty-free, perpetual, irrevocable, and fully sublicensable right to use, reproduce, modify, adapt, publish, perform, translate, create derivative works from, distribute, and display such content throughout the world in any media. You grant Amazon and sublicensees the right to use the name that you submit in connection with such content,

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 4 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

if they choose. You represent and warrant that you own or otherwise control all of the rights to the content that you post; that the content is accurate; that use of the content you supply does not violate this policy and will not cause injury to any person or entity; and that you will indemnify Amazon for all claims resulting from content you supply. Amazon has the right but not the obligation to monitor and edit or remove any activity or content. Amazon takes no responsibility and assumes no liability for any content posted by you or any third party.

**INTELLECTUAL PROPERTY COMPLAINTS**

Amazon respects the intellectual property of others. If you believe that your intellectual property rights are being infringed, please follow our Notice and Procedure for Making Claims of Copyright Infringement

**RISK OF LOSS**

All purchases of physical items from Amazon are made pursuant to a shipment contract. This means that the risk of loss and title for such items pass to you upon our delivery to the carrier.

**RETURNS, REFUNDS AND TITLE**

Amazon does not take title to returned items until the item arrives at our fulfillment center. At our discretion, a refund may be issued without requiring a return. In this situation, Amazon does not take title to the refunded item. For more information about our returns and refunds, please see our Returns Center.

**PRODUCT DESCRIPTIONS**

Amazon attempts to be as accurate as possible. However, Amazon does not warrant that product descriptions or other content of any Amazon Service is accurate, complete, reliable, current, or error-free. If a product offered by Amazon itself is not as described, your sole remedy is to return it in unused condition.

**PRICING**

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 5 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

"List Price" means the suggested retail price of a product as provided by a manufacturer, supplier, or seller. We regularly check List Prices against prices recently found on Amazon and other retailers. Certain products may have a "Was Price" displayed, which is determined using recent price history of the product on Amazon.

With respect to items sold by Amazon, we cannot confirm the price of an item until you order. Despite our best efforts, a small number of the items in our catalog may be mispriced. If the correct price of an item sold by Amazon is higher than our stated price, we will, at our discretion, either contact you for instructions before shipping or cancel your order and notify you of such cancellation. Other merchants may follow different policies in the event of a mispriced item.

We generally do not charge your credit card until after your order has entered the shipping process or, for digital products, until we make the digital product available to you.

**APP PERMISSIONS**

When you use apps created by Amazon, such as the Amazon App or Kindle App, you may grant certain permissions to us for your device. Most mobile devices provide you with information about these permissions. To learn more about these permissions, click here.

**SANCTIONS AND EXPORT POLICY**

You may not use any Amazon Service if you are the subject of U.S. sanctions or of sanctions consistent with U.S. law imposed by the governments of the country where you are using Amazon Services. You must comply with all U.S. or other export and re-export restrictions that may apply to goods, software (including Amazon Software), technology, and services.

**OTHER BUSINESSES**

Parties other than Amazon operate stores, provide services or software, or sell product lines through the Amazon Services. In addition, we provide links to the sites of affiliated companies and certain other businesses. If you purchase any of the products or services

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 6 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

offered by these businesses or individuals, you are purchasing directly from those third parties, not from Amazon. We are not responsible for examining or evaluating, and we do not warrant, the offerings of any of these businesses or individuals (including the content of their Web sites). Amazon does not assume any responsibility or liability for the actions, product, and content of all these and any other third parties. You should carefully review their privacy statements and other conditions of use.

**DISCLAIMER OF WARRANTIES AND LIMITATION OF LIABILITY**

THE AMAZON SERVICES AND ALL INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) AND OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES ARE PROVIDED BY AMAZON ON AN "AS IS" AND "AS AVAILABLE" BASIS, UNLESS OTHERWISE SPECIFIED IN WRITING. AMAZON MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, AS TO THE OPERATION OF THE AMAZON SERVICES, OR THE INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES, UNLESS OTHERWISE SPECIFIED IN WRITING. YOU EXPRESSLY AGREE THAT YOUR USE OF THE AMAZON SERVICES IS AT YOUR SOLE RISK.

