UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>     Defendants. | Cause No. C21-0750RSL<br><br>ORDER DENYING<br>DEFENDANTS' MOTION<br>FOR A STAY AND<br>PROTECTIVE ORDER |

This matter comes before the Court on defendants' "Motion to Stay All Discovery Pending Decision on Amazon's Motion to Dismiss and for Protective Order Against Enforcement of 39 Non-Party Subpoenas." Dkt. #73. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, as well as the underlying motion to dismiss,[1] the Court finds as follows:

**A. Stay of Discovery**

The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER DENYING DEFENDANTS' MOTION
FOR STAY AND PROTECTIVE ORDER  - 1

and a stay could cause unnecessary and significant delays at the outset of the litigation. The Court nevertheless has discretion to stay discovery if defendants show that they are entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir. 2017) ("District court[] orders controlling discovery are reviewed for an abuse of discretion."). Defendants argue that it would be an undue burden to have to respond to discovery related to claims which may be dismissed under Rule 12(b)(6).

The pending motion to dismiss asserts that Washington law governs the claims of registered users, all of whom agreed to Amazon's Conditions of Use, that all claims brought by registered users under other states' laws must be dismissed, and that the registered users have consented to the recordings at issue in the First Amended Complaint. With regards to non-registrant users, defendants argue that they impliedly consented to the voice recordings under Washington law[2] because they knew or should have known the way Alexa works and the recordings are inherent in the technology plaintiffs used. Defendants seek dismissal of plaintiffs' Washington Consumer Protection Act claims for failure to plausibly allege an unfair or deceptive practice or injury to business or property, dismissal of the Federal Wiretap Act claims because defendants were the intended recipient of the communications, and dismissal of the Federal Stored Communications Act claims for failure to plausibly allege that Alexa is an electronic communication service, that the recordings are in electronic storage, or that they were

---

[2] Defendants do not explain why Washington law applies to the claims of non-registrant users.

ORDER DENYING DEFENDANTS' MOTION
FOR STAY AND PROTECTIVE ORDER - 2

divulged to a third party. A brief review of the moving papers suggest that they raise "a real question whether" portions of plaintiffs' claims will survive. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981).

Such a showing is only half of the analysis, however. To determine whether the expense and burden of discovery regarding claims that may ultimately be dismissed is "undue" and therefore justifies a protective order, the Court must also consider whether plaintiff will be prejudiced if a stay is ordered. *Id.* In this regard, plaintiff argues that the discovery it seeks will bolster allegations in the First Amended Complaint that defendants challenge as conclusory, such as the allegation that defendants disclosed Alexa recordings to third parties. In addition, the parties have less than ten months to complete fact discovery. A delay of unknown length at the start of discovery would likely prejudice plaintiffs' ability to support their class certification motion, which is due in January 2023. In light of the risk of prejudice to plaintiff, the apparent merit of some of defendants' arguments does not justify the requested stay of discovery.

**B. Protective Order**

Defendants also seek a protective order relieving the recipients of 39 third-party subpoenas from having to respond until after the motion to dismiss is ruled upon. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" under Rule 26(c). Defendants assert that the subpoenas seek information that could be obtained from defendants themselves and are, therefore, designed to harass defendants' business partners. They do not, however, discuss any particular discovery request, and plaintiffs have shown that at least some of the information sought is within the sole

control of the third parties on whom the subpoenas were served. Nor do defendants provide any facts suggesting that the discovery requests annoy, embarrass, oppress, or impose an undue burden or expense on the third parties, other than to repeat that production may not be necessary if defendants' motion to dismiss is granted. As discussed above, this risk is not "undue" in the circumstances presented here.

For all of the foregoing reasons, defendants' request for a stay of discovery (Dkt. # 73) is DENIED.

Dated this 10th day of March, 2022.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge