1

2

THE HONORABLE ROBERT S. LASNIK

3

4

5

6

7  UNITED STATES DISTRICT COURT

8  WESTERN DISTRICT OF WASHINGTON

9  AT SEATTLE

10  KAELI GARNER, *et al.*,                          Case No.: 2:21-cv-00750-RSL

11         Plaintiffs,                               **DEFENDANTS AMAZON.COM, INC.**
                                                     **AND AMAZON.COM SERVICES LLC'S**
12     v.                                            **ANSWER TO FIRST AMENDED**
                                                     **CONSOLIDATED COMPLAINT**
13  AMAZON.COM, INC., a Delaware
   Corporation, and AMAZON.COM SERVICES              **JURY DEMAND**
14  LLC, a Delaware Limited Liability Company,

15         Defendants.

16

17         Defendants Amazon.com, Inc. and Amazon.com Services LLC ("Amazon" or

18  "Defendants") answer the First Amended Consolidated Complaint ("Complaint" or "FACC") of

19  Plaintiffs Kaeli Garner, Mark Fladd, Stephanie Fladd, Jodi Brust, John Dannelly, Diane McNealy,

20  Michael McNealy, Lisa Hovasse, Sandra Mirabile, Ricky Babani, Susan Lenehan, Jeffrey Hoyt,

21  Lorlie Tesoriero, James Robinson, Rosa Comacho, Eric Dlugoss, Julie Dlugoss, Ronald Johnson,

22  Selena Johnson, Caron Watkins, and Kelly Miller (collectively, "Plaintiffs"), as follows:

23                            **GENERAL RESPONSE**

24         Except as expressly admitted herein, Defendants deny the allegations set forth in the

25  Complaint.  Paragraph numbers in this Answer correspond and respond to the allegations in the

26  numbered paragraphs of the Complaint.  To the extent allegations in a numbered paragraph of the

27  Complaint purport to cite to, refer to, or characterize allegations in other paragraphs of the

28  Complaint, Defendants incorporate and reassert to each such paragraph as if set forth fully therein.

To the extent the paragraphs in the Complaint are grouped under headings and sub-headings, Defendants respond generally that such headings and sub-headings (repeated below only for the ease of reference) state unsupported legal conclusions to which no response is required.  To the extent a response is necessary, Defendants deny each heading and sub-heading in the Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein.

Plaintiffs' use of footnotes throughout the Complaint does not comply with Federal Rule of Civil Procedure 10(b), and no response is required to the footnotes.  To the extent a response is required, each footnote is discussed in the relevant numbered paragraph below.  By not responding to the non-compliant footnotes throughout the Complaint, Defendants do not admit to or otherwise acknowledge the truth of any of those footnotes or materials to which they refer.

The Court's May 6, 2022 Order dismisses Count XIII (Stored Communications Act) in its entirety as to all Plaintiffs; dismisses Count I (Washington Wiretapping Statute) as to Registered Plaintiffs; dismisses non-Washington state law claims, Counts III through XI, as to Registered Plaintiffs; and dismisses Count XII (Federal Wiretap Act) as to Registered Plaintiffs and as to Unregistered Plaintiffs to the extent it is based on intentional commands.  Therefore, no response to any such related allegations is required.

## INTRODUCTION

1.     Defendants admit that Plaintiffs purport to bring this action to redress alleged violations of the Washington, Florida, New Hampshire, Massachusetts, California, Maryland, Pennsylvania, Illinois, and Michigan wiretapping laws, the Washington Consumer Protection Act, the Electronic Communications Privacy Act of 1986, and the Stored Communications Act.  The Court's Order dismisses Count I (Washington Wiretapping Statute) as to Registered Plaintiffs; dismisses non-Washington state law claims, Counts III through XI, as to Registered Plaintiffs; dismisses Count XII (Federal Wiretap Act) as to Registered Plaintiffs and as to Unregistered Plaintiffs to the extent it is based on intentional commands; and dismisses Count XIII (Stored Communications Act) in its entirety as to all Plaintiffs.  Therefore, no response to any such related allegations is required.  Defendants deny the remaining allegations in Paragraph 1.

2.     Paragraph 2 consists of legal conclusions to which no response is required.  To the

1  extent a response is required, Defendants deny them.

2      3.      Defendants admit that Plaintiffs purport to bring this action on behalf of both

3  registered and unregistered users.  Paragraph 3 contains legal conclusions to which no response is

4  required.  To the extent a response is required, Defendants deny them.  With respect to footnote 1,

5  Defendants admit that Alexa-enabled devices may be set up through the Alexa App.  Defendants

6  otherwise deny the definitions of "registered users" and "unregistered persons" in footnote 1.

7      4.      Defendants admit that some Amazon products are Alexa-enabled.  Defendants

8  admit that there are certain smart third-party products that either enable access to Alexa or work

9  with Alexa.  Defendants deny the remaining allegations in Paragraph 4.

10     5.      Defendants admit that millions of Americans use Alexa-enabled devices in their

11 homes.  Defendants lack sufficient information to form a belief as to the truth or falsity of the

12 remaining allegations in Paragraph 5, and therefore deny them.

13     6.      Defendants admit that some Alexa-enabled devices employ far field voice

14 recognition technology.  Defendants deny the remaining allegations in Paragraph 6.

15     7.      Defendants admit that Alexa-enabled devices may respond to human commands in

16 a synthesized voice.  Defendants admit that Alexa-enabled devices respond to verbal commands

17 after detecting a wake word or if a button is pressed.  Defendants admit that once an Alexa-enabled

18 device is activated, the device might stream voice commands to the Amazon cloud, where they are

19 recorded and processed in order to provide a response or action.  Defendants deny the remaining

20 allegations in Paragraph 7.

