UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>             Plaintiffs,<br><br>     v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>             Defendants. | Cause No. C21-0750RSL<br><br>ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on "Plaintiffs' Motion to Compel Discovery Responses." Dkt. # 93. Plaintiffs served their first Requests for Production ("RFP Set 1") on February 4, 2022. Defendants objected to a number of the requests, arguing, *inter alia*, that (a) the requests are overbroad and unduly burdensome to the extent they seek documents from the period before June 2018, (b) the requests are overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case to the extent they seek all documents and/or all communications, and (c) the use of the term "third parties" is argumentative, vague, ambiguous, and/or undefined. Plaintiffs request that the Court overrule these objections, arguing that they are inadequately stated and are being used to improperly curtail discovery. Defendants argue that the motion is procedurally defective, fails to discuss any particular request, and fails to identify the specific information plaintiffs seek to obtain.

ORDER REGARDING PLAINTIFFS'
MOTION TO COMPEL - 1

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. Misrepresentations**

Defendants argue that the motion to compel should be denied because plaintiffs misrepresented the history of the dispute in their motion. Defendants offer no authority for the proposition that discovery should be denied as a sanction for a factual omission or misstatement. It is undisputed that the parties spent hours in conferences and have exchanged significant correspondence regarding RFP Set 1 and the responses thereto. The omission and misstatement defendants identify do not raise an inference that plaintiffs failed to meet and confer in good faith or otherwise justify an outright denial of their motion.

**B. Relevant Time Frame**

The discussions between the parties highlighted a disparity in what they each saw as the relevant time frame for purposes of RFP Set 1. Plaintiffs believe that documents from the year prior to the commercial release of the Alexa device will shed light on the device's design features, its functionality, and the choices defendants made to safeguard or exploit their customer's privacy and that documents from 2013 to the present will reveal how defendants' disclosures to the public have changed over time. Defendants, on the other hand, take the position that only documents created during the limitations period – which, they assert, began to run in June 2018 – need be produced. Through the meet and confer process, the parties reached an agreement that defendants would produce responsive documents from June 2018 to the

ORDER REGARDING PLAINTIFFS'
MOTION TO COMPEL - 2

present, with plaintiffs reserving the right to expand the time frame "based on information revealed in later discovery [] and for specific requests where a broader definition may be necessary to capture relevant and responsive documents." Dkt. # 96-2 at 3.

In their motion, plaintiffs make no effort to show that discovery has revealed a need to expand the relevant time frame or that a complete response to a particular RFP requires such expansion. To the extent plaintiffs have changed their mind and now want responses to all RFPs from July 17, 2013, they have not met and conferred regarding the change. The Court will not compel production of earlier documents at this time.

**C. All Documents and/or Communications**

The Court declines to rule on this issue in the abstract. While it may be entirely appropriate to require defendants to produce each and every document and communication which they contend bound Alexa users to their terms of use/privacy policy (RFP No. 1), forcing defendants to produce all documents and communications relating to the amount defendants charge for the use of Alexa on third party devices (RFP No. 28) would appear to have no benefit over simply producing "documents sufficient to show" those amounts. Without some information regarding the need for a specific universe of documents, the magnitude of that universe, and the complexity/expense of production, the Court cannot determine whether a specific discovery request is proportional to the needs of the case.

ORDER REGARDING PLAINTIFFS'
MOTION TO COMPEL - 3

**D. Third Parties**

A number of the requests in RFP Set 1 seek the disclosure of documents or communications regarding, to, or from "third parties." *See* RFP Nos. 9, 12, 13, 17, 26-31, 33, and 38-40. Defendants object to this phrase, asserting that it is vague, ambiguous, undefined, and argumentative in that it assumes without support that third parties had access to Alexa's voice recordings.[1] Defendants apparently take issue with any suggestion that they disclose voice recordings to outsiders, preferring to use the terms "employees" and "contractors" to describe those it allows to access the recordings. *See* Dkt. # 94 at 101-02 ("Amazon does not transfer to third parties or otherwise allow third parties to access customer Alexa voice recordings. Amazon only allows its own employees (and before early 2020, Amazon's contractors) to access Alexa voice recordings, in addition to users who can access recordings in the Alexa Voice History.").

Plaintiffs argue that the ordinary meaning of "third party" should govern the RFP Set 1, such that defendants' responses should disclose all documents and communications with any person outside of Amazon itself, including contractors. While this argument has some merit, plaintiffs fail to acknowledge that RFP Set 1 uses the terms "employees," "contractors," and "third parties" to mean different groups. *See, e.g.*, RFP No. 17. If "third party" includes

---

[1] Defendants assert that they have not withheld any documents based on these objections (Dkt. # 95 at 13), but there is no declaration or other support for such an assertion. To the contrary, the correspondence between the parties suggests that defendants unilaterally defined "third parties" to exclude contractors and limited their production accordingly.

ORDER REGARDING PLAINTIFFS'
MOTION TO COMPEL - 4

contractors, as plaintiffs now argue, why would contractors be mentioned separately in some of the RFPs?

Assuming, for purposes of this motion, that plaintiffs' use of multiple terms for non-employees created the ambiguity of which defendants complain, the parties could have and should have resolved any such confusion during the meet and confer process. At this point, if defendants continue to refuse to produce information regarding their contractors where only the phrase "third party" is used, plaintiffs may amend RFP Set 1 to expressly seek information regarding contractors.

For all of the foregoing reasons, plaintiffs' motion to compel is DENIED without prejudice to the issues being raised again if the parties reach an impasse in the context of a specific RFP. No additional production will be ordered based on the current record.

Dated this 23rd day of June, 2022.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFFS'
MOTION TO COMPEL - 5