THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

                         Plaintiffs,

    v.

AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,

                         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:21-cv-00750-RSL

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO SEARCH FOR AND PRODUCE RESPONSIVE DOCUMENTS**

NOTE ON MOTION CALENDAR:
October 7, 2022

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# TABLE OF CONTENTS

PAGE(S)

I.      INTRODUCTION ....................................................................................................1

II.     LEGAL STANDARDS ............................................................................................2

III.    ARGUMENT .............................................................................................................3

        A.      Amazon should implement the search terms Plaintiffs proposed. ...........................3

        B.      The search terms Plaintiffs proposed in their final compromise offer are
                narrowly tailored, appropriate to the needs of the case, and do not impose
                an undue burden on Defendants. ...............................................................................4

        C.      Amazon must include ESI custodians Plaintiffs proposed. ....................................6

IV.     CONCLUSION .........................................................................................................8

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- i -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*,
   2020 WL 3100016 (N.D. Fla. June 11, 2020) .............................................................7

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   2008 WL 2795141 (S.D.N.Y. July 18, 2008) .............................................................7

*Benanav v. Healthy Paws Pet Ins. LLC*,
   No. C20-00421-LK, 2022 WL 3587982 (W.D. Wash. Aug. 22, 2022) ....................3

*City of Sterling Heights Gen. Emp. Ret. Sys. v. Prudential Fin., Inc.*,
   2015 WL 5055241 (D.N.J. Aug. 21, 2015) ................................................................7

*Docklight Brands Inc. v. Tilray Inc.*,
   2022 WL 4080683 (W.D. Wash. Sept. 6, 2022).........................................................3

*Edwards v. McDermott Int'l, Inc.*,
   2022 WL 1568279 (S.D. Tex. May 18, 2022).........................................................5, 6

*Lambda Labs, Inc. v. Lambda, Inc.*,
   2021 WL 1176672 (N.D. Cal. Mar. 29, 2021)...........................................................7

*McNearney v. Wash. Dep't of Corr.*,
   2012 WL 3155099 (W.D. Wash. Aug. 2, 2012).....................................................2, 3

*In re Pfizer Inc. Sec. Litg.*,
   288 F.R.D. 297 (S.D.N.Y. 2013) ...............................................................................8

*In re Take Two Interactive Sec. Litig.*,
   2010 WL 11613684 (S.D.N.Y. June 29, 2010) .........................................................5

*In re Wilmington Tr. Sec. Litig.*,
   2018 WL 6046452 (D. Del. Nov. 19, 2018) ..............................................................5

**Statutes**

18 Pa. Cons. Stat. § 5703 ................................................................................................6

Cal. Penal Code § 631......................................................................................................6

Cal. Penal Code § 632......................................................................................................6

Fed. R. Civ. Proc. 26(b)(1) ........................................................................................3, 5

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- ii -

Fed. R. Civ. Proc. 37.............................................................................................................1

Fla. Stat. § 934.03 ...............................................................................................................6

Ill. Comp. Stat. § 5/14-2......................................................................................................6

Mass. Gen. Laws Ch. 272 § 99 ...........................................................................................6

Md. Code Ann., Cts. & Jud. Proc. § 10-402 .......................................................................6

Mich. Comp. Laws § 750.539c ............................................................................................6

N.H. Rev. Stat. § 570-A:2....................................................................................................6

Wash. LCR 37(a) .................................................................................................................1

Wash. Rev. Code § 9.73.030................................................................................................6

Wash. Rev. Code § 19.86 *et seq*. .......................................................................................6

**Other Authorities**

Amazon Form 10-K for Fiscal Year Ended December 31, 2021, *available at*
https://www.sec.gov/Archives/edgar/data/1018724/000101872422000005/am
zn-20211231.htm ..........................................................................................................2

Greg Sterling, *Alexa devices maintain 70% market share in U.S. according to
survey*, MARTECH (Aug. 9, 2019), https://martech.org/alexa-devices-
maintain-70-market-share-in-u-s-according-to-survey/................................................6

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- iii -

1      Plaintiffs respectfully move the Court pursuant to Federal Rule of Civil Procedure 37 and

2 Washington Local Civil Rule 37(a) to compel Defendants to apply a compromise set of search

3 terms and custodians for discovery of electronically stored information ("ESI") that both Parties,

