THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-00750-RSL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO SEARCH FOR AND PRODUCE RESPONSIVE DOCUMENTS**<br><br>NOTE ON MOTION CALENDAR:<br>October 7, 2022 |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO SEARCH FOR AND PRODUCE RESPONSIVE DOCUMENTS
Case No.: 2:21-cv-00750-RSL

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.   ARGUMENT ..............................................................................................................1

    A.   Plaintiffs' Proposed Search Terms Are Relevant And Proportional. .......................1

        1.   Defendants Do Not Identify Any Burden. ....................................................3

        2.   Defendants Improperly Seek to Minimize the Scope of Discovery. ...........4

    B.   Plaintiffs' Request To Add Custodians Is Proportional............................................5

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- i -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Benanav v. Healthy Paws Pet Ins. LLC*,
  2022 WL 3587982 (W.D. Wash. Aug. 22, 2022) ........................................................................6

*In re Diisocyanates Antitrust Litig.*,
  2021 WL 4295729 (W.D. Pa. Aug. 23, 2021) ............................................................................4

**Statutes**

Cal. Penal Code § 631 ...............................................................................................................1

Cal. Penal Code § 632 ...............................................................................................................1

S.C.A. 8 U.S.C. §2702 ...............................................................................................................4

Wash. Rev. Code Ann. § 9.73.030 .............................................................................................1

**Other Authorities**

U.S. Dist. Court W.D. Wash. Model ESI Agr.,
  https://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf ..........................5

Fed. R. Civ. Proc. 26 ..................................................................................................................6

Fed. R. Civ. Proc. 26(b)(1) ........................................................................................................5

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- ii -

Defendants' opposition to Plaintiffs' motion distorts the Parties' ESI negotiations and offers no substantive explanation why 36 custodians culled from their 1.6 million employees do not have information about the claims and defenses. Similarly, Defendants slyly shy away from arguing that any of the one million pages returned are irrelevant or can't be further culled using TAR. Instead, Defendants focus on (i) delay which they fostered by stringing out the meet-and-confer process and slow rolling document productions, and (ii) on chastising Plaintiffs for using all available information from scant discovery and public sources to identify custodians from each of the corporate partitions related to the recordings at issue and the use of data derived from those recordings.

## I.    ARGUMENT

### A.    Plaintiffs' Proposed Search Terms Are Relevant And Proportional.

Plaintiffs' proposed search terms are narrowly tailored to collect documents specifically sought by their Requests for Production. As an example, the following search string:

> *(awoke OR wake\*) W/25 (mistak\* OR false OR misunderst\* OR uninten\* OR early OR prematur\* OR error OR fault OR confus\* OR misinterpret OR misconstrue OR \*noise\* OR slip\* OR complaint OR investigat\* OR exam\* OR probe OR inquir\*)*

specifically addresses requests 2–4, 6, 10, 13, 19, 23, 32. ECF No. 114, Ex. A. at 2; Buell Declaration Ex. A. These requests seek information about how Alexa responds in the absence of wake words, communications about those responses, and related policies. ECF No. 116, Ex. J at 11–16. These requests go to the heart of Plaintiffs' claims and are clearly relevant and proportional to the needs of the case. Plaintiffs require this ESI to prove, inter alia, Defendants' intent and how Alexa functions. *See* Cal. Penal Code § 631; Cal. Penal Code § 632; Wash. Rev. Code Ann. § 9.73.030.

Similarly, the following search string:

> *(third OR developer OR skill\* OR manufactur\* OR contractor\*) W/10 (record\* OR message\* OR communicat\* OR voice\* OR audio\* OR speech OR transcript\* OR statement OR utterance OR announc\* OR remark\* OR exchange\* OR request\* OR interact\* OR transfer\* OR transmission OR content\* OR input\* OR history OR profile OR \*data\* OR document\* OR \*file\*)*

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- 1 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

directly addresses requests 9, 12, 13, 17, 26-31, 33, and 38-40 (ECF No. 114, Ex. A at 3) which seek information about Defendants' third-party contractors, the way in which such contractors received or access recordings, and whether Defendants notified Plaintiffs of the third-party review. Further, the following search string is tied to requests 7-8, 11-12, 18, 25-26, 30, 31, and 33:

> *(user\* OR buyer OR customer OR consumer OR purchaser OR shopper OR client OR \*register\* OR speaker OR child\* OR minor) W/15 (consen\* OR agree\* OR permit\* OR permission OR approv\* OR assent\* OR authori\* OR allow\* OR comply OR complian\* OR concur\* OR subscrib\* OR accept\* OR decid\* OR decision OR understand\* OR transparen\* OR grant OR yes) AND (transmission OR content\* OR input\* OR history OR profile OR \*data\* OR document\* OR \*file\*)*

ECF No. 114, Ex. A at 4. They seek documents about consent or authorization to record and transmit recordings, an issue at the heart of this action.

