1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

          Plaintiffs,

    v.

AMAZON.CO, INC., *et al.*,

          Defendants.

Cause No. C21-0750RSL

ORDER GRANTING
PLAINTIFFS' MOTION TO
COMPEL

      This matter comes before the Court on "Plaintiffs' Motion to Compel Defendants to Search for and Produce Responsive Documents." Dkt. # 113. Plaintiffs allege that defendants' Alexa-enabled devices were sold to consumers using unfair or deceptive advertising and illegally record conversations in violation of state law. They seek statutory, liquidated, and other damages which could exceed a billion dollars. Plaintiffs have proposed 38 strings of terms to be used when searching the electronically-stored information ("ESI") of 36 Amazon employees. Defendants object to the discovery requests, asserting that the search terms lack relevance and proportionality and that the requested production would be unduly burdensome. They also argue

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 1

that plaintiffs failed to comply with the ESI Order negotiated by the parties and request that the motion be denied on that ground.[1]

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

**A. Relevance and Proportionality**

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case...." In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

---

[1] To the extent defendants object to the discovery requests on the ground that plaintiffs' request to increase the number of record custodians from six to thirty-six was untimely or unjustified, the objection is overruled.

[2] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 2

1
2
3
4

Defendants argue that many of plaintiffs' proposed search terms have no connection to its Alexa service and are therefore irrelevant. As examples, defendants object to the following two search term strings:

5
6
7
8
9

> (user* OR buyer OR customer OR consumer OR purchaser OR shopper OR client OR *register* OR speaker OR child* OR minor) W/5 (consen* OR agree* OR permit* OR permission OR approv* OR assent* OR authori* OR allow* OR comply OR complian* OR subscrib* OR understand* OR transparen* OR grant OR yes) AND (statement OR utterance OR announc* OR remark* OR exchange* OR request* OR interact* OR transfer*)

10
11
12
13
14
15

> (user* OR buyer OR customer OR consumer OR purchaser OR shopper OR client OR *register* OR speaker OR child* OR minor) AND (record* OR message* OR communicat* OR voice* OR audio* OR speech OR transcript* OR statement OR utterance OR exchange* OR request* OR interact* OR transfer* OR transmission OR content* OR input* OR history OR profile OR *data*) AND (profit* OR income OR revenue)

16
17
18
19
20
21
22
23
23
25
26
27
28

Defendants' relevance objection is based on the fact that if you select the broadest term from each list that is joined by an "and" – in the first instance, that would be "user" and "understand" and "interact" – you will undoubtedly return some documents that are not relevant to plaintiffs' claims. Plaintiffs' queries may not be perfect, but they represent a good faith effort to generate search term strings that will capture relevant documents. In response to defendants' repeated assertions that the proposed search parameters would generate too many documents, plaintiffs made five revisions to their initial proposals during the meet and confer process, narrowing the requests and reducing the number of hits by a third. Plaintiffs' revised strings, even when deconstructed as defendants have done, will capture relevant documents regarding their **users'**

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 3

**understanding** of how their **interactions** with Alexa would be recorded/used and how their **users' data** has been monetized to generate **revenue**. A document request designed to obtain and focused on relevant materials, whether in the form of a written request for production or an ESI search term string, is not objectionable simply because some irrelevant documents may also be responsive. Defendants have not identified any discrete alterations in the proposed search terms that would ensure that all responsive documents would be relevant, and such precision cannot reasonably be expected using the blunt tool of a Boolean search.

With regards to the proportionality requirement, if plaintiffs are going to prove their claims that defendants duped customers into purchasing a recording device that defendants then used to illegally record private conversations and generate additional revenues, they need discovery regarding Amazon's intent/knowledge, complaints, and how Alexa-enabled devices function. These devices are ubiquitous in our society, and plaintiffs are seeking astronomical damages commensurate with the number of people who have been recorded over the years. In this context, the importance of the issues at stake in the action, the importance of the discovery in resolving those issues, the amount in controversy, defendants' exclusive access to the information, and Amazon's resources all support a finding that the discovery requests are proportional. The only remaining issue is whether the burden or expense of the proposed discovery outweighs its likely benefit, an issue that is discussed below.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 4

**B. Undue Burden**

Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. The Court is authorized to "forbid[ ] inquiry into certain matters, or limit[ ] the scope of disclosure or discovery to certain matters...." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Defendants argue that it would be unduly burdensome to require them to produce responsive documents from the six records custodians they identified, much less from the additional 30 custodians plaintiffs have identified. The party seeking to defeat discovery on the ground that a request is unduly burdensome must allege specific facts showing the nature and extent of the burden: "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Foltz*, 331 F.3d at 1130 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). *See also Raya v. Barka*, No. 3:19-CV-2295-WQH-AHG, 2022 WL 686460, at *7 (S.D. Cal. Mar. 8, 2022);

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 5

*Dunlap v. Alaska Radiology Assocs., Inc.*, No. 3:14-CV-00143-TMB, 2019 WL 13193359, at *3 (D. Alaska Mar. 22, 2019); *Awosika v. Target Corp.*, No. 11-0185-RSM, 2011 WL 13048452, at *1 (W.D. Wash. May 26, 2011); *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528–29 (D. Nev. 1997)).

Defendants offer nothing but a representation that there are over 630,000 responsive documents in the possession of its six designated custodians and speculation that if the same hit rate applies to the additional 30 custodians, there would be another 3.1 million responsive documents (and potentially as many as 4.4 million). Dkt. # 124 at 6. While the scope of the production is undoubtedly vast, so too are the claims and damages at issue. Defendants make no attempt to explain how or why running the searches over 36 custodians is onerous, nor do they provide any data regarding the amount of time or expense incurred in reviewing and producing responsive documents. In the absence of key data that is relevant to the subject, it is impossible to conclude that the burden imposed by the requested production is "undue."

**C. ESI Order**

In April 2022, the Court entered an order regarding discovery of ESI based on the parties' agreement. Dkt. # 89. Under the terms of the order, plaintiffs are entitled to request additional search terms or queries "along with a good faith explanation for the requested additional search terms or queries." Dkt. # 89 at 3. Neither party is obligated to agree with the others' proposed search terms, but they are obligated to "cooperate in good faith to reach agreement." *Id.* "Any disputes over the final set of search terms or queries shall promptly be brought before the Court

for resolution." *Id.* Plaintiffs engaged in the meet and confer process in good faith, offering justifications for and modifications to their discovery requests over the course of months. When their last proposal was rejected on September 9, 2022 (Dkt. # 114-5) plaintiffs filed this motion less than two weeks later. Defendants have not shown a violation of the ESI Order or that any such violation would waive plaintiffs' right to discovery that is permissible under Rule 26.

For all of the foregoing reasons, plaintiffs' motion to compel (Dkt. # 113) is GRANTED.

Dated this 31st day of October, 2022.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 7