UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>　　　　　　Defendants. | Cause No. C21-0750RSL<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL (Dkt. # 118) |

This matter comes before the Court on "Plaintiffs' Motion to Compel Defendants to Respond to Interrogatories." Dkt. # 118. Plaintiffs served interrogatories on defendants on February 8, 2022. Although defendants supplemented their responses following the parties' meet and confer, plaintiffs remain unsatisfied with their responses to Interrogatory Nos. 1-8 and 13.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO COMPEL (Dkt. # 118) - 1

### A. Interrogatory No. 1

> "Identify the number of arbitrations brought against Defendants regarding alleged surreptitious, illegal, or false wake recordings and for each identify: 1) the arbitration forum, company, or provider; 2) the procedures, rules, and expended or anticipated costs of each arbitration; 3) the arbitrator(s) assigned in each of those matters; and 4) the results of each of those matters."

Dkt. # 119-1 at 5. Plaintiffs identify a number of issues to which the response to this interrogatory may be relevant. Dkt. # 118 at 5. Although some of those issues are not in dispute (such as numerosity), defendants have raised affirmative defenses based on plaintiffs' purported consent to its recording practices. Prior claims that the recording was surreptitious, illegal, and/or based on false wakes go to both the adequacy of defendants' disclosures and their knowledge of any defect therein. The information is, therefore, relevant.

Defendants also object to the ten-year time period for the request and argue that the request is not proportional to the needs of the case. Any claims of false wakes or illegality preceding 2014 cannot be related to Alexa devices (which were first sold in 2014) and would therefore be irrelevant. Defendants need respond only for 2014 to the present. As to proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). These factors favor production of the limited information plaintiffs seek regarding

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO COMPEL (Dkt. # 118) - 2

arbitrations that involve the same allegations as are asserted here. Defendants must respond to Interrogatory No. 1 for the period 2014 to the present.

**B. Interrogatory Nos. 2 and 3**

> "Identify all Terms of Use and Privacy Policies (including versions) You contend are binding on each Plaintiff."

> "Describe with particularity – including the relevant dates, times, device serial numbers, and associated Amazon accounts – the process by which You contend that each Plaintiff became bound by the Terms of Use and Privacy Policies identified in your response to Interrogatory No. 2, above, and identify the individual(s) most knowledgeable about that process."

Dkt. # 119-1 at 5 and 6. Defendants concede that the requested information is relevant and proportional to the case and have responded with regards to accounts held by a named plaintiff. Defendants assert, however, that they cannot respond to these interrogatories as to plaintiffs Kaeli Garner, Ricky Babani, and Caron Watkins because plaintiffs have not provided the written consent of the non-party account holders on whose devices Garner, Babani, and Watkins were recorded. If defendants thought notice to its customers was necessary to protect customer privacy and/or their own business interests, they have had more than eight months to provide such notice in keeping with their privacy policy and their obligations under the federal discovery rules. For the reasons stated in this Court's order regarding plaintiffs' requests for production (Dkt. # 138 at 2-4), defendants will be compelled to supplement its responses to Interrogatory Nos. 2 and 3.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO COMPEL (Dkt. # 118) - 3

### C. Interrogatory Nos. 4, 6, 7, and 8

> "Identify on a state-by-state basis the number of unique voice profiles and automatically recognized voices associated with and/or registered to Alexa devices with device locations in each of the 50 states."

> "Identify all voice profiles or automatically recognized voices associated with any Alexa device registered by or associated with the Amazon accounts you contend were accessed or otherwise utilized by Plaintiffs."

> "Describe the process or processes by which each automatically recognized voice or voice profile for Plaintiffs or anybody else you contend registered the Alexa device was created and identify the individuals most knowledgeable about the process or processes."

> "Of the voice profiles and automatically recognized voices identified in response to Interrogatory No. 4, above, state the number of unique voices that you have identified as belonging to individuals other than Alexa device registrants."

Dkt. # 119-1 at 7, 9, 10 and 11. Defendants object to these interrogatories on the ground that they are irrelevant to the central issues of the case, namely how communications are recorded by Alexa-enabled devices and whether users consented to those recordings. In making this argument, defendants ignore the allegations in the amended complaint that they improperly monetized plaintiffs' personal data (in particular, their voices) for their own commercial benefit and without payment. Plaintiffs' Washington Consumer Protection Act claim is based in part on the allegation that defendants designed Alexa to collect data and intentionally chose not to disclose that fact so that it could accumulate and monetize the information without fear of retarding sales or limiting the reach of the devices. Evidence that defendants were, in fact, using their Alexa devices to profile voices rather than simply responding to inquiries posed furthers

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO COMPEL (Dkt. # 118) - 4

that claim. In addition, defendants fail to acknowledge that the number of recognizable voices (whether they are called voice profiles, automatically recognized voices, or Alexa Voice IDs) compared to the number of registered users will help identify the universe of unregistered class members and inform the damages calculations. Defendants will be required to supplement their responses to Interrogatory Nos. 4, 6, and 8.

With regards to Interrogatory No. 7, plaintiffs have not shown that the technical aspects of how defendants identify voices is relevant to any claim or defense in this litigation. Defendants need not respond to this interrogatory.

**D. Interrogatory No. 5**

> "Identify all communications by and between Plaintiffs and Defendants and all records Defendants possess regarding Plaintiffs and anyone else Amazon recorded on Plaintiffs' devices, including, but not limited to, any file, dossier, data compilation, or storage of data referenced in Amazon's Privacy Notice."

Dkt. # 119-1 at 8. In their motion to compel, plaintiffs rephrase this interrogatory as seeking "all communications between Defendants and Plaintiffs, and all records Defendants have regarding each Plaintiff." Dkt. # 118 at 9-10. As modified, the interrogatory seeks relevant information regarding what defendants know about the named plaintiffs and may reveal how defendants use the data collected through its Alexa-enabled devices. Defendants shall supplement their response to Interrogatory No. 5 as modified in plaintiffs' motion.

**E. Interrogatory No. 13**

> "Identify all individuals who review, listen to, have access to, or analyze voice recording, voice prints, or audio clips from Alexa devices. For each individual

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO COMPEL (Dkt. # 118) - 5

identified, provide the name, mailing address, phone number, and identify whether they are employees, contractors, or independent contractors of Defendants or another company."

Dkt. # 119-1 at 15. Defendants need not respond to this interrogatory for the reasons stated in this Court's order regarding plaintiffs' requests for production, Dkt. # 138 at 8-9.

For all of the foregoing reasons, plaintiffs' motion to compel is GRANTED in part and DENIED in part. Defendants shall supplement their response to Interrogatory Nos. 1-4, 5 (as modified), 6, and 8, as set forth above.

Dated this 7th day of November, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO COMPEL (Dkt. # 118) - 6