THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 2:21-cv-00750-RSL<br><br>**DEFENDANT AMAZON'S MOTION FOR PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF ITS SENIOR VICE PRESIDENT OF DEVICES AND SERVICES**<br><br><u>NOTE ON MOTION CALENDAR</u>:<br>September 1, 2023<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
CASE NO. 2:21-CV-00750-RSL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101

**TABLE OF CONTENTS**

Page

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

    I.    MR. LIMP'S ROLE............................................................................................2

    II.    PLAINTIFFS' DEMAND FOR MR. LIMP'S DEPOSITION...................................3

ARGUMENT ...................................................................................................................................3

    I.    LEGAL STANDARD.........................................................................................3

    II.    THE COURT SHOULD PRECLUDE MR. LIMP'S DEPOSITION UNDER THE "APEX DOCTRINE."..........................................................................4

        A.    Mr. Limp Does Not Have Unique, First-Hand, Non-Repetitive Knowledge Relevant to this Case. ..............................................................4

        B.    Plaintiffs Have Not Even Attempted Less Burdensome Discovery Methods. ......................................................................................7

CONCLUSION..................................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Affinity Labs of Texas v. Apple, Inc.*,
 No. C 09-4436, 2011 WL 1753982 (N.D. Cal. May 9, 2011) ................................................5

*BAE Sys. San Diego Ship Repair v. U.S.*,
 No. 22-cv-00515, 2023 WL 3081288 (S.D. Cal. Apr. 24, 2023) .........................................6, 7

*Bicek v. C&S Wholesale Grocers, Inc.*,
 No. 2:13-cv-0411, 2013 WL 5425345 (E.D. Cal. Sep. 27, 2013) ..........................................4

*Celerity, Inc. v. Ultra Clean Holding, Inc.*,
 2007 WL 205067 (N.D. Cal. Jan. 25, 2007) ..........................................................................4

*Dauth v. Convenience Retailers, LLC*,
 No. C 13-047, 2013 WL 4103443 (N.D. Cal. Aug. 12, 2013) .............................................4, 7

*Doble v. Mega Life & Health Ins.*,
 No. C 09-1611, 2010 WL 1998904 (N.D. Cal. May 18, 2010) ............................................4, 6

*Ellena v. Standard Ins. Co.*,
 No. C 12-05401, 2013 WL 4520200 (N.D. Cal. Aug. 23, 2013) ............................................4

*Klungvedt v. Unum Grp.*,
 No. 2:12-cv-00651, 2013 WL 551473 (D. Ariz. Feb. 13, 2013) ............................................4

*M.H. v. County of Alameda*,
 No. 11-cv-02868, 2013 WL 5497176 (N.D. Cal. Oct. 3, 2013) .............................................4

*Mulvey v. Chrysler Corp.*,
 106 F.R.D. 364 (D.R.I. 1985) ..................................................................................................5

*Robinett v. Opus Bank*,
 C12-1755MJP, 2013 WL 5850873 (W.D. Wash. Oct. 30, 2013) ...................................3, 4, 5

*Rookaird v. BNSF Ry. Co.*,
 C14-176RSL, 2015 WL 11233096 (W.D. Wash. July 8, 2015) ..........................................4, 5

**STATUTES**

Washington Consumer Protection Act ...........................................................................................4

AMAZON'S OBJECTIONS TO R&R RE
MOTION TO COMPEL ARBITRATION
CASE NO.: 2:19-CV-910-RAJ-MLP

- ii -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

# INTRODUCTION

Courts in the Ninth Circuit routinely apply the "apex" doctrine to protect a company's senior officers and executives when an opposing party seeks unnecessary and harassing depositions. That is precisely what is happening here. Plaintiffs seek to depose David Limp, Amazon's Senior Vice President of Device & Services, who reports directly to Amazon's CEO. Mr. Limp manages a large organization of more than 22,500 employees that offers numerous products and services, including Kindle, FireTV, Fire tablets, Ring, Blink, Amazon Appstore, Project Kuiper (satellite internet), Zoox (self-driving cars), and Alexa. Given the breadth of his role, Mr. Limp does not have day-to-day responsibility for managing any of these products or services. Rather, he relies on a team of senior leaders who report to him and have far more granular knowledge about each product or service than he does. Nonetheless, Plaintiffs have insisted on deposing Mr. Limp about one product in his portfolio—Alexa—before deposing *any* of the Amazon employees who actually work on the Alexa team.

