THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES, LLC, a Delaware Limited Liability Company, <br><br> Defendants. | Case No.: 2:21-cv-00750-RSL <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANT AMAZON'S MOTION FOR PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF ITS SENIOR VICE PRESIDENT OF DEVICES AND SERVICES** <br><br> <u>NOTE ON MOTION CALENDAR</u>: <br> September 8, 2023 <br><br> ORAL ARGUMENT REQUESTED |

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:21-CV-00750-RSL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

**TABLE OF CONTENTS**

| | Page |
|---|---:|
| SUMMARY | 1 |
| ARGUMENT | 1 |
|     I.    Limp Is An Apex Officer. | 1 |
|     II.   Plaintiffs Have Not Satisfied The Two-Part Apex-Deposition Test. | 2 |
|           A.    Plaintiffs Cannot Show That Limp Has Unique Knowledge. | 3 |
|           B.    Plaintiffs Have Not Pursued Discovery Through Less Intrusive Means. | 5 |

REPLY IN SUPPORT OF DEFENDANTS'  
MOTION FOR PROTECTIVE ORDER  
CASE NO.: 2:21-CV-00750-RSL

- i -

FENWICK & WEST LLP  
401 UNION STREET, 5TH FLOOR  
SEATTLE, WASHINGTON 98101

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Affinity Labs of Texas v. Apple, Inc.*,
   2011 WL 1753982 (N.D. Cal. May 9, 2011) ................................................................................5

*Apple Inc. v. Samsung Elecs. Co.*,
   282 F.R.D. 259 (N.D. Cal. 2012) ...............................................................................................2

*Bicek v. C&S Wholesale Grocers, Inc.*,
   No. 2:13-cv-0411, 2013 WL 5425345 (E.D. Cal. Sep. 27, 2013) .........................................2, 3

*Doble v. Mega Life & Health Ins. Co.*,
   No. C09-1611, 2010 WL 1998904 (N.D. Cal. May 19, 2010) ...................................................4

*Ellena v. Standard Ins. Co.*,
   No. C12-05401 SC (LB), 2013 WL 4520200 (N.D. Cal. Aug. 23, 2013) ..................................2

*Groupion, LLC v. Groupon, Inc.*,
   No. 11-0870 MEJ, 2012 WL 359699 (N.D. Cal. Feb. 2, 2012) .............................................2, 3

*Robinett v. Opus Bank*,
   C12-1755MJP, 2013 WL 5850873 (W.D. Wash. Oct. 30, 2013) ..........................................3, 5

*Rookaird v. BNSF Ry. Co.*,
   C14-176RSL, 2015 WL 11233096 (W.D. Wash. July 8, 2015) .......................................2, 3, 5

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:21-CV-00750-RSL

- ii -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

**SUMMARY**

Plaintiffs contend that David Limp, Amazon's Senior Vice President of Devices & Services, is not an apex executive because he reports to Amazon's CEO and therefore is not at the "uppermost point" of the company. This semantic argument is simply not credible. The apex doctrine has never been limited to one executive per company (particularly one Amazon's size), nor has it been limited to executives with specific job titles, such as CEO. Rather, courts applying the apex doctrine focus on the executive's role and the attendant burden on the company if he or she were forced to sit for a deposition.

Measured by this standard, there is no question that Limp is an apex executive. He leads an organization of over 22,000 people that covers a vast range of products and services, not just Alexa. In that role, as he describes in his declaration, Limp relies heavily on other senior leaders to manage day-to-day operations and make significant strategic decisions. He does not have unique knowledge about Alexa that would be relevant to this case, and diverting his attention from his duties for a deposition would broadly impact Amazon's Devices & Services business, not just the Alexa organization. That is the model of an apex executive.

Because Limp is an apex executive, to force his deposition Plaintiffs must show that (1) Limp has unique, non-repetitive, first-hand knowledge, and (2) Plaintiffs have exhausted less burdensome discovery methods without success. For the first prong, Plaintiffs argue that Limp has *some* potentially relevant knowledge, but they fail to show he has any *unique* relevant knowledge. For the second prong, Plaintiffs claim without support that only Limp (and Amazon's CEO) can speak to certain unnamed Alexa features and unspecified strategic decisions. Tellingly, Plaintiffs do not identify any less intrusive discovery steps they have taken to obtain this mystery information or how it is relevant. Plaintiffs therefore do not satisfy the apex-deposition test, and Amazon's motion should be granted.

