1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

          Plaintiffs,

      v.

AMAZON.CO, INC., *et al.*,

          Defendants.

Cause No. C21-0750RSL

ORDER GRANTING
PLAINTIFFS' MOTION TO
COMPEL

       This matter comes before the Court on plaintiffs' motion to compel the production of

(a) documents and communications exchanged in response to government investigations of

Alexa devices and (b) all documents identified using the Court-ordered search terms. Dkt. # 173.

Plaintiffs recently became aware that the Federal Trade Commission ("FTC") has been

investigating Amazon's recording and retention of children's voices and has negotiated a

stipulated order for a permanent injunction, civil penalty, and other relief. Plaintiffs argue that

this information was directly responsive to Request for Production No. 11[1] and would have been

identified using the search terms approved by the Court. Having reviewed the memoranda,

---

[1] RFP No. 11 seeks "[a]ll Documents and Communications sent to or from any governmental body or political subdivision, agency, or other branch, with or without a subpoena or civil investigation demand, relating to storage, transmittal, or providing files containing, or transcripts of, recordings by Alexa Devices." Dkt. # 174-1 at 15.

declarations, and exhibits submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

**A. Request for Production No. 11**

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case...." Relevance under Rule 26(b)(1) is defined broadly and remains so even after the 2015 amendments of the Federal Rules of Civil Procedure. *See Insight Psychology & Addiction, Inc. v. City of Costa Mesa*, No. 8:20-cv-00504JVS-JDEX, 2021 WL 6102425, at *1 (C.D. Cal. Oct. 29, 2021); *Snipes v. U.S.*, 334 F.R.D. 548, 550 (N.D. Cal. 2020); *V5 Techs. v. Switch, Ltd*., 334 F.R.D. 306, 309 (D. Nev. 2019). In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The question of whether the information sought is discoverable depends on a balancing of the requesting party's need to obtain all relevant evidence with the responding party's need for protection from far-reaching, burdensome, and invasive discovery. The Court will not condone fishing expeditions, but neither will it adopt a narrow view of relevance. *See Rivera v. NIBCO*, 364 F.3d 1057, 1072

(9th Cir. 2004); *Delgado v. Tarabochia*, No. 2:17-cv-01822-RSL, 2018 WL 2088207, at *2 (W.D. Wash. May 4, 2018).

The allegations of the FTC's complaint in *U.S. v. Amazon.com, Inc.*, C23-0811-TL (Dkt. # 1), touch on matters that are clearly within the scope of RFP No. 11. The FTC alleges that Alexa saves voice recordings and transcripts indefinitely, uses them to train and improve the Alexa product for all users, fails to delete the information upon request, and instead retains the data for its own potential use, conduct which is at odds with its privacy disclosures and promises. Through RFP No. 11, plaintiffs sought the production of all documents provided to and communications with government agencies regarding the storage, transmittal, or provision of voice recordings and transcripts thereof. Although the request would clearly encompass at least some of the communications and documents sent to the FTC in connection with its investigation, defendants nevertheless argue that neither the existence of the investigation nor the fact that a document was provided to the FTC is relevant. Defendants argue that they appropriately relied on their responses to other RFPs as a response to RFP No. 11.

Courts have declined to compel the wholesale re-production of documents produced in another litigation or investigation (*i.e.*, "cloned discovery"), where the moving party has failed to show that the requested universe of documents is relevant. *See Pac. Wine Distribs., Inc. v. Vitol Inc*., No. 20-cv-03131-JSC, 2022 WL 1489474, at *1 (N.D. Cal. May 11, 2022) (preferring that parties serve "targeted requests that fill the gaps as opposed to seeking a blanket order directing production of everything produced in" another action); *Wilmington Tr. Co. v. Boeing*

