UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>             Plaintiffs,<br>       v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>             Defendants. | CASE NO. 2:21-cv-00750-RSL<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on "Defendant Amazon's Motion for Protective Order Precluding the Deposition of its Senior Vice President of Devices and Services." Dkt. # 194. Plaintiffs noted the deposition of David Limp, a Senior Vice President who reports directly to Amazon's Chief Executive Officer and manages the development, sales, and operation of Amazon's Alexa, Echo, eero, Kindle, FireTV, Fire tablets, Halo, Ring, Blink, Day 1 Editions, Amazon Key, Amazon Appstore, Project Kuiper, Smart Vehicles, Vesta, Astro, Smart Home, Smart Vehicles, and Zoox products. Dkt. # 196 at ¶¶ 2-3. Amazon seeks an order prohibiting the deposition, arguing that Mr. Limp is an "apex" executive and that plaintiffs have failed to show (a) that Mr. Limp has unique, first-hand knowledge relevant to this case and (b) that plaintiffs have exhausted less burdensome discovery options.

ORDER DENYING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - 1

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding or limiting the scope of a deposition. Amazon, as the party seeking a protective order, bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery." *Rivera v NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), courts are generally willing to assume "that such discovery creates a tremendous potential for abuse or harassment." *Est. of Levingston v. Cnty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (citation omitted). If there is any reason to suspect abuse or harassment, such as where the apex executive lacks first-hand knowledge or the requested information can be obtained from another, less burdensome source, courts will exercise their discretion under Rule 26(c) to prohibit or limit discovery. *See, e.g., BAE Sys. San Diego Ship Repair Inc. v. United States*, __ F. Supp.3d __, No. 22-CV-00515-L-BGS, 2023 WL 3081288, at *3 (S.D. Cal. Apr. 24, 2023) (citation omitted); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *2 (N.D. Cal. Mar. 6, 2014) (citation omitted).

The apex doctrine is a judicially-created tool designed to curb abusive tactics, but it "exists in tension with otherwise broad allowance for discovery of party witnesses under the federal rules." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). The fact that a witness with personal knowledge of facts relevant to a lawsuit happens to be a top corporate executive is not, standing alone, sufficient to preclude a deposition. *Id.* (citation omitted). Rather, the Court will exercise its discretion under Rule 26(c) to prohibit or limit discovery only where the balance of relevance, proportionality, and burden warrant such relief. *In re Apple iPhone Antitrust Litig.*, __ F. Supp.3d __, No. 11-cv-06714-YGR (TSH), 2021 WL 485709, at *4 (N.D. Cal. Jan. 26, 2021).

ORDER DENYING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - 2

The Court finds that Mr. Limp is an "apex executive" for purposes of this analysis: the number of employees, the breadth of products, and the market share he oversees are greater than most companies can boast, and he reports directly to Amazon's President and Chief Executive Officer, Andrew Jassy. The concerns regarding the improper use of discovery that gave rise to the apex doctrine are clearly present here. Plaintiffs therefore have the burden of showing that Mr. Limp is likely to possess unique, non-repetitive information[1] that cannot be obtained through less burdensome means. *In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *5. They have met their burden.

Plaintiffs point out that while Mr. Limp oversees various product lines, the majority of those products contain or are integrated with Alexa software or services, and Alexa devices and their features are a significant part of his responsibilities. Plaintiffs want to question Mr. Limp regarding matters that go far beyond the nitty gritty of how Alexa operates and how users are notified about and consent to the recording, storage, use, review, and sharing of voice recordings. It is the very structure of Alexa that is at issue in this litigation: plaintiffs argue that the Alexa device was designed to intercept and record as many conversations and collect as much data as possible, that defendants made a conscious (and unnecessary) choice to retain (and sometimes disclose) recordings even when they were aware that the recording was unintended and unauthorized, and that Amazon has intentionally misled consumers about how Alexa works in order to protect market share. Plaintiffs intend to ask Mr. Limp how and why certain Alexa features were chosen at the outset, the internal reasoning for certain strategic and operational decisions (like why local processing of requests was eschewed in favor of permanent recording),

---

[1] As is the case in all discovery disputes, the party seeking discovery need not conclusively prove that its requests for production will generate relevant responses or that the deponent undoubtedly has unique, non-repetitive information. *See In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *5. Rather, "where a corporate officer may have any first-hand knowledge of relevant facts, the deposition should be allowed." Finisar Corp. v. Nistica, Inc., No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015).

ORDER DENYING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER - 3

whether he, as an apex executive, was aware of the storage and sharing of unintended voice recordings, and whether and how Amazon has responded to privacy issues and concerns. They also want to question Mr. Limp regarding his public statements regarding other ways in which privacy and notice issues could have been handled, as well as his own custodial documents regarding Alexa.

"When a lawsuit concerns important aspects of a company's business model that are plainly the result of high-level executive decisions, we should expect that high-level executives will be deposed, and their testimony will be relevant and proportional, and the depositions will not be abusive or harassing." *Id.*, at *4. Such is the case here. This lawsuit is not about an improperly manufactured component of the Alexa device or a low-level employee's statement or conduct. Given the nature of the claims at issue, it is not only likely, but probable, that Mr. Limp has unique, first-hand knowledge of the corporate decision-making that gave rise to this case. Nor is there any reason to suspect that plaintiffs have noted his deposition in order to cause undue burden: deposing Mr. Limp does not appear to be any more burdensome than Amazon's proposal of preparing for and defending the depositions of six different witnesses, Dkt. # 196 at ¶ 5, none of whom has the breadth of – or even access to – all of the information plaintiffs seek. Although courts generally refuse to allow the deposition of a high level executive before the testimony of lower level employees is taken, where there is reason to believe that the apex deponent has unique knowledge of high-level events and decision-making, where the apex deposition is proportional to the needs of the case, and where the burden of producing the apex deponent appears to be no greater than the alternatives, no inference of abuse or harassment arises.

//

For all of the foregoing reasons, Amazon's motion for protective order (Dkt. # 194) is DENIED.

Dated this 15th day of September, 2023.

Robert S. Lasnik
United States District Judge