THE HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| KAELI GARNER, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC., et al.,<br><br>    Defendants. | No. 2:21-cv-00750-RSL<br>(Consolidated)<br><br><u>CLASS ACTION</u><br><br>OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO SEAL |

OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO SEAL
(2:21-cv-00750-RSL)

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

Plaintiffs submit this opposition to Amazon.com, Inc. and Amazon.com Services LLC's (collectively, "Amazon") separate motions to seal information and documents submitted to support its motion for a protective order, ECF 194, to prevent the deposition of Amazon's Senior Vice President of Devices & Services ("Motions to Seal"), ECF 204, 205.  Amazon erroneously attempts to obviate its burden to establish "good cause" to seal the information at issue by relying on the existence of a general protective order which, by its express terms, rejects the notion that it creates a *per se* right to file documents under seal.  For the reasons set forth below, the Court should deny the Motions to Seal.

## ARGUMENT

Amazon filed its Motions to Seal to redact and seal information submitted in support of its Reply Brief in Support of a Protective Order to prevent the deposition of Amazon's Senior Vice President of Devices & Services.  ECF 204 (motion to seal certain Exhibits submitted concurrently with Amazon's Reply Brief in Support of its Motion to Seal); ECF 205 (moving to seal portions of Amazon's Reply Brief in Support of its Motion to Seal).  With respect to both motions, Amazon makes the same argument.  Specifically, it contends that because it marked the information at issue "confidential" or "highly confidential" pursuant to the Court's Protective Order (ECF 81), it must be sealed absent compelling reasons otherwise.  Amazon flips the burden on its head, wrongly attempting to place the burden on the party seeking disclosure rather than where it properly belongs, on the party seeking to withhold the information from the public.  Here, Amazon failed to carry its burden in establishing "good cause" to seal the information at issue, and the Court should deny its Motions to Seal.

**I.     The Protective Order Does Not Create Good Cause to File Documents Under Seal**

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have

OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO SEAL
 (2:21-CV-00750-RSL)                                  - 1 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Where, as here, a party seeks to file documents and information under seal in support of a discovery motion unrelated to the merits of a case, the party seeking to seal the document must establish "good cause." *Id.* at 1097 ("[F]or sealed materials attached to a discovery motion unrelated to the merits of a case, . . . a party need only satisfy the less exacting 'good cause' standard.").

Amazon, here, asserts that the documents and information at issue in its Motions to Seal is subject to the Court's Protective Order because, pursuant to the Protective Order, Amazon marked these documents "confidential" or "highly confidential." ECF 204, at 3; ECF 205, at 3-4. In Amazon's view, "good cause" is established by the very existence of the Protective Order and the burden shifts to the party seeking disclosure to show good cause did not exist. *See* ECF 205, at 3 ("The entry of the Protective Order is sufficient to establish the applicable 'good cause' standard for non-dispositive discovery motions . . . ."); ECF 204, at 3. The Court should reject Amazon's position because it is at odds with the law and the applicable Protective Order.

Amazon primarily relies on *Phillips ex rel. Ests. of Byrd v. Gen Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002) to support it claims. ECF 204, at 2-3; ECF 205, at 2. There, a non-party to the litigation sought to obtain documents previously sealed by the Court under a general protective order. *See Phillips*, 307 F.3d at 1209-10. The Ninth Circuit held in part that "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Id.* at 1213.

*Phillips*, however, never held that a protective order automatically established good cause or shifts the burden on the party seeking disclosure. In fact, the Ninth Circuit held the opposite, and required the lower court to undertake a "good cause" analysis with respect to the specific documents at issue even though a general protective order was already in place. *Id.* at 1212 ("[T]he lower court . . . needs to identify and discuss the factors it considered in its 'good cause'

0OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO SEAL
 (2:21-CV-00750-RSL) - 2 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA 98104
Telephone: 206/622-2000• Fax: 206/622-2522

examination to allow appellate review of the exercise of its discretion. . . . [T]he lower court is instructed to conduct a 'good cause' analysis consistent with the principles laid out in this opinion.").[1]

