THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 2:21-cv-00750-RSL<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OMNIBUS OPPOSITION TO MOTION TO SEAL**<br><br><u>NOTE ON MOTION CALENDAR</u>:<br>September 22, 2023 |

REPLY TO PLAINTIFFS' OMNIBUS
OPPOSITION TO MOTION TO SEAL
CASE NO. 2:21-CV-00750-RSL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

In support of its motions to seal certain exhibits (Dkts. 204, 205), Amazon offered a particularized basis to seal each of the documents and portions of deposition testimony it seeks to protect. Amazon explained that the sealed materials discuss planning for product features, technical development issues and challenges, and confidential product development and marketing plans—information the Protective Order specifically covers, and that would cause competitive harm if disclosed. Under Ninth Circuit law, Plaintiffs must therefore present sufficiently compelling reasons why the sealed materials should be released. Plaintiffs offer none. Instead, they brazenly mischaracterize Amazon's motions, claiming that Amazon relied solely on the fact that it had designated the documents as confidential under the Protective Order in the first place. That is obviously false. Amazon has met its initial burden, Plaintiffs have failed to meet theirs, and the Court should grant Amazon's Motions to Seal.

## ARGUMENT

### I. Amazon Has Shown Good Cause to Seal the Exhibits and Testimony.

In their Omnibus Response, Plaintiffs argue wrongly that Amazon provided no basis for sealing the documents and redacted deposition testimony it seeks to protect. Plaintiffs claim that "Amazon's sole argument in support of its Motions to Seal is that it marked the information at issue 'confidential' or 'highly confidential' under the Protective Order." *See, e.g.*, Dkt. 214, Plfs.' Omnibus Resp. to Defs.' Mot. to Seal ("Opp.") at 3. Plaintiffs further argue that "[a]part from the existences of the Protective Order, Amazon provides no reasons whatsoever to prevent the disclosure of the information described in its Motions to Seal." *Id*. at 4. Plaintiffs are plainly wrong.

In its sealing motions, Amazon did not claim that it had satisfied its initial burden solely by designating the documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Protective Order. Instead, Amazon explained that it designated the documents and testimony *because they meet the criteria for doing so under the Protective Order* (Dkt. 81). For each exhibit, Amazon explained specifically why the documents were, in fact, confidential, including the nature of the sensitive, non-public information they contain. Dkt. 204, Defs.' Mot. to Seal Exs. C-G Attached to the Decl. of Melissa Lawton in Supp. Of Defs.' Mot. for Prot. Order ("Mot. to Seal

#1") at 3-4; Dkt. 205, Defs. Mot. to Seal Portions of Reply and Exs. In Supp. Of Same ("Mot. to Seal #2") at 3-4. Thus, Amazon satisfied its initial burden under *Phillips ex rel. Ests. of Byrd v. Gen Motors Corp.* of establishing "good cause" to seal the materials on which it relied. 307 F.3d 1206, 1213 (9th Cir. 2002).

As Amazon described in its motions to seal (Dkts. 204, 205), the materials Amazon seeks to protect include internal communications and deposition testimony about planned privacy features, technical development challenges, and confidential product development and marketing plans. That is precisely the type of information that the parties stipulated, and the Court ordered, to keep confidential. For example, with respect to one of the internal communications at issue, Amazon explained that "[t]his sealed exhibit is an internal communication about the announcement of a new product feature.…[it] reflects confidential business plans, including internal discussion about technical product development and the timing and reason for product feature announcements." Dkt. 204, Mot. to Seal #1 at 4 (in support of sealing Melissa Lawton Declaration, Ex. F). Amazon provided similarly detailed bases for each exhibit it seeks to maintain under seal. *See* Dkt. 204, Mot. to Seal #1 at 3-4. Likewise, with respect to the redacted portions of a deposition transcript, Amazon explained that "this testimony is based, in part, on confidential documents produced in this litigation and reflects non-public information about product research, development, and design, including for an Alexa privacy feature." Dkt. 205, Mot. to Seal #2 at 3 (in support of sealing Melissa Lawton Declaration, Ex. A).[1]

Thus, contrary to Plaintiffs' claims, in accordance with the Protective Order, Amazon properly identified "the basis for sealing the specific confidential and/or highly confidential information at issue" and "include[d] this basis in its motion to seal." *See* Protective Order at 7-8, ¶ 6.5. In compliance with the Court's Local Rules, Amazon also took the less restrictive approach of redacting exhibits to minimize the number of documents to be sealed. *See* LCR 5(g)(1); LCR 5(g)(4). The public disclosure of such confidential, sensitive business information would plainly cause Amazon competitive harm, and there is "good cause" to seal them. *See Scherer v. FCA US,*

---

[1] While Amazon believes the confidential nature of the materials is clear, Amazon further offered to provide a declaration supporting the confidentiality of the exhibits if the Court determined that was necessary. Dkt. 204 at 4; Dkt. 205 at 4.

REPLY TO PLAINTIFFS' OMNIBUS
OPPOSITION TO MOTION TO SEAL
CASE NO. 2:21-CV-00750-RSL

- 2 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

*LLC*, No. 20-CV-02009-AJB-BLM, 2022 WL 11381676, *2 (S.D. Cal. Oct. 19, 2022) (finding "good cause" to seal internal emails where "[p]ublic disclosure of FCA's confidential business material…software improvements could result in improper use by business competitors seeking to replicate FCA business practices and circumvent the time and resources necessary in developing their own practices and strategies."); *Snap Lock Industries, Inc. v. Swisstrax Corp.*, No. 217CV02742RFBBNW, 2021 WL 3082561, *3-4 (D. Nev. July 21, 2021) (finding "good cause" to seal internal emails that reflect "marketing strategies").

