UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>                      Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,<br><br>                      Defendants. | Case No. 2:21-cv-00750-RSL<br><br>**JOINT MOTION TO EXTEND CASE DEADLINES AND ORDER** |

**INTRODUCTION**

Plaintiffs and Defendants, by and through their undersigned counsel, jointly move the Court to extend the close of fact discovery by 120 days to February 27, 2024. As set forth below, the purpose of this extension is to allow the Parties' sufficient time to complete fact discovery following Amazon's compliance with the Court's September 15, 2023 order compelling Amazon's further review and production of documents. ECF 211 (the "Order"). As permitted by the Order, Amazon is conducting a further relevance review of the approximately two million documents that hit on the court-ordered search terms, and Amazon will produce additional responsive, non-privileged documents within 35 days of the Order, *i.e.*, by October 20, 2023. Order at 9. Because

JOINT MOTION TO EXTEND CASE DEADLINES
AND ORDER

that date is just ten days before the close of fact discovery under the current schedule, the Parties agree that a 120-day extension of the discovery cutoff and other pretrial deadlines is warranted and necessary to complete fact discovery.

The Parties disagree, however, on whether the Parties should be permitted to serve additional written discovery requests from now through the proposed extended discovery period. The Parties have set forth their respective positions on that question below and respectfully request that the Court resolve the issue.

### JOINT REQUEST TO EXTEND CASE DEADLINES

The current deadline to complete fact discovery is October 30, 2023. ECF 189 at 6. Pursuant to the Court's Order, Amazon has opted to conduct a further relevance review of the approximately two million custodial documents identified using the court-ordered search terms. Pursuant to the Order, Amazon must produce all additional responsive, non-privileged documents on or before October 20, 2023. That will leave insufficient time, before the current fact-discovery deadline, for Plaintiffs to review the additional documents and complete depositions of Amazon witnesses. The Parties therefore jointly request that the Court extend the case deadlines as follows:

| Event | Current Deadline | Proposed Extended Deadline |
|---|---|---|
| Fact discovery cut-off | October 30, 2023 | February 27, 2024 |
| Last day to file motion for class certification (including expert report in support of class certification) | December 22, 2023 | April 19, 2024 |
| Last day to file opposition to class certification (including expert report in opposition to class certification) | February 27, 2024 | June 26, 2024 |

JOINT MOTION TO EXTEND CASE DEADLINES
AND ORDER

| Event | Current Deadline | Proposed Extended Deadline |
|---|---|---|
| Last day to file reply in support of class certification (including reply class certification expert report limited to any new subjects introduced in opposition report) | March 28, 2024 | July 26, 2024 |

## ADDITIONAL WRITTEN DISCOVERY

The Parties disagree on whether the Parties should be free to serve additional written discovery requests through the end of the proposed extended discovery period. Plaintiffs want the ability to serve new requests. Amazon believes that the extended discovery period should be limited to completing the Parties' responses to existing requests. The Parties' respective positions follow:

### Plaintiffs' Position

As Amazon acknowledges *infra*, "the Court found that Amazon had taken too narrow a view of relevance with respect to Plaintiffs' existing claims when responding to Plaintiffs' existing document requests." Now, Amazon must produce what will likely be hundreds of thousands of additional documents – documents Amazon should have produced to Plaintiffs long ago and Plaintiffs have sought since June 2022. Notwithstanding, Amazon argues that Plaintiffs should have no right to even serve additional written discovery within the agreed-upon discovery period, even if Amazon's newly produced documents demonstrate on their face that additional categories of documents or information in Amazon's possession are relevant to Plaintiffs' claims or Amazon's defenses.

First, good cause plainly exists to permit Plaintiffs to serve additional written discovery based on any newly produced evidence from Amazon. *See, e.g.*, *Yellowcake, Inc. v. Morena Music, Inc.*, 2022 WL 12073782, at *5 (E.D. Cal. Oct. 20, 2022) (reopening discovery "for the limited purpose of allowing the parties to conduct discovery on the newly discovered evidence"); *2910*

*Georgia Ave. LLC v. D.C.*, 312 F.R.D. 205, 211 (D.D.C. 2015) (finding good cause under Rule 16(b)(4) to reopen discovery where "trial is not imminent, … Plaintiff's motion came only three weeks after the close of discovery[,] and Plaintiff was diligent in obtaining discovery within the guidelines established by the Court").[1] The Court has already found that Amazon has withheld substantially relevant categories of documents, and found that Amazon's failures have "infected the entire review and production process." Order at 9. If Amazon is allowed to further limit discovery—by cutting off Plaintiffs' ability to serve new discovery requests based on new document productions—Amazon will have found a way to limit the scope of the Court's Order and Plaintiffs will be further prejudiced.

