THE HONORABLE ROBERT S. LASNIK

**FILED UNDER SEAL**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| KAELI GARNER,, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>AMAZON.COM, INC., et al.,<br><br>　　　　　　　　　　Defendants. | No. 2:21-cv-00750-RSL<br>(Consolidated)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' MOTION FOR IN CAMERA REVIEW OF DOCUMENTS CLAWED BACK OUT OF TIME**<br><br>NOTE ON MOTION CALENDAR:<br>March 15, 2024 |

# TABLE OF CONTENTS

**Page**

BACKGROUND ...............................................................................................................................1

    A.    Defendants' Document Productions. ......................................................................1

    B.    Defendants' Clawbacks and Additional Privilege Logs. .........................................2

    C.    Defendants' History of Resisting Discovery. ..........................................................3

ARGUMENT ...................................................................................................................................4

    A.    Defendants' Clawbacks Are Untimely. ...................................................................4

    B.    Multiple Reviews Identified No Privileged Material ..............................................5

    C.    Defendants' Policies of Over-Designation Support Additional Review. ................6

    D.    Plaintiffs' Requested Relief .....................................................................................7

CONCLUSION ................................................................................................................................8

LOCAL RULE 37(a)(1) CERTIFICATION ...................................................................................8

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME

- i -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA 98104
Telephone: 206/622-2000• Fax: 206/622-2522

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Fisher v. United States*,
    425 U.S. 391 (1976)...........................................................................................................7

*Hart v. TWC Prod. & Tech. LLC*,
    No. 20CV03842JSTJSC, 2022 WL 1529407 (N.D. Cal. Apr. 11, 2022).................................6

*In re Grand Jury*,
    23 F.4th 1088 (9th Cir. 2021) ............................................................................................7

*In re Grand Jury Investigation*,
    974 F.2d 1068 (9th Cir. 1992) ..............................................................................4, 5, 6, 7

*In re: Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*,
    357 F.3d 900 (9th Cir. 2004) .............................................................................................6

*L.D. v. United Behavioral Health*,
    No. 20CV02254YGRJCS, 2022 WL 3139520 (N.D. Cal. Aug. 5, 2022) ...............................4

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 30(b)(6)......................................................................................................................1

Local Rule 37(A)(1)...................................................................................................................8

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME

- ii -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

Plaintiffs file this Motion to request in camera review of a small, representative sampling of the hundreds of documents clawed back by Defendants (the "Clawed Back Documents") which were rescinded well past the deadline for compliance with this Court's September 15, 2023 Order Granting Plaintiffs' Motion To Compel, ECF 211 ("September Order"). Plaintiffs seek such a review because the Clawed Back Documents were reviewed multiple times by attorneys for Defendants and then, following Defendants' production, by Plaintiffs. In reviewing the documents produced, Plaintiffs' counsel did not identify any indicia of privilege on any of the Clawed Back Documents. After undertaking their review process, Plaintiffs belatedly learned that Defendants were again reviewing the documents and, shortly before noticed depositions were set to begin, Defendants sent notification that nearly two thousand documents were being clawed back.

Defendants' belated clawback of these produced documents is substantially likely to impact Plaintiffs' ability to take depositions—specifically, the deposition of Defendants' corporate designee under Rule 30(b)(6), which the Parties have already agreed to take after the close of discovery. This is not the first instance of Defendants' conduct significantly impacting discovery in this matter. *See* September Order at 9. Moreover, Defendants have a policy of over-designating privilege on documents concerning "privacy", raising significant concerns regarding the completeness of the production in this privacy case. An in camera review is warranted because of the substantial likelihood that many, if not most, of the Clawed Back Documents are business documents and not privileged.

## BACKGROUND

### A.   Defendants' Document Productions.

Defendants' initial review of the documents returned by the search terms ordered by this Court resulted in a production of only 2,564 documents due to Defendants' myopic view of the claims at issue in this case. September Order at 6. Defendants produced multiple privilege logs during this period. Cohen Decl. at 2. Defendants stated that this review took 63,000 hours to complete. September Order at 9. This Court determined that Defendants "used an unreasonably

narrow view of what was relevant" in that review and ordered Defendants to either produce all the documents returned by the search terms or to redo the relevance review and complete production within thirty-five days of the Court's order. *Id.* Defendants chose the latter.

