THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

    Plaintiffs,

v.

AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,

    Defendants.

Case No. 2:21-cv-00750-RSL

**AMAZON'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE CONFIDENTIALITY DESIGNATIONS**

NOTE ON MOTION CALENDAR:
MAY 29, 2024

# TABLE OF CONTENTS

**Page**

I. SUMMARY ..................................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Plaintiffs Cannot Explain Their Failure To Disclose The Last Two Years Of Dr. Egelman's Work. ................................................................................. 1

    B. Because Plaintiffs Failed To Disclose Eight Of Dr. Egelman's Current Matters, Amazon Cannot Vet Potential Conflicts And The Risk Of Exposing Its Highly Confidential Information. ............................................................ 2

    C. Any Delay In Dr. Egeleman's Receipt Of Confidential Information Is Of Plaintiffs' Own Making. ....................................................................................... 4

III. CONCLUSION .............................................................................................................. 5

AMAZON'S REPLY ISO MOTION TO
ENFORCE CONFIDENTIALITY
DESIGNATIONS
CASE NO. 2:21-CV-00750-RSL

- i -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Codexis, Inc. v. EnzymeWorks, Inc.*,
 No. 3:16-cv-00826, 2017 WL 5992130 (N.D. Cal. Dec. 4, 2017) ............................................4

*Doe v. Kaiser Foundation Health Plan, Inc.*
 No. 23-cv-02865, 2023 WL 8714880 (N.D. Cal. Dec. 17, 2023)............................................3

*GPNE Corp. v. Apple Inc.*,
 No. 5:12-cv-2885, 2014 WL 1027948 (N.D. Cal. Mar. 13, 2014) ..........................................2

*Gradillas Court Reporters, Inc. v. Cherry Bekaert, LLP*,
 No. 18-mc-80064, 2018 WL 2197544 (N.D. Cal. May 14, 2018)..........................................3

*Symantec Corp. v. Acronis Corp.*,
 No. 11-5310, 2012 WL 3582974 (N.D. Cal. Aug. 20, 2012) ..................................................4

AMAZON'S REPLY ISO MOTION TO
ENFORCE CONFIDENTIALITY
DESIGNATIONS
CASE NO. 2:21-CV-00750-RSL

- ii -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101

## I. SUMMARY

Plaintiffs mischaracterize Amazon's Motion (Dkt. 250) as an effort to disqualify Dr. Serge Egelman as an expert. Opp. at 4-5. It is not. Instead, Amazon merely asks that that Dr. Egelman comply with the disclosure requirements in the Stipulated Protective Order before he can receive Amazon's highly confidential information. Nothing stops him from working for Plaintiffs, and they suggest he will continue to do so regardless of the outcome of this Motion. *See id.* at 2 n.2 (discussing that Dr. Egelman may "update" his report after this Motion resolves). The Stipulated Protective Order lays out a simple process before an expert can receive highly confidential information. Plaintiffs did not satisfy that process and should not be allowed to share that information. Alternatively, Amazon requests that the Court conduct an *in camera* review of the eight anonymous matters so the Court can determine whether any conflicts should prohibit disclosure.

## II. ARGUMENT

### A. Plaintiffs Cannot Explain Their Failure To Disclose The Last Two Years Of Dr. Egelman's Work.

Plaintiffs don't deny that the Stipulated Protective Order requires disclosure of the past five years of an expert's work history. Nor can they contest that they failed to include the last two years of Dr. Egelman's work history. *See* Opp. at 2-3. Instead, they try to excuse their incomplete disclosures of Dr. Egelman's work over the past five years on the grounds that he "updated his resume"—without explaining why they did not ask Dr. Egelman to update his resume before sending it to Amazon. This stale resume was perfectly acceptable, Plaintiffs say, because they "were not under any obligation to track down Dr. Egelman's most recent CV." *Id.* at 5. But disclosing his work over the past five years is exactly what the Stipulated Protective Order requires, even if that means asking him to update his CV before serving an expert disclosure. Not only does the Stipulated Protective Order require the party to disclose the expert's work "in the past five years," but it also separately requires the party to submit a "current resume.' Dkt. 81 (Stipulated Protective Order) at § 6.4.2. The purpose of this requirement is to vet potential conflicts, and the

most recent work poses the greatest threat of potential conflicts. If the Stipulated Protective Order did not require Dr. Egelman to disclose current work, he could maintain his 2022 resume indefinitely and completely conceal all his post-2022 work from opposing parties. The Stipulated Protective Order does not allow such an absurd result.

