1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al*.,

           Plaintiffs,

    v.

AMAZON.COM, INC., *et al*.,

           Defendants.

Cause No. C21-0750RSL

ORDER REGARDING
DISCLOSURE OF
DOCUMENTS TO
PLAINTIFFS' EXPERT

This matter comes before the Court on "Amazon's Motion to Enforce Confidentiality

Designations." Dkt. # 250. Amazon seeks an order precluding plaintiffs from disclosing

information that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" to plaintiffs' expert, Dr. Serge Egelman, on the ground that plaintiffs failed to make the

disclosures required by paragraph 6.4.2 of the Stipulated Protective Order in this case. Paragraph

6.4.2 states:

> A party seeking to disclose to an expert retained by outside counsel of record any
> information or item that has been designated "HIGHLY CONFIDENTIAL –
> ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
> CODE" must first make a written request to the designating party that (1) sets
> forth the full name of the expert and the city and state of his or her primary
> residence; (2) attaches a copy of the expert's current resume; (3) identifies the
> expert's current employer(s); (4) identifies each person or entity from whom the
> expert has received compensation or funding for work in his or her areas of
> expertise (including in connection with litigation) in the past five years; and

ORDER GRANTING MOTION TO SEAL - 1

(5) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (3) - (5) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the Designator regarding any such confidentiality obligations.

Dkt. # 81 at 7-8. The party designating information as highly confidential may object to its disclosure to an expert, but it must provide detailed grounds for the objection, participate in a meet and confer in an effort to resolve the dispute, and, if unsuccessful, seek an order from the Court as to whether the disclosure can be made. Dkt. # 81 at 8.

As a starting point, the Court notes that Amazon offers no reason to believe that Dr. Egelman poses a threat to its competitive position in the market or will use its trade secrets or other sensitive information for purposes other than providing expert testimony in this litigation.[1] Rather, Amazon seeks to prevent the disclosure of highly confidential information to Dr. Egelman because Amazon has not been able to confirm that he poses no such risk and/or as a sanction for failing to comply with the disclosure requirements of paragraph 6.4.2. Neither argument is persuasive.

The procedures set forth in the Stipulated Protective Order are not a guarantee that a parties' in-house attorneys and/or experts are completely disinterested in the subject matter of the litigation. An in-house attorney, for example, will always have her source of income as a

---

[1] Amazon does not argue that Dr. Egelman (a) was previously retained by Amazon and acquired confidential information during the course of that engagement or (b) is biased against Amazon.

ORDER GRANTING MOTION TO SEAL - 2

possible influence, and an expert who does research in an area germane to the litigation may

testify against Amazon without being forever barred from doing so again. The type of

information the parties agreed to exchange in paragraph 6.4.2 goes not to some abstract concept

of adversity or conflict, but rather towards determining whether the disclosure of highly

confidential information would give rise to a competitive disadvantage. In the case of in-house

counsel, the disclosures were specifically aimed at revealing the attorney's "present or potential

involvement in any competitive decision-making." Dkt. # 81 at 7. In the case of experts, the

disclosures are primarily aimed at revealing whether the expert had been or was currently being

paid by a competitor and/or was involved in litigation that might tempt him to utilize highly

confidential information in the service of others. As discussed below, Dr. Egelman and plaintiffs

disclosed the required information, albeit in fits and starts, and Amazon has not identified any

engagement or other fact that shows Dr. Egelman is unfit to serve as an expert in this case or

cannot be trusted with highly confidential information.

     Amazon's second argument is that Dr. Egelman should be deprived of access to its highly

confidential information because plaintiffs did not comply with the Stipulated Protective Order

insofar as they failed to satisfactorily describe the eight matters on which Dr. Egelman has

worked for an undisclosed private law firm and failed to identify certain cases and funding

sources in their original written request. The Court finds that plaintiffs complied with the

Stipulated Protective Order and/or amended their disclosures to achieve compliance. Pursuant to

paragraph 6.4.2, if the expert believes disclosure of an engagement or litigation would violate a

confidentiality obligation to a third party, he is to "provide whatever information the expert

ORDER GRANTING MOTION TO SEAL - 3

believes can be disclosed without violating the confidentiality agreements, and the party seeking

to disclose the information to the expert shall be available to meet and confer" with the

designating party. The Stipulated Protective Order does not require production of applicable

confidentiality agreements to either plaintiffs' counsel or the designating party. Dr. Egelman, as

the person who the parties charged with interpreting the agreements, disclosed that he had

received compensation from "[o]ne additional private law firm (8 unrelated matters subject to

confidentiality agreements)." Dkt. 251-1 at 3. Through the meet and confer process, plaintiffs

confirmed that (a) the eight matters are confidential; (b) the law firm's clients were individuals,

government agencies, and business entities; (c) the engagement contemplated potential

litigation; (d) one or more of the matters is on-going; (e) the matters do not involve issues

related to the claims asserted in this litigation; (f) Dr. Egelman's work on the matters concerned

app development technology, including testing app transmissions, unrelated to Amazon, its

products, or its services; and (g) the matters do not involve voice assistants. The procedure set

forth in the Stipulated Protective Order was pursued and revealed significant data regarding

confidential matters. Amazon has not identified any reason to believe that Dr. Egelman's

participation in these eight matters poses a threat to its competitive advantage or a conflict that

justifies withholding highly confidential materials from him. Amazon's lack of surety on the

matter does not outweigh plaintiffs' choice of an expert with specialized knowledge regarding

wiretapping and their interest in having him fully apprised of the relevant facts.

Amazon's objection to the piecemeal presentation of Dr. Egelman's work history,

particularly the belated disclosure of (i) cases in which he testified after 2022, (ii) over a million

ORDER GRANTING MOTION TO SEAL - 4

1  dollars in funding received for research on neural networks and app-based privacy after 2022,

2  and (iii) a 2016 case brought by the Federal Trade Commission against Amazon in this district,

3

4  has some merit but does not justify withholding documents from Dr. Egelman. All of these

5  items have now been disclosed, and Amazon has not identified any threat to the confidentiality

6  of its materials arising therefrom. Dr. Egelman will be bound by the Stipulated Protective Order

7  that has already been entered in this case, and Amazon has not shown that any additional terms

8  or orders should be imposed under Rule 26(c)(1)(G).

9

10

11     For all of the foregoing reasons, Amazon's motion to preclude Dr. Egelman from

12  receiving its highly confidential information (Dkt. # 250) is DENIED.

13

14     Dated this 2nd day of July, 2024.

15

16

17     *MWT S Lasnik*
       Robert S. Lasnik

18     United States District Judge

19

20

21

22

23

23

25

26

27

28

ORDER GRANTING MOTION TO SEAL - 5