UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>  Defendants. | Cause No. C21-0750RSL<br><br>ORDER DENYING MOTION<br>TO SEAL (Dkt. # 229) |

This matter comes before the Court on the "Motion to Seal Plaintiffs' Motion for in Camera Review of Documents Clawed Back Out of Time." Dkt. # 229. Amazon has designated as confidential a document that describes best practices for preparing written materials for a senior vice president's review (Dkt. # 233 at 1-3 (Exhibit 6)) and asserts that it contains confidential and commercially sensitive information about internal business practices, including recommendations for obtaining privilege protections for discussions regarding legal issues. Amazon would like Exhibit 6 and the portions of plaintiffs' motion that rely on Exhibit 6 to be sealed.[1]

---

[1] Amazon agrees that Exhibit 8 (Dkt. # 233-1) can be unsealed.

ORDER GRANTING MOTION TO SEAL - 1

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). A party's unilateral designation of a document as confidential does not, in and of itself, justify a seal under LCR 5(g)(2). Rather, the party seeking to shield a document from public view must identify the public or private interest that warrants a seal, explain the injury that will result if a seal is not granted, and show that a less restrictive alternative is unavailable or insufficient. LCR 5(g)(3)(B). The protective order in this matter similarly describes confidential documents as (a) containing non-public business information that Amazon treats as confidential in the ordinary course of business and (b) containing information which, if disclosed, may cause Amazon to be commercially disadvantaged or prejudiced. Dkt. # 81 at 1.

> Some examples of 'Confidential' materials are: trade secrets, technical information; technical practices; technical methods; know-how; product research; product design; product formulas; product testing; product development; product manufacturing; minutes of confidential board meetings; minutes of confidential officer meetings; minutes of confidential employee meetings; non-public pricing; finances; taxes; sales; profits; costs; licensing agreements; licensing negotiations; customers; customer lists; market projections; market forecasts; strategy plans; marketing strategies; Amazon account holders' personally identifiable information, including but not limited to email addresses, phone numbers and payment account information; and any personally identifiable information relating to minors.

*Id.*

Exhibit 6 reveals no technical or product information, there are no meeting minutes, customer information, or financial data, and it does not touch on strategic planning or marketing. It is merely a list of recommendations for making the most of a senior vice president's valuable

ORDER GRANTING MOTION TO SEAL - 2

time and advice regarding how to keep regulators at bay and legal discussions confidential. Even if this document is kept in confidence in the ordinary course of Amazon's business, no commercial information is shared or discussed, and Amazon offers nothing in support of its bald statements that "the disclosure of such information would injure Amazon" and could cause "commercial harm."[2]

For all of the foregoing reasons, the Court finds that Amazon had not met its burden of showing that legitimate private or public interests warrant a seal, that injury would result from public disclosure, or that the public's right of access should give way. A seal is not warranted, and plaintiff's motion is DENIED. The Clerk of Court is directed to unseal Dkt. # 232 and # 233.

Dated this 2nd day of July, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Amazon twice suggests that it could support its claim of confidentiality with declarations if the Court deems it necessary. Dkt. # 240 at 2 and 4. The response to plaintiffs' motion to seal is the designating party's opportunity to show that a seal is warranted. The local rules make clear that "[e]videntiary support from declarations must be provided where necessary." LCR 5(g)(3). No further opportunity to respond is contemplated or will be provided.

ORDER GRANTING MOTION TO SEAL - 3