UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

    Plaintiffs,

v.

AMAZON.COM, INC., *et al.*,

    Defendants.

Cause No. C21-0750RSL

ORDER DIRECTING SUBMISSION OF DOCUMENTS FOR IN CAMERA REVIEW

This matter comes before the Court on "Plaintiffs' Motion for in Camera Review of Documents Clawed Back Out of Time." Dkt. # 232. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

Plaintiffs have presented evidence that supports a good faith belief that in camera review of the clawed back documents will reveal that at least some of them were improperly withheld. First, prior to receiving Amazon's notice that privileged documents had been inadvertently produced, plaintiffs' attorneys reviewed and coded approximately 500 of the clawed back documents (over one-third of the documents at issue) without noticing anything that might be

---

[1] This matter can be decided on the papers submitted. Amazon's request for oral argument is DENIED.

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR IN CAMERA REVIEW - 1

privileged or otherwise protected. While Amazon argues that this fact is of marginal relevance because plaintiffs' counsel are unfamiliar with Amazon's use of its legal department and cannot adequately investigate assertions of privilege, indicia of protected documents are often apparent on their face insofar as they reveal legal advice, reflect communications with counsel, and/or were generated in anticipation of litigation. Counsel's inability to recognize any such indicia when reviewing over a third of the documents at issue suggests that many of the clawed back documents have been improperly withheld. Second, plaintiffs provided evidence that Amazon's internal policies encouraged labeling anything related to "privacy" as privileged and confidential, regardless of any attorney involvement. Such over designation may, as Amazon argues, be a prudent business practice to ensure that advice of counsel is not accidentally disclosed, but it also has the effect of hiding all documents related to a topic rather than only those that reflect communications with counsel regarding that topic. These facts support a reasonable, good faith belief that in camera inspection will reveal information or whole documents that are not privileged.[2]

---

[2] Amazon asserts that its outside counsel did not rely on the labels affixed by employees when conducting the privilege review in this case and, in fact, that it has produced some documents that bear "privileged and confidential" markings. Given that Amazon acknowledges the over use of the privilege label and that plaintiffs' counsel were unable to recognize any potential privilege issues in over a third of the documents at issue, an in camera review is necessary to determine how independent (and accurate) outside counsel's review was.

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR IN CAMERA REVIEW - 2

For all of the foregoing reasons, plaintiffs' motion for in camera review of a sampling of the clawed back documents (Dkt. # 232) is GRANTED. Amazon shall, within seven days of the date of this order, deliver to the Clerk's Office a sealed and appropriately labeled envelope or box containing the first two documents listed on each page of the amended claw back list (Dkt. # 235-4, Exhibit 4 to the Cohen Declaration), along with the associated privilege log entries.

Dated this 8th day of July, 2024.

*MrS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR IN CAMERA REVIEW - 3