UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

        Plaintiffs,

    v.

AMAZON.COM, INC., a Delaware
Corporation, and AMAZON.COM SERVICES
LLC, a Delaware Limited Liability Company,

        Defendants.

Case No. 2:21-cv-00750-RSL

**AMAZON'S MOTION PURSUANT TO
LOCAL RULE 7(F) FOR LEAVE TO
FILE AN OVER-LENGTH MOTION
FOR SUMMARY JUDGMENT**

NOTE ON MOTION CALENDAR:
July 29, 2024

MOTION TO FILE OVER-LENGTH
SUMMARY JUDGMENT MOTION
CASE NO. 2:21-CV-00750-RSL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

Pursuant to Local Rule 7(f), Amazon respectfully seeks leave to file an over-length brief in support of Amazon's forthcoming motion for summary judgment.

On June 18, 2024, Plaintiffs filed their motion for class certification. By stipulation, Amazon's opposition is due September 16, 2024, and Plaintiffs' reply is due October 31, 2024. Amazon intends to file a summary judgment motion challenging the remaining claims of all ten remaining Plaintiffs. It is important that the Court consider Amazon's motion in conjunction with Plaintiffs' class certification motion. As Amazon will explain in its motion, discovery revealed that Plaintiffs' remaining claims all fail as a matter of law. Unless Plaintiffs have viable claims of their own, they cannot act on behalf of any putative class. *Martinez v. Newsom*, 46 F.4th 965, 970 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 1782 (2023) ("[A] named plaintiff who has not been harmed by a defendant is generally an inadequate and atypical class representative for purposes of Federal Rule of Civil Procedure 23.") (*citing La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 465-66 (9th Cir. 1973)). Consequently, Amazon's motion might render class certification partially or entirely moot.

Amazon's motion will cover a lot of ground. The ten Plaintiffs collectively assert eight remaining causes of action under the laws of six states (Washington, Florida, New Hampshire, California, Maryland, and Pennsylvania) and the Federal Wiretap Act. (The Court's dismissal order eliminated many of Plaintiffs' original claims, and some of the original plaintiffs later took voluntary dismissals.) Amazon also must lay out the facts it has learned about each Plaintiff, including that some who claimed to be "unregistered" Alexa users are in fact registered, and all had knowledge of Amazon's disclosures and how the Alexa service operates. Amazon must then address general legal issues applicable across Plaintiffs and their claims—e.g., equitable estoppel, governing law, consent—and the specific elements of each law that Plaintiffs invoke, as applied to their individualized facts. It would be impossible to accomplish all of that in the 8,400 words allowed by LCR 7(e)(3). Therefore, Amazon requests that the Court approve the following word counts: Amazon's motion (42,000 words); Plaintiffs' opposition (42,000 words); Amazon's reply (21,000 words).

MOTION TO FILE OVER-LENGTH
SUMMARY JUDGMENT MOTION
CASE NO. 2:21-CV-00750-RSL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

Amazon's proposed word counts are reasonable and proportional to the size and scope of this case, the number of Plaintiffs and claims, and the need to determine whether Plaintiffs have viable individual claims before allowing them to act for any class. Under the rules, Amazon believes it could file separate summary judgment motions targeted at each Plaintiff, which would yield 84,000 total words, or at each Plaintiff household, which would yield 58,800 total words. Amazon's proposed approach is more efficient for the parties and the Court. It is also consistent with past briefing in this case. For Amazon's dismissal motion, the parties stipulated to, and the Court approved, page limits of 60/60/30 for the motion, opposition, and reply respectively.[1] That motion involved far fewer issues and no developed factual record. It is logical and reasonable that the parties would be afforded twice the space for Amazon's summary judgment motion.

Amazon asked Plaintiffs to stipulate to Amazon's proposal. Plaintiffs rejected the proposal and refused to offer any alternative. Plaintiffs contend that Amazon's summary judgment motion is "premature" and should not be filed until after resolution of Plaintiffs' class certification motion. But nothing in the rules or the Court's case schedule precludes Amazon from moving for summary judgment now. Moreover, the Ninth Circuit has long recognized that summary judgment not only can, but in some cases should, be decided before class certification. *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) ("It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation."). Amazon respectfully submits that the Court cannot comprehensively consider class certification without first, or at least simultaneously, assessing whether any Plaintiff has viable claims of their own.

Accordingly, Amazon requests that the Court approve Amazon's proposed word counts.

/////

/////

/////

/////

---

[1] Under the conversion ratio in LCR 7(e)(3), 60 pages translates to ~21,000 words and 30 pages to ~10,500 words.

MOTION TO FILE OVER-LENGTH
SUMMARY JUDGMENT MOTION
CASE NO. 2:21-CV-00750-RSL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

Dated: July 29, 2024

FENWICK & WEST LLP


By: /s/ Brian D. Buckley
Brian D. Buckley, WSBA No. 26423

Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
Tyler G. Newby (admitted *pro hac vice*)
Armen N. Nercessian (admitted *pro hac vice*)
Garner F. Kropp (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email:
jwakefield@fenwick.com
tnewby@fenwick.com
anercessian@fenwick.com
gkropp@fenwick.com

Melissa Lawton (admitted *pro hac vice*)
Janie Yoo Miller (admitted *pro hac vice*)
Esther D. Galan (admitted *pro hac vice*)
730 Arizona, 1st Floor
Santa Monica, CA 90401
Telephone: 310.434.5400
Email: mlawton@fenwick.com
jmiller@fenwick.com
egalan@fenwick.com

*Counsel for Defendants*
AMAZON.COM, INC. and AMAZON.COM
SERVICES LLC

MOTION TO FILE OVER-LENGTH
SUMMARY JUDGMENT MOTION
CASE NO. 2:21-CV-00750-RSL

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

## <u>LCR 7(f) WORD-COUNT CERTIFICATION</u>

As required by Western District of Washington Local Civil Rule 7(f), I certify that this brief contains 699 words.

Dated: July 29, 2024

FENWICK & WEST LLP


By: *s/ Brian D. Buckley*
Brian D. Buckley WSBA No. 26423

MOTION TO FILE OVER-LENGTH
SUMMARY JUDGMENT MOTION
CASE NO. 2:21-CV-00750-RSL

- 4 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101