THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 2:21-cv-00750-RSL<br><br>**AMAZON'S MOTION TO RECONSIDER REQUEST FOR LEAVE TO FILE AN OVER-LENGTH MOTION FOR SUMMARY JUDGMENT**<br><br><u>NOTE ON MOTION CALENDAR:</u><br>August 7, 2024 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO RECONSIDER ORDER RE:
OVER-LENGTH MOTION
CASE NO. 2:21-CV-00750-RSL

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

On July 31, 2024, the Court granted in part Amazon's Motion Pursuant to Local Rule 7(f) for Leave to File an Over-Length Motion for Summary Judgment. Dkt. 272 ("Order"). The Court acknowledged that some expansion of the default word-count limit was warranted but allowed Amazon just 16,800 words for its summary judgment brief (rather than the 42,000 words Amazon requested). Pursuant to Local Rule 7(h), Amazon now respectfully requests reconsideration of the Order, as it was based in part on what Amazon believes is a misreading of LCR 7(e). Amazon is entitled to seek summary judgment against each of the ten Plaintiffs, and must be permitted to comprehensively make the case for why each Plaintiff's claims fail as a matter of law. It will be impossible for Amazon to do that in 16,800 words. Amazon will suffer significant unfair prejudice if it is not allowed to properly defend this lawsuit challenging one of its flagship services.

In its motion, Amazon requested the following word-count limits in connection with its forthcoming summary judgment motion: opening brief (42,000), opposition (42,000), and reply (21,000). As the Court will recall, for Amazon's motion to dismiss, the parties had the benefit of 60/60/30 pages for the opening, opposition, and reply briefs respectively. Amazon proposed roughly twice those limits for its summary judgment motion, which will be far more complicated than the dismissal motion and will require development and discussion of a full factual record as to each Plaintiff. Amazon noted that, under the rules, it could file a separate summary judgment motion as to each Plaintiff, but was instead proposing a single omnibus motion as a more efficient approach for the Court and the parties.

In denying Amazon's proposed word counts, the Court said in a footnote: "Amazon's argument that it could file ten separate motions for summary judgment, each dealing with the claims of a single plaintiff, for a total of 84,000 words, is mistaken. The local rules of this district preclude the contemporaneous filing of multiple dispositive motions aimed at discrete issues or claims. LCR 7(e)." LCR 7(e) prohibits splitting legal *issues* or *claims* into multiple motions to evade the word-count/page limits set out in that same subsection. *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1321 (W.D. Wash. 2015) (LCR 7(e)(3) is designed "to avoid the inefficiencies caused by duplicative dispositive motions and circumvention of the court's page limits.").

MOTION TO RECONSIDER ORDER RE:
OVER-LENGTH MOTION
CASE NO. 2:21-CV-00750-RSL

- 1 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

But LCR 7(e) says nothing about filing separate summary judgment motions against different *parties*. It is routine, in this District and elsewhere, for a party to file separate summary judgment motions against separate parties. *See, e.g., Rollins v. Traylor Bros Inc.*, No. C-14-1414-JCC, 2017 WL 2215778, *1 (W.D. Wash. May 10, 2017) (granting motion to continue trial in part because "Defendants have also indicated that they plan to file multiple summary judgment motions" and encouraging parties to request additional pages and submit omnibus motion rather than separate motions); *Chen v. D'Amico*, No. C16-1877JLR, 2019 WL 2248105, *17 (W.D. Wash. May 24, 2019) (ruling on separate motions for summary judgment by same defendants against multiple individual plaintiffs).

This case challenges Amazon's voice-assistant service, Alexa. If Plaintiffs had chosen to name not just Amazon but also Apple (Siri) and Google (Google Assistant) in this lawsuit, there is no question that Plaintiffs could separately pursue summary judgment against each defendant under Fed. R. Civ. P. 56(a). Plaintiffs would be entitled to make the case for why they are entitled to judgment as a matter of law against each defendant based on the undisputed facts applicable to that specific defendant. Amazon's intention to seek summary judgment is simply the reverse of that scenario. Plaintiffs are not monolithic, and the Court and the parties have never treated them as such. The Court required each Plaintiff to review and annotate his or her own Alexa recordings. Amazon pursued individualized discovery from each Plaintiff, including conducting separate depositions of all ten remaining Plaintiffs. And based on their individual circumstances and goals, 11 of the 21 original named plaintiffs chose to voluntarily dismiss their claims. In short, each Plaintiff is a separate party and each party is subject to summary judgment.

Under FRCP 56(a), Amazon could have filed separate summary judgment motions against each Plaintiff. But rather than simply following the letter of the rules, Amazon instead tried to propose a more efficient approach that would save time and energy for the parties and the Court. This is not a trivial issue. Not only does Amazon have the right, under FRCP 56(a), to demonstrate that Amazon is entitled to judgment as a matter of law on each Plaintiff's individual claims, that showing is directly related and critical to Plaintiffs' pending motion for class certification. It is axiomatic that "Plaintiffs must maintain their personal interest in the dispute *at all stages of*

MOTION TO RECONSIDER ORDER RE:
OVER-LENGTH MOTION
CASE NO. 2:21-CV-00750-RSL

- 2 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

*litigation.*" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (6,332 class members whose credit reports were not disclosed to third parties did not suffer concrete harm and thus lacked Article III standing) (citation omitted; emphasis added).  Unless Plaintiffs have been personally harmed in a legally cognizable way, they cannot proceed with *any* claim, individually or on behalf of a class.  *Id*. at 442 ("No concrete harm, no standing.").  This is not some procedural technicality but a constitutional requirement.

