THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, <br><br> Defendants. | Case No. 2:21-cv-00750-RSL <br><br> **DECLARATION OF GARNER KROPP IN SUPPORT OF AMAZON'S MOTION TO COMPEL PRODUCTION OF DATA RELIED ON BY PLAINTIFFS' EXPERT SERGE EGELMAN** <br><br> NOTE ON MOTION CALENDAR: <br> September 10, 2024 <br><br> ORAL ARGUMENT REQUESTED |

Garner Kropp declares as follows:

1. I am an attorney at the law firm of Fenwick & West LLP, counsel of record for Defendants Amazon.com, Inc. and Amazon.com Services LLC ("Amazon"). I have personal knowledge of the facts set forth in this declaration. If called upon to do so, I could competently testify to those facts.

2. On July 12, 2024, Amazon issued subpoenas requesting documents from Plaintiffs three experts. Attached as **Exhibit A** is a true and correct copy of the subpoena requesting documents from Dr. Serge Egelman. This subpoena requested, among other things, "[a]ll documents relating to the results [of]" and "[a]ll documents relating to responses to surveys," concerning four articles Dr. Egelman authored and relied on in his expert report.

3. On July 26, Dr. Egelman served his responses and objections to Amazon's subpoena requesting documents. Attached as **Exhibit B** is a true and correct copy of these responses and objections. Dr. Egelman did not produce any documents responsive to the Survey Requests and instead stated in response to each request that: "all documents that Dr. Egelman relied on in the publication[s] … are set forth in the 'References' section of the publication[s], which [are] publicly available."

4. On August 2, 2024, Amazon wrote a letter to Plaintiffs describing the deficiencies in Dr. Egelman's responses to the survey requests and requested a conference. Attached as **Exhibit C** is a true and correct copy of this letter. Dr. Egelman did not assert any relevance objections to the Survey Requests.

5. On August 8, 2024, Amazon met and conferred with Plaintiffs via videoconference regarding the responses and objections to the expert subpoenas, including the Survey Requests. Armen Nercessian, Alyssa Crooke, and I were present for Amazon, Danielle Izzo and Max Roberts were presented for Plaintiffs and Dr. Egelman. During this conference, Plaintiffs' counsel stated that they did not believe the survey data was relevant and was too "far removed" from the report prepared for Plaintiffs' motion for class certification. Amazon responded that Dr. Egelman directly relied on the data underlying these surveys to support his expert opinions, which Plaintiffs relied on for their motion for class certification. Plaintiffs' counsel stated that they would respond

in writing after further discussion with Dr. Egelman. Pursuant to LRC 37(a)(1), I certify that Amazon's counsel conferred with Plaintiffs' counsel (representing Dr. Egelman) in a good faith effort to resolve this dispute without court action.

6. Later that day Amazon followed up with an email summarizing the Parties' positions discussed in conference. Attached as **Exhibit D** is a true and correct copy of this email.

7. On August 9, 2024 Plaintiffs responded to Amazon's email, but did not address the Survey Requests, other than to say they would respond in a letter soon. Attached as **Exhibit E** is a true and correct copy of this email.

8. On August 12, Amazon sent another follow-up email stating, in relevant part, that Amazon needed to know whether Dr. Egelman was going to produce responsive documents in time for Amazon to prepare its opposition to Plainitffs' motion for class certification. Attached as **Exhibit F** is a true and correct copy of this email.

9. On August 13, Plaintiffs sent an email responding to Amazon's August 2nd letter. In this email, Plaintiffs stated, in relevant part, that "Defendants have not narrowed the scope [of the Survey Requests] nor provided any legal support for these requests." Plaintiffs refused to produce these materials and asserted that "[t]he results of any surveys conducted in connection with Dr. Egelman's articles are explained in the contents of each article." Plaintiffs further contended that the Survey Requests concern materials "that was not gathered or used for the purpose of Dr. Egelman's report in this matter." Plaintiffs did not assert that Dr. Egelman did not have or could not obtain the underlying survey results or data. Attached as **Exhibit G** is a true and correct copy of this email.

10. On August 15, Amazon emailed Plaintiffs to confirm that Dr. Egelman was refusing to produce any documents responsive to the Survey Requests and let Plaintiffs know that Amazon would file a motion to compel production of these materials. Attached as **Exhibit H** is a true and correct copy of this email.

11. On August 16, Plaintiffs responded to Amazon's August 15 email but did not offer to provide any further responsive documents. Attached as **Exhibit I** is a true and correct copy of this email.

1   I declare under penalty of perjury that the foregoing is true and correct.

3   Dated this 20th day of August 2024 in San Francisco, California.

>                    */s/ Garner Kropp*
>                    Garner Kropp