# EXHIBIT F

| | |
|---|---|
| **From:** | Garner Kropp |
| **Sent:** | Monday, August 12, 2024 3:16 PM |
| **To:** | Izzo, Danielle |
| **Cc:** | Amazon-PlaintiffsCounsel; Canty, Michael P.; Max Roberts; Alexander Cohen; Stuart Davidson; Medina, Gloria J.; FW Amazon Garner Service |
| **Subject:** | RE: [EXTERNAL]RE: Garner v. Amazon |

Hi Danielle,

Here are responses to a few of your items:

**Expert Subpoenas:** We hope to avoid a motion to compel on the Experts' subpoenas. But as you note, we haven't heard any rebuttal to our positions despite sending a letter over a week ago and giving the Experts the chance to discuss in our conference last week. We don't have time for delay. Amazon's class cert opposition brief is due in one month. We have to clear a lot of hurdles before then: the subpoena issues must be resolved, the Experts must produce documents subject to those issues, and the Experts must be deposed well before that briefing deadline. So far, the Experts haven't produced the materials we requested, and Amazon will file a motion promptly if we cannot resolve these issues. If we don't hear your positions by end of day Wednesday, August 14, we will seek relief from the Court.

**Dr. Egelman's Deposition:** We've asked several times when Dr. Egelman will be giving us his supplemental report. If Dr. Egelman only will be deposed once, he must give us that report immediately.

**Case Schedule:** Plaintiffs' July 9 email speaks for itself:

> "Would Amazon oppose Plaintiffs seeking to extend or stay the briefing schedule if the Court's in camera review and the other pending and recently resolved discovery motions result in Amazon being required to produce more documents to Plaintiffs?"

We're agreeing to that proposal. If Plaintiffs no longer agree to that, the issue is ripe for a status conference. Amazon will request a status conference about the schedule and file a motion for relief from the class cert briefing deadlines. Will Plaintiffs agree to the expedited joint motion procedure? That would be the most efficient way for the Court to hear this discrete issue.

Best,
Garner

**From:** Izzo, Danielle <DIzzo@labaton.com>
**Sent:** Friday, August 9, 2024 12:22 PM
**To:** Garner Kropp <GKropp@fenwick.com>; Max Roberts <mroberts@bursor.com>
**Cc:** Amazon-PlaintiffsCounsel <Amazon-PlaintiffsCounsel@rgrdlaw.com>; Canty, Michael P. <MCanty@labaton.com>; Alexander Cohen <ACohen@rgrdlaw.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Medina, Gloria J. <GMedina@labaton.com>; FW Amazon Garner Service <FWAmazonGarner@fenwick.com>
**Subject:** RE: [EXTERNAL]RE: Garner v. Amazon

**\*\* EXTERNAL EMAIL \*\***

Counsel,

Your email does not fairly summarize the parties' respective positions on the issues Amazon raised in a meet and confer regarding expert discovery. During the meet and confer, we repeatedly stated that we would respond to

each of Amazon's positions in writing. We will provide that response shortly. In the meantime, Plaintiffs write to clarify Amazon's statements:

1. **Expert Subpoenas**: Plaintiffs are considering Defendants' positions and will provide their responses to Amazon's positions in a response letter. During the meet and confer, and in the below email, Defendants stated that a motion to compel expert discovery will be necessary, but Defendants have not even received or considered Plaintiffs' positions on the issues. Defendants' statements call into question their true willingness to reach meaningful compromises. Nonetheless, Plaintiffs will provide a response in an effort to move expert discovery forward and avoid burdening the Court.
2. **Experts' Depositions**: We are working with the experts to obtain their availability before Amazon's opposition to class certification is due and will provide dates shortly. As we specifically stated during the meet and confer, there is no need for a scheduling modification due to expert depositions.
3. **Dr. Egelman's Deposition**: Dr. Egelman will only sit for one deposition.
4. **Case Schedule**: Amazon asked Plaintiffs to meet and confer regarding expert document productions. Amazon failed to include any scheduling matters in the agenda for the meet and confer. Nonetheless, Amazon insisted that the parties discuss purported issues with the case schedule. Plaintiffs repeatedly stated that there are no issues that would impact the current case schedule and that they were not prepared to discuss Amazon's purported scheduling issues.

   Defendants are fabricating issues that they allege will impact the case schedule in an effort to file their summary judgment motion on the same briefing schedule as Plaintiffs' class certification motion – an attempt to get additional pages to re-argue class certification issues. As Plaintiffs have repeatedly stated, such a summary judgment motion is premature. Defendants allege that Plaintiffs proposed a stay of briefing, but this statement mischaracterizes Plaintiffs' July statement. In July, Plaintiffs stated that if Amazon filed a premature summary judgment motion by August 8, 2024 (as Amazon stated they would), we would move to stay that summary judgment briefing schedule to allow the Court to decide class certification first. Amazon did not file a summary judgment motion on August 8, obviating the need for a stay of summary judgment briefing. Now, Amazon conflates Plaintiffs' intention to stay premature summary judgment briefing with a complete alteration of the current schedule to serve Amazon's own purposes.

