UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, and AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, <br><br> Defendants. | Case No. 2:21-cv-00750-RSL <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

On July 31, 2024, the Court granted in part defendants' motion for leave to file an overlength motion for summary judgment, authorizing defendants to file a motion of up to 16,800 words (approximately 48 pages). Plaintiffs requested an opportunity to oppose the request for leave to file an overlength motion, but it was denied as moot. Defendants now seek reconsideration, arguing that the Court's interpretation of the local rules of this district is manifest error and that they cannot possibly address the standing of ten individual plaintiffs in less than 42,000 words (approximately 120 pages). Dkt. # 275.

This is not the only weighty matter that has come before the undersigned or the other judges of this district. Yet the long-standing practice has been to require counsel to be concise, direct, and efficient in presenting motions for dispositive relief, generally requiring them to be no more than 24 pages in length. One hundred twenty pages, in contrast, is a novella (and a lengthy one at that). Many years on the bench has shown that such expansive submissions are often verbose, repetitive,

and a waste of party and judicial resources. With that background, and based on the assertions contained in defendants' motion for leave to file an overlength brief, the Court concluded that the normal page limits would suffice to discuss the nine legal claims plaintiffs have asserted and allowed an additional 24 pages in which to discuss the circumstances of the ten individual plaintiffs. This decision was bolstered by the fact that defendants will undoubtedly raise their standing challenges in opposition to plaintiffs' motion for class certification to show that the named plaintiffs are not typical and/or are not adequate representatives of the class.

With regards to defendants' assertion of manifest error in the Court's interpretation of LCR 7(e), defendants recognize that the purpose of the rule is "to avoid the inefficiencies caused by duplicative dispositive motions and circumvention of the court's page limits." *Delashaw v. Roberts*, No. C18-1850JLR, 2020 WL 2405405, at *2 (W.D. Wash. May 12, 2020) (quoting *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1321 (W.D. Wash. 2015)). If defendants were permitted to file ten separate motions for summary judgment, each aimed at the claims of an individual plaintiff, the discussion of the nine legal claims would have to be repeated over and over again, the district's page limits would be overwhelmed, and the drain on judicial and party resources would be palpable. Defendants' focus on the distinction between "issues and claims" on one hand and "parties" on the other is unavailing. Defendants seek to challenge the viability of each plaintiffs' claims, bringing the proposed motions squarely within the reach and purpose of LCR 7(e). While it is the general practice in this district ensure that one defendant is not bound or limited by a co-defendant's arguments simply because the co-defendant was the first to file a dispositive motion, here defendants' interests, counsel, and arguments align completely: the page limits of LCR 7(e) therefore apply unless extended by the Court. The fact that Judge Robart *sub silentio* allowed defendants to file separate motions for summary judgment directed at each plaintiff in 2019, *see Chen v. D'Amico*, No. C16-1877JLR, 2019 WL 2248105, *17 (W.D. Wash. May 24, 2019), does not mean that the conduct was not, in fact, sanctionable, *see Wahlman v. DataSphere Techs., Inc.*, No. C12-1997JLR, 2014 WL 794269, at *1 n.2 (W.D. Wash. Feb. 27, 2014).

For all of the foregoing reasons, defendants' motion for reconsideration (Dkt. # 275) is DENIED.

Dated this 26th day of August, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge