UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

    Plaintiffs,

v.

AMAZON.COM, INC., *et al.*,

    Defendants.

Cause No. C21-0750RSL

ORDER COMPELLING PRODUCTION FOLLOWING *IN CAMERA* REVIEW

This matter originally came before the Court on "Plaintiffs' Motion for *in Camera* Review of Documents Clawed Back Out of Time." Dkt. # 232. Because plaintiffs presented evidence supporting a reasonable, good faith belief that *in camera* inspection of the clawed back documents would reveal information or whole documents that were not privileged, Amazon was ordered to deliver to the Clerk's Office a specified selection of documents and the associated privilege log entries for the Court's review.

The attorney-client privilege protects communications (a) between attorneys and clients (b) that are maintained in confidence and (c) which were made for the purpose of obtaining or providing legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). In order to promote frank and complete conversations

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 1

between the client and attorney, the privilege protects not only communications from the attorney that convey legal advice, but also the client's "giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co.*, 449 U.S. at 390. In addition, a privileged communication does not lose its protections simply because its substance is shared among non-legal professionals in the client organization as long as it "is not disseminated beyond those individuals who, because of the organization's structure, need to know its contents." *Davis v. City of Seattle*, No. C06-1659Z, 2007 WL 4166154, at *3 (W.D. Wash. Nov. 20, 2007) (adopting the "need to know" test of *In re Bieter Co.*, 16 F.3d 929, 936 (8th Cir. 1994), as consistent with *Upjohn*).

The party asserting the attorney-client privilege has the burden of establishing that a communication was made "for the purpose of obtaining or providing legal advice" and that it was kept in confidence. *Upjohn*, 449 U.S. at 389; *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997). Where a communication between the client and their attorneys has more than one purpose, courts in the Ninth Circuit "look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business ... advice." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) (citation omitted). "The natural implication of this inquiry is that a dual-purpose communication can only have a single 'primary' purpose." *Id.* [1] Where the

---

[1] Because, as noted in *In re Grand Jury*, 23 F.4th at 1094-95, there is still some ambiguity regarding whether the privilege would apply if "*a* primary purpose," as opposed to "*the* primary purpose," of the communication were to obtain or provide legal advice, the Court has reviewed the documents produced *in camera* to determine whether the search for or dissemination of legal advice could in any way be considered a significant purpose of the communication.

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 2

communications reflect discussions between in-house counsel and operational employees, this inquiry requires special consideration because counsel may be called upon to act as a business or strategic, as well as a legal, adviser. *Stirratt v. Uber Techs., Inc.*, No. 19-CV-06361-RS (DMR), 2024 WL 1723710, at *2 (N.D. Cal. Apr. 19, 2024). Thus, "[w]hen attempting to demonstrate that an internal communication involving in-house counsel deserves privileged status, a party ... 'must make a clear showing that the speaker made the communication[ ] for the purpose of obtaining or providing *legal* advice.'" *Oracle Am., Inc. v. Google, Inc.*, No. C-10-03561-WHA (DMR), 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011) (emphasis in original) (quoting *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002)).

Amazon has identified three types of documents for which it claims attorney-client privilege. Category 1 documents are described as communications from operations and business people to legal professionals for the purpose of obtaining legal advice. Category 2 includes documents in which Amazon's attorneys provide legal advice. Category 3 is described as a universe of documents in which operations and business people share legal advice among themselves. While all of these descriptions fall within the boundaries of the attorney-client privilege, a review of the 76 documents provided shows that the descriptions do not apply to the vast majority of the documents withheld.[2] Instead, most of the communications seek and share operational or business information between non-legal professionals. While an attorney is

---

[2] Amazon has withdrawn its claim of privilege with regards to two of the 76 documents produced, namely AMZ_GARNER_00896410 and AMZ_GARNER_00806440.

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 3

regularly listed as a recipient of the document or participant in a meeting (and is sometimes even called out by name with a vague request that he or she "advise"), there is no discernable request for or giving of legal advice in the communications.

Privilege Log No. 3228 (AMZ_GARNER_01158291 – AMZ_GARNER_01158296), for example, is said to fall within both Category 1 and Category 2 because it (a) involves the transmission of materials to an attorney, Eric Ow, for his consideration and (b) reflects his legal advice and assessment. The withheld document was generated by the Alexa Communications team to set the stage for an upcoming meeting at which the team hoped to get guidance and feedback on how to prioritize its tasks for the remainder of 2018. The document provides background regarding the issues and limitations that the Alexa Communications team was facing at the time and its recommendations for how to balance the competing needs and demands going forward. Other than an "AMAZON PRIVILEGED & CONFIDENTIAL" header, the document itself gives no indication that it was in any way connected to Mr. Ow or the legal team: neither the authors nor the recipients of the document are identified, and the substance addresses purely operational considerations and how to prioritize them. If there is a request for legal advice buried in the text, it is well and truly hidden. Nor does there appear to be any legal analysis or advice reflected in the document. (Even if there were, the proper course of action would have been to redact Mr. Ow's opinion or advice and produce the rest of this operational/business communication.)

