THE HONORABLE ROBERT S. LASNIK

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11
12

| KAELI GARNER, *et al.*, | Case No. 2:21-cv-00750-RSL |
|---|---|
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DR. SERGE EGELMAN** |
| v. | |
| AMAZON.COM, INC. and AMAZON.COM SERVICES LLC, | NOTE ON MOTION CALENDAR: December 12, 2024 |
| Defendants. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ........................................................................................................................1

LEGAL STANDARD ...............................................................................................................1

ARGUMENT .............................................................................................................................2

    I.    Dr. Egelman Can Opine On Voice Identification Technology As An Expert In Data Privacy, And His Opinion Is Reliable And Should Not Be Excluded (¶¶ 47-51, 52(C)) ...............................................................................................................2

    II.    Dr. Egelman's Opinion Regarding The Frequency Of False Wakes Is Reliable And Should Not Be Excluded (¶ 18) ........................................................................4

    III.    Dr. Egelman's Opinion Regarding Consumers' Lack Of Awareness Of Voice Recordings Is Based On Sufficient Facts And Data And Should Not Be Excluded (¶¶ 36-37, 41) ....................................................................................4

    IV.    Dr. Egelman's Opinion Regarding Consumers' Objection To Amazon's Privacy Misconduct Is Based On Sufficient Facts And Data And Should Not Be Excluded (¶¶ 7(f), 27, 36, 41-46) ........................................................................6

    V.    Dr. Egelman's Opinion Regarding The Lack Of Consent Should Not Be excluded (¶¶ 27, 52(B), 53) ....................................................................................9

    VI.    Dr. Egelman's Opinions Synthesize And Interpret Documentary Evidence And Should Not Be Excluded (¶¶ 9, 12-19, 29, 33, 36)......................................10

    VII.    Dr. Egelman's Opinions Regarding Amazon's Awareness Of Its Privacy Misconduct Should Not Be Excluded (¶¶ 15-16, 20-24, 26, 35, 38-39) .................11

CONCLUSION .........................................................................................................................11

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

i

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*,
  738 F.3d 960 (9th Cir. 2013) .................................................................................................. 4

*Brooks v. Thomson Reuters Corp.*,
  2023 WL 5667884 (N.D. Cal. Aug. 9, 2023) ......................................................................... 3

*Brown v. Google, LLC*,
  2022 WL 17961497 (N.D. Cal. Dec. 12, 2022) ............................................................... 10, 11

*City of Pomona v. SQM N. Am. Corp.*,
  750 F.3d 1036 (9th Cir. 2014) ................................................................................................ 4

*Cline v. Boston Scientific Corp.*,
  2021 WL 1197794 (W.D. Ark. Mar. 29, 2021) ...................................................................... 11

*Collegenet, Inc. v. XAP Corp.*,
  442 F. Supp. 2d 1070 (D. Or. 2006) ....................................................................................... 3

*Elosu v. Middlefork Ranch Inc.*,
  26 F.4th 1017 (9th Cir. 2022) ............................................................................................ 1, 4

*Garner v. Amazon.com, Inc.*,
  603 F. Supp. 3d 985 (W.D. Wash. 2022) ............................................................................... 9

*Gray v. Amazon.com Inc.*,
  653 F. Supp. 3d 847 (W.D. Wash. 2023) ............................................................................... 9

*Hunton v. Am. Zurich Ins. Co.*,
  2018 WL 1182550 (D. Ariz. Mar. 7, 2018).......................................................................... 11

*In re MyFord Touch Consumer Litig.*,
  291 F. Supp. 3d 936 (N.D. Cal. 2018).......................................................................... 5, 7, 9

*In re Silicone Gel Breast Implants Prod. Liab. Litig.*,
  318 F. Supp. 2d 879 (C.D. Cal. 2004)..................................................................................... 3

*Int'l Watchman, Inc. v. NATO Strap Co.*,
  2014 WL 12600471 (N.D. Ohio Dec. 19, 2014) ..................................................................... 7

*King v. National Gen. Ins. Co.*,
  2024 WL 4445137 (Oct. 8, 2024) ......................................................................................... 10

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

ii

*Lifeguard Licensing Corp. v. Kozak*,
  2017 WL 908199 (S.D.N.Y. Mar. 7, 2017) ...................................................................... 7

*Medvedeva v. City of Kirkland*,
  2015 WL 11233199 (W.D. Wash. May 18, 2015) ....................................................... 2, 10

*Micro Chemical, Inc. v. Lextron, Inc.*,
  317 F.3d 1387 (Fed. Cir. 20023) ................................................................................. 8

