UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAELI GARNER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., *et al.*, <br><br> Defendants. | Cause No. C21-0750RSL <br><br> ORDER REGARDING MOTION TO SEAL (Dkt. # 258) |

This matter comes before the Court on "Plaintiffs' Administrative Motion to File Plaintiffs' Motion for Class Certification with Redactions and Exhibits Under Seal." Dkt. # 258.[1] Plaintiffs seek to protect from public view their responses to defendants' first and second sets of interrogatories, annotated charts containing transcriptions or summaries of conversations recorded by Alexa (some of which were not preceded by a wake word or otherwise intended for Alexa), and snippets or summaries of those conversations included in the motion for class certification.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the

---

[1] Plaintiffs are reminded of LCR 10(e)(10)'s requirement that filing parties "submit only those excerpts of the referenced exhibits that are directly germane to the matter under consideration, or necessary to provide relevant context."

ORDER - 1

parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). A party's unilateral designation of a document as confidential under a protective order does not, in and of itself, justify a seal under LCR 5(g)(2). Where a document has been offered in support of or opposition to a dispositive motion, the party requesting that the record be sealed

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations, quotation marks, and alterations omitted).

The Court, having considered the motion, defendants' response, and the sealed documents, finds that plaintiffs have not met their acknowledged burden of establishing compelling reasons for sealing or redacting the information at issue here. None of the interrogatory responses divulge any confidential or reputationally damaging matters. *See, e.g.*, Dkt. # 261-5 at 2-17. The annotated charts of Alexa recordings generally contain verbatim transcriptions of commands intended for Alexa (such as "[A]lexa light on") and other mundane phrases (such as "chicken or turkey, chicken"). Where the unintended communication could be

ORDER - 2

considered intimate, embarrassing, or otherwise revealing, the recording is sanitized and summarized in the annotated charts (such as "Ronald Johnson speaking"). Dkt. # 261-7 at 21 and 24. The brief mentions of these interrogatory responses in the motion for class certification are similarly sanitized. Dkt. # 261 at 13. Despite citing case law that allows materials to be sealed only in certain circumstances, plaintiffs make no effort to show that the interrogatory responses and references at issue here reveal private information, are libelous, or could be used for an improper purpose. The only attribute suggesting that a seal might be appropriate is the fact that the communications were made inside plaintiffs' homes and were, to that extent, private. But a central element of plaintiffs' claims is that Alexa recorded conversations in the absence of a wake word: the existence of such recordings is therefore critical to the litigation, and the documents offered have been appropriately sanitized to establish that fact while still protecting, to the greatest extent possible, consumer data privacy.

For all of the foregoing reasons, plaintiffs' motion to seal (Dkt. # 258) is DENIED. The Clerk of Court is directed to unseal Dkt. # 261-1 through # 261-10. The unredacted motion (Dkt. # 261) will remain under seal.[2]

Dated this 3rd day of February, 2025.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] Neither party has provided a version of the motion for class certification with the references to Exhibits R through AA available to the public. Despite the fact that only some portions of the motion contain confidential and protected information, the document will remain under seal.

ORDER - 3