1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

        Plaintiffs,

    v.

AMAZON.COM, INC., *et al.*,

        Defendants.

Cause No. C21-0750RSL

ORDER REGARDING MOTION TO SEAL (Dkt. # 363)

      This matter comes before the Court on "Plaintiffs' Motion to Seal Plaintiffs' Opposition to Defendants' Motion to Exclude Testimony of Dr. Serge Egelman." Dkt. # 363. Plaintiffs filed the motion only because Amazon designated Dr. Egelman's report and David Limp's deposition transcript, which underly portions of the opposition memorandum, as "confidential" or "highly confidential – attorneys' eyes only" pursuant to the parties' Stipulated Protective Order. In support of the seal request, Amazon argues that (a) certain portions of the memorandum disclose its confidential and commercially sensitive information regarding wake word detection, false wakes, and voice identification and (b) it previously requested, and was granted, leave to seal the same materials when it moved to exclude the testimony of Dr. Egelman.

      "There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). A party's

ORDER - 1

unilateral designation of a document as confidential under a protective order does not, in and of itself, justify a seal under LCR 5(g)(2). The Court, having considered the motion, defendants' response, and the sealed documents, grants the motion in part. Amazon agrees that there is no reason to maintain a seal regarding a majority of the information at issue. Dkt. # 374 at 2. Of the four sections Amazon argues should be sealed, only three arguably reflect confidential Amazon data or information, namely page 4, lines 4-5, 8-9, and page 6, lines 27-28 (footnote 1). The other reflects Dr. Egelman's opinions regarding what is "widely known" inside and outside of Amazon, a survey of the state of knowledge that cannot reasonably be claimed as confidential. That the Court was willing to seal the underlying documents at Amazon's request does not mean that the public should be deprived of access to plaintiffs' arguments unless the information revealed is actually confidential.

For all of the foregoing reasons, plaintiffs' motion to seal (Dkt. # 363) is GRANTED in part and DENIED in part. The Clerk of Court is directed to maintain Dkt. # 364 under seal, but plaintiffs shall file a publicly available version of their opposition memorandum that redacts only the sentence fragments at page 4, lines 4-5, 8-9, and page 6, lines 27-28 (in footnote 1).

Dated this 3rd day of February, 2025.

Robert S. Lasnik
United States District Judge

ORDER - 2