THE HONORABLE ROBERT S. LASNIK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| KAELI GARNER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,<br><br>Defendants. | Case No. 2:21-cv-00750-RSL<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE OPINION OF LORIN HITT**<br><br>NOTE ON MOTION CALENDAR:<br>April 4, 2025<br><br>**ORAL ARGUMENT REQUESTED** |



BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii
I. INTRODUCTION ..... 1
II. ARGUMENT ..... 2
A. Hitt Is Not Qualified To Provide His Opinions ..... 2
B. Hitt Lacks A Reliable Methodology ..... 3
III. CONCLUSION ..... 5


BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chen-Oster v. Goldman, Sachs & Co.*,
2022 WL 814074 (S.D.N.Y. Mar. 17, 2022) ....................3

*Cook v. Cnty. of Los Angeles*,
2022 WL 1470574 (C.D. Cal. Mar. 21, 2022) ....................3

*Erwin v. Obi Seafoods, LLC*,
2024 WL 553697 (W.D. Wash. 2024) ....................1

*Hynix Semiconductor Inc. v. Rambus Inc.*,
2008 WL 73689 (N.D. Cal. Jan. 5, 2008) ....................2

*Klein v. Meta Platforms, Inc.*,
2025 WL 489871 (N.D. Cal. Feb 13, 2025)....................4

*Manpower, Inc. v. Ins. Co. of Pennsylvania,*
732 F.3d 796 (7th Cir. 2013)....................3, 4

*PNC Fin. Svcs. Grp., Inc. v. Plaid, Inc.*
2024 WL 3691607 (W.D. Pa. Aug. 7, 2024) ....................3

*Southland Sod Farms v. Stover Seed Co.*,
108 F.3d 1134 (9th Cir. 1997)....................4

*United States v. Gomez*,
725 F.3d 1121(9th Cir. 2013)....................4

**Statutes and Rules**

Federal Rule of Evidence 702....................3

Federal Rule of Evidence 703....................4

**Other Authorities**

Daniel J. Solove, *The Myth of the Privacy Paradox*, 89 GEO. WASH. L. REV. 1 (2021) ....................4



BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## I. INTRODUCTION[1]

Hitt is not qualified to offer his opinions, and his Report is based on an unreliable methodology. Amazon bears the burden of demonstrating that Hitt's unreliable testimony should reach the jury but fails to do so here. *See Erwin v. Obi Seafoods, LLC*, 2024 WL 553697 (W.D. Wash. Feb. 12, 2024).

Hitt lacks the qualifications necessary to support his opinions. He is allegedly a marketing and economics expert, yet he opines on legal, privacy, and computer science issues that extend well beyond his area of expertise. Amazon attempts to reframe Hitt's improper opinions as analyses of marketing materials and consumer behavior, but this attempt does not square with Hitt's opinions wherein Hitt analyzes Amazon's terms of service and privacy policies which contain legal—not marketing—assertions and concern the scope of Amazon's technical data collection and use practices.

Moreover, Hitt's methodology is flawed for several reasons. Amazon attempts to justify each of the flaws in Hitt's Report, but its purported justifications fail. First, Hitt improperly relied on a third party to cherry pick the evidence to consider for his conclusions. Amazon fails to provide any support justifying Hitt's failure to identify (or oversee the process for identifying) the evidence relied upon in his Report. Second, Hitt failed to consider or address a competing body of literature. Again, Amazon fails to provide support for Hitt's improper oversight. Third, Hitt expressly failed to consider all facts in the record, especially facts critical to his purported privacy assessments. Amazon's only response is to unilaterally allege (on Hitt's behalf) that the omitted facts would not change Hitt's conclusions. Fourth, Hitt's Report contains significant contradictions which he fails to address or resolve. Amazon merely provides its own self-serving interpretation of the contradictory evidence to claim no contradictions actually exist. Amazon's unsupported and self-serving arguments fail to demonstrate that Hitt engages in a relevant or reliable analysis. For these reasons, Hitt's Report should be excluded in its entirety.

---

[1] Terms not defined herein are defined as in Plaintiffs' Motion to Exclude Defendants' Proffered Expert Report, Opinion, and Testimony of Lorin Hitt (ECF No. 418, the "Motion"). All emphasis herein is added, and all internal citations and quotations are omitted, unless otherwise stated.



BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## II. ARGUMENT

### A. Hitt Is Not Qualified To Provide His Opinions

Hitt opines on legal, privacy, and computer science issues. These opinions must be excluded because Hitt lacks expertise in each of these subject areas. Motion at 3-4, 6. For example, Hitt opines on the elements or "factors" necessary for determining harm. Hitt's opinion is improper because it calls for a legal determination (*i.e.*, proving injury) that Hitt is not qualified to provide.[2] Experts are not allowed to engage in analyses that are based on assumptions they are not qualified to make as the resulting opinions are "simply not helpful to the trier of fact[] and therefore cannot be admitted." *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 73689, at *13 (N.D. Cal. Jan. 5, 2008).

