THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, et al.

              Plaintiffs,

v.

AMAZON.COM, INC. and
AMAZON.COM SERVICES LLC,

              Defendants.

Case No. 2:21-cv-00750-RSL

**DECLARATION OF DANIEL
BURKE REGARDING CLASS
NOTICE PLAN**

## DECLARATION OF DANIEL BURKE REGARDING CLASS NOTICE PLAN

I, Daniel Burke declare as follows:

1.      My name is Daniel Burke. I have personal knowledge of the matters set forth herein.

2.      I am an Executive Vice President of Class Action Services for Verita Global, LLC ("Verita") f/k/a KCC Class Action Services, LLC or KCC, a firm that specializes in comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements. I have

1

been employed by Verita in an executive role for roughly 20 years and prior to that worked as a prosecutor for 15 years. During my time at Verita, and as noted below, I have overseen the implementation of several thousand notice plans related to various types of class action and government litigation.

3.    With more than 40 years of industry experience, Verita has developed efficient, secure, and cost-effective methods to effectively manage the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of these matters to ensure the orderly and fair treatment of class members and all parties in interest. In all instances these plans are presented in plain language and compliant with Rule 23 of the Federal Rules of Civil Procedure.

4.    As an industry leader, Verita has been retained to administer more than 10,000 class actions and distributed settlement payments totaling well over a trillion dollars in assets. Our experience includes many of the largest and most complex administrations of both private litigation and of actions brought by state and federal government regulators. As such, we are familiar with, and guided by, Constitutional due process provisions, the Federal Rules of Civil Procedure, and the relevant case law relating to legal notification.

5.    Verita has extensive experience successfully administering complex large dollar value settlements impacting tens of millions of class members, both domestically and internationally. Some examples of complex matters with which Verita has been involved include: *FTC v. Amazon.com Inc.*, No. 2:23-cv-00932-JHC (W.D. Wash.); *In re AOL Time Warner, Inc. Sec. Litig.*, MDL No. 1500, No. 02-cv-5575 (S.D.N.Y.); *In re Enron Corp. Sec. Litig.* No. H-01-3624 (S.D. Tex.); *In re Facebook Biometric Information Privacy Litig.*, No. 15-cv-03747-JD (N.D. Cal.); *Fortis Settlement*, No. 200.191.713/01 (Amsterdam Court of Appeals, The Netherlands); *In re American Reality Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.NY); *In re Anthem,*

*Inc. Data Breach Litig.*, No. 15-MD-02617-LHK (N.D. Cal.); *In re College Athlete NIL Litig. (House)*, and *Hubbard v. National Collegiate Athletic Asso'n (Hubbard)*, No. 4:20-cv-03919 CW (N.D. Cal.); *Golden v. ContextLogic Inc. d/b/a Wish.com*, No. 17PH-CV01741 (Mo. Cir. Ct.); *The People of the State of Cal. v. Vitol Inc.*, No. CGC-20-584456 (Cal. Super. Ct.); *In re: Zappos.com Inc. Customer Data Sec. Breach Litig.*, No. 3:12-CV-00325-RJC-VPC (D. Nev.); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab Litig.*, No. 8:10ML2151 JVS (FMOx) (C.D. Cal.); *Karasik v Yahoo! Inc.*, No. CV-16-566248-00CP (Ontario Super. Ct. of Justice); *Lawrence E. Jaffe Pension Plan et al. v. Household Int'l Inc.*, No. 02-C-5893 (N.D. Ill.); *Steinhoff Int'l Holdings Sec. Settlement*, South African High Court, 29290/2018 (2020 ZAGPJHC145), (D Bruyn v. Steinhoff International Holdings N.V.) and Amsterdam District Court, SoP 16377/2020, (Suspension of Payment Proceeding); and *In re Valeant Pharmaceuticals Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).

6.      This Declaration details the Class Notice Plan ("Notice Plan") proposed for *Garner v. Amazon.com, Inc.*, No. 2:21-cv-00750-RSL, pending in the United States District Court for the Western District of Washington. Notably, both parties to this matter have also reviewed this plan. Plaintiffs believe it is compliant and the best practicable notice, and Amazon takes no position.