TO THE FULL EXTENT PERMISSIBLE BY LAW, AMAZON DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. AMAZON DOES NOT WARRANT THAT THE AMAZON SERVICES, INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE AMAZON SERVICES, AMAZON'S

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 7 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

SERVERS OR ELECTRONIC COMMUNICATIONS SENT FROM AMAZON ARE FREE OF VIRUSES OR OTHER HARMFUL COMPONENTS. TO THE FULL EXTENT PERMISSIBLE BY LAW, AMAZON WILL NOT BE LIABLE FOR ANY DAMAGES OF ANY KIND ARISING FROM THE USE OF ANY AMAZON SERVICE, OR FROM ANY INFORMATION, CONTENT, MATERIALS, PRODUCTS (INCLUDING SOFTWARE) OR OTHER SERVICES INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH ANY AMAZON SERVICE, INCLUDING, BUT NOT LIMITED TO DIRECT, INDIRECT, INCIDENTAL, PUNITIVE, AND CONSEQUENTIAL DAMAGES, UNLESS OTHERWISE SPECIFIED IN WRITING.

**DISPUTES**

Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts. We each waive any right to a jury trial.

**APPLICABLE LAW**

By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon.

**SITE POLICIES, MODIFICATION, AND SEVERABILITY**

Please review our other policies, such as our pricing policy, posted on this site. These policies also govern your use of Amazon Services. We reserve the right to make changes to our site, policies, Service Terms, and these Conditions of Use at any time. If any of these conditions shall be deemed invalid, void, or for any reason unenforceable, that condition shall be deemed severable and shall not affect the validity and enforceability of any remaining condition.

**OUR ADDRESS**

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 8 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Amazon.com, Inc.

P.O. Box 81226

Seattle, WA 98108-1226

https://www.amazon.com

**ADDITIONAL AMAZON SOFTWARE TERMS**

The following terms ("Software Terms") apply to any software (including any updates or upgrades to the software) and any related documentation we make available to you in connection with Amazon Services (the "Amazon Software").

**Use of the Amazon Software.** You may use Amazon Software solely for purposes of enabling you to use the Amazon Services as provided by Amazon, and as permitted by these Conditions of Use and any Service Terms. You may not incorporate any portion of the Amazon Software into other programs or compile any portion of it in combination with other programs, or otherwise copy (except to exercise rights granted in this section), modify, create derivative works of, distribute, assign any rights to, or license the Amazon Software in whole or in part. All software used in any Amazon Service is the property of Amazon or its software suppliers and is protected by United States and international copyright laws.

**Use of Third Party Services.** When you use the Amazon Software, you may also be using the services of one or more third parties, such as a wireless carrier or a mobile software provider. Your use of these third party services may be subject to the separate policies, terms of use, and fees of these third parties.

**No Reverse Engineering.** You may not reverse engineer, decompile or disassemble, tamper with, or bypass any security associated with the Amazon Software, whether in whole or in part.

**Updates.** We may offer automatic or manual updates to the Amazon Software at any time and without notice to you.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 9 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**Government End Users.** If you are a U.S. Government end user, we are licensing the Amazon Software to you as a "Commercial Item" as that term is defined in the U.S. Code of Federal Regulations (see 48 C.F.R. § 2.101), and the rights we grant you to the Amazon Software are the same as the rights we grant to all others under these Conditions of Use. Conflicts. In the event of any conflict between these Conditions of Use and any other Amazon or third-party terms applicable to any portion of Amazon Software, such as open-source license terms, such other terms will control as to that portion of the Amazon Software and to the extent of the conflict.

**HOW TO SERVE A SUBPOENA OR OTHER LEGAL PROCESS**

Amazon accepts service of subpoenas or other legal process only through Amazon's national registered agent, Corporation Service Company (CSC). Subpoenas or other legal process may be served by sending them to CSC at the following address:

Amazon.com, Inc.

Corporation Service Company

300 Deschutes Way SW, Suite 208 MC-CSC1

Tumwater, WA 98501

Attn: Legal Department – Legal Process

Please note also that providing detailed and accurate information at the outset will facilitate efficient processing of your request. That information will include, for example, e-mail and/or credit card number used to make purchases for retail purchase information; the name, e-mail, and physical address of a seller for seller information; device serial number for Amazon devices; and IP address and complete time stamps.

**NOTICE AND PROCEDURE FOR MAKING CLAIMS OF INTELLECTUAL PROPERTY INFRINGEMENT**

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 10 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

If you believe that your intellectual property rights have been infringed, please submit your complaint using our online form. This form may be used to report all types of intellectual property claims including, but not limited to, copyright, trademark, and patent claims.

We respond quickly to the concerns of rights owners about any alleged infringement, and we terminate repeat infringers in appropriate circumstances.