21     8.      Defendants admit that Amazon owns a patent for "pre-wake word speech

22 processing," "a system for capturing and processing portions of a spoken utterance command that

23 may occur before a wake word."  Defendants deny the remaining allegations in Paragraph 8.

24     9.      Defendants admit that Alexa users include both registered users and unregistered

25 persons.  Defendants admit that unregistered persons may access and use the Alexa service.

26 Defendants deny the remaining allegations in Paragraph 9.

27     10.     Defendants lack sufficient information to form a belief as to the truth or falsity of

28 the allegations in Paragraph 10, and therefore deny them.

11.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore deny them.

12.     Defendants admit that Amazon discloses how Alexa works on the "Alexa, Echo Devices, and Your Privacy" page, including that "*[n]o audio is stored or sent to the cloud unless the device detects the wake word (or Alexa is activated by pressing a button)*." Defendants deny the remaining allegations in Paragraph 12.

13.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13 regarding Plaintiffs' purported interactions with Alexa-enabled devices, and therefore deny them. Defendants deny the remaining allegations in Paragraph 13.

14.     Defendants deny the allegations in Paragraph 14.

15.     Paragraph 15 consists of legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations.

16.     Defendants admit that Plaintiffs have brought a purported class action against Defendants. Defendants deny the remaining allegations in Paragraph 16, including its legal conclusions.

**THE PARTIES**

17.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore deny them.

18.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore deny them.

19.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore deny them.

20.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore deny them.

21.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore deny them.

22.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 22, and therefore deny them.

23.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore deny them.

24.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore deny them.

25.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 25, and therefore deny them.

26.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 26, and therefore deny them.

27.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore deny them.

28.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore deny them.

29.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 29, and therefore deny them.

30.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore deny them.

31.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 31, and therefore deny them.

32.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore deny them.

33.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore deny them.

34.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore deny them.

35.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore deny them.

36.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 36, and therefore deny them.

37.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore deny them.

38.     Defendants admit the allegations in Paragraph 38.

39.     Defendants admit the allegations in Paragraph 39.

**JURISDICTION AND VENUE**

40.     Paragraph 40 includes legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 40, and therefore deny them.

41.     Defendants admit that Amazon.com, Inc. and Amazon.com Services LLC are headquartered in Washington.  The remaining allegations in Paragraph 41 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 41, and therefore deny them.

42.     Defendants admit that Amazon.com, Inc. and Amazon.com Services LLC are headquartered in this District.  The remaining allegations in Paragraph 42 are legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore deny them.

**FACTUAL ALLEGATIONS**

43.     Defendants admit that Amazon operates an e-commerce website and that major sources of revenue include retail sales, third-party seller services, subscription services, and Amazon Web Services arrangements.  Defendants admit that Amazon reported net sales exceeding $386 billion in its 2020 fiscal year.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43, and therefore deny them.

44.     Defendants admit the allegations in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45.

46.     Defendants admit that certain Amazon devices and third-party products either enable access to Alexa or work with Alexa.  Defendants admit that the Alexa service is available

on hundreds of millions of devices worldwide.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 46, and therefore deny them.

47.     Defendants admit that an internet connection is required to use Alexa through an Alexa-enabled device.  Defendants deny the remaining allegations in Paragraph 47.

48.     Defendants admit that an Amazon account is required to use the Alexa App. Defendants admit that Alexa-enabled devices may be set up through the Alexa App.  Defendants admit that Alexa users include both registered users and unregistered persons.  Defendants admit that unregistered persons may access and use the Alexa service.  The remaining allegations in Paragraph 48 concerning consent are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

49.     Defendants admit Alexa-enabled devices respond to verbal commands after detecting a wake word, which is often "Alexa" or "Echo," or if a button is pressed.  Defendants admit that once it wakes up, some Alexa-enabled devices might stream voice commands to the Amazon cloud, where they are recorded and processed in order to provide a response or action. Defendants admit that users have the ability to turn off the Alexa-enabled device or turn off its microphone until they wish to use the device.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 to the extent they purport to quote from or characterize third-party articles or publications, and therefore deny them.

50.     Defendants admit that Amazon owns a patent for pre-wake word speech processing. Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants admit that Amazon publicly discloses that users can control Alexa with their voices and that some Alexa-enabled devices might stream voice commands to the Amazon cloud, where they are recorded and processed in order to provide a response or action.  Defendants admit that Amazon publicly discloses that Amazon retains and uses some de-identified recordings to develop and improve Alexa services and technologies.  Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 53, and therefore deny them.

54.     Defendants admit that Amazon's Local Voice Control enables users of certain Echo devices "to fulfill a limited set of requests on select [Alexa] devices when the device is not connected to the internet, such as requests to control supported lights, plugs, and switches." Paragraph 54 consists of hypothetical argument to which no response is required. Defendants deny the remaining allegations in Paragraph 54 to the extent they allege facts.

55.     Defendants admit that in 2021, Amazon announced that it "will enable senior living and healthcare providers to integrate Alexa into their properties" and the voice recordings from these devices will not be retained. The remaining allegations in Paragraph 55 are hypothetical argument to which no response is required. To the extent the remaining allegations allege facts, Defendants deny them.

56.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 56, and therefore deny them.

57.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 57 to the extent they relate to certain persons' purported interactions with Alexa-enabled devices, and therefore deny them. Defendants deny the remaining allegations in Paragraph 57.