4 not just Defendants, propose utilizing.[1]

5 **I.     INTRODUCTION**

6      Parties to civil litigation are expected to collaborate in good faith, and "cooperate with each

7 other . . . to facilitate the exchange of discoverable information, and to reduce the costs of

8 discovery." W.D. Wash. LCR 26(f). This case is well into its second year, and the discovery

9 deadline is fast approaching. Yet, discovery of the Defendants has barely moved forward because

10 of Defendants' foot dragging, and in many cases, their complete refusal to comply with their most

11 basic discovery obligations.

12      Plaintiffs allege that millions of Americans were illegally wiretapped by Defendants and

13 bring civil claims for damages under the laws of Washington and six other states. By way of

14 example only, Plaintiffs' proposed nationwide sub-class under Washington law seeks actual or

15 liquidated damages, computed in accordance with the statute, on behalf of all Americans —

16 whether Amazon customers or not — whose private communications were illegally recorded by

17 Alexa-enabled devices. Given that Alexa-enabled devices exist in over fifty million households

18 around the country, statutory, liquidated, or other damages are likely to exceed many  hundreds of

19 millions of dollars, and probably will exceed one billion dollars if Plaintiffs prevail at trial.

20

21

22 _____

[1] Plaintiffs have conferred in good faith with Defendants on this dispute. The Parties telephonically
23 met and conferred to discuss search terms and Defendants' responses to Plaintiffs' document
requests on July 5, 2022, July 22, 2022, and  September 2, 2022. The participants on the calls
24 included Guillaume Buell, Derick Cividini, Alexander Cohen, and Danielle Izzo for Plaintiffs and
Armen Nercessian, Samuel Sahagian, and Garner Kropp for Defendants. In addition, the Parties
25 exchanged correspondence on these issues on May 24, 2022, June 8, 2022, June 15, 2022, June
28, 2022, July 5, 2022, July 7, 2022, July 13, 2022, July 19, 2022, July 24, 2022, July 25, 2022,
26 August 1, 2022, August 23, 2022, September 2, 2022, and September 9, 2022.

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1       Plaintiffs have proposed 38 search term strings that are narrowly-tailored to yield

2  documentary evidence relevant to their claims.  *See* Declaration of Guillaume Buell ("Buell

3  Decl.") Ex. B. Unfortunately, Defendants have repeatedly taken difficult and unreasonable

4  positions, refusing to meaningfully even negotiate any of Plaintiffs' five rounds of compromise

5  proposals, which Plaintiffs narrowed the scope of at each turn. The search terms for this important

6  case cannot be narrowed further without risking prejudice to Plaintiffs and the Class in the

7  discovery process.

8       Defendants' position is incompatible with their obligations under the discovery rules.

9  Defendants' burden objections — which are the bases of most of the disputes in this motion to

10  compel — should be overruled because the discovery Plaintiffs seek is directly proportional to the

11  needs of the case. The proportionality and burden considerations the Court should consider include

12  that this is a nationwide class action case involving fundamental privacy interests seeking one

13  billion dollars or more in damages, and the Defendants' resources. Defendant Amazon.com

14  reported earnings of over $33 billion last year, with revenue exceeding $469 billion. Its claims of

15  burden ring hollow – especially when part of that revenue came from the very services at issue in

16  this litigation.[2]  Its efforts to resist reviewing a few million documents in this nationwide class

17  action on the basis that such an effort is too burdensome should be rejected.

18  **II.    LEGAL STANDARDS**

19       A party may only resist the discovery of electronically stored information from sources

20  that the party identifies as not reasonably accessible because of undue burden or cost. *See*

21  *McNearney v. Wash. Dep't of Corr.*, 2012 WL 3155099, at *6 (W.D. Wash. Aug. 2, 2012).  The

22  party from whom discovery is sought must show that the information is not reasonably accessible

23  because of undue burden or cost. *Id*. Here, in assessing whether Plaintiffs' compromise list of

24  search terms and custodians are proportional to the needs of the case, the Court must consider the

25

26  [2] *See* Amazon Form 10-K for Fiscal Year Ended December 31, 2021, *available at* https://www.sec.gov/Archives/edgar/data/1018724/000101872422000005/amzn-20211231.htm.