In their opposition, Defendants do not, and cannot, argue that the proposed search terms, when read in their entirety, are not appropriately tailored. Instead, Defendants cherry-pick single terms or words out of proposed search strings. This approach is nonsensical. It is no different than arguing that a sentence or paragraph does not make sense by only pointing to certain words within it and ignoring the rest. ECF No. 124. Indeed, Defendants' ***own*** proposed search terms contain the same or similar "common" words such as "secret", "early", and "train." Defendants' effort to label Plaintiffs' search terms as overly broad because they use words Defendants call "common" fails.

Defendants never—in writing or otherwise—identified a search string in its entirety as not relevant. Nor can they do so, since Plaintiffs proposals referenced relevant requests for production and complaint paragraphs. ECF No. 114, Ex. A.

Defendants similarly insist that Plaintiffs' attempts to negotiate search terms were not made in good faith because the proposals did not remove any search terms. That argument fails. First, Plaintiffs repeatedly reduced the proximity of terms, which reduced the number of hits by a large percentage with each proposal. Second, Defendants concede that Plaintiffs' final offer removed a substantial number of search terms, but that just wasn't enough. Nonsense. Plaintiffs substantially

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- 2 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

reduced their proposed search terms during the meet and confer process.

Defendants also grossly mischaracterize Plaintiffs' good-faith efforts by failing to inform the Court that **Plaintiffs' efforts to reach a compromise during the summer reduced the number of hits by 33%—a third of the original request.** Importantly, after Plaintiffs' first proposed search terms, Defendants never made a genuine counterproposal; instead, they just rejected each of Plaintiffs' compromises and reverted to a repackaged version of their original proposal. ECF No. 114, Ex. E. Defendants also wrongly argue that Plaintiffs failed to comply with the ESI Order's "good faith explanation" provision. Not true. Over the course of four letters and over five email exchanges, Plaintiffs provided lengthy explanations of why their ESI proposals were appropriate. Defendants ignore all this. Plaintiffs' significant efforts over five months was precisely what the ESI Order requires of a party.

Finally, Defendants' assertion that Plaintiffs "falsely claim" that Defendants did not provide a counteroffer, (*see* ECF No. 124 at 5), is itself untrue. Defendants ***never*** meaningfully engaged with ***any*** of Plaintiffs' ESI proposals, instead focusing on cherry-picked terms and insisting on extensive and unnecessary written correspondence. ECF No. 114, Ex. I at 2. And Defendants' July 24, 2022 "proposal" was not a genuine counteroffer. It repackaged their first proposal with four "categories" of terms that Plaintiffs had counter-proposed themselves to Defendants' previously proposed search strings, with no explanation of why Plaintiffs' other suggested terms were inappropriate. As Plaintiffs had already rejected that proposal, it was not serious. Defendants are also wrong to argue that Plaintiffs' counsel orally "represented that it was not their intention to have either side review a million or more documents." ECF No. 124 at 1–2, 3. Plaintiffs never made that assertion. In a complex nationwide class action like this one, it is not unusual for a party to collect and review more than one million documents.

### 1. Defendants Do Not Identify Any Burden.

Defendants' argument that Plaintiffs' proposed search terms are overly burdensome is conclusory and circular. Defendants claim, with no evidentiary support whatsoever, that adopting

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- 3 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Plaintiffs' proposed search terms and adding custodians would impose an "extraordinary burden" and "disproportionate costs and burdens." ECF No. 124 at 2, 6. These bare assertions—neither of which is supported by any declaration testimony—are the only references to burden in Defendants' entire brief. As this Court recently noted, the party resisting discovery must support their assertions of burden. ECF No. 123 at 4. Defendants have not even attempted to do so. *See also In re Diisocyanates Antitrust Litig.*, 2021 WL 4295729, at *10 (W.D. Pa. Aug. 23, 2021), *R&R adopted*, 2021 WL 4295719 (W.D. Pa. Sept. 21, 2021) ("the large percentage of documents collected by the plaintiffs' search terms, standing alone, is not meaningful").