The Court should not allow this. Under well-established precedent, to depose an "apex" officer like Mr. Limp, Plaintiffs must show that (1) the officer has unique, non-repetitive, firsthand knowledge relevant to the case, and (2) they have exhausted other, less intrusive means of discovery without success. Plaintiffs cannot show either.

First, Plaintiffs cannot show that Mr. Limp's knowledge on any relevant topic is unique. According to Plaintiffs, they seek to depose Mr. Limp about privacy issues related to Alexa, "strategy decisions," and certain emails and public statements. But other individuals in the Alexa organization who had direct responsibility for Alexa privacy, including privacy-related features, policies, and public disclosures, would know far more than Mr. Limp about these issues. Other individuals in the Alexa organization also led and participated in strategic and operational decisions and would know more about them than Mr. Limp. And while Mr. Limp received emails and made certain public statements relating to Alexa, Plaintiffs cannot show that they reflect any unique, firsthand knowledge.

Second, Plaintiffs have not even tried to obtain such information from other sources. In addition to taking no depositions before demanding Mr. Limp's deposition, Plaintiffs have not

served even one written discovery request directed toward Mr. Limp's role, public statements, or emails. Their failure to attempt *any* less burdensome discovery alone warrants a protective order.

Plaintiffs may try to justify their tactics on the ground that Mr. Limp has announced plans to retire. But he continues to serve in his capacity as a Senior Vice President, and in addition to those responsibilities he will be actively engaged in helping to ensure an efficient transition before his retirement. Requiring him to sit for a deposition would therefore be particularly disruptive. Because Plaintiffs cannot show they need Mr. Limp's deposition to obtain information uniquely within his possession or that they have tried to pursue less disruptive discovery, the Court should grant Amazon's motion for a protective order.

## **BACKGROUND**

### I.     Mr. Limp's Role

Mr. Limp is the Senior Vice President of Amazon Devices & Services. *See* Declaration of David Limp ("Limp Decl.") ¶ 1. He reports directly to Amazon's Chief Executive Officer Andy Jassy. *See id*. ¶ 2. The Devices and Services organization is responsible for the development, retail sales, and operational aspects of Amazon's consumer electronics and the services behind them. *See id*. ¶ 4. In addition to Alexa and Echo, these products and services include eero, FireTV, Fire tablets, Kindle, Ring, Blink, Day 1 Editions, Amazon Key, Amazon Appstore, Project Kuiper, Vesta, Astro, Smart Home, Smart Vehicles, and Zoox. *See id*. ¶ 3. There are over 22,500 employees in the Amazon Devices and Services organization. *See id*.

Mr. Limp does not lead the Alexa team and is not involved in the day-to-day management of the Alexa voice service. *See id*. ¶ 4. Although he has knowledge about the Alexa service, he does not have any unique insight into how it receives, processes, and retains voice inputs, the privacy features it offers, or how users are notified about and consent to the use of voice recordings. *See id*. Instead, less senior personnel on Mr. Limp's team, including many who work exclusively on Alexa matters, would have more specific and granular knowledge than him. *See id*. ¶¶ 4-6.

On August 14, 2023, Mr. Limp announced plans to retire from Amazon within a few months. *See id*. ¶ 8. But he continues to work in his existing position at Amazon and does not have a set retirement date. *Id*. Along with his other responsibilities, until his retirement, Mr. Limp

will be actively engaged in helping to shift his responsibilities to others and working to ensure an efficient and seamless transition. *Id.*

## II. Plaintiffs' Demand For Mr. Limp's Deposition

Plaintiffs noticed Mr. Limp's deposition on August 4, 2023. *See* Declaration of Melissa Lawton ("Lawton Decl.") ¶ 2. According to Plaintiffs, they seek to depose Mr. Limp about privacy issues related to Alexa, Alexa "strategy decisions," and certain public statements and emails relating to Alexa. *See id.* ¶ 4, Ex. B. But other witnesses know more than Mr. Limp about these topics. *See* Limp Decl. ¶¶ 4-6. Amazon has identified several high-level Amazon employees who were directly involved with Alexa, and Plaintiffs are scheduled to depose three of them over the next month and have noticed a fourth that has yet to be scheduled. *See* Lawton Decl. ¶ 6; *see also* Limp Decl. ¶ 5. For example, Plaintiffs are scheduled to depose Amazon Director of Applied Science Shiv Vitaladevuni, Vice President of Alexa Ambient Intelligence Service Manoj Sindhwani, Vice President of Alexa Devices and Developer Technologies Nedim Fresko, and former Head of Alexa Trust Beatrice (Geoffrin) Bremer, who collectively have knowledge relating to false wakes, how the Alexa service functions, and Alexa privacy features, policies, and disclosures. *See id.* Plaintiffs have also stated that they plan to take depositions of additional Amazon fact witnesses, plus a 30(b)(6) deposition on several topics. *See* Lawton Decl. ¶¶ 6-7.