**ARGUMENT**

**I.     Limp Is An Apex Officer.**

Plaintiffs' position that Limp is not an apex officer is not credible. *See* Dkt. 200, Pls.' Opp. to Mot. for Prot. Order ("Opp.") at 2-3. He is the Senior Vice President of Amazon Devices &

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:21-CV-00750-RSL

- 1 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1  Services and reports directly to Amazon's CEO.  Dkt. 196, Declaration of David Limp ("Limp
2  Decl.") ¶ 3.  The organization that Limp oversees has over 22,500 employees and offers many
3  products and services, including Alexa.  *Id*.  These range from Project Kuiper, Amazon's satellite
4  broadband network, to Zoox, an autonomous vehicle service.  *Id*.  Thus, Limp is not, as Plaintiffs
5  mischaracterize, the head of the Alexa "department."  Opp. at 3.  Rather, the Alexa organization
6  (with over 10,000 employees) is just one that reports to Limp.  Limp Decl. ¶ 2-3.

7  Amazon has not taken Limp's apex status "for granted," as Plaintiffs argue.  Opp. at 2.
8  Amazon supported its motion with a detailed declaration describing Limp's role, explaining that
9  he relies on teams to manage each product or service, and identifying specific witnesses with more
10  detailed knowledge of Alexa.  Limp Decl. ¶¶ 4-5.

11  Plaintiffs also argue that the apex doctrine protects only CEOs and board chairs.  Not so.
12  The apex doctrine applies not just to the *most* senior person in a company, but to "high-level
13  corporate executives."  *Rookaird v. BNSF Ry. Co.*, C14-176RSL, 2015 WL 11233096, *1 (W.D.
14  Wash. July 8, 2015).  Indeed, many courts have barred the depositions of such executives with
15  different titles and varying degrees of seniority.  *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 282
16  F.R.D. 259, 265-66 (N.D. Cal. 2012) (precluding Samsung's Mobile *Division* President's
17  deposition); *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, *1-6 (N.D.
18  Cal. Feb. 2, 2012) (four Senior Vice Presidents); *Ellena v. Standard Ins. Co.*, No. C12-05401 SC
19  (LB), 2013 WL 4520200, *1-3 (N.D. Cal. Aug. 23, 2013) (Vice President); *Bicek v. C&S
20  Wholesale Grocers, Inc.*, No. 2:13-cv-0411, 2013 WL 5425345, *6 (E.D. Cal. Sep. 27, 2013)
21  (Executive Vice President).  Limp is plainly such a high-level executive, and the apex doctrine's
22  policy considerations apply fully here.

23  **II.     Plaintiffs Have Not Satisfied The Two-Part Apex-Deposition Test.**

24  Plaintiffs deride the apex doctrine as a "magical incantation" (Opp. at 1) not found in the
25  Federal Rules.  *Id.* at 4.  But in the Ninth Circuit, the apex doctrine is a well-established "judicially-
26  created vehicle [that] appropriately seeks to limit the potential for the discovery rules to serve as a
27  tool for harassment."  *Apple*, 282 F.R.D. at 263; *Rookaird*, 2015 WL 11233096 at *1 ("[T]he Court

28

1  may exercise its discretion under the federal rules" to limit an apex deposition to prevent "abuse
2  or harassment.").

3       Plaintiffs argue that it is "unusual" to prohibit a deposition. Opp. at 1, 4. In fact, courts
4  routinely do so when the elements of the apex test are not satisfied. *See Robinett v. Opus Bank*,
5  C12-1755MJP, 2013 WL 5850873, *5 (W.D. Wash. Oct. 30, 2013) (notwithstanding that a "strong
6  showing" is required to entirely preclude a deposition, denying Plaintiffs' motion to compel for
7  failure to satisfy the two-part test); *Rookaird*, 2015 WL 11233096 at *1 (blocking deposition of
8  review board leader even though "absent extraordinary circumstances it is very unusual for a court
9  to prohibit the taking of a deposition").