*Co.*, No. C20-0402-RSM-MAT, 2020 WL 4125106, at *2 (W.D. Wash. July 20, 2020) (finding that requests for all documents produced by Boeing to governmental agencies that related to the 737 Max and specific flights/crashes "are neither narrow, nor carefully tailored"); *King Cnty. v. Merrill Lynch & Co.*, No. 2:10-cv-01156-RSM, 2011 WL 3438491, at *2-3 (W.D. Wash. Aug. 5, 2011) (rejecting a request for documents from other litigation because the duplicate discovery "fail[s] to make the requisite showing of relevance"). Where, however, the cloned discovery involves the same defendant and the same allegedly wrongful conduct, the relevance to the party's claim or defense is more apparent and production may be compelled. *See Pac. Wines*, 2022 WL 1489474, at *1; *Whitman v. State Farm Life Ins. Co.*, No. 3:19-cv-06025-BJR, 2020 WL 5526684, at *2 (W.D. Wash. Sept. 15, 2020) *Costa v. Wright Med. Tech., Inc.*, No. 17-cv-12524-ADB, 2019 WL 108884, at *1 (D. Mass. Jan. 4, 2019); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG-KAW, 2017 WL 1101799, at *2-3 (N.D. Cal. Mar. 24, 2017); *Munoz v. PHH Corp.*, No. 1:08-cv-0759, 2013 WL 684388, at *4 (E.D. Cal. Feb. 22, 2013). Defendants acknowledge as much, having re-produced without objection the documents produced in *Hall-O'Neil v. Amazon.com*, No. 2:19-cv-0910-RAJ (W.D. Wash.), a case in which plaintiffs alleged that they did not consent to having their Alexa interactions recorded. Thus, there is no bar to the production of "cloned discovery." Rather, the issue is, as always, whether the requested documents are relevant to plaintiffs' claims and, if so, whether their production is proportional to the needs of the case.

1    Amazon asserts that, in the course of responding to plaintiffs' other discovery requests, it

2    has produced all documents that are both responsive to RFP No. 11 and relevant to plaintiffs'

3    claims. Defendants acknowledge that they have withheld FTC-related documents, but argue that

4    those documents have nothing to do with the claims plaintiffs have asserted in this litigation.

5    These statements do not appear to be an accurate description of the production. First, defendants

6    have taken the position that the very existence of the FTC's investigation – and, by extension,

7    the existence of any other government investigation -- is irrelevant and therefore need not be

8    disclosed. The Court disagrees. That a government agency has inquired about Amazon's

9    storage, transmittal, and/or sharing of Alexa audio recordings/ transcripts, conduct that is clearly

10   at issue here, falls within the permissible scope of discovery. Second, RFP No. 11 requests not

11   only the documents defendants produced to investigating agencies, but any correspondence sent

12   to or received from those entities. The representations/admissions defendants have made to

13   governmental bodies about what they do with Alexa recordings/transcripts are relevant. Third,

14   while only relevant documents are discoverable, a party may not fail to disclose a document

15   because it discusses both relevant and irrelevant matters.[2] It is not clear from the papers

---

[2] *See Corker v. Costco Wholesale Corp.*, No. 2:19-cv-00290-RSL, Dkt. # 523 at 2 (W.D. Wash. Aug. 31, 2021); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA 15-cv-00246-DOC (DFMx), 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) (producing party "may not redact otherwise responsive documents because those documents contain irrelevant material"); *Bonnell v. Carnival Corp.*, No. 13-cv-22265, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (the "better, less-risky approach" is not to allow parties "the carte blanche right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant").

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 5

submitted whether defendants withheld documents that mention both relevant and irrelevant information (impermissible) or whether they withheld only those documents which solely concern irrelevant matters (permissible). Finally, there is no evidence that defendants reviewed the FTC documents and communications to make sure that all responsive and relevant materials were produced in response to plaintiffs' other discovery requests. If some portion of the 90% of the FTC production that was not produced to plaintiffs relates to "storage, transmittal, or providing files containing, or transcripts of, recordings by Alexa Devices," supplementation is necessary.[3]

**B. Propriety of Relevance Review**

Application of Court-ordered search terms resulted in an initial universe of 2,036,172 returned documents, which defendants then reviewed for relevance. The resulting production consisted of 2,564 documents, or less than .13% of the documents that were identified using the search terms. Plaintiffs previously argued that this incredibly low production rate was the result of defendants' use of technology-assisted review ("TAR") tools to conduct the relevance review, but the evidence suggested that the production would have been relatively unchanged even if it had been performed by humans in the first instance. Plaintiffs now offer a new explanation for

---

[3] Other than the rejected relevance argument, defendants do not assert that the document request is not proportional to the needs of the case or would pose an undue burden.