Without any "good cause" analysis, the burden remains with party seeking to prevent the disclosure of the information regardless of whether a protective order in generally in place. *See, e.g.*, *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) ("When the protective order was a stipulated order and no party ha[s] made a 'good cause' showing, then the burden of proof . . . remain[s] with the party seeking protection." (internal quotations removed; alterations in original)). As the *Phillips* Court explained:

> [W]e note how the lower court properly put the burden of proof on [the defendant] to show why a protective order was necessary. . . . [W]e [previously] rejected the argument that intervenors need to show 'extraordinary circumstances' before modifying a protective order. We explained how the burden of proof will remain with the party seeking protection when the protective order was a stipulated order and no party made a 'good cause' showing.

*Phillips*, 307 F.3d at 1211 n.1.

Here, the Court has not evaluated whether "good cause" exists to prevent the disclosure of the documents in Amazon's Motions to Seal. The burden, thus, remains on Amazon.

**II.   Amazon Failed to Show Good Cause Exists to Seal the Documents and Information at Issue**

Amazon must establish "good cause" to seal the documents and information at issue from the public. *Phillips*, 307 F.3d at 1212, n.1. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)

---

[1] The Ninth Circuit explained the process the lower court must follow its "Conclusion," where it noted that the lower court was required to "conduct[] a good cause analysis" to determine whether to "lift[] the protective order on the confidential . . . information produced[.]" *Id.* at 1214. If it finds "good cause," then the burden is on the intervenor to "provide sufficiently compelling reasons why the sealed discovery information should be released." *Id.*

OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO SEAL
 (2:21-CV-00750-RSL)                                  - 3 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

(holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

Amazon's sole argument in support of its Motions to Seal is that it marked the information at issue "confidential" or "highly confidential" under the Protective Order. *See, e.g.*, ECF 205, at 3. However, the Protective Order entered here plainly rejects the notion that marking documents "confidential" or "highly confidential" automatically establishes "good cause" to seal that information. In fact, the first paragraph of the Protective Order makes clear that the Protective Order "***does not presumptively entitle parties to file confidential or highly confidential information under seal.***" ECF 81, at ¶1.

Instead, the Protective Order requires parties to take additional steps to support any claim that a document must be filed under seal, including, for example, "identify[ing] the basis for sealing the specific confidential and/or highly confidential information at issue" and requiring that "the filing party . . . include this basis in its motion to seal." *Id.* at ¶6.5. Consequently, Amazon's reliance on the existence of the Protective Order to establish "good cause" fails outright. *See, e.g.*, *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (finding failure to establish "good cause" where plaintiffs "merely conclude[d] in generic terms that this information was designated as confidential under a previous protective order").

Apart from the existences of the Protective Order, Amazon provides no reasons whatsoever to prevent the disclosure of the information described in its Motions to Seal. Apart from describing some of the documents as involving business decisions, it fails to provide any "particularized harm" that would stem from the disclosure of that information. *Phillips*, 307 F.3d at 1210-11. Indeed, the information described in the exhibits concern features that have long been public and part of its Alexa devices, including, for example, language translation, features permitting the deletion of voice recordings, and explanations for why Alexa responded in the way it did.[2]

---

[2] Jacob Kastrenakes, *Amazon now lets you tell Alexa to delete your voice recordings*, The Verge (May 29, 2019), https://www.theverge.com/2019/5/29/18644027/amazon-alexa-delete-voice-recordings-command-privacy-hub;

OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO SEAL
(2:21-CV-00750-RSL)
- 4 -
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

Amazon does not describe, or even attempt to describe, how the disclosure of the information related to public features that have existed for two or more years would cause any harm. Since Amazon failed to carry its burden, the Court should deny its attempt to redact and seal the information at issue.

## CONCLUSION

For the forgoing reasons, the Court should deny Amazon's Motions to Seal.