**II.     Plaintiffs Have Not Offered Any Compelling Reasons Not To Seal The Exhibits.**

Plaintiffs offer no compelling reasons that the materials should not remain under seal. Instead, they suggest that under *Phillips*, they should not have to. But *Phillips* held that "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that *the party seeking disclosure must present sufficiently compelling reasons* why the sealed discovery document should be released." *Phillips*, 307 F.3d at 1213 (emphasis added); *see* Opp. at 2, 3 n.1. That is because "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips*, 307 F.3d at 1213.

As described above, Amazon has met its initial burden of establishing good cause. The materials were filed in connection with a non-dispositive motion,[2] and consistent with *Phillips*, Amazon offered particularized reasons for sealing all or portions of them. Thus, under *Phillips*, the burden shifts to Plaintiffs to offer "sufficiently compelling reasons" to unseal the documents.

On this point, Plaintiffs claim vaguely that some exhibits discuss Alexa features that are publicly known. That argument grossly mischaracterizes the exhibits and Amazon's bases for sealing them. The exhibits do not merely mention the *existence* of product features; they reflect internal discussions about technical limitations of features under certain conditions, challenges to solving certain technical issues, customer usage statistics, how Amazon internally prioritized

---

[2] Notably, the Court did not cite or rely on any of these exhibits in ruling on the motion. *See* Dkt. 212, Order Denying Defs.' Mot. for Prot. Order.

REPLY TO PLAINTIFFS' OMNIBUS
OPPOSITION TO MOTION TO SEAL
CASE NO. 2:21-CV-00750-RSL

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

1  certain development goals, and communications strategies and risks. *See* Dkt. 195, Decl. of
2  Melissa Lawton in Supp. of Defs.' Mot. for Prot. Order Precluding the Deposition of its Senior
3  Vice President of Devices and Services, Ex C (internal email regarding technical limitations, usage
4  statistics, challenges to solving issues, risks), Ex. D (internal email regarding development goals
5  and priorities, technical implementation issues, communications strategies, risks), Ex. E (internal
6  email regarding technical limitations, business strategies), Ex. F (internal email regarding
7  competitive strategy, challenges to solving technical issues), Ex. G (internal email reflecting
8  marketing objectives and plans in connection with a product announcement); Dkt. 208, Decl. of
9  Melissa Lawton in Supp. of Defs.' Reply In Supp. of Mot. for Prot. Order Precluding the
10 Deposition of Its Senior Vice President of Devices and Services, Ex. A (deposition testimony
11 regarding technical processes, technical limitations, product development and design); Ex. B
12 (deposition testimony reflecting technical processes and challenges).

13    None of this is public information, and Amazon would obviously face a competitive risk if
14 it were disclosed. Indeed, courts regularly hold that information about internal product
15 development, including "negative" trade secrets—know-how gained from extensive research and
16 investment about what does not work—constitutes valuable trade secret information. *Spring*
17 *Design, Inc. v. Barnesandnoble.com, LLC*, No. C 09-05185 JW, 2010 WL 5422556, *5 (N.D. Cal.
18 Dec. 27, 2010) ("Indeed, information can have independent economic value even if its value comes
19 from a negative standpoint, such as the results of lengthy and expensive research which proves
20 that a certain process will not work") (cleaned up). That some of these internal development
21 discussions also mention features that Amazon publicly announced is not a "sufficiently
22 compelling" reason to disclose them.

23    Plaintiffs have failed to meet their burden of providing sufficiently compelling reasons to
24 publicly disclose these discovery materials, and they should remain under seal.

## CONCLUSION

26    For the foregoing reasons, the Court should grant Amazon's motions to seal
27 (Dkts. 204, 205).

28

Dated: September 22, 2023

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423

    Y. Monica Chan, WSBA No. 58900
    401 Union Street, 5th Floor
    Seattle, WA  98101
    Telephone:  206.389.4510
    Facsimile:  206.389.4511
    Email:  bbuckley@fenwick.com

    Laurence F. Pulgram (admitted *pro hac vice*)
    Jedediah Wakefield (admitted *pro hac vice*)
    Tyler G. Newby (admitted *pro hac vice*)
    Armen N. Nercessian (admitted *pro hac vice*)
    Garner F. Kropp (admitted *pro hac vice*)
    555 California Street, 12th Floor
    San Francisco, CA  94104
    Telephone:  415.875.2300
    Facsimile:  415.281.1350
    Email:  lpulgram@fenwick.com
    jwakefield@fenwick.com
    tnewby@fenwick.com
    anercessian@fenwick.com
    gkropp@fenwick.com

    Melissa Lawton (admitted *pro hac vice*)
    Esther Galan (admitted *pro hac vice*)
    228 Santa Monica Boulevard, Suite 300
    Santa Monica, CA  90401
    Telephone:  310.554.5400
    Email:  mlawton@fenwick.com
    egalan@fenwick.com

    *Counsel for Defendants*
    AMAZON.COM, INC. and AMAZON.COM SERVICES, LLC

## LCR 7(e) WORD-COUNT CERTIFICATION

As required by Western District of Washington Local Civil Rules 7(e), I certify that this Reply Brief contains 1400 words.

Dated: September 22, 2023          FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423

REPLY TO PLAINTIFFS' OMNIBUS
OPPOSITION TO MOTION TO SEAL
CASE NO. 2:21-CV-00750-RSL

- 6 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101