To be clear, and contrary to Amazon's assertion *infra*, Plaintiffs have no intent to "assert new theories, or to start over with … discovery[.]" Plaintiffs are merely trying to obtain the relevant discovery they have been seeking for nearly two years. That new documents, containing new information may warrant the need for new discovery requests is not unreasonable.  To be clear, it is in Plaintiffs' best interest to complete this process efficiently.  Amazon will still have the ability to object to discovery on relevance, or other grounds, at which point the Parties will be able to confer and seek resolutions.

Next, Amazon mischaracterizes Plaintiffs "previous[] agree[ment]," *infra*. In the parties' earlier Stipulated Motion to Modify Discovery and Pretrial Dates and Order, the parties agreed that "[n]o party will serve new written discovery on another party, except for discovery both based on information learned in a deposition and following up on prior written discovery, supported by a citation to the deposition transcript and prior interrogatory, request for admission, or request for production." ECF 189 at 2. But this stipulation was reached in light of Amazon's certification that it has substantially completed its document production months prior, which was clearly incorrect

---

[1]  Plaintiffs are not asking the Court to "reopen" discovery, but instead simply to allow Plaintiffs to take actions within the Court-approved discovery period consistent with Rule 26. Amazon, on the other hand, is asking the Court expressly to limit Plaintiffs' discovery rights.

JOINT MOTION TO EXTEND CASE DEADLINES
AND ORDER

in light of the Court's Order finding that Amazon unreasonably limited its relevance review and ordering that it produce many more categories of documents than Amazon has thus far produced. Moreover, the Parties' prior extension was primarily aimed at completing fact depositions. Despite the focus on depositions, the Parties' still agreed that new discovery may warrant new discovery requests "based on information learned in a deposition." The only difference between the terms of the last extension and the proposed term here is what new discovery is anticipated, which now includes both depositions and new documents.

### **Amazon's Position**

On July 31, 2023, the Court granted the Parties' prior Stipulated Motion to Modify Discovery and Pretrial Dates. ECF 189. As part of that stipulation, the Parties agreed to, and the Court approved, the following limitation on additional written discovery:

> Written Discovery: No party will serve new written discovery on another party, except for discovery both based on information learned in a deposition and following up on prior written discovery, supported by a citation to the deposition transcript and prior interrogatory, request for admission, or request for production.

ECF 189 at 2. As part of the current request to further extend the discovery cutoff, Amazon proposed that the Parties agree to the same limitation. Plaintiffs refused.

Discovery has "ultimate and necessary boundaries" and is limited to information that is "relevant to any party's claim or defense and proportional to the needs of the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020); Fed. R. Civ. P. 26(b)(1). Amazon's proposed limitation—to which Plaintiffs previously agreed—strikes the appropriate balance.

Plaintiffs' written discovery requests to date have been expansive. Plaintiffs served on Amazon six rounds of document requests, comprising 109 requests for production. Plaintiffs also served on Amazon 17 interrogatories and 37 requests for admission. As ordered by the Court, Amazon searched the files of 36 custodians using hundreds of search terms. In short, Plaintiffs' existing discovery requests should more than cover what is relevant to this case.

In its Order, the Court found that Amazon had taken too narrow a view of relevance with respect to Plaintiffs' existing claims when responding to Plaintiffs' existing document requests. The Court allowed Amazon to re-conduct its document review, with a broader view of relevance, to respond to those requests. The Court did not suggest that Plaintiffs were entitled to assert new theories, or to start over with respect to discovery, this late in the process. Under Amazon's proposed limitation, as currently memorialized in the operative schedule (ECF 189), if Plaintiffs learn new information in depositions *that relates to their existing discovery requests*, they may seek that information. That is adequate protection and proportional to the needs of this case.