By October 31, 2023, Defendants made multiple document productions that purported to fulfill the Court's order. Defendants also produced multiple privilege logs on a rolling basis, three after the October 31 production and only weeks, or in some cases days, before depositions were scheduled to begin. Plaintiffs' attorneys began reviewing the newly produced documents and privilege logs immediately to glean any information that would explain the 4,522 privilege designations, notice and prepare for depositions before the close of discovery on February 27, 2024, as well as to prepare for class certification and summary judgment.

**B.     Defendants' Clawbacks and Additional Privilege Logs.**

On December 20, 2023, two months after the deadline for production set by this Court, Defendants notified Plaintiffs that "content in the documents listed in Attachment A to this letter are subject to the attorney-client and/or work product privilege and were inadvertently produced." Cohen Decl. Ex. 1. Defendants stated that these documents were privileged because they included "confidential communications between Amazon and its in-house and/or outside attorneys for the purpose of obtaining or providing legal advice." Cohen Decl. Ex. 1. Attachment A listed 1,997 documents. Cohen Decl. Ex. 2. During a January 23, 2024 meet and confer, Defendants stated that they were not willing to review the clawback list but would produce a privilege log for all Clawed Back Documents created after *Hall-O'Neil*, as stipulated in the parties' Agreement Regarding Discovery of Electronically Stored Information. ECF 89 at 10. The Sixth Supplemental Privilege Log, produced on January 05, 2024, listed 113 documents. Cohen Decl. at 2.

On January 5, 2024, Defendants sent Plaintiffs an Amended Attachment A. Cohen Decl. Ex. 4. Defendants' cover letter stated that Defendants "identified additional privileged documents that were inadvertently produced as well as approximately 250 documents that were mistakenly included in our December 20, 2023 letter." Cohen Decl. Ex. 3. Amended Attachment A listed

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME                                         - 2 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

1,741 documents. Cohen Decl. Ex. 4. Plaintiffs again requested, on January 22, 2024, that Defendants review the amended clawback list and deescalate documents, but Defendants declined to do so.

On January 29, 2024, Defendants produced a Seventh Supplemental Privilege Log, listing 1,220 documents. Cohen Decl. at 2. On February 1, 2024, Defendants purportedly sent Plaintiffs a Second Amended Attachment A, downgrading 51 "duplicate[]" documents and clawing back one additional document.[1] Cohen Decl. Ex. 5. The final number of Clawed Back Documents impacted totals approximately 2,055.

### C. Defendants' History of Resisting Discovery.

Plaintiffs have several concerns regarding Defendants' privilege designations. First, Defendants' multiple late stage clawback notices came two months after this Court's order to produce the relevant documents. Indeed, the documents were clawed back as Plaintiffs diligently worked to review hundreds of thousands of documents and to prepare for depositions to avoid having to extend discovery for a fourth time due to Defendants' delay.

Second, Defendants' own documents highlight concerning internal policies that appear to promote resisting discovery requests by various means, including over-designation of privilege. For example, a July 2021 "Dos and Don'ts" checklist produced following the September Order illustrates one such policy. Cohen Decl. Ex. 6. There, Defendants' employees were instructed to label meeting invitations and documents "privileged and confidential" if they "address[ed] a sensitive legal topic" which included "privacy". *Id.* at 2. Only after labeling the invitation or document "privileged and confidential" was the employee instructed to contact the legal department "for additional guidelines." *Id.* Even if these documents contain some privileged information—and they may not—there is a substantial likelihood that each document contains at

---

[1] The February 1 email from Defendants did not include a copy of this spreadsheet, and Plaintiffs' have been unable to locate a copy after a diligent search.

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME - 3 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA 98104
Telephone: 206/622-2000• Fax: 206/622-2522

least a mix of business and legal information. Documents containing some business information could and should have been produced in redacted form.