Finally, Plaintiffs' story also raises more questions than it answers. In an attempt to demonstrate compliance, Plaintiffs offer that Dr. Egelman only "became able to update his resume after Plaintiffs' March 20, 2024 disclosure." Opp. at 5. They leave unanswered why Dr. Egelman was unable to update his resume for two years and why he was suddenly able to update it immediately after giving an outdated version to Amazon. Dr. Egelman's lack of timely disclosure calls into question whether he has identified *all* of his work in the past five years.

**B.  Because Plaintiffs Failed To Disclose Eight Of Dr. Egelman's Current Matters, Amazon Cannot Vet Potential Conflicts And The Risk Of Exposing Its Highly Confidential Information.**

Plaintiffs offer two justifications for their failure to disclose eight matters that Dr. Egelman is currently working on: (1) the existence of a protective order in this case and (2) the naked claim that Dr. Egelman does not work for a competitor. Opp. at 7-8. Neither is sufficient.

### 1.  Stipulated Protective Order

The Stipulated Protective Order is not a panacea. Plaintiffs state that "If Dr. Egelman cannot be taken at his word to honor the obligations under the Stipulated Protective Order to which he has agreed to be bound, then the entire premise of stipulated protective order … in almost any case would devolve into an *ad hoc* inquiry of 'inevitable disclosure' and contentious motion practice." Opp. at 7. Not so. If the mere existence of a protective order eliminated the risk of giving an expert access to a party's highly confidential information, the protective order would not require expert disclosures at all. The Stipulated Protective Order's vetting process is necessary even if Amazon were to take Dr. Egelman's word that he would not misuse highly confidential information. *See GPNE Corp. v. Apple Inc.*, No. 5:12-cv-2885, 2014 WL 1027948, *2 (N.D. Cal. Mar. 13, 2014) (finding that reviewing confidential information in that case could have influenced

the expert's other work, "even if [the expert] were to make his best efforts to cabin th[is] information off in his mind.").

Plaintiffs cite two cases that actually support Amazon's position. *See* Opp. at 6-7. In both cases, parties objected to producing confidential information, but the courts found that protective orders sufficiently guarded that information. *See Doe v. Kaiser Foundation Health Plan*, *Inc*. No. 23-cv-02865, 2023 WL 8714880, *5 (N.D. Cal. Dec. 17, 2023); *Gradillas Court Reporters, Inc. v. Cherry Bekaert, LLP*, No. 18-mc-80064, 2018 WL 2197544, *7 (N.D. Cal. May 14, 2018). Both cases ask whether a party should produce information at all, and not whether an expert should receive information that has been produced. More importantly, both cases reasoned that the information should be produced because the protective orders contained sufficient protections. *Kaiser Foundation Health Plan*, 2023 WL 8714880 at *5; *Gradillas*, 2018 WL 2197544 at *7. Amazon argues the same here. One of the Stipulated Protective Order's protections is the vetting process of an expert's work history. Plaintiffs failed to comply with that provision, and Amazon asks the Court to enforce the guardrails that the Stipulated Protective Order provides.

**2.     Assurances That Dr. Egelman Is Not Working For An Amazon Competitor**

Second, Plaintiffs' unsupported claim that Dr. Egelman is not working for Amazon's competitors in the eight anonymous matters is impossible for Amazon to vet. Plaintiffs fault Amazon for not producing "concrete evidence" of a conflict. Opp. at 8. But Amazon cannot provide any evidence about the risk of disclosure when Plaintiffs conceal what Dr. Egelman is working on. And throughout the Parties' discovery correspondence, Plaintiffs have never offered any evidence that Dr. Egelman *does not* work for a competitor. They only offer a single sentence of argument in their brief, unsupported by any declaration or document, that "Dr. Egelman does not work directly for an Amazon competitor." *See id*. Plaintiffs cannot hold all the cards and then blame Amazon for not playing a hand. Neither Plaintiffs' bare assertion that Dr. Egelman does not have conflicts nor the existence of the Stipulated Protective Order eliminates the possibility that Dr. Egelman could misuse Amazon's information.