The Court's Order makes it effectively impossible for Amazon to demonstrate, as a matter of law, that Plaintiffs lack standing.  The merits of each of the ten Plaintiffs' claims hinge on highly individualized facts.  Discovery revealed that each Plaintiff's knowledge and use of Alexa varied widely.  They accessed Alexa using different devices, they encountered different disclosures and information about how Alexa operates, they configured the settings for their devices differently, and they had very different patterns and practices for how they interact with Alexa.  Discovery also revealed that some Plaintiffs who claim to be "unregistered" in fact signed up for Alexa and registered Alexa devices.  For example, Plaintiff Kaeli Garner claims to be "unregistered" but she purchased, registered, and used an Alexa device on her own Amazon account for years before using her roommate's device.  And Plaintiffs' individual Alexa recordings further undermine their claims.  Those recordings show, among other things, that many Plaintiffs clearly understood how Alexa functions and records; that so-called "false wakes" often are not "false" (i.e., someone actually said the wake word); that "false wakes" never record "conversations" and are almost always just gibberish or short blips of sound; that even Plaintiffs have trouble identifying their own voices in Alexa recordings; and that Plaintiffs' characterizations of their recordings are sometimes flatly false.  While Amazon could never address all of Plaintiffs' Alexa recordings in a summary judgment motion, it will be critical for the Court to understand what a relevant sampling of those recordings shows about Plaintiffs' claims.

The Court obviously cannot simply take Amazon's word for all of this.  Under FRCP 56(c), Amazon must make a record by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or

MOTION TO RECONSIDER ORDER RE:
OVER-LENGTH MOTION
CASE NO. 2:21-CV-00750-RSL

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

other materials."  For each of the ten Plaintiffs, Amazon must lay out for the Court how that Plaintiff came to interact with the Alexa service, what that Plaintiff was told or understood about Alexa, how that Plaintiff used the service, and what that Plaintiff's own recordings show.  Amazon also must establish the relevant context for, among other things, how the Alexa service and Alexa devices are designed, how false wakes occur and are processed, and when and how recordings undergo human review.  It would be difficult, if not impossible, for Amazon to comprehensively establish just the factual record in 16,800 words.

After establishing the factual record, Amazon must then map those Plaintiff-specific facts to the claims that each Plaintiff seeks to pursue.  Those claims implicate eight different causes of action under the laws of six states, and the Federal Wiretap Act.  Each of those laws has multiple distinct elements based on different statutory language.  For example, the Washington Privacy Act requires the Court to address several discrete questions:  Did Alexa record any "communications between two or more individuals" or "conversations"?  Were the communications or conversations "private"?  Were they "intercepted" as the applicable law defines that term?  Was the Alexa service "designed to record or transmit" those communications?  And there are several important general issues that cut across all Plaintiffs, such as governing law (which could eliminate all the non-Washington claims) and equitable estoppel (which could convert some or all of the purportedly "unregistered" Plaintiffs to effectively registered ones).  It would be futile to even attempt to address all of those claims and legal issues with the allotted 1,680 words per Plaintiff.  The result will be that Amazon is precluded from making, and the Court will never consider, potentially dispositive arguments that could significantly narrow the issues for class certification or moot it entirely.

Amazon respectfully submits that the Court erroneously interpreted LCR 7(e), which does not address or prohibit separate dispositive motions against separate parties.  As the Court has consistently noted, this is a significant case, challenging one of Amazon's most popular services, with a lot at stake.  On that basis, the Court has permitted Plaintiffs to conduct extremely broad, onerous, and intrusive discovery of Amazon.  Amazon is now entitled to a full and fair opportunity to defend itself and explain to the Court why Plaintiffs all lack standing to pursue claims, either

MOTION TO RECONSIDER ORDER RE:
OVER-LENGTH MOTION
CASE NO. 2:21-CV-00750-RSL

- 4 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

their own or on behalf of a class.  Amazon will suffer real and substantial prejudice if it is confined to 16,800 words to present all of its defenses.  Amazon believes that its proposed word-count limits—42,000/42,000/21,000 (roughly double what the Court approved for Amazon's dismissal motion)—are reasonable and necessary for the parties to comprehensively brief, and the Court to fully and fairly consider, the factual record and all of the relevant legal issues.

Accordingly, Amazon respectfully requests that the Court reconsider its Order.

Dated: August 7, 2024                         FENWICK & WEST LLP


By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:  206.389.4510
Facsimile:   206.389.4511
Email:        bbuckley@fenwick.com

Jedediah Wakefield (admitted *pro hac vice*)
Tyler G. Newby (admitted *pro hac vice*)
Armen N. Nercessian (admitted *pro hac vice*)
Garner F. Kropp (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350
Email:
        jwakefield@fenwick.com
        tnewby@fenwick.com
        anercessian@fenwick.com
        gkropp@fenwick.com

Melissa Lawton (admitted *pro hac vice*)
Janie Yoo Miller (admitted *pro hac vice*)
Esther D. Galan (admitted *pro hac vice*)
730 Arizona, 1st Floor
Santa Monica, CA  90401
Telephone:  310.434.5400
Email:        mlawton@fenwick.com
        jmiller@fenwick.com
        egalan@fenwick.com

*Counsel for Defendants*
AMAZON.COM, INC. and AMAZON.COM
SERVICES LLC

1

## <u>LCR 7 WORD-COUNT CERTIFICATION</u>

2          As required by Western District of Washington Local Civil Rule 7, I certify that this brief

3    contains 1,665 words.

4

5          Dated: August 7, 2024

6                                                 FENWICK & WEST LLP

7                                                 By:  *s/ Brian D. Buckley*
                                                       Brian D. Buckley WSBA No. 26423
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28