The parties jointly negotiated the briefing schedule for Plaintiffs' motion for class certification and Plaintiffs agreed to give Defendants nearly 90 days to file their opposition. The parties made this agreement with full understanding of the open issues. Specifically, that Amazon clawed back documents that the Court may later order Amazon to produce. Amazon's attempt to renegotiate a stipulated briefing schedule due to their own delay is not a basis to upend the current class certification schedule. Additionally, Amazon is raising (for the first time) the need for a sur-reply on Plaintiffs' motion for class certification. Amazon failed to raise this when the parties jointly agreed to a class certification briefing schedule. For these reasons, Plaintiffs do not (and cannot) agree to a stay or Amazon's proposed schedule.

Best,
Danielle

---

**From:** Garner Kropp <GKropp@fenwick.com>
**Sent:** Thursday, August 8, 2024 8:41 PM
**To:** Izzo, Danielle <DIzzo@labaton.com>; Max Roberts <mroberts@bursor.com>
**Cc:** Amazon-PlaintiffsCounsel <Amazon-PlaintiffsCounsel@rgrdlaw.com>; Canty, Michael P. <MCanty@labaton.com>; Alexander Cohen <ACohen@rgrdlaw.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Medina, Gloria J. <GMedina@labaton.com>; FW Amazon Garner Service <FWAmazonGarner@fenwick.com>
**Subject:** RE: [EXTERNAL]RE: Garner v. Amazon

EXTERNAL SENDER

Counsel,

Thank you for the call today.  This summarizes the items we covered and some proposals moving forward.

Scheduling

1. **Experts' depositions.**  The Experts will provide availability for depositions, likely by tomorrow, August 9.  The depositions may be affected by a case schedule modification, any discovery motions over the subpoenas, and Dr. Egelman's supplemental report, but we'll proceed with scheduling them for now.

2. **Dr. Egelman's supplemental report.**  You represented that Dr. Egelman may provide a supplemental report based on AEO material he may now access.  We discussed that his deposition should take place after he provides that supplement to avoid multiple depositions.

3. **Case schedule modification and status conference.**  In the call today, we revisited a potential stay of briefing.  On July 9, Plaintiffs proposed a stay of briefing schedules given the Court's *in camera* review and Dr. Egelman's access to AEO material.  Since then, we've added a few more items in flux: the supplemental briefing on MSJ word counts and a potential motion over Experts' document productions.  We agree that a stay is warranted at this point to limit re-briefing and duplicative depositions.  We propose this schedule:

   a. *Amazon Opp to Class Certification + Opening MSJ: Eight Weeks* from the either (i) the Court's final order on the *in camera* review or discovery motion over the Expert subpoenas (should Amazon file one); or (ii) deadline for any ordered production, whichever is later

   b. *Plaintiffs' Reply on Class Certification + Opp to MSJ: Six Weeks* from Class Certification Opp and MSJ Opening

   c. *Amazon Sur-reply to New Evidence on Class Certification + Reply to MSJ: Six Weeks* from Plaintiffs' reply on Class Certification Opp and MSJ Opp

Expert Subpoenas

1. **Form of production.**  Some of the Experts' document productions attached to email have caused problems with our Outlook server.  We'd appreciate future productions to be sent through an FTP.

2. **Privilege objections.**  The Experts will prepare a written response to our letter.  The Experts discussed that, though they made privilege objections to most requests, they likely are not relying on that objection to withhold documents where noted.

3. **Production completion.**  The Experts said they have completed production of the documents they said they would produce, save for hard copies of books that they will ship to us.

4. **Prior testimony.**  The Experts will prepare a written response to our letter.  They said that the written response will include labels of the Experts' cases that contain nonpublic reports and testimony and that contain public reports and testimony.  Amazon noted that the Experts still have a duty to produce documents in their custody, even if those documents are also public.

5. **Dr. Egelman's publications.**  The Experts will prepare a written response to our letter.  Amazon noted that we aren't just seeking the studies cited in Dr. Egelman's publications that he relied on in this case; the requests asks for the data results and responses to surveys described in Dr. Egelman's publications.

Please provide your responses on scheduling and positions on the Expert subpoenas by end of day Monday, August 12.  Per the Court's order, we intend to request a status conference on any open issues after that.