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 4

In an effort to support its claim of privilege, Amazon provided for *in camera* review not only the withheld document and the related privilege log entry, but also the "parent" document to which the withheld communication was attached. The effort is unavailing. The parent documents show that Mr. Ow was not included in the meeting invitation when it first went out on July 25, 2018. Rather, he was added "to provide counsel" less than fifteen minutes before the meeting began on August 3rd. Even if Mr. Ow had been on the original distribution list, a document whose overwhelming purpose is to seek operational, business, or strategic advice from non-legal professionals (or to summarize operational, business, or strategic issues facing the corporation) cannot be shielded from discovery simply by sharing it with an attorney with an open-ended invitation to chime in if he or she saw anything of interest. To hold otherwise would effectively cloak with the privilege any operational document shared with an attorney.

The universe of documents available for the Court's review also includes documents in which an attorney did more than simply receive an operational document, playing a more active role in the conversation. Where the document reveals the topic on which Amazon sought legal advice, *see* Privilege Log No 3596 (AMZ_GARNER_01446382), or the advice counsel provided, *see* AMZ_GARNER_01434890 – AMZ_GARNER_01434891, those disclosures are covered by the attorney client privilege and were properly withheld or redacted. If, however, the withheld document was reviewed, edited, or commented on by an attorney but reveals only business advice or publicly available information, *see* Privilege Log No. 4103 (AMZ_GARNER_01300385 – AMZ_GARNER_01300393), the privilege does not apply.

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 5

Having carefully reviewed the documents submitted, including Amazon's explanatory notes, cover letter, and supporting contextual documents, the Court finds that almost 60% of the documents were withheld or redacted improperly and must be re-produced to plaintiffs. Another 18% of the documents contain some privileged material, but the scope of the designations was too broad. Thus, with regards to almost 80% of the documents submitted, Amazon was unable to show, much less make a clear showing, that their withholdings or redactions covered only communications which had as a primary purpose the request for or provision of legal advice. The Court ORDERS as follow:

I. Amazon shall reproduce to plaintiffs Privilege Log Nos.

| | | |
|---|---|---|
| 3438 | 4408 | 3228 |
| 3212 | 3864[3] | 3865 |
| 3519 | 3520 | 4176 |
| 3701 | 4173 | 3857 |
| 3378 | 3394 | 4137 |
| 4103 | 4251 | 3941 |
| 3735 | 3321 | 4362 |
| 4287 | 3732 | 4098 |

---

[3] The parent emails to which versions of Privilege Log No. 3864 were attached support plaintiffs' original contention that Amazon has a policy of marking documents "privileged and confidential" because they touch on sensitive subjects, such as consumer privacy, not because they request or reflect legal advice.

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 6

| | | |
|---|---|---|
| 4330 | 3273 | 3856 |
| 3734 | 3589 | 4082 |
| 4155 | 4398 | 3996 |
| 4063 | 4062 | |

II. Amazon shall produce to plaintiffs unredacted versions of:

AMZ_GARNER_01207977 - AMZ_GARNER_01208004

AMZ_GARNER_01208006 - AMZ_GARNER_01208033

AMZ_GARNER_01241566 – AMZ_GARNER_01241569

AMZ_GARNER_01246699 - AMZ_GARNER_01246714

AMZ_GARNER_01513243 - AMZ_GARNER_01513248

AMZ_GARNER_01526480 - AMZ_GARNER_01526495

AMZ_GARNER_01609610 - AMZ_GARNER_01609612

AMZ_GARNER_02973679 - AMZ_GARNER_02973683

III. Amazon shall redact and/or amend the redactions in the following documents as set forth below and produce them to plaintiffs:

AMZ_GARNER_01231074 - AMZ_GARNER_01231083 [redact only the entries from Wednesday, September 04, 2019 9:28PM through Thursday, September 05, 2019 7:22 PM]

AMZ_GARNER_01231084 - AMZ_GARNER_01231096 [redact only the entries from Wednesday, September 04, 2019 9:28PM through Thursday, September 05, 2019 7:22 PM]

Privilege Log No. 3545 (AMZ_GARNER_01239188 - AMZ_GARNER_01239193) [redact only the question posed to in-house counsel in the July 23, 2020 at 9:13 AM communication]