*Multimedia Patent Trust v. Apple Inc.*,
  2012 WL 12868251 (S.D. Cal. Nov. 19, 2012) ........................................................ 8, 11

*Pelican Int'l, Inc. v. Hobie Cat Co.*,
  655 F. Supp. 3d 1002 (S.D. Cal. 2023) .............................................................. 5, 9, 10

*Primiano v. Cook*,
  598 F.3d 558 (9th Cir. 2010) (cleaned up) ................................................................. 2

*See In re Google RTB Consumer Priv. Litig.*,
  2024 WL 2242690 (N.D. Cal. Apr. 4, 2024) ............................................................... 5

*Summit 6, LLC v. Samsung Elecs. Co.*,
  802 F.3d 1283 (Fed. Cir. 2015) ................................................................................ 3

*United States v. Nelson*,
  2021 WL 75757 (N.D. Cal. Jan. 8, 2021) .................................................................. 2

*United States v. School*,
  166 F.3d 964 (9th Cir. 1999) .................................................................................. 10

*United States v. Vallejo*, 237 F.3d 1008 (9th Cir. 2001),
  *amended on denial of reh'g*, 246 F.3d 1150 (9th Cir. 2001) ......................................... 5

*VirnetX, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014) ............................................................................... 4

*West v. BNSF Railway Co.*,
  2024 WL 4652206 (E.D. Wash. Nov. 1, 2024) ........................................................ 1, 2

**STATUTES**

18 U.S.C. § 2710(a)(3) ............................................................................................ 3

740 ILCS 14/10 ...................................................................................................... 3

Cal. Civ. Code § 1798.140(v)(1)(E) ........................................................................... 3

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

iii

**RULES**

Fed. R. Evid. 702 ........................................................................................................ 1, 2, 5, 11

**REGULATIONS**

45 C.F.R. § 164.514(b)(2)(i)(P) .................................................................................................. 3

**OTHER AUTHORITIES**

Fed. R. Evid. 702 Committee Note (1) (2023) ........................................................................... 9

Fed. R. Evid. 702 Committee Note (2000) ............................................................................. 2, 8

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

iv

## INTRODUCTION

Amazon moves to exclude the testimony of Dr. Serge Egelman, a data privacy expert with nearly two decades of experience in the field.  ECF No. 255-52 ("Egelman Rep.") ¶ 3.  Amazon's alleged bases for exclusion run the gamut, including that Dr. Egelman is unqualified to opine on certain topics despite his extensive experience in the field; supposedly did not consider all the evidence Amazon wants; and allegedly improperly quoted documents while analyzing and interpreting them.  Amazon's arguments boil down to this: it does not like what Dr. Egelman has to say.  Nor should it.  Dr. Egelman's report lends substantial support to Plaintiffs' claims that Amazon improperly recorded, transcribed stored, used, and profited off of Plaintiffs' and Class Members' Alexa device recordings specifically from false wakes.  Amazon's disagreement with or dislike of Dr. Egelman's testimony is not a basis to strike it.

"Ultimately, the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Elosu v. Middlefork Ranch Inc*., 26 F.4th 1017, 1024 (9th Cir. 2022) (cleaned up).  So, arguments that Dr. Egelman came to the wrong conclusions (he did not) or reviewed the wrong evidence (he did not) are irrelevant.  What is relevant is Dr. Egelman's two decades of data privacy experience, his review of substantial documentation from Amazon and a number of peer-reviewed studies, and his well-supported conclusions based on that experience and evidence.  All of this makes the entirety of Dr. Egelman's report admissible under Fed. R. Evid. 702.  Amazon's Motion should be denied.

## LEGAL STANDARD

"In evaluating whether the proffered expert testimony will facilitate the trier of fact's understanding of the evidence or determination of a fact in issue under [Fed. R. Evid.] 702, the Court assesses both the relevance and reliability of the testimony." *West v. BNSF Railway Co.*, 2024 WL 4652206, at *2 (E.D. Wash. Nov. 1, 2024).  Expert testimony is admissible if:

> (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> the product of reliable principles and methods; and (5)
> the expert has reliably applied the relevant principles and methods
> to the facts of the case.

*Id*.  While an expert "may not provide legal conclusions, or opinions on an ultimate issue of law," "[e]xperts are not barred from providing testimony embracing an ultimate issue in a case to be decided by the trier of fact." *Medvedeva v. City of Kirkland*, 2015 WL 11233199, at *2 (W.D. Wash. May 18, 2015) (Lasnik, J.) (cleaned up).  "A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."  Fed. R. Evid. 702 Committee Note (2000).