Amazon fails to show that Hitt has any legal expertise. Opp. at 4, 10.[3] Instead, Amazon argues that Hitt should be allowed to identify factors to determine harm as part of a damages assessment. However, this argument is flawed because it misses the core issue: Hitt improperly usurps the Court's role by opining on the legal requirements (*i.e.*, factors) that he believes need to be met to demonstrate damages, here, a legal harm.[4] Even if Hitt were allowed to draw improper legal conclusions, he would still lack the qualifications necessary to support his privacy and computer science conclusions. Hitt proffers improper opinions about an individual's personal understanding of privacy and knowledge of how Alexa works based on his own lay understanding of how Alexa's highly technical computer software works. *See* Motion at 4-6; Report ¶¶76, 79, 131-32. Hitt is not qualified to opine on either a person's understanding or how Alexa's complex computer systems operate.

---

[2] The Court is tasked with determining legal issues, not experts.

[3] ECF No. 458 ("Opposition" or "Opp.").

[4] Amazon's cited case supports Plaintiffs argument as it found that the reports at issue were at least partially inadmissible and would only be allowed to discuss factual issues, like the options available to a police officer in a given situation, not whether use of force is legally reasonable or excessive. Opp. at 10 (citing *Hyer v. City & Cty. of Honolulu*, 118 F.4th 1044, 1059 (9th Cir. 2024)).


BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**B. Hitt Lacks A Reliable Methodology**

Hitt's Report is unreliable due to several fatal flaws in his analysis.[5] Amazon does not meaningfully address any of the flaws in Hitt's Report and further fails to provide support demonstrating that Hitt applied a reliable methodology. Opp. at 5-11.

***First***, Hitt improperly offloaded his responsibility to conduct an independent analysis of the evidence to third-party Cornerstone Research ("Cornerstone"). Specifically, Hitt tasked Cornerstone with identifying evidence to rely on in his Report without independent analysis or proper oversight. *See* Motion at 6-7; Opp. at 5-6. Hitt's failure to independently analyze the evidence core to his conclusions is grounds to exclude his Report under Rule 702. Amazon tries to justify Hitt's improper reliance on Cornerstone by citing a variety of out-of-circuit cases. However, a closer review of the cases confirms that Hitt's Report is unreliable because, unlike the experts in Amazon's cited cases, Hitt failed to oversee Cornerstone [redacted] Hitt Tr.[6] at 16:20–17:2; 14:18–15:1. In *Chen-Oster v. Goldman, Sachs & Co*., the expert was able to personally replicate the assistants' work. Hitt cannot do the same [redacted] *See Chen-Oster v. Goldman, Sachs & Co*., 2022 WL 814074 at *15 (S.D.N.Y. Mar. 17, 2022). Similarly, in *PNC Fin. Svcs. Grp., Inc*., *v. Plaid, Inc.* the expert used third-party staff to assist him in preparing his report, not to determine the scope of the universe of documents he would ultimately rely on in his Report, as Hitt did here. *See PNC Fin. Svcs. Grp., Inc. v. Plaid, Inc*., 2024 WL 3691607 at *16 (W.D. Pa. Aug. 7, 2024). The court in *Manpower, Inc. v. Ins. Co. of Pennsylvania* found an expert's reliance on a translator for foreign language documents acceptable, as the expert entered his assumptions into the

---

[5] Hitt's Report must also be excluded because Hitt improperly introduces new arguments that bear on the parties' case-in-chief in his purported rebuttal of Plaintiffs' experts. *See Cook v. Cnty. of Los Angeles*, 2022 WL 1470574, at *4 (C.D. Cal. Mar. 21, 2022).

[6] Motion, Exhibit A.



BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

record and otherwise conducted his own analysis.[7] *See Manpower, Inc. v. Ins. Co. of Pennsylvania*, 732 F.3d 796, 809-10 (7th Cir. 2013). Without knowledge of his own data collection procedure or oversight of the corresponding analysis of that data, Hitt cannot adequately form reliable opinions.

***Second***, Hitt's Report is not based on "well-trod" principles in privacy research. *See* Opp. at 10; Motion at 7-12. Hitt fails address an entire body of literature that contradicts his [redacted] view. *See* Daniel J. Solove, *The Myth of the Privacy Paradox*, 89 GEO. WASH. L. REV. 1 (2021). Additionally, Hitt fails to establish that he applies a generally accepted process to reach his privacy conclusions. Without support, Hitt merely [redacted] The fact that Hitt used a generic statistical model does not render his analysis reliable. Indeed, Hitt does not provide any support for the proposition that such a statistical model provides results that can serve as a proxy for consumer privacy preferences. Thus, contrary to Amazon's claims, Hitt's analysis cannot be deemed "analytically sound." Opp. at 8-9.

***Third,*** Hitt failed to consider sufficient evidence in creating his self-serving "factor" analysis and explicitly ignored evidence that goes against his conclusions (*e.g.*, the disclosures presented to Plaintiffs or types of data intercepted by Alexa). Motion at 7, 9, 11-13.[8] "An expert's opinions are 'inherently unreliable' if they do not rest on a sufficient factual foundation and are 'speculative.'" *Klein v. Meta Platforms, Inc.*, 2025 WL 489871, at *3 (N.D. Cal. Feb 13, 2025). Hitt's Report suffers from a fundamental lack of factual support given that Hitt relied, in large part, on Cornerstone to cull the evidence for him without oversight and further relied on facts asserted by Nedim Fresko without

[7] The remaining cases Amazon cites have no bearing on this issue. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997) (court denying an objection pursuant to Rule 703); *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013) (addresses expert's use of testimonial hearsay).