7.      The facts in this Declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Verita.

8.      In forming my opinions, I draw from my in-depth class action case experience. I have worked in the class action notification field for roughly 20 years. During that time, I have been involved in all aspects of the design and implementation of class action notice planning, as well as the drafting of plain language notice documents that satisfy the requirements of Rule 23 and adhere to the guidelines set forth in the *Manual for Complex Litigation*, Fourth and by the Federal Judicial Center ("FJC").

9.     The reach of the Notice Program is consistent with other effective court-approved notice programs. Additionally, the Notice Program complies with the FJC's 2010 Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (the "FJC Checklist"), which considers 70-95% reach among class members to be reasonable.

**NOTICE PLAN**

***Proposed Class Definition***

10.     The Class is defined as all registered Alexa users who reside in the United States who registered one or more Alexa Devices.

***Individual Notice via Email***

11.     Amazon.com, Inc. ("Amazon") will provide Verita with a list that includes Class Members' full names, last known email addresses (if available), and billing addresses as reflected in Amazon's records (the "Class List").

12.     It is my understanding that the Class List contains approximately 100 million individuals.

13.     Verita will send a direct individual notice via email ("Email Notice") to every Class Member for whom an email address exists on the Class List. The Email Notice content will be included in the body of the email, rather than as an attachment, to avoid spam filters and improve deliverability. A proposed form of Email Notice is attached hereto as Exhibit A. Email notice is likely to be effective as I understand that an email address is required to create an Amazon account and register an Alexa device with Amazon. This Email Notice will allow direct notice to be provided to every known email identified on the Class List, which is the entirety of the known class.

14.     The Email Notice will contain a link to the case-specific website ("Case Website"), as well as an address for the purpose of receiving requests for exclusion from the Class ("Exclusion

4

Requests") and requests for copies of the Long-Form Notice, a proposed form of which is attached hereto as Exhibit B.

15.    The email delivery will be attempted three times to maximize the probability that the Class Members will receive it. The email campaign will also return data regarding the number of emails successfully delivered and email bounce backs.

16.    Due to the size of the Class—100 million members—and the fact that Verita will conduct the campaign in accordance with our best practices related to email notice, Verita estimates that it will send approximately 2 million Email Notices per day. This approach is informed by deliverability standards, which recommend limiting daily outbound volume to safeguard sender reputation and ensure optimal inbox placement. Sending excessive volumes of email at once can trigger spam filters, negatively impact deliverability, and/or result in temporary blocking by internet service providers. By maintaining a steady, manageable sending cadence and working closely with ISPs, including using authenticated sending domains, rotating and warming up IP addresses, and performing ongoing deliverability monitoring, Verita maximizes the likelihood that these direct notices reach intended recipients' inboxes. At this rate, Verita estimates that it will take approximately 50 days to complete the Email Notice campaign, balancing efficiency with the need for successful deliverability and compliance with industry standards

### *Media Campaign*

17.    To supplement the direct notice campaign outlined above, Verita will also implement a supplemental media campaign consisting of digital impressions purchased programmatically on various websites and mobile apps via Meta Audience Network. Impressions will be targeted to Adults 18+ with behavioral targeting to Alexa users, those who own an Amazon Alexa, Amazon Echo, or smart speakers, those who have expressed interest in voice command devices, Amazon, home automation, etc., and/or alongside content related to home automation (30-

day duration). Approximately 6,540,500 digital impressions will be purchased and distributed via the Meta Audience Network.

18.    The notices will target and appear on both desktop and mobile devices, including tablets and smartphones, in display and native ad formats. All digital ads will include a direct link to the case-specific website for claim filing and more information. Exemplars of the proposed digital ads are attached hereto as Composite Exhibit C.  As a supplement to the Email Notice, this ensures that every Class Member will have notice of the action.

### *Response Mechanisms*

19.    Verita will establish and maintain the Case Website to allow Class Members to obtain additional information about the lawsuit as well as relevant court filings from the action. Class Members will be also able to view, download, and print the Complaint, Long-Form Notice, as well as other relevant case and court documents. Class Members will also be able to review a list of frequently asked questions and answers and important dates and deadlines.