We offer the following alternative to our online form for copyright complaints only. You may submit written claims of copyright infringement to our Copyright Agent at:

> Agent
>
> Amazon.com Legal Department
>
> P.O. Box 81226
>
> Seattle, WA 98108
>
> phone: (206) 266-4064
>
> e-mail: copyright@amazon.com
>
>
> Courier address:
>
> Copyright Agent
>
> Amazon.com Legal Department
>
> 2021 7th Avenue
>
> Seattle, WA 98121
>
> USA

Written claims concerning copyright infringement must include the following information:

- A physical or electronic signature of the person authorized to act on behalf of the owner of the copyright interest;

- A description of the copyrighted work that you claim has been infringed upon;

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 11 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- A description of where the material that you claim is infringing is located on the site;

- Your address, telephone number, and e-mail address;

- A statement by you that you have a good-faith belief that the disputed use is not authorized by the copyright owner, its agent, or the law; and

- A statement by you, made under penalty of perjury, that the above information in your notice is accurate and that you are the copyright owner or authorized to act on the copyright owner's behalf.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 12 -

BYRNES ♦ KELLER ♦ CROMWELL
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# EXHIBIT B

**Amazon.com Privacy Notice**

**Last updated: February 12, 2021.** To see prior version, click here (amazon.com/priorprivacynotice).

We know that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly. This Privacy Notice describes how Amazon.com and its affiliates (collectively "Amazon") collect and process your personal information through Amazon websites, devices, products, services, online and physical stores, and applications that reference this Privacy Notice (together "Amazon Services").

**By using Amazon Services, you are consenting to the practices described in this Privacy Notice.**

- What Personal Information About Customers Does Amazon Collect?
- For What Purposes Does Amazon Use Your Personal Information?
- What About Cookies and Other Identifiers?
- Does Amazon Share Your Personal Information?
- How Secure Is Information About Me?
- What About Advertising?
- What Information Can I Access?
- What Choices Do I Have?
- Are Children Allowed to Use Amazon Services?
- EU-US and Swiss-US Privacy Shield
- California Consumer Privacy Act
- Conditions of Use, Notices, and Revisions
- Related Practices and Information
- Examples of Information Collected

**What Personal Information About Customers Does Amazon Collect?**

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 1 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

We collect your personal information in order to provide and continually improve our products and services.

Here are the types of personal information we collect:

- **Information You Give Us**: We receive and store any information you provide in relation to Amazon Services. Click here to see examples of what we collect. You can choose not to provide certain information, but then you might not be able to take advantage of many of our Amazon Services.

- **Automatic Information**: We automatically collect and store certain types of information about your use of Amazon Services, including information about your interaction with content and services available through Amazon Services. Like many websites, we use "cookies" and other unique identifiers, and we obtain certain types of information when your web browser or device accesses Amazon Services and other content served by or on behalf of Amazon on other websites. Click here to see examples of what we collect.

- **Information from Other Sources**: We might receive information about you from other sources, such as updated delivery and address information from our carriers, which we use to correct our records and deliver your next purchase more easily. Click here to see additional examples of the information we receive.

**For What Purposes Does Amazon Use Your Personal Information?**

We use your personal information to operate, provide, develop, and improve the products and services that we offer our customers. These purposes include:

- **Purchase and delivery of products and services.** We use your personal information to take and handle orders, deliver products and services, process payments, and communicate with you about orders, products and services, and promotional offers.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 2 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- **Provide, troubleshoot, and improve Amazon Services.** We use your personal information to provide functionality, analyze performance, fix errors, and improve the usability and effectiveness of the Amazon Services.

- **Recommendations and personalization.** We use your personal information to recommend features, products, and services that might be of interest to you, identify your preferences, and personalize your experience with Amazon Services.

- **Provide voice, image and camera services.** When you use our voice, image and camera services, we use your voice input, images, videos, and other personal information to respond to your requests, provide the requested service to you, and improve our services. For more information about Alexa voice services, click here.

- **Comply with legal obligations.** In certain cases, we collect and use your personal information to comply with laws. For instance, we collect from sellers information regarding place of establishment and bank account information for identity verification and other purposes.

- **Communicate with you.** We use your personal information to communicate with you in relation to Amazon Services via different channels (e.g., by phone, email, chat).

- **Advertising.** We use your personal information to display interest-based ads for features, products, and services that might be of interest to you. We do not use information that personally identifies you to display interest-based ads. To learn more, please read our Interest-Based Ads notice.