58.     Defendants admit that an Alexa-enabled device responds to verbal commands after detecting a wake word or if the action button on the device is pressed. Defendants admit that an Alexa-enabled device can activate when it identifies a sound as the wake word, including a sound from a radio or television. The remaining allegations in Paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 58.

59.     The allegations of Paragraph 59 concerning consent are legal conclusions to which no response is required. To the extent Paragraph 59 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 59, and therefore deny them.

60.     The allegations of Paragraph 60 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 60 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 60, and therefore deny them.

61.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 61, and therefore deny them.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants admit that the screenshot in Paragraph 60 appears to be an example of the Alexa App's user interface.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 63, and therefore deny them.

64.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 64, and therefore deny them.

65.     The allegations of Paragraph 65 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 65 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 65, and therefore deny them.

66.     The allegations of Paragraph 66 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 66 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 66, and therefore deny them.

67.     The allegations of Paragraph 67 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 67 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 67, and therefore deny them.

68.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 68, and therefore deny them.

69.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 69, and therefore deny them.

70.     The allegations of Paragraph 70 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 70 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 70, and therefore deny them.

71.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 71, and therefore deny them.

72.     The allegations of Paragraph 72 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 72 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 72, and therefore deny them.

73.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 73, and therefore deny them.

74.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 74, and therefore deny them.

75.     The allegations of Paragraph 75 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 75 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 75, and therefore deny them.

76.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 76, and therefore deny them.

77.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 77, and therefore deny them.

78.     The allegations of Paragraph 78 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 78 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 78, and therefore deny them.

79.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 79, and therefore deny them.

80.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 80, and therefore deny them.

81.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 81, and therefore deny them.

82.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 82, and therefore deny them.

83.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 83, and therefore deny them.

84.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 84, and therefore deny them.

85.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 85, and therefore deny them.

86.     The allegations of Paragraph 86 concerning consent are legal conclusions to which no response is required.  To the extent Paragraph 86 and footnotes 39-41 include factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 86 and footnotes 39-41, and therefore deny them.

87.     Defendants admit that Amazon publicly discloses that Alexa "[o]n some occasions" will accidentally wake up without a wake word, including analogizing it to "when a person walking down the street turns their head when they hear what sounds like their name."  The remaining allegations in Paragraph 87 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants admit that Amazon has publicly disclosed that Alexa-enabled devices might stream voice commands to the cloud, where they are recorded and processed in order to provide a response or action.  The remaining allegations in Paragraph 88 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 88, and therefore deny them.

89.     The allegations in Paragraph 89 consist of legal conclusions to which no response

is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90.     Defendants admit that certain Alexa-enabled devices use far field voice recognition technology.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90, and therefore deny them.

91.     The allegations of Paragraph 91 concerning agreement and consent are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegation that Amazon has changed the Conditions of Use at least once per year during the last five years.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 93, and therefore deny them.

94.     Defendants admit that Alexa-enabled devices may be set up through the Alexa App. Defendants deny the remaining allegations in Paragraph 94.

95.     Defendants admit that the screenshot in Paragraph 95 appears to reflect an example of the Alexa App's Sign-In Page at some point in time.

96.     Defendants admit that when a person clicks on the "Conditions of Use" hyperlink, they are directed to Amazon's then-current Conditions of Use.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 96, and therefore deny them.

97.     Defendants admit that Amazon's "Conditions of Use" (as of May 3, 2021) is reprinted as Exhibit A to the Complaint, but with formatting changed and hyperlinks removed.

98.     Defendants admit that when a person clicks on the "Privacy Notice" hyperlink, they are directed to Amazon's then-current Privacy Notice.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98, and therefore deny them.

99.     Defendants admit that Amazon's Privacy Notice (as of February 12, 2021) is

reprinted as Exhibit B to the Complaint, but with formatting changed and hyperlinks removed.

100.    Defendants admit that the screenshots in Paragraph 100 appear to reflect examples of the process to set up and register an Alexa-enabled device through the Alexa App at some point in time.

101.    The allegations in Paragraph 101 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102.    Defendants admit the allegations in Paragraph 102.

103.    Defendants admit the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 106 regarding Plaintiffs' counsel's purported investigation, and therefore deny them.  Defendants admit that Amazon retains and uses some de-identified Alexa voice recordings that a user has not deleted to improve the Alexa service.  Defendants admit that some Amazon employees or contractors may have reviewed some de-identified Alexa voice recordings to train and improve Alexa's speech recognition and natural language understanding systems, but otherwise deny the remaining allegation of Paragraph 106.

107.    The allegations in Paragraph 107 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 107.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 107, and therefore deny them.

108.    Defendants admit that Amazon removes transcripts and recordings if they are manually or automatically deleted by users.  Defendants admit that Amazon stores Alexa voice recordings unless and until the customer chooses to delete them.  Defendants admit that Amazon retains and uses the recordings to allow customers to play them back and may use some de-identified voice recordings to develop and improve Alexa services and technologies.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in

Paragraph 108 to the extent they purport to quote from or characterize third-party articles or publications, and therefore deny them.

109. Defendants admit that Amazon uses some de-identified Alexa voice recordings that a user has not deleted to improve Alexa's speech recognition and natural language understanding systems. Amazon admits that Amazon employees or contractors have reviewed some de-identified Alexa voice recordings to train and improve Alexa's speech recognition and natural language understanding systems. The remaining allegations of Paragraph 109 are hypothetical argument to which no response is required. To the extent the remaining allegations allege facts, Defendants deny them.