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ◆ KELLER ◆ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 2 -

1    importance of the issues at stake in the action, the amount in controversy, the parties' relative

2    access to relevant information, the parties' resources, the importance of the discovery in resolving

3    the issues, and whether burden or expense of the proposed discovery outweighs its likely benefit.

4    *See* Fed. R. Civ. Proc. 26(b)(1).

5         A party objecting to the production of ESI must demonstrate that "conducting a thorough

6    search for responsive ESI would pose an undue burden or cost." *McNearney*, 2012 WL 3155099,

7    at *6. Production of ESI typically occurs in two phases: "one based on gathering reasonably

8    accessible relevant documents and a broader search of all databases that could contain relevant

9    information using search terms." *Benanav v. Healthy Paws Pet Ins. LLC*, No. C20-00421-LK,

10   2022 WL 3587982, at *3 (W.D. Wash. Aug. 22, 2022) (quoting *Albert v. Lab. Corp. of Am.*, 536

11   F. Supp. 3d 798, 801 (W.D. Wash. 2020)). "The fact that production of documents will be time

12   consuming and expensive is not ordinarily a sufficient reason to refuse to produce material if the

13   requested material is relevant and necessary to the discovery of admissible evidence." *Docklight*

14   *Brands Inc. v. Tilray Inc.*, 2022 WL 4080683, at *3 (W.D. Wash. Sept. 6, 2022).

15   **III.    ARGUMENT**

16        **A.    Amazon should implement the search terms Plaintiffs proposed.**

17        Defendants first proposed bare-bones search terms for this case on May 24, 2022. *See* Buell

18   Decl. Ex. J. On June 8, 2022, Plaintiffs proposed additional search terms that, for the first set of

19   custodians Defendants proposed, returned a total of 952,022 documents for review. Buell Decl.

20   Ex. H. Defendants objected that Plaintiffs' proposed search terms were too burdensome. Buell

21   Decl. Ex. I. Defendants initially insisted on limiting search terms to just a handful of custodians

22   Defendants unilaterally self-selected, severely limiting the searches for relevant materials.

23        In an effort to reach a compromise, over the next ten weeks, Plaintiffs made five additional

24   compromise offers, each time reducing the number of documents retrieved significantly. ***Each***

25   ***time***, Defendants categorically rejected Plaintiffs' compromises, declared that Plaintiffs' search

26   terms were too broad, and made little or no effort to even negotiate. On August 23, 2022, Plaintiffs

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ✦ KELLER ✦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 3 -

1   sent their *fifth* compromise offer to Defendants.  Buell Declaration Ex. B. Defendants rejected it

2   too. Ex. E. The Parties have now reached an impasse on search terms. Thus, Plaintiffs ask the

3   Court to compel Defendants to apply the most recent compromise offer of search terms Plaintiffs

4   proposed, which are attached as Exhibit B to the Buell Declaration.

5       Resolving this dispute over search terms will also likely resolve a number of related,

6   pending disputes over Defendants' other objections to Plaintiffs' document requests. Plaintiffs

7   believe that if the Court grants this motion to compel in full (compelling the use of Plaintiffs'

8   additional search terms and custodians on top of those Defendants proposed), many of the other

9   issues the Parties have been wrangling over should then resolve themselves.

10   **B.    The search terms Plaintiffs proposed in their final compromise offer
          are narrowly tailored, appropriate to the needs of the case, and do not
11        impose an undue burden on Defendants.**

12      The fifth, and final, ESI search term compromise that Plaintiffs proposed on August 23,

13   2022, is attached as Exhibit B to the Buell Declaration. Plaintiffs' proposed search terms include:

14   - ((user* OR buyer OR customer OR consumer OR purchaser OR shopper OR client OR
15     *register* OR speaker OR child* OR minor) W/5 (consen* OR agree* OR permit* OR
      permission OR approv* OR assent* OR *authori* OR allow* OR comply OR complian*
16     OR subscrib* OR understand* OR transparen* OR grant OR yes)) AND (Alexa OR Echo
      OR record* OR message* OR communicat* OR voice* OR audio* OR speech OR
17     transcript*)