### 2. Defendants Improperly Seek to Minimize the Scope of Discovery.

***First,*** Defendants improperly cite to the Court's Order partially granting Defendants' motion to dismiss. That Order did not substantially impact the scope of this case in terms of the discovery Plaintiffs need. The order primarily reduced which Plaintiffs can recover under which claims, which has no relevance whatsoever to the scope of discovery relevant to Plaintiffs' remaining claims. But the key issues about illegal recordings remains. For example, it impacted discovery requests based on the Stored Communications Act. *See* ECF No. 91 at 27–28. Defendants have not identified any such requests in opposing Plaintiffs' motion.

At trial, Plaintiffs will show the jury, *inter alia*, that "(1) Amazon's Alexa devices record, permanently store, use, and transmit to third parties (including human reviewers) communications in the absence of a wake word and (2) plaintiffs reasonably expected that the devices would respond to a question or command only if the wake word were used and that, in doing so, the question or command would be stored only long enough to process the communication and generate a response." *See* ECF No. 91 at 1. Plaintiffs will also show "that Alexa devices are fully capable of functioning without the need to record, store, and/or share voice recordings." *Id.* The search terms Plaintiffs propose are tailored to obtain discovery relevant to proving these claims.

***Second,*** Defendants' place outsized reliance on the Court's model ESI protocol. The document doesn't require parties to adhere to certain parameters, and because the Parties

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- 4 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

negotiated a different ESI protocol, it does not serve as a baseline of reasonableness especially due to the unique needs of this case. The model is designed for a typical civil action and not a complex, nationwide class action involving potentially over one billion dollars in damages. It recognizes that by specifying that the "Search related numbers . . . may be sufficient in certain cases, but not in others."[1] The model leaves it to the parties to "meet and confer to establish the appropriate . . . numbers based on the complexity, proportionality and nature of the case." *Id.*

The parties agreed to the terms of the existing ESI protocol, not the model protocol, in recognition of the uniquely complex nature of this case. Rule 26(b)(1) requires the Court look to the needs of **this case** to determine whether Plaintiffs' discovery requests are proportional. Fed. R. Civ. Proc. 26(b)(1).

### B. Plaintiffs' Request To Add Custodians Is Proportional

First, Plaintiffs' proposed ESI custodians should be compelled because they are likely to have discoverable information, and Defendants fail to show otherwise. Amazon's corporate structure requires that Defendants collect ESI from individuals in different teams to understand how the surreptitious recordings and data derived from those recordings is used, what policies exist regarding the use of those recordings and whether those policies vary from team to team, and similar issues key to Plaintiffs' case. While Defendants steadfastly refuse to produce basic organizational charts, Defendants admitted in their previous motion to compel that "Amazon separates internal access to different types of data across different teams." ECF No. 106 at 10. This concession justifies the custodians Plaintiffs propose beyond the few high level senior managers with only supervisory responsibilities Defendants put forward. ECF No. 124 at 1. Plaintiffs are entitled to the communications of the employees doing the work not just the sanitized communications of senior supervisors.

Second, Defendants try to impugn Plaintiffs' proposed custodians by claiming they were

---

[1] U.S. Dist. Court W.D. Wash. Model ESI Agr., https://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf.

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- 5 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

"found by searching for names on the Internet." ECF No. 124 at 10; *see also id.* at 1, 12. Not so. Plaintiffs identified their proposed custodians based on Defendants' own documents, Rule 26 disclosures, ***as well as*** publicly available information. ECF No. 114, Ex. D. at 1.

Third, Defendants argue—without elaboration or support—that adding custodians would "dramatically increase . . . the burden on Amazon." ECF No. 124 at 6. Defendants offer no reason why adding the proposed custodians would constitute an "undue burden" in the context of a case of this scope and complexity. Defendants cannot even rely on deceptively large numbers in this instance, as they have not provided either Plaintiffs or the Court with **any hit report** for the proposed additional custodians. Accordingly, on this record, they have no basis to argue that the number of documents is going to increase at all, much less sixfold.