On August 10, 2023, Amazon sent Plaintiffs a letter requesting that they withdraw Mr. Limp's deposition notice because it was—at the very least—premature. *See id.* ¶ 3, Ex. A. Amazon explained that Mr. Limp does not have unique knowledge on the relevant facts, and Plaintiffs had not exhausted the less burdensome discovery methods available to them. *See id.* Plaintiffs flatly rejected Amazon's request. *See id.* ¶ 4, Ex. B. They stated that if Amazon did not provide dates for Mr. Limp's deposition by August 25, 2023, they would move to compel his deposition. *See id.*

## ARGUMENT

### I. Legal Standard

Courts in the Ninth Circuit routinely bar or limit depositions of senior officers and executives like Mr. Limp because of the "tremendous potential for abuse or harassment." *Robinett*

*v. Opus Bank*, C12-1755MJP, 2013 WL 5850873, *5 (W.D. Wash. Oct. 30, 2013) (*quoting Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, *3 (N.D. Cal. Jan. 25, 2007)).[1] To curb the potential for abuse, a party seeking an "apex deposition" must establish (1) that the executive has "unique, non-repetitive, firsthand knowledge of the facts at issue in the case," and (2) "that other less intrusive means of discovery such as interrogatories and depositions of other employees, have been exhausted without success." *Id.* (precluding apex deposition); *see also Rookaird v. BNSF Ry. Co.*, C14-176RSL, 2015 WL 11233096, *1 (W.D. Wash. July 8, 2015) (Lasnik, J.) (same, citing *Robinett*'s two element test); *Doble v. Mega Life & Health Ins.,* No. C 09-1611, 2010 WL 1998904, *1 (N.D. Cal. May 18, 2010) (same). Because Plaintiffs cannot satisfy either requirement for an apex deposition to proceed, the Court has two, independent grounds for entering the requested protective order.

**II.   The Court Should Preclude Mr. Limp's Deposition Under the "Apex Doctrine."**

    **A.   Mr. Limp Does Not Have Unique, First-Hand, Non-Repetitive Knowledge Relevant to this Case.**

As the Court will recall, Plaintiffs assert that Amazon—through its Alexa voice service—violated state and federal wiretapping laws and the Washington Consumer Protection Act by allegedly recording, using, reviewing, and sharing users' voice recordings without notice or consent. Dkt. 91, Order re Motion to Dismiss at 17, 20-21. As Mr. Limp's Declaration shows, he is not a key witness on these issues. *See* Limp Decl. ¶¶ 4-6. Mr. Limp is the senior most executive in a large organization responsible for many Amazon Devices & Services, not just Alexa. *See id*. ¶ 3. Unlike Mr. Limp, other Amazon employees have hands-on, day-to-day responsibility for Alexa, and have more granular, specific knowledge than Mr. Limp about relevant

---

[1] *See also Klungvedt v. Unum Grp.*, No. 2:12-cv-00651, 2013 WL 551473, *3 (D. Ariz. Feb. 13, 2013) (granting protective order for the deposition of high ranking corporate official); *Dauth v. Convenience Retailers, LLC*, No. C 13-047, 2013 WL 4103443, *2 (N.D. Cal. Aug. 12, 2013) (prohibiting deposition of President and CEO at least until less intrusive discovery is exhausted); *Ellena v. Standard Ins. Co.*, No. C 12-05401, 2013 WL 4520200, *2 (N.D. Cal. Aug. 23, 2013) (granting protective order for the deposition of company's vice president); *M.H. v. County of Alameda*, No. 11-cv-02868, 2013 WL 5497176, *2 (N.D. Cal. Oct. 3, 2013) (denying motion to compel deposition of company's CEO); *Bicek v. C&S Wholesale Grocers, Inc.*, No. 2:13-cv-0411, 2013 WL 5425345, *6 (E.D. Cal. Sep. 27, 2013) (granting a protective order for depositions of high-level executives); *Celerity,* 2007 WL 205067 at *3 (granting protective order for depositions of Board Chairman and President).

issues, including Alexa privacy features, how Alexa devices detect the "wake word," unintended activations of Alexa (sometimes called "false wakes"), and how users are notified about and consent to the use of voice recordings. *See id.* ¶ 4. Because Mr. Limp oversees the entire Devices & Services organization, he has *some* knowledge relating to these issues, but many personnel who work exclusively on Alexa would have far more information than Mr. Limp regarding these topics, as Mr. Limp relied on them to keep him informed about relevant facts. *See id.* ¶¶ 4-6.