10      Under the Ninth Circuit test, Plaintiffs must establish that (1) Limp has unique, non-
11 repetitive, firsthand knowledge of relevant facts, and (2) Plaintiffs have exhausted, without
12 success, other less intrusive means of discovery, such as interrogatories or other depositions. *See*
13 *Robinett*, 2013 WL 5850873 at *5. Plaintiffs have established neither element.[1]

14      **A.    Plaintiffs Cannot Show That Limp Has Unique Knowledge.**

15      Plaintiffs accuse Amazon of making "strawman" arguments, but Amazon merely
16 addressed the points raised in *Plaintiffs*' August 18, 2023 letter. Dkt. 195-2. Plaintiffs now retreat
17 and posit that even if Limp does not have unique knowledge about the central issues in this case—
18 *e.g.*, Alexa privacy features or recording practices—he *must* have *some* knowledge about some
19 "other issues relevant to this case." Opp. at 6. Plaintiffs then point to three sources that do not
20 support—and, at times, directly undermine—the notion that Limp has unique relevant knowledge.

21      *First*, Plaintiffs rely on portions of the deposition testimony of Angela Sun, Amazon's
22 Head of Product, Alexa Speech Recognition, ostensibly to support their need to question Limp
23 about "strategic decisions." Opp. at 6-8. Yet Plaintiffs never identify those decisions or how they
24 are relevant to this case. Moreover, the test is not whether Limp was "involved" in decisions; he

---

[1] Plaintiffs contend that Amazon bears the burden on this motion. But "in the context of apex depositions, courts have generally required **the party noticing the deposition** to make at least some preliminary showing that the deponent has unique, non-repetitive, first-hand knowledge of facts at issue in the case." *Bicek*, 2013 WL 5425345 at *5; *see also Groupion,* 2012 WL 359699 at *2 ("[P]arties seeking to depose a high ranking corporate officer must first establish" that the test is satisfied.); *Robinett*, 2013 WL 5850873 at *5 (same).

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:21-CV-00750-RSL

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1  must know something that others on his team *who were also involved in the decisions* do not.
2  Consistent with Limp's declaration, Sun testified that Limp leads the Devices & Services
3  organization and that the Alexa team reports to him through his direct reports. Lawton Decl. ¶ 2,
4  Ex. A at 83:11-84:11.  Sun also testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but she did not suggest that he made any decisions
7  on his own or has any knowledge that the directors or VPs involved would not. *Id*. at 114:12-
8  115:25.  In fact, when asked whether Limp was involved in the launch of a privacy feature
9  available on certain Alexa-enabled devices, Sun testified, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*.
12 at 101:19-102:10 (emphasis added).  None of this shows that Limp had any unique knowledge.
13         *Second*, Plaintiffs cite a handful of internal communications that involve Limp. Opp. at 7-
14 8.  But the fact that an executive is included on communications regarding a topic does not mean
15 the executive's knowledge is unique. *See Doble v. Mega Life & Health Ins. Co.*, No. C09-1611,
16 2010 WL 1998904, *3-4 (N.D. Cal. May 19, 2010) (precluding deposition of apex officer when
17 emails offered failed to demonstrate unique personal knowledge).  Plaintiffs make much of the
18 fact that Limp might have proposed development of an Alexa privacy feature. Opp. at 6. But they
19 conveniently omit that Sun was the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮  Lawton Decl. ¶ 2, Ex. A at 82:7-82:20, 94:1-6.  Nor do Plaintiffs explain why
22 Sun's 30+ pages of testimony about that feature and its underlying technology failed to address
23 any questions they had. *Id*. at 27:24-28:16, 42:16-44:21, 90:18-107:20, 160:2-164:16, 174:75-
24 175:17, 181:12-183:2.
25         *Third*, Plaintiffs cite Limp's public statements about Alexa. Opp. at 8-9. But senior
26 executives make statements on many subjects, including at times acknowledging when their teams
27 could have done better, as Limp did—but that does not make their knowledge unique or non-
28 repetitive.  Limp certainly has information about various aspects of Amazon's business, as many

1  Amazon products and services are within his domain.  But that is precisely why high-level
2  executives need the protection the apex doctrine provides; without it, they could be forced to sit
3  for a deposition when a mid-level manager or leader could testify more readily about those issues.
4  *See, e.g., Rookaird*, 2015 WL 11233096 at *2; *Robinett*, 2013 WL 5850873 at *6; *Affinity Labs of
5  Texas v. Apple, Inc.*, 2011 WL 1753982, *16 (N.D. Cal. May 9, 2011) (all cases precluding
6  depositions of apex employees who made public statements on relevant topics).