Plaintiffs have, at various points in this dispute, taken the position that any and all allegations of wrongdoing related to Alexa are relevant and discoverable. While that statement is likely overbroad as a general matter, it is particularly so with regards to RFP No. 11, which seeks only documents and communications "relating to storage, transmittal, or providing files containing, or transcripts of, recordings by Alexa Devices." Dkt. # 174-1 at 15.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 6

the low percentage of production: that defendants have narrowly and improperly defined relevance in this litigation, an error which infected both the TAR training protocols and the subsequent human review.

At oral argument, Amazon revealed that it deemed only five categories of documents to be relevant when determining what to produce in this case, namely:

(1) documents showing Amazon's public disclosures regarding how Alexa users are informed how and when the devices send audio inputs to the cloud for processing and retention (RFP No. 3);

(2) information about customer questions and complaints regarding false wakes and Alexa's recording functionality (RFP Nos. 6 and 7);

(3) documents showing how Alexa users  can access or permanently destroy recordings and voice IDs (RFP No. 14);

(4) documents showing how the Alexa service receives, processes, and stores audio inputs (RFP No. 20); and

(5) documents showing the way Amazon identifies false wakes and processes audio inputs (RFP No. 37).

Dkt. # 174-2. Using this narrow lens, the majority of Amazon's production consisted of public-facing disclosures regarding how Alexa operates.[4] During the meet and confer process that led to this motion, Amazon specifically took the position that documents and communications regarding (a) storage of geolocation data from Alexa devices, (b) retention of data associated

---

[4] Even as to the categories of documents Amazon deemed relevant, it refused to produce all custodial documents related to the admittedly relevant topic, declaring that the production of "all documents" was neither necessary nor proportional.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 7

with the Alexa profiles of minor children, and (c) how Amazon responds to a user's request to delete Alexa transcripts are "distinct from the *Garner* Plaintiffs' claims regarding collection or use of audio recordings." Dkt. 174-4 at 3.

Amazon's positions do not accurately capture the scope of plaintiffs' claims or the breadth of this litigation. Amazon essentially ignores plaintiff's Washington Consumer Protection Act ("CPA") claim, which is based in part on allegations that the Alexa device was intentionally designed to intercept and record as many conversations and collect as much data as possible (including location data), that defendants retain (and sometimes disclose) recordings even when they know the recordings were unintended and unauthorized, and that Amazon has misled consumers by failing to accurately describe what it does with the data it collects in order to protect market share. Plaintiffs have repeatedly complained about the lack of internal communications regarding Alexa devices and service. Plaintiffs are not merely focused on the details of how Alexa operates and what Amazon told potential customers: rather the very design of Alexa – why certain features were chosen in development, the internal reasoning for those choices, how Amazon envisioned monetizing the data streams from the service – and Amazon's internal awareness of and discussions about privacy concerns that are at issue in the CPA claim. Amazon's insistence that it doesn't know what more plaintiffs want rings hollow when its failure to take the CPA claim into consideration and the lack of internal deliberative documents has been repeatedly called to its attention.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 8

Having determined that Amazon used an unreasonably narrow view of what was relevant when it reviewed the 2,036,172 documents returned by the search terms, the question is what to do now. Amazon argues that it would be unfair to require it to redo the relevance review, a task which apparently took 63,000 hours to accomplish. It also argues that simply ordering the production of the 2,036,172 documents is unworkable because the cache undoubtedly contains irrelevant documents to which plaintiff is not entitled, some of which may even be confidential. Amazon would prefer to simply redo its search for documents that are responsive to RFP 11 using the Court's relevance determination, but we now know that the failures related to RFP 11 infected the entire review and production process. Addressing only the RFP 11 production is insufficient.

Amazon will be given a choice. It can either produce the 2,036,172 documents as is, leaving to plaintiffs the task of separating the wheat from the chaff, or it can redo the relevance review using a much broader understanding of what is at issue in this litigation and turning over all custodial documents that are responsive to plaintiffs' discovery requests. If Amazon chooses the first option, the production shall be made within seven days of the date of this Order. If Amazon chooses the second option, the production shall be made within thirty-five days of the date of this Order.

//

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 9

1    For all of the foregoing reasons, plaintiffs' motion to compel (Dkt. # 173) is GRANTED.

2

3

4    Dated this 15th day of September, 2023.

5

6                                          *Robert S. Lasnik*
                                           Robert S. Lasnik
7                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

23

25

26

27

28

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 10