DATED:  September 18, 2023

BYRNES KELLER CROMWELL LLP
BRADLEY S. KELLER (WSBA# 10665)

*/s/ Bradley S. Keller*
BRADLEY S. KELLER

1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  206/622-2000
206/622-2522 (fax)
bkeller@byrneskeller.com

Attorneys for Plaintiff and the Class

---

*Ask Alexa to Tell You Why She Just Did Something*, Amazon.com, https://www.amazon.com/gp/help/customer/display.html?nodeId=GJT6X5TZUW8AB9Y9  (last visited Sept. 18, 2023);

*Use Alexa Live Translation to Translate Conversations*, Amazon.com, https://www.amazon.com/gp/help/customer/display.html?nodeId=GPMH3M79SAMAL69P (last visited Sept. 18, 2023).

| | |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP |
| 3 | PAUL J. GELLER<br>STUART A. DAVIDSON |
| 4 | (admitted *pro hac vice*)<br>MARK J. DEARMAN |
| 5 | (admitted *pro hac vice*)<br>ALEXANDER C. COHEN |
| 6 | (admitted *pro hac vice*)<br>NICOLLE B. BRITO |
| 7 | (admitted *pro hac vice*)<br>225 NE Mizner Boulevard, Suite 720 |
| 8 | Boca Raton, FL  33432<br>Telephone:  561/750-3000 |
| 9 | 561/750-3364 (fax)<br>pgeller@rgrdlaw.com |
| 10 | sdavidson@rgrdlaw.com<br>mdearman@rgrdlaw.com |
| 11 | acohen@rgrdlaw.com<br>nbrito@rgrdlaw.com |
| 12 | LABATON SUCHAROW LLP |
| 13 | MICHAEL P. CANTY<br>(admitted *pro hac vice*) |
| 14 | CAROL C. VILLEGAS<br>(admitted *pro hac vice*) |
| 15 | DAVID SALDAMANDO<br>(admitted *pro hac vice*) |
| 16 | GUILLAUME BUELL<br>(admitted *pro hac vice*) |
| 17 | 140 Broadway, 34th Floor<br>New York, NY  10005 |
| 18 | Telephone:  212/907-0700<br>212/818-0477 (fax) |
| 19 | mcanty@labaton.com<br>villegas@labaton.com |
| 20 | dsaldamando@labaton.com<br>gbuell@labaton.com |
| 21 | Interim Co-Lead Class Counsel |
| 22 | BURSOR & FISHER, P.A. |
| 23 | L. TIMOTHY FISHER<br>(admitted *pro hac vice*) |
| 24 | 1990 North California Boulevard, Suite 940<br>Walnut Creek, CA  94596 |
| 25 | Telephone:  925/300-4455<br>925/407-2700 (fax) |
| 26 | ltfisher@bursor.com |

OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO SEAL
 (2:21-CV-00750-RSL)

\- 6 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

BURSOR & FISHER, P.A.
ALEC M. LESLIE
(admitted *pro hac vice*)
MAX S. ROBERTS
(admitted *pro hac vice*)
888 Seventh Avenue, Third Floor
New York, NY  10019
Telephone:  646/837-7150
212/989-9163 (fax)
aleslie@bursor.com
mroberts@bursor.com

ZIMMERMAN REED, LLP
BRIAN C. GUDMUNDSON
(admitted *pro hac vice*)
JASON P. JOHNSTON
(admitted *pro hac vice*)
MICHAEL J. LAIRD
(admitted *pro hac vice*)
1100 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com

ZIMMERMAN REED LLP
CALEB MARKER (admitted *pro hac vice*)
2381 Rosecrans Avenue, Suite 328
Manhattan Beach, CA  90245
Telephone:  877/500-8780
caleb.marker@zimmreed.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
ROBERT K. SHELQUIST
(admitted *pro hac vice*)
REBECCA A. PETERSON
(admitted *pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401-2159
Telephone:  612/339-6900
612/339-0981 (fax)
rkshelquist@locklaw.com
rapeterson@locklaw.com

Interim Class Counsel

OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTIONS TO SEAL
 (2:21-CV-00750-RSL)

- 7 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

## LOCAL RULE 7(e)(6) CERTIFICATION

I certify that this memorandum contains 1,610 words in compliance with Local Civil Rule 7(e)(4).

DATED: September 18, 2023

                                                           */s/ Bradley S. Keller*
                                                         BRADLEY S. KELLER