DATED: September 27, 2023.   RESPECTFULLY SUBMITTED,

*/s/ Bradley S. Keller*

**BYRNES KELLER CROMWELL LLP**
BRADLEY S. KELLER (WSBA# 10665)
1000 Second Avenue
Seattle, WA 98104
Telephone: 206/622-2000
206/622-2522 (fax)
bkeller@byrneskeller.com

*Liaison Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
MICHAEL P. CANTY
(admitted *pro hac vice*)
CAROL C. VILLEGAS
(admitted *pro hac vice*)
GUILLAUME BUELL
(admitted *pro hac vice*)
DAVID SALDAMANDO
(admitted *pro hac vice*)
DANIELLE IZZO
(admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
mcanty@labaton.com
cvillegas@labaton.com
gbuell@labaton.com

JOINT MOTION TO EXTEND CASE DEADLINES
AND ORDER

    dsaldamando@labaton.com
    dizzo@labaton.com

    **ROBBINS GELLER**
    **RUDMAN & DOWD LLP**
    PAUL J. GELLER
    STUART A. DAVIDSON
    (admitted *pro hac vice*)
    MARK DEARMAN
    (admitted *pro hac vice*)
    NICOLLE BRITO
    (admitted *pro hac vice*)
    ALEXANDER C. COHEN
    (admitted *pro hac vice*)
    225 NE Mizner Blvd., Suite 720
    Boca Raton, FL 33432
    Telephone: 561/750-3000
    561/750-3364 (fax)
    pgeller@rgrdlaw.com
    sdavidson@rgrdlaw.com
    mdearman@rgrdlaw.com
    nbrito@rgrdlaw.com
    acohen@rgrdlaw.com

    *Co-Lead Counsel for Plaintiffs and the Class*


    *s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423

    **FENWICK & WEST LLP**
    Brian D. Buckley, WSBA No. 26423
    Y. Monica Chan, WSBA No. 58900
    401 Union Street, 5th Floor
    Seattle, WA  98101
    Telephone:   206.389.4510
    Facsimile:    206.389.4511
    Email:        bbuckley@fenwick.com
                    mchan@fenwick.com

    Tyler G. Newby (admitted *pro hac vice*)
    Laurence F. Pulgram (admitted *pro hac vice*)
    Jedediah Wakefield (admitted *pro hac vice*)
    Armen N. Nercessian (admitted *pro hac vice*)
    Garner F. Kropp (admitted *pro hac vice*)

    555 California Street, 12th Floor
    San Francisco, CA 94104
    Telephone:   415.875.2300
    Facsimile:    415. 281.1350
    Email:        tnewby@fenwick.com
                    lpulgram@fenwick.com

                                                      jwakefield@fenwick.com
                                                      anercessian@fenwick.com
                                                        gkropp@fenwick.com

Melissa Lawton (admitted *pro hac vice*)
Esther Galan (admitted *pro hac vice*)
228 Santa Monica Boulevard, Suite 300
Santa Monica, CA  90401
Telephone:       310.554.5400
Email:           mlawton@fenwick.com
                 egalan@fenwick.com

*Counsel for Defendants*
AMAZON.COM, INC. and
AMAZON.COM SERVICES, LLC

# ORDER

Pursuant to the Parties' stipulation, it is HEREBY ORDERED that the current discovery and pretrial deadlines are extended as follows:

| Event | Former Deadline | New Deadline |
|---|---|---|
| Fact discovery cut-off | October 30, 2023 | February 27, 2024 |
| Last day to file motion for class certification (including expert report in support of class certification) | December 22, 2023 | April 19, 2024 |
| Last day to file opposition to class certification (including expert report in opposition to class certification) | February 27, 2024 | June 26, 2024 |
| Last day to file reply in support of class certification (including reply class certification expert report limited to any new subjects introduced in opposition report) | March 28, 2024 | July 26, 2024 |

During the extended discovery period, no Party may serve new written discovery on another Party, except for discovery that (a) is based on information learned in an upcoming

JOINT MOTION TO EXTEND CASE DEADLINES
AND ORDER

deposition, (b) is based on documents produced for the first time in the supplemental production ordered by the Court in Dkt. # 211, or (c) follows up on prior written discovery. New written discovery requests shall be supported by a citation to the deposition transcript, newly-produce document, and/or prior interrogatory, request for admission, or request for production that justifies the request.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2023.

*/s/ Robert S. Lasnik*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

JOINT MOTION TO EXTEND CASE DEADLINES
AND ORDER