This issue, involving a nearly identical policy related to documents regarding "clarity" instead of "privacy" like in this case, is currently before another judge in this district in *FTC v. Amazon, Inc.*, 2:23-cv-00932-JHC (W.D. Wash.). Documents made public in that case show Defendants' policy of marking all documents related to "clarity" as privileged and confidential. Cohen Decl. Ex. 7 at 3. An example from October 2020, squarely within the relevant timeframe of this case, shows a director adding an attorney to an email chain with only the comment "+ Susan [the attorney], making P&C, seeking legal guidance. Team, let's please keep Clarity communications as P&C. thx." Cohen Decl. Ex. 7 at 3–4. Defendants have produced multiple documents with various forms of "+ [legal], for P&C" in the instant case as well. *See, e.g.*, Cohen Decl. Ex. 8.

**ARGUMENT**

In camera review is appropriate when the party seeking review can "show a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992). The threshold showing required to justify in camera review is "not high." *L.D. v. United Behavioral Health*, No. 20CV02254YGRJCS, 2022 WL 3139520, at *11 (N.D. Cal. Aug. 5, 2022).

**A.  Defendants' Clawbacks Are Untimely.**

The timing of Defendants' first clawback request—two months after the deadline set by this Court to redo its relevance review—provides a factual basis to believe that many, if not most, of the Clawed Back Documents are business, not legal, documents. The second review was prompted by Plaintiffs' motion to compel production of documents already produced to the Federal Trade Commission. September Order at 1. Defendants "only object[ed] to producing documents where the FTC matter and this case do not overlap." Def. Opp. To Pls.' Motion to Compel, ECF

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME
- 4 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA 98104
Telephone: 206/622-2000• Fax: 206/622-2522

1  185 at 7. In other words, Defendants' *sole* objection to production of the documents it produced to
2  the FTC and not to Plaintiffs was relevance.
3        This Court was unconvinced by Defendants' arguments and determined that Defendants
4  used "an unreasonably narrow view of what was relevant" in its entire relevance review. This
5  Court ordered Defendants to choose between completing a second relevance review or turning
6  over these documents immediately without respect to their responsiveness. September Order at 9.
7  When Defendants choose to review these documents again, it was given a second opportunity at a
8  privilege review, even though a portion of these documents had already been produced to the FTC
9  and Defendants already argued that the only reason they were withheld was due to lack of
10 relevance.
11       Instead, Defendants waited two months, half of the time remaining for discovery, to issue
12 a massive clawback request. A reasonable person could believe that a portion of these Clawed
13 Back Documents were among those produced to the FTC, and that in camera inspection will
14 therefore "reveal evidence that information in the materials is not privileged." *In re Grand Jury*
15 *Investigation*, 974 F.2d at 1075.

16       **B.**    **Multiple Reviews Identified No Privileged Material.**

17       Prior to Defendants' untimely notice, Plaintiffs' counsel reviewed a substantial portion of
18 the Clawed Back Documents—in many cases multiple times—and did not identify any privileged
19 material. And before Plaintiffs even received the Clawed Back Documents, Defendants' attorneys
20 conducted their own review (and were in possession of the documents for over two years) prior to
21 the September Order. The Clawed Back Documents were again reviewed by Defendants' attorneys
22 following the September Order and found to be appropriate for production. Finally, nearly a third
23 of the Clawed Back Documents were reviewed by Plaintiffs' attorneys in the two months before
24 receipt of the first clawback letter and sequestering of the Clawed Back Documents. None of those
25 attorneys found any indicia of privileged content.
26

1     As the party asserting the attorney-client privilege and work product doctrine to withhold
2 the Clawed Back Documents, Defendants have the burden of proving the privileges apply. *In re*
3 *Grand Jury Investigation*, 974 F.2d at 1070. The fact that a finished document "reflects," or
4 incorporates, attorney input does not make the document itself a privileged communication. *See,*
5 *e.g., Hart v. TWC Prod. & Tech. LLC*, No. 20CV03842JSTJSC, 2022 WL 1529407, at *2 (N.D.
6 Cal. Apr. 11, 2022) (fact that a policy "may have been developed with input from attorneys does
7 not make emails reflecting what the policy actually is privileged").