AMAZON'S REPLY ISO MOTION TO
ENFORCE CONFIDENTIALITY
DESIGNATIONS
CASE NO. 2:21-CV-00750-RSL

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

Even if the Court were to conduct a balancing test, notwithstanding the incomplete information, Plaintiffs offer no benefit to balance against potential risks of disclosure. Plaintiffs have provided no information as to what would make Dr. Egelman the "expert most beneficial to its case" to outweigh Amazon's interest in protecting its highly confidential materials. *See* Mot. at 7 (citing *Codexis, Inc. v. EnzymeWorks, Inc.*, No. 3:16-cv-00826, 2017 WL 5992130, *6 (N.D. Cal. Dec. 4, 2017) and *Symantec Corp. v. Acronis Corp.*, No. 11-5310, 2012 WL 3582974, *3 (N.D. Cal. Aug. 20, 2012)). Instead, Plaintiffs merely assert that "Dr. Egelman is an active consultant in the wiretapping space and serves as an expert witness in cases in this sphere with some regularity." Opp. at 8. Nothing suggests Dr. Egelman is uniquely poised to support Plaintiffs' case or that any other computer science expert (without conflicts) could not do the job.

### C. Any Delay In Dr. Egeleman's Receipt Of Confidential Information Is Of Plaintiffs' Own Making.

Plaintiffs alone decided when to notify Amazon that they intend to disclose Amazon's highly confidential information to Dr. Egelman. This case has been pending for nearly three years. That Plaintiffs waited until after the close of fact discovery to provide an incomplete disclosure of Dr. Egelman as an expert is a problem entirely of Plaintiffs' own making. Plaintiffs' argument that Amazon's "true purpose" in filing its Motion was to "imped[e] Plaintiffs' ability to effectively prosecute their case" holds no weight. Opp. at 4. Any problems with deadlines are Plaintiffs' own making. Plaintiffs made their incomplete disclosure of Dr. Egelman to Amazon only three months before the deadline to file their class certification motion, all while failing to provide his complete disclosures. Amazon abided by the timeline for objecting to disclosures that the Parties agreed to in the Stipulated Protective Order. *See* Dkt. 81 at §§ 6.4.3-4. And as described in its Motion, Amazon diligently conferred with Plaintiffs over emails, phone calls, and letters in an attempt to resolve the issue without motion practice. *See* Mot. at 2-4. These conferences drew longer because Amazon only discovered Dr. Egelman's current resume after-the-fact through its own investigation. Any time crunch is not due to Amazon.

/ / /

## III. CONCLUSION

Plaintiffs agreed to expert disclosure requirements under the Stipulated Protective Order and then failed to follow them. Based on this lack of information, Amazon cannot evaluate the potential harm that could come from disclosing its highly confidential materials to Dr. Egelman. Amazon respectfully requests that this Court prohibit Plaintiffs from sharing Amazon's materials designated "Highly Confidential – Attorneys' Eyes Only" with Dr. Egelman, or in the alternative, conduct an *in camera* review of the anonymous matters to determine if they pose an unreasonable risk of misuse of Amazon's information.

Dated: May 29, 2024

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
Tyler G. Newby (admitted *pro hac vice*)
Armen N. Nercessian (admitted *pro hac vice*)
Garner F. Kropp (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: jwakefield@fenwick.com
tnewby@fenwick.com
anercessian@fenwick.com
gkropp@fenwick.com

Melissa Lawton (admitted *pro hac vice*)
Janie Yoo Miller (admitted *pro hac vice*)
Esther D. Galan (admitted *pro hac vice*)
730 Arizona, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Email: mlawton@fenwick.com
jmiller@fenwick.com
egalan@fenwick.com

*Counsel for Defendants*
AMAZON.COM, INC. and AMAZON.COM SERVICES LLC

## LCR 7(e) WORD-COUNT CERTIFICATION

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 1,554 words.

Dated:  May 29, 2024

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423