Best,
Garner

---

**From:** Garner Kropp <GKropp@fenwick.com>
**Sent:** Wednesday, August 7, 2024 1:05 PM
**To:** Izzo, Danielle <DIzzo@labaton.com>; Max Roberts <mroberts@bursor.com>
**Cc:** Amazon-PlaintiffsCounsel <Amazon-PlaintiffsCounsel@rgrdlaw.com>; Canty, Michael P. <MCanty@labaton.com>;

Alexander Cohen <ACohen@rgrdlaw.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Medina, Gloria J. <GMedina@labaton.com>; FW Amazon Garner Service <FWAmazonGarner@fenwick.com>
**Subject:** RE: [EXTERNAL]RE: Garner v. Amazon

Danielle,

We're available at 2:00pm ET.  I'll send an invite.

Thanks,
Garner

---

**From:** Izzo, Danielle <DIzzo@labaton.com>
**Sent:** Wednesday, August 7, 2024 7:26 AM
**To:** Garner Kropp <GKropp@fenwick.com>; Max Roberts <mroberts@bursor.com>
**Cc:** Amazon-PlaintiffsCounsel <Amazon-PlaintiffsCounsel@rgrdlaw.com>; Canty, Michael P. <MCanty@labaton.com>; Alexander Cohen <ACohen@rgrdlaw.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Medina, Gloria J. <GMedina@labaton.com>; FW Amazon Garner Service <FWAmazonGarner@fenwick.com>
**Subject:** RE: [EXTERNAL]RE: Garner v. Amazon

**\*\* EXTERNAL EMAIL \*\***
Counsel,

We are available for a meet and confer tomorrow between 1:30 pm ET and 5:30 pm ET.

Best,
Danielle

---

**From:** Garner Kropp <GKropp@fenwick.com>
**Sent:** Friday, August 2, 2024 8:44 PM
**To:** Max Roberts <mroberts@bursor.com>
**Cc:** Amazon-PlaintiffsCounsel <Amazon-PlaintiffsCounsel@rgrdlaw.com>; Izzo, Danielle <DIzzo@labaton.com>; Canty, Michael P. <MCanty@labaton.com>; Alexander Cohen <ACohen@rgrdlaw.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Medina, Gloria J. <GMedina@labaton.com>; FW Amazon Garner Service <FWAmazonGarner@fenwick.com>
**Subject:** [EXTERNAL]RE: Garner v. Amazon

Counsel,

Please see attached.

Have a good weekend,
Garner

---

**From:** Max Roberts <mroberts@bursor.com>
**Sent:** Tuesday, July 30, 2024 10:40 AM
**To:** Armen Nercessian <anercessian@fenwick.com>; FW Amazon Garner Service <FWAmazonGarner@fenwick.com>
**Cc:** Amazon-PlaintiffsCounsel <Amazon-PlaintiffsCounsel@rgrdlaw.com>; Izzo, Danielle <DIzzo@labaton.com>; Canty, Michael P. <MCanty@labaton.com>; Alexander Cohen <ACohen@rgrdlaw.com>; Stuart Davidson <sdavidson@rgrdlaw.com>; Medina, Gloria J. <GMedina@labaton.com>
**Subject:** Re: Garner v. Amazon

**\*\* EXTERNAL EMAIL \*\***

Please see attached for a second production from Dr. Egelman.

Thanks,
Max

---

 Egelman Documents.zip

---

On Fri, Jul 26, 2024 at 2:07 PM Max Roberts <mroberts@bursor.com> wrote:

My apologies, the retainer agreements should have been included in the prior email.  Please see attached (the Hochman production now includes the retainer agreement).

Max

On Fri, Jul 26, 2024 at 1:56 PM Max Roberts <mroberts@bursor.com> wrote:

Counsel,

Please see attached/below for:

1. Responses and Objections to the subpoenas served on Plaintiffs' experts
2. First productions for Plaintiffs' experts.  Mr. Hoffman's production is included in the below FTP link:



We anticipate making a further document production next week.

Have a nice weekend,
Max

--
Max S. Roberts
Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
646-837-7408 (tel)
212-989-9163 (fax)
mroberts@bursor.com
bursor.com

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege.  Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it.  If

you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.

\--
Max S. Roberts
Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
646-837-7408 (tel)
212-989-9163 (fax)
mroberts@bursor.com
bursor.com

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege.  Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it.  If you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.

\--
Max S. Roberts
Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
646-837-7408 (tel)
212-989-9163 (fax)
mroberts@bursor.com
bursor.com

PRIVILEGED COMMUNICATION
This email may contain confidential material or other matter protected by the attorney-client privilege.  Unless you are the addressee (or are authorized to receive this email for the addressee), you may not copy, use or distribute it.  If you receive this email in error, please contact the sender immediately and permanently delete the email from any and all storage devices under your control.
***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

NOTICE: This email message is for the sole use of the intended

recipient(s) and may contain information that is confidential and

protected from disclosure by the attorney-client privilege, as

attorney work product, or by other applicable privileges.  Any

unauthorized review, use, disclosure or distribution is prohibited.

**If you are not the intended recipient, please contact the sender**

**by reply email and destroy all copies of the original message.**

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.