Privilege Log No. 3546 (AMZ_GARNER_01239194 - AMZ_GARNER_01239200) [redact only the question posed to in-house counsel in the July 23, 2020 at 9:13 AM communication]

AMZ_GARNER_01241570 - AMZ_GARNER_01241598 [redact only Appendix 8]

Privilege Log No. 4492 (AMZ_GARNER_01255761) [redact only the clause under the second "Action" point that references a plan to seek legal advice]

AMZ_GARNER_01399763 - AMZ_GARNER_01399785 [redact only Business FAQ 23, Appendix A: Additional FAQs 4 and 6, and the "Regulatory" portion of Appendix A: Additional FAQ 9]

Privilege Log No. 4214 (AMZ_GARNER_01446365 - AMZ_GARNER_01446369 [redact only the "COPPA Compliance" paragraph on page 3]

Privilege Log No. 3557 (AMZ_GARNER_01449939 - AMZ_GARNER_01449942 [redact only the question posed to in-house counsel in the July 23, 2020 at 9:13 AM communication]

Privilege Log No. 3558 (AMZ_GARNER_01449949 - AMZ_GARNER_01449953 [redact only the question posed to in-house counsel in the July 23, 2020 at 9:13 AM communication]

AMZ_GARNER_01527410 - AMZ_GARNER_01527419 [redact only section 5.4 and the second paragraph of section 5.5(3)]

Privilege Log No. 3280 (AMZ_GARNER_01609046 - AMZ_GARNER_01609063) [redact only Other Internal FAQ 30]

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 8

AMZ_GARNER_02912195 - AMZ_GARNER_02912206 [redact only the second paragraph on page 5, AMZ_GARNER_02912199]

AMZ_GARNER_03240066 - AMZ_GARNER_03240076 [redact only the second and third sentences of Appendix B: Other FAQ 1.a. and the first and second sentences of Appendix B: Other FAQ 1.b.]

IV. No amendments or further production are necessary regarding the following documents:

 AMZ_GARNER_01237823 - AMZ_GARNER_01237840

 Privilege Log 3683

 AMZ_GARNER_01361205 - AMZ_GARNER_01361215

 Privilege Log 4052

 AMZ_GARNER_01434873 - AMZ_GARNER_01434893

 Privilege Log 3596

 Privilege Log 3889

 Privilege Log 4125

 AMZ_GARNER_01501337 - AMZ_GARNER_01501346

 AMZ_GARNER_01576272 - AMZ_GARNER_01576274

 AMZ_GARNER_01576282 - AMZ_GARNER_01576284

 AMZ_GARNER_02042564

 Privilege Log 3358

 Privilege Log 3352

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 9

       Privilege Log 3966

       AMZ_GARNER_03154621 - AMZ_GARNER_03154633

       Privilege Log 3447

    As mentioned at the outset, this *in camera* review arose in the context of Amazon's request to claw back approximately 1,365 documents and plaintiffs' objections thereto. The review shows that Amazon improperly attempted to cloak operational, business, and strategic documents, particularly those that refer to customer privacy concerns or privacy regulations, with the attorney client privilege by including attorneys on distribution lists or in chat sessions. Even where an attorney takes an active part in the conversation, most of the communications involve technical/operational issues, strategic goals, customer expectations, marketing/public relations, regulatory demands, and/or other business considerations, not requests for or the provision of legal advice. Of the 76 documents Amazon was ordered to produce for *in camera* review, almost 80% were improperly designated or over-designated as privileged. In addition, many of the parent documents Amazon presented to support its claims of privilege – documents which were likewise withheld on privilege grounds but were not part of the clawed back universe of documents – are not privileged.

    The question, then, is what next? As a first step, Amazon shall, within 7 days of the date of this Order, make the productions set forth above. Within 21 days of the date of this Order, Amazon shall review the rest of the clawed back documents under the rubric established herein

and reproduce any and all for which it cannot make a clear showing that a primary purpose of the communication was to request or provide legal advice. Including an attorney on a distribution list or requesting that he or she "advise" on a business, operational, technical, strategic, or public relations document is insufficient to confer the privilege. Redactions will be permitted, but they must be limited to text that reveals the nature of a request for legal advice or the advice provided. Within 35 days of the date of this Order, Amazon shall produce any other document mentioned or referenced in its "Sample Chart for *In Camera* Review Submission" that does not meet the privilege standards discussed in this Order. Also within 35 days of the date of this Order, Amazon shall file a declaration of counsel indicating whether the expansive concept of what was privileged revealed in this exercise impacted all or part of the discovery process in this case and, if it has, proposing a suitable remedy.

Dated this 23rd day of September, 2024.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DIRECTING SUBMISSION OF
DOCUMENTS FOR *IN CAMERA* REVIEW - 11