"The trial court has broad latitude in determining whether an expert's testimony is reliable, as well as in deciding how to determine the reliability of this testimony."  *Medvedeva*, 2015 WL 11233199, at *1.  However, "[t]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (cleaned up).  "When an expert meets the threshold established by Rule 702 as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony." *Id.* at 565.  "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge.  A district court should not make credibility determinations that are reserved for the jury." *United States v. Nelson*, 2021 WL 75757, at *2 (N.D. Cal. Jan. 8, 2021).

**ARGUMENT**

I.    **DR. EGELMAN CAN OPINE ON VOICE IDENTIFICATION TECHNOLOGY AS AN EXPERT IN DATA PRIVACY, AND HIS OPINION IS RELIABLE AND SHOULD NOT BE EXCLUDED (¶¶ 47-51, 52(C))**

*First*, Amazon contends Dr. Egelman should not be able to opine that "voice recordings are inherently personal information" because "none of [Dr. Egelman's] professional experience touches on voice identification and voice prints." *See* Mtn. at 4:5-12 (cleaned up).  Not so.  Dr. Egelman is being offered as an expert in data privacy based on "nearly twenty years" of experience researching "consumer privacy," including "peer-reviewed research."  Egelman Rep. ¶¶ 3, 52; *see also id.* ¶¶ 3-4 (describing Dr. Egelman's data privacy credentials).  Whether a piece of information constitutes "personally identifiable information" certainly falls within the purview of data privacy, given

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

2

1    numerous federal and state privacy statutes and regulations touch on this exact issue (*i.e.*, what

2    constitutes "personally identifiable information")—and many even define "personal information" to

3    include one's voice. *See, e.g.*, 45 C.F.R. § 164.514(b)(2)(i)(P); Cal. Civ. Code § 1798.140(v)(1)(E);

4    *see also* 18 U.S.C. § 2710(a)(3); 740 ILCS 14/10 (definition of "biometric identifier").

5            Thus, as a data privacy expert, Dr. Egelman may opine on whether voice recordings are

6    "personally identifiable information." *See Collegenet, Inc. v. XAP Corp.*, 442 F. Supp. 2d 1070,

7    1073 (D. Or. 2006) ("Hughes works in the field of informational privacy and is a frequent world-

8    wide lecturer and speaker on privacy and e-commerce law … [T]he Court finds Hughes is qualified

9    to give his opinion regarding privacy issues."); *Brooks v. Thomson Reuters Corp.*, 2023 WL

10   5667884, at *5 (N.D. Cal. Aug. 9, 2023) ("Prof. Turow's expertise also rests on solid credentials

11   and qualifications as a privacy and marketing scholar: he has researched, taught, presented, and been

12   awarded on his work on privacy and digital audience targeting."); *In re Silicone Gel Breast Implants*

13   *Prod. Liab. Litig.*, 318 F. Supp. 2d 879, 889 (C.D. Cal. 2004) ("[Expert] qualifications are construed

14   broadly … A court abuses its discretion when it excludes expert testimony solely on the ground that

15   the witness's qualifications are not sufficiently specific if the witness is generally qualified.").

16           *Second*, Dr. Egelman's opinion that ████████████████████████████

17   ████████████████████ is reliable and admissible. Egelman Rep. ¶ 49. Dr. Egelman based his

18   opinion on ██████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████████

20   ████  *Id.* ¶¶ 49-51. Dr. Egelman also based his opinion on the common-sense fact that ████

21   ████████████████████████████████████████████████████████████████

22   ███████████████████████  *Id.* ¶ 47 (internal quotations omitted). Amazon's criticisms of

23   Dr. Egelman's opinion—aside from being meritless—go to the weight of his conclusion, not the

24   admissibility. *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1299 (Fed. Cir. 2015) ("To the

25   extent Mr. Benoit's credibility, data, or factual assumptions have flaws, these flaws go to the weight

26   of the evidence, not to its admissibility."); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328

27

28
PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-cv-00750-RSL

BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

3

1    (Fed. Cir. 2014) ("[Q]uestions regarding which facts are most relevant … are properly left to the

2    jury.").