[8] Plaintiffs' references to the Complaint (ECF No. 59) are procedurally sound, as the Complaint citations refer to publicly available information, including Amazon's own disclosures and are substantiated by substantial evidence, including the evidence cited in Plaintiffs' Motion for Class Certification (ECF No. 257) and Opposition to Defendants' Motion for Summary Judgment (ECF No. 412). *See* ECF No. 257 at 6-7, Ex. R, Ex. S, Ex. T, Ex. U, Ex. V, Ex. W, Ex. Y, Ex. Z; ECF No. 412 at 5, 7, 42-44.


BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

any independent verification.[9] Amazon does not argue that Hitt had a justifiable reason for excluding facts from his analysis. Opp. at 9-10. Instead, Amazon improperly provides its own interpretation of the omitted facts and speaks for Hitt—alleging that Hitt's conclusion would have remained the same even if he had taken the omitted evidence into account. Amazon cannot speculate about what Hitt would have concluded had he properly weighed all of the evidence. In any event, Amazon's self-serving assertions are belied by evidence that ***confirms*** Plaintiffs and Class Members ***do*** care about their privacy.[10]

***Fourth***, Hitt relies on sources and evidence that contradict one another and several of his ultimate conclusions. Hitt fails to resolve, or even address, these significant contradictions. Motion at 7-8. Amazon fails to provide support justifying Hitt's reliance on contradictory sources. It merely provides its own self-serving interpretation of the sources that are in conflict. Accepting Amazon's interpretation would be improper as it would require a factual determination about the contents of the sources. Regardless, Amazon's arguments fail because they mischaracterize Hitt's own contentions. For example, Amazon asserts [redacted]. *See* Opp at 8; Report at 35. Hitt's failure to address or resolve the contradictions between his sources and conclusions render his methodology and Report unreliable.

## III. CONCLUSION

For the reasons stated above, and those in Plaintiffs' Motion, Plaintiffs respectfully request that the Court exclude Hitt's Report in its entirety.

DATED: April 4, 2025

Respectfully submitted,

*<u>/s/ Bradley S. Keller</u>*
**BYRNES KELLER CROMWELL LLP**
BRADLEY S. KELLER (WSBA# 10665)

[9] The facts asserted by Nedim Fresko are currently subject to independent challenge.

[10] Motion, Exhibit C at AMZ_GARNER_03812164.

1000 Second Avenue
Seattle, WA 98104
Telephone: 206/622-2000
206/622-2522 (fax)
bkeller@byrneskeller.com

*Interim Liaison Counsel*

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (admitted *pro hac vice*)
CAROL C. VILLEGAS (admitted *pro hac vice*)
GUILLAUME BUELL (admitted *pro hac vice*)
DAVID SALDAMANDO (admitted *pro hac vice*)
DANIELLE IZZO (admitted *pro hac vice*)
GLORIA J. MEDINA (admitted *pro hac vice*)
MICHAEL HOTZ (*pro hac vice forthcoming*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
mcanty@labaton.com
cvillegas@labaton.com
gbuell@labaton.com
dsaldamando@labaton.com
dizzo@labaton.com
gmedina@labaton.com
mhotz@labaton.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
PAUL J. GELLER
STUART A. DAVIDSON (admitted *pro hac vice*)
MARK J. DEARMAN (admitted *pro hac vice*)
ALEXANDER C. COHEN (admitted *pro hac vice*)
NICOLLE B. BRITO (admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
acohen@rgrdlaw.com
nbrito@rgrdlaw.com

*Counsel for Plaintiffs*

*and Interim Co-Lead Class Counsel*

**BURSOR & FISHER, P.A.**
L. TIMOTHY FISHER (admitted *pro hac vice*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: 925/300-4455
925/407-2700 (fax)
ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
ALEC M. LESLIE (admitted *pro hac vice*)
MAX S. ROBERTS (admitted *pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: 646/837-7150
212/989-9163 (fax)
aleslie@bursor.com
mroberts@bursor.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
ROBERT K. SHELQUIST(admitted *pro hac vice*)
REBECCA PETERSON(admitted *pro hac vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401-2159
Telephone: 612/339-6900
612/339-0981 (fax)
rkshelquist@locklaw.com
rapeterson@locklaw.com

**ZIMMERMAN REED LLP**
BRIAN GUDMUNDSON(admitted *pro hac vice*)
MICHAEL J. LAIRD (admitted *pro hac vice*)
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: 612/341-0400
612/341-0844 (fax)
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com

*Interim Class Counsel*

**LOCAL RULE 7(e)(6) CERTIFICATION**

I hereby certify that this memorandum contains 1822 words, in compliance with Local Civil Rule 7(e)(4).

Dated: April 4, 2025

By: */s/ Bradley S. Keller*
Bradley S. Keller


BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000