### *Handling Exclusion Requests*

20.    The Case Website and Email Notice will provide an address for the purpose of receiving Exclusion Requests.  In addition, the Case Website will include an Exclusion Request form.

21.    Verita will identify and number all Exclusion Requests received and create images of those Exclusion Requests for Class Counsel and counsel for Amazon. Verita will also maintain original Exclusion Requests in its files.

22.    Verita will provide weekly reports of Exclusion Requests received to Class Counsel and counsel for Amazon.

23.    Following the deadline for Exclusion Requests, Verita will provide a declaration to Class Counsel setting forth its notification efforts and summarizing the Exclusion Requests it received.

### *Optional Services and Response Mechanisms*

24.    In addition to the services above, Verita is prepared to host and/or perform the following additional services if the Parties and Court approve:

    a.   Performance an Email Change-Of-Address search ("ECOA") to obtain updated email addresses for Class Members whose initial Email Notice bounces back and subsequently re-send the Email Notice utilizing updated email addresses.

    b.   Update contact information through the U.S. Postal Service's National Change of Address (NCOA)[1] database and subsequently print and mail a single-postcard summary notice to individuals whose emailed notice was not successfully delivered or do not have a valid email address.

    c.   Establishment of a toll-free telephone number to allow Class Members to listen to answers to frequently asked questions and/or request to receive a Long-Form Notice via mail.

    d.   Establishment of a dedicated email inbox to handle Class Member communications and enquiries.

### *Procedures for Securely Handling Data*

25.    Verita maintains a robust and comprehensive security program designed to ensure the protection and secure handling of client and class member data.

---

[1] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

26.    Verita's information security framework is aligned to ISO 27001 and 27002 which is reviewed on an annual basis and communicated to all employees through a comprehensive training program.

27.    Verita designed its in-house processing platform to securely safeguard all transmitted information, as well as mitigate potential fraud. Verita implements controls that ensure, among other things: (1) data transmission between Verita and its authorized organizations are complete and secure; (2) physical access to the computing resources on which data is stored is restricted to properly authorized individuals; and (3) changes to the existing applications are authorized, tested, approved, and properly implemented.

28.    Verita acts as a data processor and will receive data transfers from Amazon or Class Counsel through secure File Transfer Protocol (herein after "FTP"). The FTP File Gateway will have a User Login and Password for access. Once Verita receives the files, the data will be reviewed for size and record count and removed from the FTP File Gateway.

29.    Due to the nature of the services Verita provides, data security is of the utmost importance. As such, Verita continually makes sizeable investments designed to protect information and IT assets. Verita has developed a comprehensive global information and cybersecurity framework aligned to National Institute of Standards and Technology (NIST) frameworks, ISO 27001 and ISO 27002. Among other things, this framework and its underlying controls are designed to ensure that Verita's information and systems are only available to authorized individuals with a justified business need, information is not disclosed or modified without authorization, applicable regulatory, legislative and client requirements are met, and suspected security weaknesses are reported, investigated, documented and resolved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Insurance*

30.    Verita's services agreement governs the terms and conditions of Verita's employment, including liability and acceptance of responsibility. Verita maintains insurance applicable to its services including professional indemnity insurance, general liability, property, comprehensive crime, electronic and computer crime, and cyber liability insurance.

*Conclusion*

31.    The proposed Notice Plan is expected to reach nearly a substantial portion of the entire Class by way of the individual direct notice alone which will be provided via email. Coverage and frequency of exposure will be further enhanced by the media campaign.

32.    In my opinion, the Notice Plan proposed is consistent with other effective class notice programs. It is the best notice practicable under the circumstances, provides individual direct notice to all members who can be identified through reasonable effort, and meets the "reasonably certain to inform" due process communications standard of *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). The Notice Plan is designed and expected to meet or exceed the guidelines set forth in Rule 23, the Manual for Complex Litigation, Fourth, and the FJC Checklist.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of December 2025, at San Rafael, California.