- **Fraud Prevention and Credit Risks.** We use personal information to prevent and detect fraud and abuse in order to protect the security of our customers,

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750                                    - 3 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Amazon, and others. We may also use scoring methods to assess and manage credit risks.

**What About Cookies and Other Identifiers?**

To enable our systems to recognize your browser or device and to provide and improve Amazon Services, we use cookies and other identifiers. For more information about cookies and how we use them, please read our Cookies Notice.

**Does Amazon Share Your Personal Information?**

Information about our customers is an important part of our business, and we are not in the business of selling our customers' personal information to others. We share customers' personal information only as described below and with subsidiaries Amazon.com, Inc. controls that either are subject to this Privacy Notice or follow practices at least as protective as those described in this Privacy Notice.

- **Transactions involving Third Parties:** We make available to you services, products, applications, or skills provided by third parties for use on or through Amazon Services. For example, you can order products from third parties through our stores, download applications from third-party application providers from our App Store, and enable third-party skills through our Alexa services. We also offer services or sell product lines jointly with third-party businesses, such as co-branded credit cards. You can tell when a third party is involved in your transactions, and we share customers' personal information related to those transactions with that third party.

- **Third-Party Service Providers:** We employ other companies and individuals to perform functions on our behalf. Examples include fulfilling orders for products or services, delivering packages, sending postal mail and email, removing repetitive information from customer lists, analyzing data, providing marketing assistance, providing search results and links (including paid listings

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 4 -

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

and links), processing payments, transmitting content, scoring, assessing and managing credit risk, and providing customer service. These third-party service providers have access to personal information needed to perform their functions, but may not use it for other purposes.

- **Business Transfers:** As we continue to develop our business, we might sell or buy other businesses or services. In such transactions, customer information generally is one of the transferred business assets but remains subject to the promises made in any pre-existing Privacy Notice (unless, of course, the customer consents otherwise). Also, in the unlikely event that Amazon.com, Inc. or substantially all of its assets are acquired, customer information will of course be one of the transferred assets.

- **Protection of Amazon and Others:** We release account and other personal information when we believe release is appropriate to comply with the law; enforce or apply our Conditions of Use and other agreements; or protect the rights, property, or safety of Amazon, our users, or others. This includes exchanging information with other companies and organizations for fraud protection and credit risk reduction.

Other than as set out above, you will receive notice when personal information about you might be shared with third parties, and you will have an opportunity to choose not to share the information.

**How Secure Is Information About Me?**

We design our systems with your security and privacy in mind.

- We work to protect the security of your personal information during transmission by using encryption protocols and software.

- We follow the Payment Card Industry Data Security Standard (PCI DSS) when handling credit card data.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 5 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- We maintain physical, electronic, and procedural safeguards in connection with the collection, storage, and disclosure of customer personal information. Our security procedures mean that we may ask to verify your identity before we disclose personal information to you.

- Our devices offer security features to protect them against unauthorized access and loss of data. You can control these features and configure them based on your needs. Click here for more information on how to manage the security settings of your device.

- It is important for you to protect against unauthorized access to your password and to your computers, devices, and applications. We recommend using a unique password for your Amazon account that is not used for other online accounts. Be sure to sign off when finished using a shared computer. Click here for more information on how to sign off.

**What About Advertising?**

- **Third-Party Advertisers and Links to Other Websites**: Amazon Services may include third-party advertising and links to other websites and apps. Third-party advertising partners may collect information about you when you interact with their content, advertising, and services. For more information about third-party advertising at Amazon, including interest-based ads, please read our Interest-Based Ads notice. To adjust your advertising preferences, please go to the Advertising Preferences page.

- **Use of Third-Party Advertising Services:** We provide ad companies with information that allows them to serve you with more useful and relevant Amazon ads and to measure their effectiveness. We never share your name or other information that directly identifies you when we do this. Instead, we use an advertising identifier like a cookie or other device identifier. For example, if

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750                    - 6 -

Byrnes ♦ Keller ♦ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

you have already downloaded one of our apps, we will share your advertising identifier and data about that event so that you will not be served an ad to download the app again. Some ad companies also use this information to serve you relevant ads from other advertisers. You can learn more about how to opt-out of interest-based advertising by going to the Advertising Preferences page.

**What Information Can I Access?**

You can access your information, including your name, address, payment options, profile information, Prime membership, household settings, and purchase history in the "Your Account" section of the website. Click here for a list of examples that you can access.