110. The allegations of Paragraph 110 concerning consent are legal conclusions to which no response is required. To the extent Paragraph 110 includes factual allegations, Defendants deny them.

111. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 111, and therefore deny them.

112. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 112, and therefore deny them.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants admit that Congress inquired about Amazon's plan to protect user data privacy and security in connection with a separate Amazon product, Amazon One. Defendants deny the remaining allegations in Paragraph 114.

115. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 115, and therefore deny them. Defendants deny the remaining allegations in Paragraph 115.

116. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 116, and therefore deny them.

117. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 117, and therefore deny them.

118. Defendants lack sufficient information to form a belief as to the truth or falsity of

the allegations in Paragraph 118, and therefore deny them.

119.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 119, and therefore deny them.

120.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 120, and therefore deny them.

121.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation that companies pay for voice recordings.  The remaining allegations in Paragraph 121 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122.    Defendants admit that muting an Alexa-enabled device's microphone or unplugging the device would prevent recordings.  The remaining allegations in Paragraph 122 contains hypothetical argument to which no response is required.  To the extent they allege facts, Defendants deny them.

123.    Defendants deny the allegations in Paragraph 123.

## CLASS ALLEGATIONS

124.    Defendants admit that Plaintiffs purport to bring this action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.  Defendants deny the remaining allegations in Paragraph 124, including its legal conclusions.

125.    Defendants admit that Plaintiffs have brought a purported class action and seek to define purported classes of the "Nationwide Registered User Class," the "California Registered User Class," the "California Unregistered Persons Class," the "Florida Registered User Class," the "Florida Unregistered Persons Class," the "Illinois Registered User Class," the "Illinois Unregistered Persons Class," the "Maryland Registered User Class," the "Washington Registered User Class," and the "Washington Unregistered Persons Class."  The Court's Order dismisses Count I (Washington Wiretapping Statute) as to Registered Plaintiffs; dismisses non-Washington state law claims, Counts III through XI, as to Registered Plaintiffs; dismisses Count XII (Federal Wiretap Act) as to Registered Plaintiffs and as to Unregistered Plaintiffs to the extent it is based on intentional commands; and dismisses Count XIII (Stored Communications Act) in its entirety

as to all Plaintiffs. Therefore, no response to any such related class allegations is required. Defendants deny the remaining allegations in Paragraph 125, including its legal conclusions.

126. Defendants admit that Plaintiffs have brought a purported class action and seek to define the purported alternative classes of the "Nationwide Registered User Class" and the "Nationwide Unregistered Persons Class." The Court's Order dismisses Count I (Washington Wiretapping Statute) as to Registered Plaintiffs; dismisses non-Washington state law claims, Counts III through XI, as to Registered Plaintiffs; dismisses Count XII (Federal Wiretap Act) as to Registered Plaintiffs and as to Unregistered Plaintiffs to the extent it is based on intentional commands; and dismisses Count XIII (Stored Communications Act) in its entirety as to all Plaintiffs. Therefore, no response to any such related class allegations is required. Defendants deny the remaining allegations in Paragraph 126, including its legal conclusions.

127. Defendants admit that Plaintiffs seek to exclude "Defendants, their employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; Plaintiffs' counsel and their employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case" from each purported class. Defendants deny the remaining allegations in Paragraph 127, including its legal conclusions.

128. Paragraph 128 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129. Paragraph 129 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

### A.   Numerosity

130. Defendants admit that this action satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1). The remaining allegations in Paragraph 130 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

131. The allegations in Paragraph 131 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

### B.   Typicality

132. Paragraph 132 consists of legal conclusions to which no response is required. To

the extent a response is required, Defendants deny the allegations in Paragraph 132.

**C.    Adequacy of Representation**

133.    Paragraph 133 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 133.

**D.    Commonality**

134.    Paragraph 134 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 134.

**E.    Superiority/Predominance**

135.    Paragraph 135 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.    Paragraph 136 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.    Paragraph 137 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.    Paragraph 138 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 138.

**F.    Rule 23(c)(4) Certification**

139.    Paragraph 139 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 139.

**TOLLING, CONCEALMENT, AND ESTOPPEL**

140.    Paragraph 140 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141.    Paragraph 141 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 141.

142.    Paragraph 142 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 142.

**COUNT I**

143.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of

the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses Count I as to Registered Plaintiffs.  Therefore, no response is required to the extent the allegations in Paragraphs 144 through 161 relate to Registered Plaintiffs.

144.  Paragraph 144 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

145.  Defendants admit the allegations in Paragraph 145.

146.  Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 146, and therefore deny them.

147.  The allegations of Paragraph 147 concerning consent consist of legal conclusions to which no response is required.  To the extent Paragraph 147 includes factual allegations, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations, and therefore deny them.

148.  Paragraph 148 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

149.  Paragraph 149 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

150.  Defendants deny the allegations in Paragraph 150.

151.  Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 151, and therefore deny them.

152.  Paragraph 152 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

153.  Paragraph 153 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

154.  Paragraph 154 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

155.  Paragraph 155 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

156.  Paragraph 156 consists of legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny them.

157.    Paragraph 157 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

158.    Paragraph 158 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

159.    Paragraph 159 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 159.

160.    Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "(a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under Wash. Rev. Code §9.73.060; (c) punitive damages; and (d) costs and reasonable attorneys' fees under Wash. Rev. Code §9.73.060." Defendants deny that Plaintiffs and the purported class members are entitled to any relief.  Paragraph 160 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 160.

161.    Paragraph 161 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

## COUNT II

162.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.