18   - (review* OR analy* OR listen OR human OR manual*) W/5 (record* OR message* OR
19     communicat* OR voice* OR audio* OR speech OR transcript* OR statement OR utterance
      OR exchange* OR request* OR interact* OR transfer* OR transmission OR content* OR
20     input* OR history OR profile OR interpret* OR transcri* OR evaluat* review* OR listen*)

21   - (awoke OR wake*) W/25 (mistak* OR false OR misunderst* OR uninten* OR early OR
22     prematur* OR error OR fault OR confus* OR misinterpret OR misconstrue OR *noise*
      OR complaint OR investigat* OR exam* OR probe OR inquir*)

23   *See* Buell Decl. Ex. B. Each proposed search string was developed to capture documents Plaintiffs

24   will need in order to establish their claims at trial. Plaintiffs provided Defendants with an

25   explanation of why each proposed search term was necessary and relevant in July 2022. *See*

26

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 4 -

1  Exhibit A to the Buell Declaration.[3] As noted *supra*, during the course of ten weeks of negotiations

2  over this issue, Plaintiffs made ***five rounds of cuts*** to their proposed search terms. Each time,

3  Defendants simply rejected Plaintiffs' proposal, and did not even make a counteroffer beyond their

4  first, bare-bones offer.

5        Instead, Defendants repeatedly asserted that Plaintiffs' proposed search terms were just too

6  burdensome because the number of documents returned were supposedly too high. Amazon cites

7  to Washington's model ESI order, which presumes overbreadth if a term returns more than 400

8  unique documents. While this may be appropriate guidance in some much smaller cases, it is not

9  intended for complex class action cases such as this case. As Defendants admit, the Parties agreed

10 not to adopt this term, instead agreed to "cooperate in good faith to reach agreement on a final set

11 of search terms or queries to collect and produce relevant and responsive ESI." ECF No. 89 at §

12 (c)(2)(a)(ii).

13       In complex nationwide class actions, it is common—rather than unduly burdensome—for

14 a corporate defendant to review millions of documents in discovery. *See, e.g.*, *Edwards v.*

15 *McDermott Int'l, Inc.*, 2022 WL 1568279 (S.D. Tex. May 18, 2022) (adopting search terms

16 proposed by plaintiffs that yielded over one million documents after Rule 26(b)(1) analysis); *In re*

17 *Wilmington Tr. Sec. Litig.*, 2018 WL 6046452, at *5 (D. Del. Nov. 19, 2018) (13 million

18 documents produced); *In re Take Two Interactive Sec. Litig.*, 2010 WL 11613684, at *3 (S.D.N.Y.

19 June 29, 2010) (1.4 million documents produced). Thus, the importance of the discovery sought

20 in resolving the issues also weighs in favor of the search terms Plaintiffs propose.

21       Here too, Plaintiffs' proposed search terms yield results proportional to the needs of this

22 case. Plaintiffs allege violations of the Washington Consumer Protection Act, and state and federal

23

---

24 [3] While the July 5, 2022 proposal referred to an earlier, broader set of search terms, the concepts
   each string of search terms relates to remains the same. *Compare* Buell Decl. Ex. H *with* Buell
25 Decl. Ex. B. Plaintiffs' compromise offers have substantially shortened each proposed search
   string rather than eliminating any outright, since they were appropriate to the needs of the case
26 when originally proposed.

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 5 -

1    wiretapping laws of six other states by one of the largest corporations in the world. *See* Wash.

2    Rev. Code § 19.86 *et seq*. These are important issues that broadly impact consumers nationally

3    and the millions of people who live with those consumers. Plaintiffs' claims allow for statutory

4    damages of between $100 per day per class member to $1,000 per day per class member. *See*

5    Wash. Rev. Code § 9.73.030; Fla. Stat. § 934.03; N.H. Rev. Stat. § 570-A:2; Mass. Gen. Laws Ch.

6    272 § 99; Cal. Penal Code § 631; Cal. Penal Code § 632; Md. Code Ann., Cts. & Jud. Proc. § 10-

7    402; 18 Pa. Cons. Stat. § 5703; 720 Ill. Comp. Stat. § 5/14-2; Mich. Comp. Laws § 750.539c.