Finally, Defendants argue that Plaintiffs have failed to "show their proposed custodians have "unique, relevant, non-cumulative information." ECF No. 124 at 12. But it is Defendants who are resisting discovery, and therefore have the burden of showing that Plaintiffs' proposed custodians are irrelevant or cumulative. *Benanav v. Healthy Paws Pet Ins. LLC*, 2022 WL 3587982, at *2 (W.D. Wash. Aug. 22, 2022) ("The party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence.").

Defendants mischaracterize and exaggerate the timeline of discovery discussions leading to Plaintiffs' request for additional custodians. As Defendants detail, the Parties engaged in prolonged discussions regarding discovery parameters. ECF No. 124 at 3–6. The parties engaged in multiple telephone conferences, followed by letter exchanges requested by Defendants, followed by delays in Defendants' response. ECF No. 113 at 1 n.1. Plaintiffs were unable to determine the adequacy of Defendants' proposed custodians until reviewing Defendants' rolling document productions. Those productions were substantially delayed and contained a bare minimum of responsive material.

For the foregoing reasons, Plaintiffs request that the Court grant this Motion to Compel.

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

\- 6 -

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

|    |                              |                                                              |
|----|------------------------------|--------------------------------------------------------------|
| 1  |                              | Respectfully submitted,                                      |
| 2  | DATED: October 7, 2022       | /s/ Bradley S. Keller                                        |
| 3  |                              |                                                              |
| 4  |                              | **BYRNES KELLER CROMWELL LLP**<br>BRADLEY S. KELLER (WSBA# 10665) |
| 5  |                              | 1000 Second Avenue<br>Seattle, WA 98104                      |
| 6  |                              | Telephone: 206/622-2000<br>206/622-2522 (fax)                |
| 7  |                              | bkeller@byrneskeller.com                                     |
| 8  |                              | *Liaison Counsel for Plaintiffs and the Class*               |
| 9  |                              | **LABATON SUCHAROW LLP**                                     |
| 10 |                              | MICHAEL P. CANTY<br>(admitted *pro hac vice*)                |
| 11 |                              | CAROL C. VILLEGAS<br>(admitted *pro hac vice*)               |
| 12 |                              | GUILLAUME BUELL                                              |
| 13 |                              | (admitted *pro hac vice*)<br>DAVID SALDAMANDO                |
| 14 |                              | (admitted *pro hac vice*)<br>DANIELLE IZZO                   |
| 15 |                              | (admitted *pro hac vice*)<br>140 Broadway                    |
| 16 |                              | New York, NY 10005<br>Telephone: 212/907-0700                |
| 17 |                              | 212/818-0477 (fax)<br>mcanty@labaton.com                     |
| 18 |                              | cvillegas@labaton.com                                        |
| 19 |                              | gbuell@labaton.com<br>dsaldamando@labaton.com                |
| 20 |                              | dizzo@labaton.com                                            |
| 21 |                              | **ROBBINS GELLER**                                           |
| 22 |                              | **RUDMAN & DOWD LLP**<br>PAUL J. GELLER                      |
| 23 |                              | STUART A. DAVIDSON<br>(admitted *pro hac vice*)              |
| 24 |                              | ALEXANDER H. COHEN                                           |
| 25 |                              | (admitted *pro hac vice*)<br>120 East Palmetto Park Road, Suite 500 |
| 26 |                              | Boca Raton, FL 33432<br>Telephone: 561/750-3000              |

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- 7 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
acohen@rgrdlaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**BURSOR & FISHER, P.A.**
L. TIMOTHY FISHER
(admitted *pro hac vice*)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: 925/300-4455
925/407-2700 (fax)
ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
ALEC M. LESLIE
(admitted *pro hac vice*)
MAX S. ROBERTS
(admitted *pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: 646/837-7150
212/989-9163 (fax)
aleslie@bursor.com
mroberts@bursor.com

**ZIMMERMAN REED LLP**
BRIAN C. GUDMUNDSON
(admitted *pro hac vice*)
JASON P. JOHNSTON
(admitted *pro hac vice*)
MICHAEL J. LAIRD
(admitted pro hac vice)
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612/341-0400
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- 8 -

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

ROBERT K. SHELQUIST
(admitted *pro hac vice*)
REBECCA A. PETERSON
(admitted *pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
612/339-0981 (fax)
rkshelquist@locklaw.com
rapeterson@locklaw.com

*Interim Counsel for Plaintiffs and the Class*

PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION
Case No.: 2:21-cv-00750-RSL

- 9 -

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000