Ignoring this, Plaintiffs claim that they need Mr. Limp's deposition because of statements he made during an interview and certain email communications. *See* Lawton Decl. ¶ 4. Neither argument holds up to scrutiny. First, the mere fact that Mr. Limp spoke publicly about an issue Plaintiffs consider relevant does not justify his deposition. "Case law abounds with opinions which stand for the proposition that '[t]he mere fact that [an apex officer] made public statements, even on issues that [plaintiffs] consider[] relevant to [their] claims, [is] insufficient to justify his deposition.'" *Robinett*, 2013 WL 5850873, *6 (*quoting Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436, 2011 WL 1753982, *16 (N.D. Cal. May 9, 2011)). In *Rookaird*, for example, this Court blocked the deposition of BNSF's CEO in a whistleblower's wrongful termination lawsuit, notwithstanding that the CEO, as head of BNSF's accountability review board, had publicly "promised to review the dismissals of BNSF employees to verify that the dismissals were just and right decisions." 2015 WL 11233096 at *2. The deposition was denied because "it appears unlikely that [CEO] has any unique personal knowledge … or that he has any information relevant to this case that could not be gathered from other potential witnesses that defendant has identified." *Id.* Indeed, courts preclude apex depositions even when the party seeking the deposition cited multiple public statements and (unlike Plaintiffs here) had already deposed lower-level employees. *See Affinity Labs*, 2011 WL 1753982 at *16 (precluding plaintiffs' deposition of Apple's CEO based on more than 15 public statements); *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364 (D.R.I. 1985) (rejecting plaintiffs' request to depose Chrysler's chairman based on several public statements he made relevant to Chrysler's liability).

Here, Mr. Limp's public statement fails to justify his deposition. Addressing human review of Alexa voice recordings following a Bloomberg report, Mr. Limp stated: "We try to articulate

1  what we're doing with our products as clearly as we can ... but if I could go back in time and I
2  could be more clear and the team could be more clear on how we were using human beings to
3  annotate a small percentage of the data I would for sure." *See* Limp Decl. ¶ 6.  As Mr. Limp
4  explains in his declaration, that statement does not reflect any unique knowledge about Amazon's
5  disclosures or about the human review of Alexa voice recordings. *See id.*  On its face, the statement
6  plainly refers to disclosures that "we," the Alexa *team,* had made.  Others on the team would have
7  more information than Mr. Limp about the contents of those disclosures and how they changed
8  over time.  *See id*.  Thus, Mr. Limp's public statements do not show that he has unique, non-
9  repetitive, firsthand knowledge on any relevant issue.

10  Plaintiffs' reliance on a handful of emails Mr. Limp received is also unavailing.  The fact
11  that an executive receives emails on a topic does not mean that executive's knowledge is *unique*.
12  Thus, in *Doble*, 2010 WL 1998904, the court precluded the deposition of defendant's CEO, despite
13  the plaintiff's claim that emails exhibited the CEO's direct involvement in the determination of
14  their insurance claims.  *Id*. at *1-3.  The court held that the emails were indicative of "pure high-
15  level management, and not the type of hands-on action which demonstrates the unique personal
16  knowledge required to compel [the] deposition of a[n] [apex officer]." *Id*. at *43.  Likewise, in
17  *BAE Sys. San Diego Ship Repair v. U.S.*, No. 22-cv-00515, 2023 WL 3081288, *5-6 (S.D. Cal.
18  Apr. 24, 2023), the court precluded a high-ranking naval officer's deposition under the apex
19  doctrine, in part because cited emails—while showing that the witness was familiar with the
20  issues—did not show *unique* knowledge, and other personnel of various ranks were copied on the
21  emails.