7  Amazon is not asking Plaintiffs to guess where to direct their discovery efforts.  In his
8  declaration, Limp identified by name members of his organization who would know more about
9  specific relevant subjects related to Alexa.  Limp Decl. ¶ 5-6.  If Plaintiffs' true goal is to obtain
10 information, they should start with those people.  In all events, Plaintiffs have not shown that Limp
11 would have any unique relevant knowledge.

12 **B.    Plaintiffs Have Not Pursued Discovery Through Less Intrusive Means.**

13 When Plaintiffs demanded Limp's deposition, they had not yet deposed a single Amazon
14 witness.  Plaintiffs have since deposed only two Amazon employees from the Alexa team,
15 Ms. Sun and Shiv Vitaladevuni, Director, Alexa Perceptual Technologies.  Yet Plaintiffs entirely
16 fail to address what discovery steps they have taken as an alternative to deposing Limp and why
17 those steps were not sufficient.

18 Plaintiffs argue they received "a number of documents from other custodians discussing
19 Limp's participation, review, and approval on important Alexa features," but "have received very
20 few documents showing the *actual* approvals of such features, high-level internal reasoning
21 regarding important strategic and operational decisions regarding Alexa, and high-level decisions
22 and deliberations that may potentially bind the company."  Opp. at 9.  Plaintiffs' argument simply
23 assumes that Limp alone knows the reasoning and process behind matters of strategic importance
24 relevant to this case.  In support, Plaintiffs point only to Sun's testimony, Limp's edits to a draft
25 speech for an event announcing (among other things) a new Alexa privacy feature, and three emails
26 relating to that same feature and announcement.  Dkt. 202, Cohen Decl. Exs. 1-5. ▮
27 ▮
28 ▮

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:21-CV-00750-RSL
- 5 -
FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1 ▓▓▓▓ Lawton Decl. ¶ 2, Ex. A at 101:19-102:10. (emphasis added). There is nothing
2 beyond Plaintiffs' self-serving conjecture to support the notion that Limp alone "approved"
3 that feature.

4 Similarly, Plaintiffs identify no "high-level decisions" Limp purportedly made that are
5 relevant to their case. For example, Plaintiffs asked Mr. Vitaladevuni ▓▓▓▓▓▓
6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7 ▓▓▓▓▓▓▓▓▓▓▓ *Id.* ¶ 3, Ex. B at 157:23-158:9. Because Plaintiffs cannot show
8 that the discovery they purportedly require is unavailable from other sources, Amazon's motion
9 should be granted.

## CONCLUSION

Because Plaintiffs have not satisfied the apex-deposition test, the Court should grant Amazon's motion and preclude Limp's deposition. At a minimum, the Court should grant the motion provisionally until Plaintiffs have exhausted other avenues to obtain relevant information.

Dated: September 8, 2023

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com

Laurence F. Pulgram (admitted *pro hac vice*)
Jedediah Wakefield (admitted *pro hac vice*)
Tyler G. Newby (admitted *pro hac vice*)
Armen N. Nercessian (admitted *pro hac vice*)
Garner F. Kropp (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: lpulgram@fenwick.com
jwakefield@fenwick.com
tnewby@fenwick.com
anercessian@fenwick.com
gkropp@fenwick.com

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:21-CV-00750-RSL

- 6 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

Melissa Lawton (admitted *pro hac vice*)
Esther Galan (admitted *pro hac vice*)
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA  90401
Telephone: 310.554.5400
Email:    mlawton@fenwick.com
             egalan@fenwick.com

*Counsel for Defendants*
AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC

**LCR 7(e) and 7(g) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rules 7(e) and 7(g), I certify that this Reply Brief contains 2,100 words.

Dated:  September 8, 2023

                                      FENWICK & WEST LLP


                                      By: */s/ Brian D. Buckley*
                                              Brian D. Buckley, WSBA No. 26423

REPLY IN SUPPORT OF DEFENDANTS'  
MOTION FOR PROTECTIVE ORDER  
CASE NO.: 2:21-CV-00750-RSL

- 8 -

FENWICK & WEST LLP  
401 UNION STREET, 5TH FLOOR  
SEATTLE, WASHINGTON 98101