8     To support Defendants' claim that multiple documents also contain attorney work product,
9 Defendants must establish the documents were prepared "in anticipation of litigation," which
10 means the document must have been "created because of anticipated litigation, and would not have
11 been created in substantially similar form but for the prospect of that litigation." *In re: Grand Jury*
12 *Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907–08 (9th Cir. 2004) (citation omitted).
13 "When there is a true independent purpose for creating a document, work product protection is
14 less likely . . . ." *Id.* at 908.

15     Under the Agreement Regarding Discovery of Electronically Stored Information, Plaintiffs
16 agreed to return any information protected as privileged or work product. ECF 89 at 10. If any
17 such information had been identified during the review, it would have been brought to Defendants'
18 attention. No such information was identified by Plaintiffs' attorneys, just as it was not identified
19 by Defendants' attorneys in their two reviews.

20     **C.**     **Defendants' Policies of Over-Designation Support Additional Review.**

21     Defendants' stated policies for preemptively designating documents as privileged ***before***
22 consulting a member of the legal team is well-documented and provides an additional factual basis
23 for Plaintiffs' good faith belief that in camera review will reveal that information in the Clawed
24 Back Documents is not privileged. *See, e.g.*, Cohen Decl. Ex. 6; Ex. 7 at 3. Defendants' documents
25 explicitly describe policies of marking broad categories of documents "privileged and
26 confidential" regardless of attorney involvement. *Id.* The tag was expected to be applied to

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME    - 6 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA 98104
Telephone: 206/622-2000• Fax: 206/622-2522

1  communications and documents prior to even contacting an attorney if the subject was "a sensitive
2  legal topic" such as "privacy", which is the predominant issue at the heart of this case. Cohen Decl.
3  Ex. 6 at 2.

4        This is not permissible. Documents are only protected by attorney-client privilege when
5  their "primary purpose" is "to give or receive legal advice, as opposed to business . . . advice." *In*
6  *re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). This standard is meant to discourage policies
7  exactly like Defendants': "add[ing] layers of lawyers to every business decision in hopes of
8  insulating themselves from scrutiny in any future litigation." *Id.* at 1093–94; *see also In re Grand*
9  *Jury Investigation*, 974 F.2d at 1070 ("To prevent abuse … the privilege is limited to 'only those
10 disclosures—necessary to obtain informed legal advice—which might not have been made absent
11 the privilege.'") (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).

12       **D.**      **Plaintiffs' Requested Relief**

13       Plaintiffs respectfully request that the Court review a random sample of the Clawed Back
14 Documents to determine whether they are in fact privileged, or whether they should have been
15 produced in full or redacted form. To promote efficiency and judicial economy, Plaintiffs propose
16 the following approaches for the Court to consider: the Court could select 50–100 Clawed Back
17 Documents to review for privilege at random, or Plaintiffs could select 50–100 Clawed Back
18 Documents for the Court's review from the documents that Plaintiffs previously reviewed and
19 determined to not be privileged.

20       If the Court's review determines that documents were improperly clawed back because
21 they are not privileged, or documents should have been produced in redacted form, Plaintiffs
22 request the Court enter an order permitting Plaintiffs to establish a taint team to review all Clawed
23 Back Documents, as well as all other documents that Defendants claim are privileged, and
24 deescalate any that are not privileged. Alternatively, Plaintiffs respectfully request the Court order
25 a Special Master or the Magistrate Judge assigned to this matter conduct the review.

26

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME - 7 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA 98104
Telephone: 206/622-2000• Fax: 206/622-2522

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests the Court provide in camera review of a sampling of the Clawed Back Documents.

## LOCAL RULE 37(A)(1) CERTIFICATION

I certify that counsel for Plaintiffs has in good faith conferred with counsel for Defendants in an effort to resolve this dispute without court action. Counsel for the parties met and conferred by phone on January 23, 2024, and February 26, 2024, with the following attorneys present: Melissa Lawton, Danielle Izzo, and Alexander Cohen (February 26, 2024 only). Counsel also exchanged written correspondence relating to this dispute on January 24, 2024, February 23, 2024, February 26, 2024 and February 27, 2024.