3    II.    **DR. EGELMAN'S OPINION REGARDING THE FREQUENCY OF FALSE WAKES IS RELIABLE AND SHOULD NOT BE EXCLUDED (¶ 18)**

4    Amazon argues that Dr. Egelman's opinion that ████████████████████████████████

5    ████████████████████████████████████████████████████████████████████████ is

6    "unsupported speculation" and not based on "how averages work." Mtn. at 5:11-21. In making this

7    argument, however, Amazon improperly inserts the word "average" into a document where it is not

8    present.  In actuality, the document Dr. Egelman cites shows that ████████████████████

9    ████████████████████████████████████ Egelman Rep. ¶ 18 (citing

10   AMZ_GARNER_00052921 at 52922).  In other words, Dr. Egelman opines—consistent with ██

11   ████████████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████ In any event,

13   whether this document speaks to an actual or average wake rate is a factual question not to be

14   resolved by the Court at the class certification stage or on a motion to exclude expert testimony. *See*

15   *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) ("Ultimately, the test under

16   *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology.")

17   (internal quotations removed); *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960,

18   968-69 (9th Cir. 2013) (denying motion to exclude the expert's extrapolation of his methodology to

19   damages because the defendant's challenges did not attack the expert's credentials, qualifications, or

20   methodology, and therefore did not "go to admissibility"); *City of Pomona v. SQM N. Am. Corp.*,

21   750 F.3d 1036, 1049 (9th Cir. 2014) ("A factual dispute is best settled by a battle of the experts

22   before the fact finder, not by judicial fiat.").

23   III.   **DR. EGELMAN'S OPINION REGARDING CONSUMERS' LACK OF AWARENESS OF VOICE RECORDINGS IS BASED ON SUFFICIENT FACTS AND DATA AND SHOULD NOT BE EXCLUDED (¶¶ 36-37, 41)**

25   Defendant argues that because Dr. Egelman "asserted his opinions [that consumers lack

26   awareness of what Alexa records] without reviewing any relevant data, he cannot demonstrate a

27

28   PLAINTIFFS' OPPOSITION TO MOTION TO
     EXCLUDE – DR. SERGE EGELMAN
     Case No. 2:21-cv-00750-RSL

     4

BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

1    reliable (or any) methodology for these opinions." Mtn. at 6:15-16 (emphasis removed). This is

2    incorrect.

3         *First*, Dr. Egelman *did rely* on sufficient facts and data to reach this conclusion. Specifically,

4    Dr. Egelman relied on several peer-reviewed studies, including studies that examined "existing

5    Alexa users." Egelman Rep. ¶ 36. One study of Alexa users in particular (Malkin et al. (2019))

6    found that "almost half [of the survey respondents] did not know that their recordings were being

7    permanently stored and that they could review them; only a quarter reported reviewing interactions,

8    and very few had ever deleted any." *Id*. (cleaned up). Given that "an expert is permitted wide latitude

9    to offer opinions, including those that are not based on firsthand knowledge or observation," Dr.

10   Egelman was well within the scope of Fed. R. Evid. 702 to proffer his opinions based on these

11   studies. *See United States v. Vallejo*, 237 F.3d 1008, 1021 (9th Cir. 2001), *amended on denial of*

12   *reh'g*, 246 F.3d 1150 (9th Cir. 2001) (cleaned up). This is on top of Dr. Egelman's two decades of

13   work in the data privacy field, which leaves him able to opine on the expectations of Alexa users.

14   *See In re Google RTB Consumer Priv. Litig.*, 2024 WL 2242690, at *4 (N.D. Cal. Apr. 4, 2024)

15   ("Professor Richards is an expert on consumer privacy expectations and the history of evolving

16   privacy norms in the United States. He is certainly qualified by relevant knowledge, skill,

17   experience, training, or education to comment on the reasonable privacy expectations of Google's

18   account holders.") (cleaned up).

19        *Second*, Amazon's complaint is not with what Dr. Egelman reviewed, but with what he did

20   *not* review: Amazon's various terms and conditions and privacy policies, as well as some third-party

21   media coverage. Mtn. at 6:7-15. Putting aside for a moment whether any of that was sufficient to

22   disclose the aggrieved of conduct—it clearly was not given the substantial number of survey

23   respondents who remained unaware—"an argument that an expert should have addressed different

24   evidence at best, goes to the weight or credibility of the expert's analysis, not its admissibility."

25   *Pelican Int'l, Inc. v. Hobie Cat Co.*, 655 F. Supp. 3d 1002, 1033 (S.D. Cal. 2023) (cleaned up); *see*

26   *also In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 969 (N.D. Cal. 2018) ("Though

27   Ford criticizes Mr. Boedeker's decision not to analyze used car sales data, that objection goes to the

28   
PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

weight of his opinion, not its admissibility. His value analysis is sufficiently reliable to survive *Daubert*.").