_____
Daniel Burke

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

**NOTICE OF PENDENCY OF CLASS ACTION**

# Registered an Amazon Alexa-Enabled Device (*e.g.*, an Echo)?
# A Class Action Lawsuit May Affect Your Rights.

*This Notice is being provided by Order of the U.S. District Court.*
*It is not a solicitation from a lawyer. You are not being sued.*

- A lawsuit is pending in the United States District Court for the Western District of Washington (the "Court") against defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Defendants").

- Plaintiffs in the lawsuit claim that Amazon allegedly failed to disclose material information about Amazon's Alexa, including the rate at which Amazon recorded audio even when a user did not intentionally activate Alexa, referred to as "false wakes"; that Alexa recordings are allegedly retained indefinitely, transcribed, and reviewed by humans; and/or that Amazon may use Alexa recordings for its own commercial gain. Plaintiffs contend that Amazon's alleged conduct harmed individuals in the United States who registered one or more Alexa-enabled devices ("Registrants") and caused them damage, in violation of the Washington Consumer Protection Act (the "Class Claim").  Amazon denies Plaintiffs' allegations, denies that it violated any laws, and asserts that Amazon disclosed—and Registrants consented to—the retention, transcription, human review, and use of the audio recordings, including false-wake recordings, to improve the Alexa service.

- On July 7, 2025, the Court determined that the Class Claim could proceed as a class action. This is not a determination about the merits of the Class Claim, only that Plaintiffs may pursue the Class Claim on behalf of the Class. Your legal rights and options are explained below.

- This communication is being made solely to provide notice that the Class has been certified and does not constitute notice of any result or outcome, for Plaintiffs or Defendants. The Court has not decided whether Defendants did anything wrong. There is no money available now, and no guarantee that there will be.

- Although you are receiving this Notice, you might not be a member of the Class.  If you are not a member of the Class, you do not need to take any action and your rights will not be affected.  However, if you are a Class Member, your legal rights are affected, and you have a choice to make now.

- **PLEASE NOTE: This is NOT a recall, safety, or other similar notice. No one is claiming that Alexa-enabled devices are unsafe or ineffective. This Notice is only for purposes of advising you of certain rights in this litigation.**

| YOUR LEGAL RIGHTS AND OPTIONS IF YOU ARE A CLASS MEMBER | |
|---|---|
| **DO NOTHING** | This option means that you will remain part of the Class and you will keep the possibility of getting money or benefits that may come from a trial or a settlement in this case, and you will be bound by any judgment, whether favorable or unfavorable, in this case. But you will give up all rights to be part of any other lawsuit that asserts claims related to the allegations or claims against Defendants in this case. |
| **EXCLUDE YOURSELF FROM THE CLASS** | This option allows you to exclude yourself from the Class and retain the right to file a lawsuit against Defendants asserting claims relating to the allegations in this case. If you exclude yourself, you will not be bound by any judgment, whether favorable or unfavorable, in this case, and will not share in any money or benefits obtained for the Class. The exclusion deadline is _____, 2026. |

**BASIC INFORMATION ABOUT THE LAWSUIT**

**1.    Who is in the Class?**

The Class certified by the Court (known as the "Class") is made up of the following people:

> **"All persons residing in the United States who registered one or more Alexa devices."**

The following people and entities are excluded from the Class: Defendants and their employees, officers, directors, legal representatives, heirs, successors, and wholly or partially owned subsidiaries or affiliated companies.

The Class definition and the scope of the Class Claim are subject to change by Court order, including pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**2.    What is the lawsuit about?**

Plaintiffs in the lawsuit claim that Alexa-enabled devices can record audio even when a user has not intentionally activated Alexa by saying a wake word (*e.g.*, "Alexa") or pressing a button.  Plaintiffs refer to these occurrences as "false wakes."  Plaintiffs allege that Amazon failed to disclose the rate of false wakes; that Alexa recordings are allegedly retained indefinitely, transcribed, and reviewed by humans; and/or that Amazon may use Alexa recordings for its own commercial gain. Plaintiffs allege that Amazon violated the Washington Consumer Protection Act's prohibition of unfair and deceptive trade practices and caused them damage.