**What Choices Do I Have?**

If you have any questions as to how we collect and use your personal information, please contact our Customer Service. Many of our Amazon Services also include settings that provide you with options as to how your information is being used.

- As described above, you can choose not to provide certain information, but then you might not be able to take advantage of many of the Amazon Services.

- You can add or update certain information on pages such as those referenced in What Information Can I Access?. When you update information, we usually keep a copy of the prior version for our records.

- If you do not want to receive email or other communications from us, please adjust your Customer Communication Preferences. If you don't want to receive in-app notifications from us, please adjust your notification settings in the app or device.

- If you do not want to see interest-based ads, please adjust your Advertising Preferences.

- The Help feature on most browsers and devices will tell you how to prevent your browser or device from accepting new cookies or other identifiers, how to

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 7 -

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

have the browser notify you when you receive a new cookie, or how to block cookies altogether. Because cookies and identifiers allow you to take advantage of some essential features of Amazon Services, we recommend that you leave them turned on. For instance, if you block or otherwise reject our cookies, you will not be able to add items to your Shopping Cart, proceed to Checkout, or use any Services that require you to Sign in. For more information about cookies and other identifiers, see our Cookies Notice.

- If you want to browse our websites without linking the browsing history to your account, you may do so by logging out of your account here and blocking cookies on your browser.

- You can manage the recommendations you receive in our store here, remove recommendations you don't want to see here by selecting View All and Manage then selecting the Remove Items toggle that appears at the top of the page, and edit your browsing history here.

- You will also be able to opt out of certain other types of data usage by updating your settings on the applicable Amazon website (e.g., in "Manage Your Content and Devices"), device, or application. For more information click here. Most non-Amazon devices also provide users with the ability to change device permissions (e.g., disable/access location services, contacts). For most devices, these controls are located in the device's settings menu. If you have questions about how to change your device permissions on devices manufactured by third parties, we recommend you contact your mobile service carrier or your device manufacturer.

- If you are a seller, you can add or update certain information in Seller Central, update your account information by accessing your Seller Account Information,

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 8 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

and adjust your email or other communications you receive from us by updating your Notification Preferences.

- If you are an author, you can add or update the information you have provided in the Author Portal and Author Central by accessing your accounts in the Author Portal and Author Central, respectively.

In addition, to the extent required by applicable law, you may have the right to request access to or delete your personal information. If you wish to do any of these things, please contact Customer Service. Depending on your data choices, certain services may be limited or unavailable.

**Are Children Allowed to Use Amazon Services?**

Amazon does not sell products for purchase by children. We sell children's products for purchase by adults. If you are under 18, you may use Amazon Services only with the involvement of a parent or guardian. We do not knowingly collect personal information from children under the age of 13 without the consent of the child's parent or guardian. For more information, please see our Children's Privacy Disclosure.

**EU-US and Swiss-US Privacy Shield**

Amazon.com, Inc. participates in the EU-US and Swiss-US Privacy Shield frameworks. Click here to learn more.

**California Consumer Privacy Act**

Click here to read additional disclosures required under the California Consumer Privacy Act.

**Conditions of Use, Notices, and Revisions**

If you choose to use Amazon Services, your use and any dispute over privacy is subject to this Notice and our Conditions of Use , including limitations on damages, resolution of disputes, and application of the law of the state of Washington. If you have any concern about privacy at Amazon, please contact us with a thorough description, and we will try to

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 9 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

resolve it. Our business changes constantly, and our Privacy Notice will change also. You should check our websites frequently to see recent changes. Unless stated otherwise, our current Privacy Notice applies to all information that we have about you and your account. We stand behind the promises we make, however, and will never materially change our policies and practices to make them less protective of customer information collected in the past without the consent of affected customers.

**Related Practices and Information**

- Conditions of Use
- Seller Program Policies
- Help Department
- Most Recent Purchases
- Your Profile and Community Guidelines

**Examples of Information Collected**

**Information You Give Us When You Use Amazon Services**

You provide information to us when you:

- search or shop for products or services in our stores;
- add or remove an item from your cart, or place an order through or use Amazon Services;
- download, stream, view, or use content on a device or through a service or application on a device;
- provide information in Your Account (and you might have more than one if you have used more than one email address or mobile number when shopping with us) or Your Profile;
- talk to or otherwise interact with our Alexa Voice service;
- upload your contacts;

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 10 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- configure your settings on, provide data access permissions for, or interact with an Amazon device or service;

- provide information in your Seller Account , Kindle Direct Publishing account, Developer account , or any other account we make available that allows you to develop or offer software, goods, or services to Amazon customers;

- offer your products or services on or through Amazon Services;

- communicate with us by phone, email, or otherwise;

- complete a questionnaire, a support ticket, or a contest entry form;

- upload or stream images, videos or other files to Prime Photos, Amazon Drive, or other Amazon Services;

- use our services such as Prime Video;

- compile Playlists, Watchlists, Wish Lists or other gift registries;

- participate in Discussion Boards or other community features;

- provide and rate Reviews;

- specify a Special Occasion Reminder; or

- employ Product Availability Alerts , such as Available to Order Notifications.