163.    Defendants admit that Plaintiffs have brought a purported class action.  Paragraph 163 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.

164.     Paragraph 164 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

165.     Paragraph 165 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

166.     Paragraph 166 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

167.     Paragraph 167 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

168.     Defendants admit that Amazon sells Alexa-enabled devices across the United States and that customers can use Alexa-enabled devices to make purchases through Amazon's e-commerce website.  The remaining allegations in Paragraph 168 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

169.     Paragraph 169 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

170.     Paragraph 170 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

171.     Paragraph 171 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 171, and therefore deny them.  Defendants further respond that Plaintiffs have the ability to turn off the Alexa-enabled device or turn off its microphone until they wish to use the device, and on that additional basis, deny the allegations of Paragraph 171.

172.     Paragraph 172 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

173.     Paragraph 173 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

174.     Paragraph 174 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

175.    Paragraph 175 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

### COUNT III

176.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses all non-Washington state law claims, including Count III, as to Registered Plaintiffs.  Therefore, no response is required to the extent the allegations in Paragraphs 177 through 195 relate to Registered Plaintiffs.

177.    Paragraph 177 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

178.    Paragraph 178 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

179.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 179, and therefore deny them.

180.    Paragraph 180 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

181.    Paragraph 181 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

182.    Paragraph 182 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

183.    Paragraph 183 consists of legal conclusions to which no response is required.  To the extent Paragraph 183 includes factual allegations, Defendants admit that some Amazon employees or contractors may have reviewed some de-identified Alexa voice recordings to train and improve Alexa's speech recognition and natural language understanding systems, but otherwise deny the allegations of Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 185, and therefore deny them.

186.   Paragraph 186 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

187.   Paragraph 187 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

188.   Paragraph 188 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

189.   Paragraph 189 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

190.   Paragraph 190 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

191.   Paragraph 191 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

192.   Paragraph 192 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

193.   Paragraph 193 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 193.

194.   Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "(a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under Fla. Stat. §934.10; (c) punitive damages; and (d) costs and reasonable attorneys' fees under Fla. Stat. §934.10."  Defendants deny that Plaintiffs and the purported class members are entitled to any relief.  Paragraph 194 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the

allegations of Paragraph 194.

195.    Paragraph 195 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

**COUNT IV**

196.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses all non-Washington state law claims, including Count IV, as to Registered Plaintiffs.  Therefore, no response is required to the extent the allegations in Paragraphs 197 through 214 relate to Registered Plaintiffs.

197.    Paragraph 197 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

198.    Paragraph 198 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

199.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 199, and therefore deny them.

200.    Paragraph 200 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

201.    Paragraph 201 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

202.    Paragraph 202 consists of legal conclusions to which no response is required.  To the extent Paragraph 202 includes factual allegations, Defendants admit that some Amazon employees or contractors may have reviewed some de-identified Alexa voice recordings to train and improve Alexa's speech recognition and natural language understanding systems, but otherwise deny the allegations of Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 204, and therefore deny them.

205.    Paragraph 205 consists of legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny them.

206. Paragraph 206 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

207. Paragraph 207 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

208. Paragraph 208 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

209. Paragraph 209 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

210. Paragraph 210 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

211. Paragraph 211 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

212. Paragraph 212 consists of legal argument to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 212.

213. Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "(a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under N.H. Rev. Stat §570-A:11; (c) punitive damages; and (d) costs and reasonable attorneys' fees under N.H. Rev. Stat. §570-A:11." Defendants deny that Plaintiffs and the purported class members are entitled to any relief. Paragraph 213 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 213.

214.    Paragraph 214 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

## COUNT V

215.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses all non-Washington state law claims, including Count V, as to Registered Plaintiffs.  Therefore, no response to the allegations in Paragraphs 216 through 234 is required, as Count V is asserted solely by named Plaintiff Lisa Hovasse, who is a Registered Plaintiff.

216.    Paragraph 216 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

217.    Paragraph 217 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

218.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 218, and therefore deny them.

219.    Paragraph 219 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

220.    Paragraph 220 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

221.    Paragraph 221 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

222.    Paragraph 222 consists of legal conclusions to which no response is required.  To the extent Paragraph 222 includes factual allegations, Defendants admit that some Amazon employees or contractors may have reviewed some de-identified Alexa voice recordings to train and improve Alexa's speech recognition and natural language understanding systems, but otherwise deny the allegations of Paragraph 222.

223.    Defendants deny the allegations in Paragraph 223.

224.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 224, and therefore deny them.

225.    Paragraph 225 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

226.    Paragraph 226 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

227.    Paragraph 227 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

228.    Paragraph 228 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

229.    Paragraph 229 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

230.    Paragraph 230 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

231.    Paragraph 231 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

232.    Paragraph 232 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 232.

233.    Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "(a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions, communications, or conversations and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under Mass. Gen. Laws ch. 272, §99(Q); (c) punitive damages; and (d) costs and reasonable attorneys' fees under Mass. Gen. Laws ch. 272, §99(Q)."  Defendants deny that Plaintiffs and the purported class members are entitled to any relief.  Paragraph 233 consists of legal conclusions to which no response is required.  To the extent a response is required,

1   Defendants deny the allegations of Paragraph 233.

2        234.    Paragraph 234 consists of legal conclusions to which no response is required.  To
3   the extent a response is required, Defendants deny them.

4   **COUNT VI**

5        235.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of
6   the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses all non-
7   Washington state law claims, including Count VI, as to Registered Plaintiffs.  Therefore, no
8   response is required to the extent the allegations in Paragraphs 236 through 248 relate to Registered
9   Plaintiffs.