8    Given the number of Americans in homes with Alexa devices, the damages Plaintiffs will seek at

9    trial likely will exceed hundreds of millions of dollars.[4] The amount in controversy weighs in favor

10   of proportionality. *See Edwards*, 2022 WL 1568279 at *3 ("The large amount Plaintiffs are seeking

11   to recover (more than $1 billion in damages) weighs heavily in favor of allowing the sought-after

12   discovery."). Finally, the burden of the proposed discovery is appropriate.

13          The documents requested consist of electronic documents in Amazon's exclusive control.

14   "Because Defendants have complete and exclusive control over [Amazon's] electronic platforms,

15   Plaintiffs have no way of obtaining such information other than from Defendants through the

16   discovery process. This factor also weighs in favor of the proportionality of the sought-after

17   discovery." *Id.* Finally, Amazon's resources are not a constraint given its financial heft.

18          **C.      Amazon must include ESI custodians Plaintiffs proposed.**

19          The Parties are also at an impasse as to which current and former Amazon employees' ESI

20   should be collected and searched as part of Defendants' discovery obligation.

21          On May 9, 2022, Defendants disclosed a list of ***just six*** ESI custodians they claim have

22   discoverable information to the litigation. Ex. C. Due to Defendants' refusal to meaningfully

23

24   _____

25   [4] For example, one study suggests that in March 2019, there were more than 50 million Alexa
     devices in the U.S. alone. *See* Greg Sterling, *Alexa devices maintain 70% market share in U.S.*
     *according to survey*, MARTECH (Aug. 9, 2019), https://martech.org/alexa-devices-maintain-70-
26   market-share-in-u-s-according-to-survey/.

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 6 -

1   engage in discovery, Plaintiffs were left in the dark for months about what additional current and

2   former Amazon employees should be ESI custodians. With the benefit of the discovery Amazon

3   has produced, in concert with Plaintiffs' own investigation of publicly-available information,

4   Plaintiffs on August 29, 2022 proposed an additional 30 custodians. *See* Buell Decl. Ex. D

5   (correspondence to Defendants listing proposed custodians and their relevance). Plaintiffs'

6   proposed additional 30 custodians held senior positions in or previously managed various aspects

7   of Amazon's Alexa sector, including security, technology, voice, and privacy practices and thus

8   are relevant to Plaintiffs' claims. They include persons Amazon listed on its Initial Disclosures as

9   well as other important senior Amazon employees who have significant responsibilities regarding

10  Alexa. Defendants have failed to show otherwise, and their untimeliness argument is without

11  merit, particularly at this stage of discovery negotiations. *See In re 3M Combat Arms Earplug*

12  *Prod. Liab. Litig.,* 2020 WL 3100016, at *1-4 (N.D. Fla. June 11, 2020) (compelling production

13  of documents from relevant custodians despite Defendant's argument that Plaintiffs' designation

14  of additional custodians was "untimely"); *Cf. Lambda Labs, Inc. v. Lambda, Inc.*, 2021 WL

15  1176672, at *2 (N.D. Cal. Mar. 29, 2021) (barring request for additional custodians *after* the close

16  of discovery).

17        Defendants outright rejected Plaintiffs' proposal, calling it untimely and vaguely

18  suggesting it would render the Parties' negotiations over other discovery issues "meaningless."

19  Buell Decl. Ex. E. This nonsensical objection lays bare the fact that in this massively complex

20  class action about illegal wiretapping of millions of Americans by Amazon, it is obvious that more

21  than six ESI custodians will be necessary. In complex class actions, it is routine for there to be

22  dozens or more ESI custodians. *See, e.g.*, *City of Sterling Heights Gen. Emp. Ret. Sys. v. Prudential*

23  *Fin., Inc.*, 2015 WL 5055241, at *4 (D.N.J. Aug. 21, 2015) (allowing ten additional custodians,

24  bringing the total number to seventy-six custodians); *In re Am. Int'l Grp., Inc. Sec. Litig.*, 2008

25  WL 2795141, at *2 (S.D.N.Y. July 18, 2008) (discovery included "more than 400 different

26

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 7 -

1  custodians"); *In re Pfizer Inc. Sec. Litg.*, 288 F.R.D. 297, 305 (S.D.N.Y. 2013) (discovery included

2  94 custodians).