22  The same is true here.  If anything, the emails Plaintiffs have identified highlight Mr.
23  Limp's *lack* of unique knowledge.  At most, they show Mr. Limp's involvement in high level
24  management, not the type of hands-on action that demonstrates unique firsthand knowledge.  And
25  multiple lower-level employees appearing on the email threads could speak to the subject of the
26  emails.  These include Beatrice (Geoffrin) Bremer, the Head of Alexa Trust from 2017 to 2022,
27  whom Plaintiffs have already noticed for a deposition. *See* Lawton Decl. ¶ 6; *see also* Limp Decl.
28  ¶ 5.

DEFENDANTS' MOTION FOR
PROTECTIVE ORDER
CASE NO. 2:21-CV-00750-RSL

- 6 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

Finally, Plaintiffs argue that Mr. Limp's deposition is warranted because they contend (wrongly) that he was a "decision-maker" for all things Alexa, and therefore has unique information relevant to Amazon's intent under California's wiretapping statute. *See* Lawton Decl. ¶ 4, Ex. B.; *see also* Limp Decl. ¶¶ 4-6. But as Mr. Limp attests, many strategic and operational decisions relating to Alexa were made by, or in collaboration with, less senior employees who could testify about those decisions. *See* Limp Decl. ¶¶ 4-6. Moreover, Plaintiffs can point to no authority suggesting that merely pleading a claim with an intent element provides a basis to depose a company's apex officers. That is simply not the law in the Ninth Circuit.

In sum, Plaintiffs cannot show Mr. Limp has unique knowledge relevant to this case, and his title, public statements, and emails do not change that. Accordingly, the Court should preclude any deposition of Mr. Limp.

**B.     Plaintiffs Have Not Even Attempted Less Burdensome Discovery Methods.**

Even if an apex officer has some personal knowledge about pertinent issues, courts will still prohibit their depositions when the party seeking the deposition fails to demonstrate that the information is unavailable through less intrusive means. *See BAE Sys. San Diego Ship Repair*, 2023 WL 3081288 at *6 (precluding apex deposition when testimony sought could be obtained through less burdensome means, specifically, through an interrogatory); *Dauth*, 2013 WL 4103443 at *2 (prohibiting deposition of President and CEO at least until less intrusive discovery is exhausted).

Here, Plaintiffs have made no effort to determine whether the discovery they supposedly need from Mr. Limp can be secured through less intrusive means. Instead, they threatened motion practice before taking even one other deposition, and without explaining why written discovery would be insufficient. Lawton Decl. ¶¶ 1-3, Ex. B.

The first Amazon witness deposition in this case took place yesterday, August 23, 2023. *See id*. ¶ 5. Plaintiffs have noticed depositions of four additional Amazon witnesses. *See id*. ¶ 6. They have stated that they intend to depose additional Amazon witnesses plus a 30(b)(6) deposition on multiple topics. *See id*. ¶¶ 6-7. Many of these same witnesses, including executives, work directly on Alexa and have more in-depth knowledge than him on matters relevant to this

case. Limp Decl. ¶¶ 4-6. Plaintiffs will have sufficient opportunities to conduct additional depositions in the coming months. Because Plaintiffs have failed to exhaust (or even attempt) less intrusive means of discovery, a protective order is warranted.

## CONCLUSION

Plaintiffs' demand to depose Mr. Limp despite his lack of unique firsthand knowledge, and before even trying to get information from other means, is exactly what the apex doctrine seeks to prevent. The Court should issue a protective order prohibiting his deposition. If, after further discovery, Plaintiffs believe they can meet the high bar for taking an apex deposition of Mr. Limp, they can move for reconsideration at that time.

Dated: August 24, 2023

**FENWICK & WEST LLP**

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com

Laurence F. Pulgram (admitted *pro hac vice*)
Jedediah Wakefield (admitted *pro hac vice*)
Armen N. Nercessian (admitted *pro hac vice*)
Garner F. Kropp (admitted *pro hac vice*)

555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: lpulgram@fenwick.com
jwakefield@fenwick.com
anercessian@fenwick.com
gkropp@fenwick.com

Melissa Lawton (admitted *pro hac vice*)
Esther D. Galan (admitted *pro hac vice*)
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA 90401
Telephone: 310.434.5400
Facsimile: 650.938.5200
Email: mlawton@fenwick.com
egalan@fenwick.com

*Counsel for Defendants*
AMAZON.COM, INC. and
AMAZON.COM SERVICES LLC

## LOCAL RULE 7(E)(2) CERTIFICATION

I certify that this memorandum contains 2,860 words, in compliance with Local Civil Rule 7(e)(2).

Dated: August 24, 2023

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423