DATED: February 27, 2024

BYRNES KELLER CROMWELL LLP
BRADLEY S. KELLER (WSBA# 10665)

　　　　　　　　　　　　 /s/ Bradley S.Keller
BRADLEY S. KELLER

1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  206/622-2000
206/622-2522 (fax)
bkeller@byrneskeller.com

Attorneys for Plaintiff and the Class

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME

- 8 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

|   |   |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN |
|   |   & DOWD LLP |
| 3 | PAUL J. GELLER |
|   | STUART A. DAVIDSON |
| 4 | (admitted *pro hac vice*) |
|   | MARK J. DEARMAN |
| 5 | (admitted *pro hac vice*) |
|   | ALEXANDER C. COHEN |
| 6 | (admitted *pro hac vice*) |
|   | NICOLLE B. BRITO |
| 7 | (admitted *pro hac vice*) |
|   | 225 NE Mizner Boulevard, Suite 720 |
| 8 | Boca Raton, FL  33432 |
| 9 | Telephone:  561/750-3000 |
|   | 561/750-3364 (fax) |
| 10 | pgeller@rgrdlaw.com |
|   | sdavidson@rgrdlaw.com |
| 11 | mdearman@rgrdlaw.com |
|   | acohen@rgrdlaw.com |
| 12 | nbrito@rgrdlaw.com |
| 13 | |
|   | LABATON KELLER SUCHAROW LLP |
| 14 | MICHAEL P. CANTY |
|   | (admitted *pro hac vice*) |
| 15 | CAROL C. VILLEGAS |
|   | (admitted *pro hac vice*) |
| 16 | DAVID SALDAMANDO |
|   | (admitted *pro hac vice*) |
| 17 | GUILLAUME BUELL |
|   | (admitted *pro hac vice*) |
| 18 | THOMAS G. HOFFMAN JR. |
|   | (admitted *pro hac vice*) |
| 19 | 140 Broadway, 34th Floor |
|   | New York, NY  10005 |
| 20 | Telephone:  212/907-0700 |
|   | 212/818-0477 (fax) |
| 21 | mcanty@labaton.com |
|   | villegas@labaton.com |
| 22 | dsaldamando@labaton.com |
|   | gbuell@labaton.com |
| 23 | thoffman@labaton.com |
| 24 | Interim Co-Lead Class Counsel |
| 25 | |
| 26 | |

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME
- 9 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

BURSOR & FISHER, P.A.
L. TIMOTHY FISHER
(admitted *pro hac vice*)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone:  925/300-4455
925/407-2700 (fax)
ltfisher@bursor.com

BURSOR & FISHER, P.A.
ALEC M. LESLIE
(admitted *pro hac vice*)
MAX S. ROBERTS
(admitted *pro hac vice*)
888 Seventh Avenue, Third Floor
New York, NY  10019
Telephone:  646/837-7150
212/989-9163 (fax)
aleslie@bursor.com
mroberts@bursor.com

ZIMMERMAN REED, LLP
BRIAN C. GUDMUNDSON
(admitted *pro hac vice*)
JASON P. JOHNSTON
(admitted *pro hac vice*)
MICHAEL J. LAIRD
(admitted *pro hac vice*)
1100 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com

ZIMMERMAN REED LLP
CALEB MARKER (admitted *pro hac vice*)
2381 Rosecrans Avenue, Suite 328
Manhattan Beach, CA  90245
Telephone:  877/500-8780
caleb.marker@zimmreed.com

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME
- 10 -
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522

|   |   |
|---|---|
| 1 |   |
| 2 | LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>ROBERT K. SHELQUIST |
| 3 | (admitted *pro hac vice*)<br>REBECCA A. PETERSON |
| 4 | (admitted *pro hac vice*)<br>100 Washington Avenue South, Suite 2200 |
| 5 | Minneapolis, MN  55401-2159<br>Telephone:  612/339-6900 |
| 6 | 612/339-0981 (fax)<br>rkshelquist@locklaw.com |
| 7 | rapeterson@locklaw.com |
| 8 | Interim Class Counsel |

PLAINTIFFS' MOTION FOR IN CAMERA
REVIEW OF DOCUMENTS CLAWED BACK
OUT OF TIME

- 11 -

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor, Seattle, WA  98104
Telephone: 206/622-2000• Fax: 206/622-2522