**IV.    DR. EGELMAN'S OPINION REGARDING CONSUMERS' OBJECTION TO AMAZON'S PRIVACY MISCONDUCT IS BASED ON SUFFICIENT FACTS AND DATA AND SHOULD NOT BE EXCLUDED (¶¶ 7(F), 27, 36, 41-46)**

Amazon argues "[t]he Court should exclude [Dr. Egelman's opinion that consumers would object to Amazon's retention and use of Alexa recordings] because Egelman bases them on irrelevant studies that do not support them, and three studies that contradict them." Mtn. at 6:22-24. Amazon is mistaken.

*First*, Amazon argues Dr. Egelman relied on some studies that "concern technologies that are fundamentally different from voice assistants like Alexa." Mtn. at 6:26-27. As an initial matter, Amazon ignores the many studies Dr. Egelman cited that concern Amazon Alexa or voice assistants in general. *See, e.g.*, Egelman Rep. ¶¶ 27 n.35 (Huang et al. (2020)), 36 n.54, 45 n.70, 46 n.73. And even as to the studies that were not specific to Alexa, they still involved voice assistant technologies, including, for example, those technologies used in smartphones (*e.g.*, Apple iPhones using Siri). Egelman Rep. ¶ 42. Dr. Egelman also relied on a study ████████████████ ████████████████████████████████████████████████████████████████ ███████████████████ *Id.* ¶¶ 45, 45 n.69.[1] The other surveys examine consumers of other smart devices, and thus, still support Dr. Egelman's conclusion that ████████████████ ████████████████████████████ Egelman Rep. ¶ 27. Dr. Egelman's opinions remain anchored in the unrebutted facts that Amazon stores undeleted voice recordings and stores transcripts (whether the recording itself was deleted) in perpetuity for its own commercial gain which is contrary to a reasonable person's understanding.

In any event, Amazon's argument that Dr. Egelman examined consumers of similar technology versus the exact technology at issue goes to weight, not admissibility. *See, e.g., In re*

---

[1] Amazon claims that the Tabassum study in footnote 70 of the Egelman Report "explores potential future generations of voice assistants that are 'always listening.'" Mtn. at 7 n.8. But Amazon Alexa ████████████████████████████████████████████████████████████████████ *See* ECF No. 255-3 at 189:3-6.

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-cv-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

6

1   *MyFord Touch Consumer Litig.*, 291 F. Supp. 3d at 973 ("Ford's argument is essentially that *better*

2   evidence exists to determine historic market value, but that is an argument going to the weight of

3   Mr. Boedeker's analysis, not its admissibility under Daubert.") (emphasis in original); *Lifeguard*

4   *Licensing Corp. v. Kozak*, 2017 WL 908199, at *5 (S.D.N.Y. Mar. 7, 2017) ("The plaintiffs'

5   objections to the universes used in the defendants' experts' surveys … do not counsel in favor of

6   excluding the reports."); *Int'l Watchman, Inc. v. NATO Strap Co.*, 2014 WL 12600471, at *2 (N.D.

7   Ohio Dec. 19, 2014) ("[T]he Court finds that any challenge to the relevant universe can be argued

8   to the jury through cross-examination.  Because the issue affects weight, as opposed to admissibility,

9   the argument is rejected.").

10          *Second*, Amazon's cherry-picked quotes from several of the studies Dr. Egelman cites do not

11   undermine his opinions.  *See* Mtn. at 8:1-21.  As to Malkin et al. (2018), Amazon cites a *single figure*

12   for its argument that many consumers were "aware that audio data from smart devices was used to

13   improve the machine learning algorithms and [] found this practice acceptable."  Mtn. at 8:13-14.

14   On the whole though, the study found, among other things that: (i) "[o]verall, respondents felt

15   strongly that it would be unacceptable for [] data to be shared," including with "hardware

16   manufacturers" like Amazon (Malkin et al. (2018) at 6); (ii) 60% of survey respondents were either

17   unsure or did not think their voice recordings would be accessed by a human being (Malkin et al.

18   (2018) at 4 (Fig. 2)); and (iii) more than 70% of survey respondents believed their voice recordings

19   would be analyzed on the smart device itself, as opposed to being transmitted and analyzed

20   elsewhere (Malkin et al. (2018) at 4 (Fig. 1)).  Even the figure Amazon cites shows the majority of

21   consumers in almost every category do not find it acceptable to have others access their data.  Malkin

22   et al. (2018) at 4 (Fig. 3).