**3.    What is Amazon's response?**

Amazon denies Plaintiffs' allegations, denies that it violated any laws, and asserts that Amazon disclosed—and Registrants consented to—the retention, transcription, human review, and use of the audio recordings, including false-wake recordings, to improve the Alexa service.

**4.    Has the Court decided who is right?**

The litigation is proceeding and, at this point, no court has found that Amazon engaged in any wrongdoing. By establishing the Class and issuing this Notice, no court has suggested that the Plaintiffs will win or lose this case.

**5.    What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The Class Representatives who sued—and all the Class Members like them—are called the "Plaintiffs." The companies and people they sued (in this case, Amazon) are called "Defendants." In a class action, one court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class or who are excluded by definition.

**6.    Why is this lawsuit a class action?**

The Court decided that the Class Claim can move forward as a class action because the Court concluded that the Class Claim meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, which governs class actions in United States courts.  The Class definition and the scope of the Class Claim are subject to change by Court order, including pursuant to Rule 23.

**7.    What is the current status of the lawsuit?**

The lawsuit is currently pending in the United States District Court for the Western District of Washington before United States District Judge Robert S. Lasnik. The case name is *Garner v. Amazon.com, Inc.*, and the civil action number is 2:21-cv-00750-RSL. Defendants have asked the Court to grant them summary judgment and to dismiss all remaining claims in the lawsuit, which Plaintiffs have opposed. Defendants and Plaintiffs have each moved to exclude the other's expert opinions.

The Court has not yet determined whether a trial is required in this case or whether any expert opinions will be excluded, and has not yet set a trial date. Once a trial date is set, the trial will take place in the United States District Court, Western District of Washington, located at 700 Stewart Street, Seattle, WA 98101. Any changes to the location of the trial or the setting of a trial date will be posted to the website www.AmazonAlexaClassAction.com. Plaintiffs will have to prove their claims at trial in order to recover any money. There is no guarantee that Plaintiffs will win or obtain money for the Class.

**8.    Is there any money available now?**

No money or benefits are available now because the case is not resolved. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to ask for a share. If the litigation is resolved, and you have not excluded yourself from the Class pursuant to this Notice, you may not be given another opportunity to do so.

## DETERMINING IF YOU ARE A MEMBER OF THE CLASS

**9.    I registered an Alexa-enabled device. How do I know if I am a member of the Class?**

You are a member of the Class if:

- You personally registered an Alexa device while residing in the United States, at any time.

- The following are *NOT* members of the Class:

   o  Defendants and their employees, officers, directors, legal representatives, heirs, successors, and wholly or partially owned subsidiaries or affiliated companies.

You do not need to have purchased the Alexa device; but you must have been the one who registered it.

## IF YOU DO NOTHING

**10.    What happens if I do nothing at all?**

If you do nothing, and you are a member of the Class, you will be bound by the outcome of the case, including any judgment that is rendered regarding the Class Claim, whether favorable or unfavorable to Plaintiffs or you. Unless you exclude yourself from the Class, you will not be able to file a future lawsuit or be part of any other lawsuit against Defendants asserting the claims and allegations raised in this case.

## EXCLUDING YOURSELF FROM THE CLASS

**11.    What does it mean to request to be excluded from the Class?**

If you do not want to be part of the Class and you want to keep your right to sue Defendants on your own, at your own expense, about the allegations and claims described in this Notice, then you must take steps to remove yourself from the Class. This is called excluding yourself, or "opting out" of the Class.

3

The Court will exclude any person who timely and validly asks to be excluded. If you exclude yourself, you will not be eligible to receive any payment from future settlements or judgments in this lawsuit, but you will not be bound by any judgment rendered in this case for or against Defendants.

**12.    How do I exclude myself from the Class?**

To exclude yourself from the Class, you must send a letter stating that you wish to be excluded from the Class in *Garner v. Amazon*, No. 2:21-cv-00750. You must include your name, address, email, telephone number, and signature. You cannot exclude yourself over the telephone.