**As a result of those actions, you might supply us with such information as**:

- identifying information such as your name, address, and phone numbers;

- payment information;

- your age;

- your location information;

- your IP address;

- people, addresses and phone numbers listed in your Addresses;

- email addresses of your friends and other people;

- content of reviews and emails to us;

- personal description and photograph in Your Profile;

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 11 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- voice recordings when you speak to Alexa;

- images and videos collected or stored in connection with Amazon Services;

- information and documents regarding identity, including Social Security and driver's license numbers;

- corporate and financial information;

- credit history information; and

- device log files and configurations, including Wi-Fi credentials, if you choose to automatically synchronize them with your other Amazon devices.

**Automatic Information**

Examples of the information we collect and analyze include:

- the internet protocol (IP) address used to connect your computer to the internet;

- login, email address, and password;

- the location of your device or computer;

- content interaction information, such as content downloads, streams, and playback details, including duration and number of simultaneous streams and downloads, and network details for streaming and download quality, including information about your internet service provider;

- device metrics such as when a device is in use, application usage, connectivity data, and any errors or event failures;

- Amazon Services metrics (e.g., the occurrences of technical errors, your interactions with service features and content, your settings preferences and backup information, location of your device running an application, information about uploaded images and files such as the file name, dates, times and location of your images);

- version and time zone settings;

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 12 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- purchase and content use history, which we sometimes aggregate with similar information from other customers to create features like Top Sellers;
- the full Uniform Resource Locator (URL) clickstream to, through, and from our websites, including date and time; products and content you viewed or searched for; page response times, download errors, length of visits to certain pages, and page interaction information (such as scrolling, clicks, and mouse-overs);
- phone numbers used to call our customer service number; and
- images or videos when you shop in our stores, or stores using Amazon Services.

We may also use device identifiers, cookies, and other technologies on devices, applications, and our web pages to collect browsing, usage, or other technical information.

**Information from Other Sources**

Examples of information we receive from other sources include:

- updated delivery and address information from our carriers or other third parties, which we use to correct our records and deliver your next purchase or communication more easily;
- account information, purchase or redemption information, and page-view information from some merchants with which we operate co-branded businesses or for which we provide technical, fulfillment, advertising, or other services;
- information about your interactions with products and services offered by our subsidiaries;
- search results and links, including paid listings (such as Sponsored Links);
- information about internet-connected devices and services linked with Alexa; and

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

- 13 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- credit history information from credit bureaus, which we use to help prevent and detect fraud and to offer certain credit or financial services to some customers.

**Information You Can Access**

Examples of information you can access through Amazon Services include:

- status of recent orders (including subscriptions);
- your complete order history;
- personally identifiable information (including name, email, password, and address book);
- payment settings (including payment card information, promotional certificate and gift card balances, and 1-Click settings);
- email notification settings (including Product Availability Alerts, Delivers, Special Occasion Reminders and newsletters);
- recommendations and the products you recently viewed that are the basis for recommendations (including Recommended for You and Improve Your Recommendations);
- shopping lists and gift registries (including Wish Lists and Baby and Wedding Registries);
- your content, devices, services, and related settings, and communications and personalized advertising preferences;
- content that you recently viewed;
- voice recordings associated with your account;
- Your Profile (including your product Reviews, Recommendations, Reminders and personal profile);

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 14 -

- If you are a seller, you can access your account and other information, and adjust your communications preferences, by updating your account in Seller Central.

- If you are an author, you can access your account and other information, and update your accounts, on the Kindle Direct Publishing (KDP) or Author Central website, as applicable.

- If you are a developer participating in our Developer Services Program, you can access your account and other information, and adjust your communications preferences, by updating your accounts in the Developer Services Portal.

FIRST AMENDED CONSOLIDATED
COMPLAINT – CLASS ACTION AND
DEMAND FOR JURY TRIAL
No.: 2:21-cv-00750

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 15 -