10       236.    Defendants lack sufficient information to form a belief as to the truth or falsity of
11  the allegations in Paragraph 236, and therefore deny them.

12       237.    Paragraph 237 consists of legal conclusions to which no response is required.  To
13  the extent a response is required, Defendants deny them.

14       238.    Paragraph 238 consists of legal conclusions to which no response is required.  To
15  the extent a response is required, Defendants deny them.

16       239.    Paragraph 239 consists of legal conclusions to which no response is required.  To
17  the extent a response is required, Defendants deny them.

18       240.    Paragraph 240 consists of legal conclusions to which no response is required.  To
19  the extent a response is required, Defendants deny them.

20       241.    Paragraph 241 consists of legal conclusions to which no response is required.  To
21  the extent a response is required, Defendants deny them.

22       242.    Paragraph 242 consists of legal conclusions to which no response is required.  To
23  the extent a response is required, Defendants deny them.

24       243.    Paragraph 243 consists of legal conclusions to which no response is required.  To
25  the extent a response is required, Defendants deny them.

26       244.    Paragraph 244 consists of legal conclusions to which no response is required.  To
27  the extent a response is required, Defendants deny them.

28       245.    Paragraph 245 consists of legal conclusions to which no response is required.  To

ANSWER TO FACC       - 27 -       **FENWICK & WEST LLP**
CASE NO.: 2:21-CV-00750-RSL       1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101

the extent a response is required, Defendants deny them.

246.    Paragraph 246 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 246, and therefore deny them.

247.    Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "all relief available under Cal. Penal Code §637.2, including statutory damages of $5,000 per violation."   Defendants deny that Plaintiffs and the purported class members are entitled to any relief.   Paragraph 247 consists of legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations of Paragraph 247.

248.    Paragraph 248 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

## COUNT VII

249.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.   Additionally, the Court's Order dismisses all non-Washington state law claims, including Count VII, as to Registered Plaintiffs.   Therefore, no response is required to the extent the allegations in Paragraphs 250 through 261 relate to Registered Plaintiffs.

250.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 250, and therefore deny them.

251.    Paragraph 251 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

252.    Paragraph 252 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

253.    Paragraph 253 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

254.    Paragraph 254 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

255.   Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege that "Amazon, through the use of Alexa Devices, intentionally recorded the private conversations of individuals, because it had the knowledge, to a substantial certainty, that the use of Alexa Devices will result in the recordation of a confidential conversation."  Paragraph 255 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 255.

256.   Defendants deny the allegations in Paragraph 256.  Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 256.

257.   Paragraph 257 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

258.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 258, and therefore deny them.

259.   Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "statutory damages in accordance with Cal. Penal Code §637.2(a), which provides for the greater of: (a) $5,000 per violation; or (b) three times the amount of damages sustained by Plaintiffs and the Class in an amount to be proven at trial, as well as injunctive or other equitable relief."  Defendants deny that Plaintiffs and the purported class members are entitled to any relief.  Paragraph 259 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 259.

260.   Paragraph 260 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

261.   Paragraph 261 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

**COUNT VIII**

262.   Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses all non-

1   Washington state law claims, including Count VIII, as to Registered Plaintiffs.  Therefore, no

2   response is required to the extent the allegations in Paragraphs 263 through 278 relate to Registered

3   Plaintiffs.

4        263.    Paragraph 263 consists of legal conclusions to which no response is required.  To

5   the extent a response is required, Defendants deny them.

6        264.    Defendants lack sufficient information to form a belief as to the truth or falsity of

7   the allegations in Paragraph 264, and therefore deny them.

8        265.    Paragraph 265 consists of legal conclusions to which no response is required.  To

9   the extent a response is required, Defendants deny them.

10       266.    Paragraph 266 consists of legal conclusions to which no response is required.  To

11   the extent a response is required, Defendants deny them.

12       267.    Defendants deny the allegations in Paragraph 267.

13       268.    Defendants lack sufficient information to form a belief as to the truth or falsity of

14   the allegations in Paragraph 268, and therefore deny them.

15       269.    Paragraph 269 consists of legal conclusions to which no response is required.  To

16   the extent a response is required, Defendants deny them.

17       270.    Paragraph 270 consists of legal conclusions to which no response is required.  To

18   the extent a response is required, Defendants deny them.

19       271.    Paragraph 271 consists of legal conclusions to which no response is required.  To

20   the extent a response is required, Defendants deny them.

21       272.    Paragraph 272 consists of legal conclusions to which no response is required.  To

22   the extent a response is required, Defendants deny them.

23       273.    Paragraph 273 consists of legal conclusions to which no response is required.  To

24   the extent a response is required, Defendants deny them.

25       274.    Paragraph 274 consists of legal conclusions to which no response is required.  To

26   the extent a response is required, Defendants deny them.

27       275.    Paragraph 275 consists of legal conclusions to which no response is required.  To

28   the extent a response is required, Defendants deny them.

ANSWER TO FACC         - 30 -         FENWICK & WEST LLP
CASE NO.: 2:21-CV-00750-RSL         1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

276.     Paragraph 276 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 276.

277.     Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "(a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under Md. Code Ann., Cts. & Jud. Proc. §10-410; (c) punitive damages; and (d) costs and reasonable attorneys' fees under Md. Code Ann., Cts. & Jud. Proc. §10-410."  Defendants deny that Plaintiffs and the purported class members are entitled to any relief.  Paragraph 277 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 277.