3        The ESI Order acknowledges that discovery is an iterative process, and allows for

4  additional searches and queries as information becomes available, and requires the parties to

5  "cooperate in good faith to reach agreement on any additional search terms or queries." *See* ECF

6  No. 89 at § (c)(2)(b). Yet here, Defendants refused to consider Plaintiffs' proposal, refused to

7  provide a counter proposal, and refused to engage in meaningful discussion on the subject,

8  ignoring Plaintiffs' request to confer on the issue if necessary. *See* Buell Decl. Ex. E.

9        Defendants' unreasonable positions are evidenced by their refusal to consider individuals

10  they themselves acknowledged as relevant.[5] For example, Plaintiffs proposed adding Anne Toth,

11  Amazon's Director of Alexa Trust, as an ESI custodian. Defendants refused, despite the fact that

12  ***Defendants themselves listed Ms. Toth in their Initial Disclosures as an individual likely to have***

13  ***discoverable information*** regarding "Amazon's privacy policies for handling of Alexa-related

14  data, including data from 'false wakes.'" *See* Buell Decl. Ex. F.

15        Accordingly, Plaintiffs respectfully request the Court compel Defendants to include as ESI

16  custodians the 30 additional persons Plaintiffs proposed.

17  **IV.    CONCLUSION**

18        Plaintiffs request that the Court grant this motion and compel Defendants to employ the

19  ESI search terms Plaintiffs most recently offered that are attached as Exhibit B to the Buell

20  Declaration, for the reasons set forth herein.

21

22

23

24  _____

25  [5] Defendants failed to counter-propose or initially suggest Bjorn Hoffmeister, Mat Hans, Roland Maas, or Rohit Ghatol, individuals they themselves have identified in response to Plaintiffs' Interrogatories as "additional persons with knowledge about use of recordings or audio files of Alexa interactions."

26

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Respectfully submitted,

DATED: September 22, 2022

*/s/ Bradley S. Keller*

**BYRNES KELLER CROMWELL LLP**
BRADLEY S. KELLER (WSBA# 10665)
1000 Second Avenue
Seattle, WA 98104
Telephone: 206/622-2000
206/622-2522 (fax)
bkeller@byrneskeller.com

*Liaison Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
MICHAEL P. CANTY
(admitted *pro hac vice*)
CAROL C. VILLEGAS
(admitted *pro hac vice*)
GUILLAUME BUELL
(admitted *pro hac vice*)
DAVID SALDAMANDO
(admitted *pro hac vice*)
DANIELLE IZZO
(admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
mcanty@labaton.com
cvillegas@labaton.com
gbuell@labaton.com
dsaldamando@labaton.com
dizzo@labaton.com

**ROBBINS GELLER
RUDMAN & DOWD LLP**
PAUL J. GELLER
STUART A. DAVIDSON
(admitted *pro hac vice*)
ALEXANDER H. COHEN
(admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
acohen@rgrdlaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**BURSOR & FISHER, P.A.**
L. TIMOTHY FISHER
(admitted *pro hac vice*)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: 925/300-4455
925/407-2700 (fax)
ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
ALEC M. LESLIE
(admitted *pro hac vice*)
MAX S. ROBERTS
(admitted *pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: 646/837-7150
212/989-9163 (fax)
aleslie@bursor.com
mroberts@bursor.com

***ZIMMERMAN REED LLP***
BRIAN C. GUDMUNDSON
(admitted *pro hac vice*)
JASON P. JOHNSTON
(admitted *pro hac vice*)
MICHAEL J. LAIRD
(admitted pro hac vice)
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612/341-0400
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com

**LOCKRIDGE GRINDAL
NAUEN P.L.L.P.**

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

Byrnes ♦ Keller ♦ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ROBERT K. SHELQUIST
(admitted *pro hac vice*)
REBECCA A. PETERSON
(admitted *pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
612/339-0981 (fax)
rkshelquist@locklaw.com
rapeterson@locklaw.com

*Interim Counsel for Plaintiffs and the Class*

PLAINTIFFS' MOTION TO COMPEL
Case No.: 2:21-cv-00750-RSL

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- 11 -