23          As to Huang et al. (2020), Amazon contends this study shows "consumers of shared smart

24   speakers trust manufacturers and support sharing their audio data to improve the service"—although

25   it fails to cite a specific page of this study for that proposition.  Mtn. at 8:15-16.  Huang surveyed

26   consumers who used Amazon Alexa products, or competitor voice assistant products.  Huang et al.

27   (2020) at 4 (Table 1).  Huang found that:

28   PLAINTIFFS' OPPOSITION TO MOTION TO
     EXCLUDE – DR. SERGE EGELMAN
     Case No. 2:21-CV-00750-RSL

1
2
3

> A popular concern identified by the participants was the collection of data by speaker manufacturers. Consistent with previous findings [] our participants were also concerned about the uncertainty and scope of the data being collected. Unique to our study is the finding that participants were concerned with the usage of the collected data by the speaker company.

4       *Id.* at 6.

5           As to Malkin et al. (2019), Amazon contends this study shows "many consumers are aware

6   that providers of voice assistants like Amazon collect and store voice recordings and that consumers

7   accept this behavior," and that "the overwhelming majority of consumers did not consider their

8   interactions sensitive." Mtn. at 8:18-21 (cleaned up). But this study also found that "almost as many

9   people incorrectly believed that their audio is only saved temporarily," or were unsure about the

10  same. Malkin et al. (2019) at 255. And many participants found it completely or somewhat

11  unacceptable for their "recordings being stored forever." *Id.* at 256. In addition, whether the

12  recordings are "sensitive" is not an issue in the case—any impermissible use of the voice recordings

13  is actionable. And, the study found respondents "felt markedly different about stored interactions of

14  people other than themselves," like children and guests. *Id.* at 264. Finally, even if some respondents

15  did not object to the use of their recordings to improve the service, Plaintiffs also allege Amazon

16  used this data for a host of other purposes unrelated to Alexa without Plaintiffs' knowledge. No

17  study suggests consumers would approve of such use of their data.

18          Thus, each of the studies Dr. Egelman cites support his opinions. That Amazon has a

19  different (incorrect) view of the evidence is not a basis to strike Dr. Egelman's opinions. *Micro*

20  *Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 20023) ("[I]t is not the role of the

21  trial court to evaluate the correctness of facts underlying one expert's testimony."); *Multimedia*

22  *Patent Trust v. Apple Inc.*, 2012 WL 12868251, at *2 (S.D. Cal. Nov. 19, 2012) ("[D]isagreement

23  with an expert's version of the facts is not a proper basis to exclude his testimony under *Daubert*.");

24  Fed. R. Evid. 702 Committee Note (2000) ("The emphasis in the amendment on 'sufficient facts or

25  data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the

26  court believes one version of the facts and not the other.").

27

28  PLAINTIFFS' OPPOSITION TO MOTION TO
    EXCLUDE – DR. SERGE EGELMAN
    Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

**V.    DR. EGELMAN'S OPINION REGARDING THE LACK OF CONSENT SHOULD NOT BE EXCLUDED (¶¶ 27, 52(B), 53)**

Amazon argues "[t]he Court should also exclude Egelman's improper legal conclusions about whether users expressly or impliedly consented to Alexa recordings." Mtn. at 9:9-10. Amazon's argument rests on shaky ground.

*First*, Amazon contends Dr. Egelman's opinion "contradicts the May 6, 2022 Order dismissing Registrants' state wiretap claims." Mtn. at 9:17-18. Not so. The Court previously found "Registered user plaintiffs … consented *to the recordings*." *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 999 (W.D. Wash. 2022) (emphasis added). The Court did not rule on "[w]hether Amazon adequately disclosed how long it stores the recordings and what it does with them after they are made" because the Washington wiretap claim only "focuses on whether the recordings were unlawfully made and does not address or prohibit post-recording activities." *Id.* In fact, the Court found that (i) the Unregistered Plaintiffs plausibly alleged "their conversations were recorded without consent," and (ii) the Registered Plaintiffs plausibly alleged "that Amazon failed to accurately describe what it does with voice interactions, intentional or not" for the purposes of their WCPA claim. *Id.* at 999-1000. Thus, Dr. Egelman's opinion is well within the confines of the Court's May 6, 2022 Order.[2]