You must mail your Request for Exclusion so that it is postmarked **on or before** █████ ██**, 2026,** to:



*Amazon Alexa Class Action*
Attn: Exclusions
c/o █████
P.O. Box █████
█████, ██ █████

You may also email your exclusion request to info@AmazonAlexaClassAction.com or submit your exclusion request on the case website at www.AmazonAlexaClassAction.com. Any email or website exclusion requests must also be submitted **on or before** █████ ██**, 2026 by 11:59 p.m. (Time Zone).**

**13.    If I don't exclude myself, can I sue later?**

No. Unless you exclude yourself, you give up the right to sue Defendants for the claims in this case. You must exclude yourself from the Class to be able to bring your own, separate lawsuit(s), at your own expense, against Defendants. Remember, the exclusion deadline is █████ ██**, 2026.** If the Action is resolved, you may not be given another opportunity to exclude yourself from the Class.

| THE LAWYERS REPRESENTING YOU |
| --- |

**14.    As a member of the Class, do I have a lawyer representing my interests in this Class Action?**

Yes. The Court has appointed lawyers to represent the members of the Class. These lawyers are called Class Counsel. The following lawyers are lead counsel in representing the Class:

| CLASS COUNSEL | |
| --- | --- |
| LABATON KELLER SUCHAROW LLP<br>140 Broadway<br>New York, NY  10005<br>(888) 219-6877 | ROBBINS GELLER RUDMAN &<br>DOWD LLP<br>225 NE Mizner Boulevard, Suite 720<br>Boca Raton, FL  33432<br>(800) 449-4900 |

**15.    How will the lawyers be compensated? Will the Class Representatives receive a service award?**

In the event of a judgment against Defendants after trial or by settlement, Class Counsel will ask the Court to award attorneys' fees and expenses to be paid from the trial award or settlement. They also may ask for service awards for the Class Representatives. The amount of these fees, costs, and awards, if any, will ultimately be determined by the Court. You will not otherwise be charged for Class Counsel's services.

**16.    Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on behalf of the Class. You may

hire your own lawyer to represent you if you wish. If you hire your own lawyer, he or she must file a Notice of Appearance. If you hire your own lawyer, you will have to pay for that lawyer on your own.

**GETTING MORE INFORMATION**

**17.    Where do I get more information?**

This Notice contains a summary of relevant Court papers. You can review relevant Orders and additional information about this case on the website www.AmazonAlexaClassAction.com. You may also contact the Administrator by mail, email, or [PHONE]. Complete copies of all public pleadings, Court rulings, and other filings in the case are available for review by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.wawd.uscourts.gov/cgi-bin/ShowIndex.pl, or visiting the office of the Clerk of the Court for the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CONTACT THE COURT TO INQUIRE ABOUT THIS CASE.

DATED: _____, 2026                BY ORDER OF THE UNITED STATES DISTRICT COURT
                                     WESTERN DISTRICT OF WASHINGTON

# EXHIBIT B

## NOTICE OF PENDENCY OF CLASS ACTION

## Registered an Amazon Alexa Device (*e.g.*, an Echo)?
## A Class Action Lawsuit May Affect Your Rights.

A class action lawsuit is pending in the United States District Court for the Western District of Washington (the "Court") against defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Defendants"). You may be a member of the Class and your Claim ID is noted in this email.

Plaintiffs claim that Amazon allegedly failed to disclose material information about Amazon's Alexa, including the rate at which Amazon recorded audio even when a user did not intentionally activate Alexa, referred to as "false wakes"; that Alexa recordings are allegedly retained indefinitely, transcribed, and reviewed by humans; and/or that Amazon may use Alexa recordings for its own commercial gain. Plaintiffs contend that Amazon's alleged conduct harmed individuals in the United States who registered one or more Alexa-enabled devices ("Registrants") and caused them damage in violation of the Washington Consumer Protection Act ("Class Claim"). Amazon denies that it violated any laws and asserts that Amazon disclosed—and Registrants consented to—the retention, transcription, human review, and use of the audio recordings, including false-wake recordings, to improve the Alexa service.

The Court has not made any determination as to who is right or whether Amazon did anything wrong, but the Court has decided that the Class Claim should proceed as a class action on behalf of a "Class."

## Does The Class Include Me?

The Class certified by the Court (known as the "Class") is:

**"All persons residing in the United States who registered one or more Alexa devices."**

These people and entities are excluded from the Class: Defendants and their employees, officers, directors, legal representatives, heirs, successors, and wholly or partially owned subsidiaries or affiliated companies.