278.     Paragraph 278 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

**COUNT IX**

279.     Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses all non-Washington state law claims, including Count IX, as to Registered Plaintiffs.  Therefore, no response is required to the extent the allegations in Paragraphs 280 through 295 relate to Registered Plaintiffs.

280.     Paragraph 280 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

281.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 281, and therefore deny them.

282.     Paragraph 282 consists of legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny them.

283.   Paragraph 283 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

284.   Defendants deny the allegations in Paragraph 284.

285.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 285, and therefore deny them.

286.   Paragraph 286 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

287.   Paragraph 287 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

288.   Paragraph 288 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

289.   Paragraph 289 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

290.   Paragraph 290 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

291.   Paragraph 291 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

292.   Paragraph 292 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

293.   Paragraph 293 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 293.

294.   Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "(a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa

Device's default setting to not record or permanently store interactions, communications, or conversations; (b) damages equal to $100 per day or $1,000, whichever is greater, under 18 Pa. Cons. Stat. §5725; (c) punitive damages; and (d) costs and reasonable attorneys' fees under 18 Pa. Cons. Stat. §5725." Defendants deny that Plaintiffs and the purported class members are entitled to any relief. Paragraph 294 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 294.

295.    Paragraph 295 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

## COUNT X

296.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein. Additionally, the Court's Order dismisses all non-Washington state law claims, including Count X, as to Registered Plaintiffs. Therefore, no response is required to the extent the allegations in Paragraphs 297 through 311 relate to Registered Plaintiffs.

297.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 297, and therefore deny them.

298.    Paragraph 298 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

299.    Paragraph 299 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

300.    Paragraph 300 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

301.    Defendants deny the allegations in Paragraph 301.

302.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 302, and therefore deny them.

303.    Paragraph 303 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny them.

304.    Paragraph 304 consists of legal conclusions to which no response is required. To

the extent a response is required, Defendants deny them.

305.     Paragraph 305 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

306.     Paragraph 306 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

307.     Paragraph 307 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

308.     Paragraph 308 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

309.     Paragraph 309 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

310.     Paragraph 310 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 310.

311.     Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "(a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) nominal damages under 720 Ill. Comp. Stat. §5/14-6; (c) punitive damages; and (d) costs and reasonable attorneys' fees under as provided by 720 Ill. Comp. Stat. §5/14-6." Defendants deny that Plaintiffs and the purported class members are entitled to any relief. Paragraph 311 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 311.

## COUNT XI

312.     Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses all non-

Washington state law claims, including Count XI, as to Registered Plaintiffs.   Therefore, no response is required to the extent the allegations in Paragraphs 313 through 328 relate to Registered Plaintiffs.

313.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 313, and therefore deny them.

314.    Paragraph 314 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

315.    Paragraph 315 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

316.    Paragraph 316 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

317.    Defendants deny the allegations in Paragraph 317.

318.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 318, and therefore deny them.

319.    Paragraph 319 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

320.    Paragraph 320 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

321.    Paragraph 321 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

322.    Paragraph 322 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

323.    Paragraph 323 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

324.    Paragraph 324 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

325.    Paragraph 325 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

326.   Paragraph 326 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

327.   Paragraph 327 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further respond that Plaintiffs have the ability to delete voice recordings, and on that additional basis, deny the allegations of Paragraph 327.

328.   Defendants admit that Plaintiffs, individually and on behalf of the purported class members, allege they seek: "(a) an injunction requiring Amazon to obtain consent prior to recording Alexa Device interactions and to delete those recordings already made, and to implement functionality sufficient to prevent unauthorized recordings in the future, such as requiring an Alexa Device's default setting to not record or permanently store interactions, communications, or conversations; (b) nominal damages under Mich. Comp. Laws §750.539c; (c) punitive damages; and (d) costs and reasonable attorneys' fees under Mich. Comp. Laws §750.539c."  Defendants deny that Plaintiffs and the purported class members are entitled to any relief.  Paragraph 328 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 328.

### COUNT XII

329.   Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses Count XII (Federal Wiretap Act) as to Registered Plaintiffs and as to Unregistered Plaintiffs to the extent it is based on intentional commands.  Therefore, no response is required to the extent the allegations in Paragraphs 330 through 341 relate to Registered Plaintiffs and to Unregistered Plaintiffs based on intentional commands.

330.   Defendants admit that Plaintiffs have brought a purported class action.  Paragraph 330 consists of legal argument to which no response is required.  To the extent a response is required, Defendants deny the allegations.

331.   Paragraph 331 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

332.    Paragraph 332 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

333.    Paragraph 333 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

334.    Paragraph 334 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

335.    Paragraph 335 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

336.    Paragraph 336 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

337.    Paragraph 337 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

338.    Paragraph 338 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

339.    Paragraph 339 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

340.    Paragraph 340 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

341.    Paragraph 341 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny them.

**COUNT XIII**

342.    Defendants incorporate by reference their answers to Paragraphs 1 through 142 of the Complaint as though fully stated herein.  Additionally, the Court's Order dismisses Count XIII (Stored Communications Act) in its entirety as to all Plaintiffs.  Therefore, no response to the allegations in Paragraphs 343 through 357 is required.

**ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to the relief they request or any relief whatsoever, and specifically deny each of the requests for relief enumerated in the Complaint.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury for all issues so triable.

## GENERAL DENIAL

Unless expressly admitted above, Defendants deny each and every allegation set forth in Plaintiffs' Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants further plead the following separate and additional defenses to the Complaint. By pleading these defenses, Defendants do not in any way agree or concede that it has the burden of proof or persuasion on any of these issues or that is liable for any claims against it.