*Second*, Amazon claims Dr. Egelman's opinion on this topic should be struck because "he reviewed none of the disclosures that Amazon provides" and "his opinion merely repackages Plaintiffs' legal arguments on elements of their wiretapping claims." Mtn. at 9:13-15. As to the former, again, Dr. Egelman is not required to review every piece of documentary evidence to make his opinion reliable. Fed. R. Evid. 702 Committee Note (1) (2023); *In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d at 969; *Pelican International, Inc.* 655 F. Supp. 3d at 1033. This is especially true where, as here, Plaintiffs have submitted separate expert testimony that ███████████████ ███████████████████████████████████████████████████████████

---

[2] In *Gray v. Amazon.com Inc.*, 653 F. Supp. 3d 847, 858 (W.D. Wash. 2023), the court found Amazon disclosed its "use of Alexa-captured voice data for advertising purposes." This is different than Plaintiffs' allegations here, which concern Amazon's (undisclosed) permanent storage of recording transcripts and use of the same to improve Alexa devices—including by divulging the same to human reviewers—without users' consent. *Garner*, 603 F. Supp. 3d at 1001; *see also* ECF No. 255 at 1.

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

9

See generally ECF No. 255-44 (expert report of David Hoffman). Thus, Amazon's arguments "at best, go[] to the weight or credibility of [Dr. Egelman's] analysis, not its admissibility." *Pelican International, Inc.* 655 F. Supp. 3d at 1033 (internal quotations omitted).

As to the latter, Dr. Egelman does not make any legal arguments, but instead cites documentary evidence for his conclusion that ███████████████████████████████ ███████ Egelman Rep. ¶ 27. Dr. Egelman is not prohibited from "providing testimony embracing an ultimate issue in a case to be decided by the trier of fact." *Medvedeva*, 2015 WL 112233199, at *2 (cleaned up).

## VI.    DR. EGELMAN'S OPINIONS SYNTHESIZE AND INTERPRET DOCUMENTARY EVIDENCE AND SHOULD NOT BE EXCLUDED (¶¶ 9, 12-19, 29, 33, 36)

Amazon seeks to exclude many paragraphs of Dr. Egelman's report because they allegedly "amount to nothing more than a recitation of other documents." Mtn. at 9:26-27-11. This argument fails. While Dr. Egelman's report does reference documents produced in discovery, he does not just regurgitate what those documents say. Instead, Dr. Egelman's "opinions analyze the[] [documents] by synthesizing information from a variety of different sources, including both [Amazon's] internal documents and public documents," as well as drawing from his own personal experiences based on nearly twenty years of research in the field. *Brown v. Google, LLC*, 2022 WL 17961497, at *12 (N.D. Cal. Dec. 12, 2022) (denying to exclude an expert's opinions despite a challenge that the expert "merely regurgitate[d] attorney argument[s]"); *see also* Egelman Rep. ¶¶ 9, 12, 13, 14, 15, 16, 17, 18, 19, 29, 33, 36. After synthesizing Amazon's internal and public documents, Dr. Egelman put into his report his own "interpretation and meaning of certain trends seen within [Amazon] and the risks associated with such trends." *Brown*, 2022 WL 17961497, at *12; *see also King v. National Gen. Ins. Co.*, 2024 WL 4445137, at *10 (Oct. 8, 2024) (declining to strike expert testimony where expert declaration "synthesize[s] and interpret[s] technical documents … using [expert's] knowledge); *United States v. School*, 166 F.3d 964, 973 (9th Cir. 1999) (noting function of expert is to "interpret and analyze factual evidence") (cleaned up).

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-cv-00750-RSL

BYRNES KELLER CROMWELL LLP
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

10

1

2

**VII.   DR. EGELMAN'S OPINIONS REGARDING AMAZON'S AWARENESS OF ITS PRIVACY MISCONDUCT SHOULD NOT BE EXCLUDED (¶¶ 15-16, 20-24, 26, 35, 38-39)**

3

4

Amazon seeks to exclude some of Dr. Egelman's opinions that "purport[] to interpret Amazon's subjective beliefs and motivations about the use of Alexa recordings."  Mtn. at 10:24-25.

5

6

Contrary to Amazon's arguments, Dr. Egelman is not engaged in "speculation."  Mtn. at 12:26. Instead, as above Dr. Egelman analyzed and synthesized the relevant documents and put into his

7

report his own "interpretation and meaning of" the evidence.  *Brown*, 2022 WL 17961497, at *12.

8

This is permissible and within the scope of Fed. R. Evid. 702.  To the extent Amazon disagrees with Dr. Egelman's conclusions, that is not a basis to exclude his opinions altogether.  *See*, *e.g.*,

9

10

*Multimedia Patent Trust*, 2012 WL 12868251, at *2 ("[D]isagreement with an expert's version of the facts is not a proper basis to exclude his testimony under *Daubert*.").