You do not need to have bought the Alexa device, but you must have been the person who registered it.

## Is There Any Money Available Now?

No money or benefits are available now because the case is not resolved. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to ask for a share. Only members of the Class will be eligible for any money or benefits in the future.

## What Are My Options?

You can do nothing and remain in the Class. If you are a member of the Class, you will be bound by what happens in the case and by any judgment, whether favorable or unfavorable to Plaintiffs or you. If there is money or benefits in the future, you will be eligible for a recovery. You will not be able to file a future lawsuit or be part of any other lawsuit against Defendants asserting the claims and allegations raised in this case.

If you do not want to stay in the Class and you want to keep your right to sue Defendants on your own, at your own expense, about the claims and allegations in this case, then you must take steps to exclude yourself or "opt out" of the Class. If you exclude yourself, you will not be eligible to receive any money or benefits from future settlements or judgments in this lawsuit, but you will not be bound by any judgment in this case.

Instructions for excluding yourself from the Class are available at www.AmazonAlexaClassAction.com. You must act **on or before _____, 2026.**

## Do I Have A Lawyer?

Yes. The Court has appointed lawyers to represent members of the Class. These lawyers are called Class Counsel. The following lawyers are lead counsel for the Class:

| CLASS COUNSEL | |
|---|---|
| LABATON KELLER SUCHAROW LLP<br>140 Broadway<br>New York, NY  10005<br>(888) 219-6877 | ROBBINS GELLER RUDMAN &<br>DOWD LLP<br>225 NE Mizner Boulevard, Suite 720<br>Boca Raton, FL  33432<br>(800) 449-4900 |

If you want to be represented by your own lawyer, at your own expense, they must file a notice of appearance with the Court **no later than _____, 202___.**

## How Can I Get More Information?

For more information, including  a more detailed notice, instructions for submitting a request for exclusion, and relevant Court documents, please visit the website www.AmazonAlexaClassAction.com. You may also contact the Administrator by mail, email, or phone.



*Amazon Alexa Class Action*
c/o ▊▊▊▊
P.O. Box ▊▊▊▊
▊▊▊▊, ▊ ▊▊▊▊
[email]
[phone]

**PLEASE NOTE: This is NOT a recall or safety notice. No one is claiming that Alexa devices are unsafe or ineffective. This notice is only for purposes of advising you of certain rights in this litigation.**

**PLEASE DO NOT CONTACT THE COURT TO INQUIRE ABOUT THIS CASE.**

# EXHIBIT C

# Digital Creatives

*Garner v. Amazon.com, Inc.* | Notice of Pendency of Class Action

December 15, 2025



**NOTE**: All creatives displayed herein are for representative purposes only and may not be to scale. Some ads are built on responsive platforms and may not display all text in view based on placement, screen size, etc.

# Display

| | |
|---|---|
| **Display Text** | Registered an Amazon Alexa Device? A Class Action Lawsuit May Affect Your Rights. |
| | LEARN MORE |
| | AmazonAlexaClassAction.com |
| **Click-Through URL** | http://amazonalexaclassaction.com/ |

| 300x600 | 300x250 |
|---|---|





728x90



*Garner v. Amazon.com, Inc.*

# Meta Audience Network

| | |
|---|---|
| **Image Text** | Registered an Amazon Alexa Device? A Class Action Lawsuit May Affect Your Rights. |
| | LEARN MORE |
| | AmazonAlexaClassAction.com |
| **Headline** | Amazon Alexa Class Action |
| **Description** | Registered an Amazon Alexa Device? A Class Action Lawsuit May Affect Your Rights. |
| **Call to Action** | Learn more |
| **Website URL** | http://amazonalexaclassaction.com/ |
| ***URL as displayed*** | amazonalexaclassaction.com |

**Facebook Page**



\* Please note that the Facebook ad campaign requires a Facebook page be created. Posting/commenting features on the page itself are disabled; the only goal of the Facebook page is to direct individuals to the case website.

**Audience Network Ad**