### FIRST DEFENSE
### (Standing)

Plaintiffs and/or the purported class member lack standing under Article III of the United States Constitution and/or the statutes under which they bring their claims.

### SECOND DEFENSE
### (Failure to State a Claim)

Each purported cause of action in the Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendants.

### THIRD DEFENSE
### (Failure to Mitigate Damages)

For each purported cause of action, Plaintiffs have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

### FOURTH DEFENSE
### (Comparative Fault and Contribution)

Plaintiffs are in whole or in part responsible for and contributed to the creation of recordings and alleged wrongs alleged in the Complaint.  Any recovery to which Plaintiffs may be entitled must be reduced by their comparative responsibility and obligations of contribution which, further, must act as a setoff against any recovery on Plaintiffs' behalf.

### FIFTH DEFENSE
### (No Injunctive Relief)

For each purported cause of action in the Complaint, Plaintiffs fail to properly state a claim for injunctive relief.

**SIXTH DEFENSE**
**(No Damages)**

Plaintiffs and the putative class have not suffered any injury or damages whatsoever.

**SEVENTH DEFENSE**
**(No Punitive Damages)**

To the extent Plaintiffs and the putative class members recover in any manner in this action, they cannot make the legal showing required to recover punitive damages.

**EIGHTH DEFENSE**
**(No Equitable Relief)**

Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

**NINTH DEFENSE**
**(Waiver or Estoppel)**

Each cause of action contained in the Complaint are barred because Plaintiffs waived the claims they now assert or are estoped by their conduct from asserting such claims.

**TENTH DEFENSE**
**(Consent / Acquiescence)**

Plaintiffs' express or implied consent or acquiescence to the recording of their interactions with the Alexa service bar them from bringing their claims.

**ELEVENTH DEFENSE**
**(Intervening, Superseding, or Primary Cause)**

Plaintiffs' damages, if any, were caused by superseding or intervening causes, including (but not limited to) the purchase, activation, and settings of Alexa-enabled devices, either by Plaintiffs or other members of their household, or other factors for which Defendants are not responsible, and thus any alleged wrongdoing was not actually or proximately caused by Defendants.

**TWELFTH DEFENSE**
**(No Expectation of Privacy, Confidentiality, or Secrecy)**

Each purported cause of action in the Complaint is barred because Plaintiffs did not have a reasonable expectation of privacy, had an objectively reasonable basis to believe that they might be recorded, were not recorded in secret, and/or did not have a reasonable basis to believe their commands were confidential, including because Amazon advised and disclosed to Alexa users and

the public the functioning of the Alexa Service, which was also publicly reported in the press and media.

### THIRTEENTH DEFENSE
### (Attorneys' Fees Improper)

Defendants allege that the Complaint fails to state a cause of action or set forth facts sufficient to support a claim for attorneys' fees.

### FOURTEENTH DEFENSE
### (Class Cannot be Certified)

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because, inter alia, the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

### FIFTEENTH DEFENSE
### (Statute of Limitations)

Each purported cause of action in the Complaint is barred in whole or in part by the applicable statute of limitations.

### SIXTEENTH DEFENSE
### (Laches)

Defendants allege that Plaintiffs have waited an unreasonably long time to file this lawsuit and that Amazon's ability to defend the lawsuit has been prejudiced as a result.

### SEVENTEENTH DEFENSE
### (Due Process)

Each purported claim in the Complaint, and the relief it seeks including excessive statutory and/or punitive damages, is barred to the extent that they violate due process under the United States Constitution or applicable state constitutions.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants do not presently know all facts concerning the conduct and claims of Plaintiffs and the putative class sufficient to state all affirmative defenses at this time.  Defendants will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.  Defendants reserve any and all additional affirmative defenses available to them.

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury on each purported claim for relief, cause of action, and affirmative defense at issue herein.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment with respect to Plaintiffs' Complaint and Defendants' defenses as follows:

a.      Denial of certification of the purported class or subclasses alleged in the Complaint;

b.      A judgment in Defendants' favor denying Plaintiffs all relief requested in the Complaint and dismissing the Complaint with prejudice;

c.      For an award of costs to Defendants; and

d.      Such other relief as the Court shall deem just and proper.

1    Dated:  May 20, 2022                    Respectfully submitted,

2

3                                             FENWICK & WEST LLP

4                                             By:  */s/ Brian D. Buckley*
                                                   Brian D. Buckley, WSBA No. 26423

5
                                              FENWICK & WEST LLP
6                                             1191 Second Avenue, 10th Floor
                                              Seattle, WA  98101
7                                             Telephone:  206.389.4510
                                              Facsimile:   206.389.4511
8                                             Email:       bbuckley@fenwick.com

9                                             FENWICK & WEST LLP
                                              Laurence F. Pulgram (admitted *pro hac vice*)
10                                            Jedediah Wakefield (admitted *pro hac vice*)
                                              Tyler G. Newby (admitted *pro hac vice*)
11                                            Armen N. Nercessian (admitted *pro hac vice*)
                                              Esther D. Galan (admitted *pro hac vice*)

12
                                              555 California Street, 12th Floor
13                                            San Francisco, CA 94104
                                              Telephone:  415.875.2300
14                                            Facsimile:   415.281.1350
                                              Email:       lpulgram@fenwick.com
15                                                         jwakefield@fenwick.com
                                                           tnewby@fenwick.com
16                                                         anercessian@fenwick.com
                                                           egalan@fenwick.com

17                                            *Counsel for Defendants*
                                              AMAZON.COM, INC. and
18                                            AMAZON.COM SERVICES LLC

19

20

21

22

23

24

25

26

27

28