11

12

Further, Dr. Egelman is not opining on Amazon's beliefs as to the privacy misconduct at issue.  Instead, Dr. Egelman is opining that Amazon knew the Alexa devices were recording false

13

14

wakes and that the recordings were being analyzed and used, which reinforces Dr. Egelman's conclusions that this conduct was in fact occurring.  *See* Egelman Rep. ¶¶ 15-16, 20-24, 26, 35, 38-

15

39; *see also Hunton v. Am. Zurich Ins. Co.*, 2018 WL 1182550, at *2 (D. Ariz. Mar. 7, 2018) (finding

16

17

that while expert could not opine on whether party "acted knowingly," he could "present evidence, including in the form of expert opinions, of pervasive claims handling failures"); *Cline v. Boston*

18

*Scientific Corp.*, 2021 WL 1197794, at *3 (W.D. Ark. Mar. 29, 2021) ("Dr. Mays's report does not

19

contain impermissible state-of-mind opinions about the makers of Marlex polypropylene.  He has

20

merely paraphrased the MSDS warning and explained how his own scientific opinion about the

21

product reinforces the validity of the warning.").

22

**CONCLUSION**

23

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants' Motion.

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

11

Dated: November 21, 2024

Respectfully submitted,

**BYRNES KELLER CROMWELL LLP**

By: _/s/ Bradley S. Keller_
　　　Bradley S. Keller

BRADLEY S. KELLER (WSBA# 10665)
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: 206/622-2000
206/622-2522 (fax)
bkeller@byrneskeller.com

_Interim Liaison Counsel_

**ROBBINS GELLER RUDMAN
& DOWD LLP**
PAUL J. GELLER
STUART A. DAVIDSON
(admitted _pro hac vice_)
MARK J. DEARMAN
(admitted _pro hac vice_)
ALEXANDER C. COHEN
(admitted _pro hac vice_)
NICOLLE B. BRITO
(admitted _pro hac vice_)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
acohen@rgrdlaw.com
nbrito@rgrdlaw.com

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY
(admitted _pro hac vice_)
CAROL C. VILLEGAS
(admitted _pro hac vice_)
GUILLAUME BUELL
(admitted _pro hac vice_)
DAVID SALDAMANDO
(admitted _pro hac vice_)
DANIELLE IZZO
(admitted _pro hac vice_)
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
mcanty@labaton.com

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

villegas@labaton.com
gbuell@labaton.com
dsaldamando@labaton.com
dizzo@labaton.com

*Interim Co-Lead Class Counsel*

**BURSOR & FISHER, P.A.**
L. TIMOTHY FISHER
(admitted *pro hac vice*)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: 925/300-4455
925/407-2700 (fax)
ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
ALEC M. LESLIE
(admitted *pro hac vice*)
MAX S. ROBERTS
(admitted *pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: 646/837-7150
212/989-9163 (fax)
aleslie@bursor.com
mroberts@bursor.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
ROBERT K. SHELQUIST
(admitted pro hac vice)
REBECCA A. PETERSON
(admitted pro hac vice)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401-2159
Telephone: 612/339-6900
612/339-0981 (fax)
rkshelquist@locklaw.com
rapeterson@locklaw.com

**ZIMMERMAN REED, LLP**
BRIAN C. GUDMUNDSON
(admitted *pro hac vice*)
JASON P. JOHNSTON
(admitted *pro hac vice*)
MICHAEL J. LAIRD
(admitted *pro hac vice*)
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: 612/341-0400
612/341-0844 (fax)
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

13

**ZIMMERMAN REED LLP**
CALEB MARKER (admitted *pro hac vice*)
2381 Rosecrans Avenue, Suite 328
Manhattan Beach, CA 90245
Telephone: 877/500-8780
caleb.marker@zimmreed.com

*Interim Class Counsel*

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

14

1

## <u>LOCAL RULE 7.1(E) CERTIFICATION</u>

2

I hereby certify that this memorandum contains 4,199 words, in compliance with Local Civil

3

Rule 7(e)(4).

4

By: <u>*/s/ Bradley S. Keller*</u>
        Bradley S. Keller

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO
EXCLUDE – DR. SERGE EGELMAN
Case No. 2:21-CV-00750-RSL

**BYRNES KELLER CROMWELL LLP**
1000 SECOND AVENUE, 38TH FLOOR, SEATTLE, WA 98104
TELEPHONE: 206/622-2000• FAX: 206/622-2522

15