UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

        Plaintiffs,

    v.

AMAZON.COM, INC., *et al.*,

        Defendants.

CASE NO. 2:21-cv-00750-RSL

ORDER GRANTING IN PART DEFENDANTS' *DAUBERT* MOTION REGARDING TESTIMONY OF DAVID HOFFMAN

      This matter comes before the Court on "Amazon's Motion to Exclude Testimony of David Hoffman." Dkt. # 317. Defendants seek to exclude Mr. Hoffman's testimony regarding the sufficiency of Amazon's disclosures in its privacy policies, terms of use, and marketing materials as improper legal conclusion and/or an invasion of the province of the jury. They also argue that Mr. Hoffman lacks the expertise or any reliable foundation to opine regarding what individuals knew regarding how Alexa works or to opine regarding best practices for providing such information.[1]

      Federal Rule of Evidence 702 provides that expert testimony is admissible if:

---

[1] This matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.

ORDER GRANTING IN PART DEFENDANTS' DAUBERT
MOTION REGARDING TESTIMONY OF DAVID
HOFFMAN - 1

(1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.

*City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). As construed in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, Rule 702 tasks a district judge with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). Where an expert offers non-scientific testimony, "reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind" the testimony. *Porter v. Martinez*, 64 F.4th 1112, 1127 (9th Cir. 2023) (quoting *Daubert*, 509 U.S. at 594, and *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F. 3d 998, 1017 (9th Cir. 2004)). The analysis "should be applied with a 'liberal thrust' favoring admission." *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert*, 509 U.S. at 588).

> Ultimately, the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology. The court is a gatekeeper, not a fact finder. Accordingly, the district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury. If the proposed testimony meets the thresholds of relevance and reliability, its proponent is entitled to have the jury decide upon its credibility, rather than the judge. Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury. This Court has previously noted that shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.

ORDER GRANTING IN PART DEFENDANTS' DAUBERT
MOTION REGARDING TESTIMONY OF DAVID
HOFFMAN - 2

*Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (internal quotation marks, citations, and alterations omitted). "Basically, the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir. 2013).

David Hoffman is the Steed Family Professor of the Practice of Cybersecurity Policy at the Sanford School of Public Policy at Duke University. Professor Hoffman has advised employers and other organizations regarding the use of consumer data, cybersecurity, privacy, and data governance. While employed by Intel Corporation, Professor Hoffman was the Director of Privacy, overseeing privacy issues related to the data Intel collected, processed, and used and Intel's products. He has authored internet privacy policies and terms of use documents for corporations and served on governmental advisory boards tasked with considering issues related to the effective provision of information about the collection of personal data by devices. In addition, Professor Hoffman oversaw industry efforts to create a certification process for companies with responsible data management practices, including efforts to adequately disclose data collection and use practices through privacy policies.

Experts are permitted to opine on industry standards and best practices based on their experience in the relevant field. *See, e.g.*, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004); *Snead v. Wright*, 625 F. Supp. 3d 936, 940 (D. Alaska 2022); *Sec. & Exch. Comm'n v. Frost*, No. 819CV01559JLSJDE, 2021 WL

ORDER GRANTING IN PART DEFENDANTS' DAUBERT
MOTION REGARDING TESTIMONY OF DAVID
HOFFMAN - 3

6103551, at *6 (C.D. Cal. Nov. 15, 2021). They may also testify to an opinion that embraces an ultimate issue of fact that is to be decided by the jury. Fed. R. Ev. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."). Courts are not, however, willing to allow an expert to express a legal opinion as to the ultimate legal issue, such as whether a party violated a specific law, or to couch their opinions in judicially defined or specialized legal terms that essentially track the elements of a cause of action. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *Garcia v. Vitus Energy, LLC*, 605 F. Supp. 3d 1179, 1184–85 (D. Alaska 2022); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 558 (C.D. Cal. 2014); see also Fed. R. Civ. P. 702(a) (limiting the admissibility of expert opinions to situations that "will help the trier of fact to understand the evidence or to determine a fact in issue").[2]

      The Court finds that Professor Hoffman has the necessary experience to opine regarding industry standards and best practices for providing notice to consumers or users that data is being collected and how it will be used.[3] He also has the expertise to compare Amazon's policies, practices, and disclosures to the industry standards, to identify in what way Amazon's practices are deficient, and explain how the deficiency or deficiencies

---

[2] Prior to 2011, Fed. R. Ev. 704(a) provided that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue *to be decided by the trier of fact*." The italicized language was deleted as part of a general restyling of the rules of evidence. The deletion was described as "stylistic only" with "no intent to change any result in any ruling on evidence admissibility." Fed. R. Ev. 704 advisory committee's note to 2011 amendment.

[3] While Amazon may be able to convince the jury that Professor Hoffman's testimony regarding best practices should be ignored because he is unable to state exactly how long a privacy policy should be in all situations and/or he failed to compare Amazon's policy to those of Google or Apple, those arguments go to the weight of the evidence rather than its admissibility.

ORDER GRANTING IN PART DEFENDANTS' DAUBERT
MOTION REGARDING TESTIMONY OF DAVID
HOFFMAN - 4

would impact a reasonable consumer's understanding of how Alexa works. For example, Professor Hoffman would be permitted to testify that the industry standard or best practice for privacy policies is to keep them short, to use plain language, and to make them readily accessible, that Amazon's privacy policy did not satisfy these criteria, that its complexity and length would require users to commit hours to studying the policy (assuming it could be found), and that the end result is that users would likely not bother to read the privacy policy at all and would therefore not see the disclosures contained therein. Similarly, Professor Hoffman would be permitted to testify regarding best practices for providing just-in-time notices, that Amazon's practices fall short, and the impact that choice would have on a reasonable consumer's understanding of how Alexa works.

      In two important respects, however, Professor Hoffman's opinions are not supported by any knowledge, skill, experience, training, or education he may have. First, with regards to his opinion that Amazon's marketing materials are inconsistent with and countermand the disclosures made in the privacy policy, Professor Hoffman does not suggest that the universe of representations are subject to or violate any industry standard or best practice. Thus, his area of expertise does not inform this opinion. Nor is there any reason to suspect that his opinion regarding the interactions between documents would be helpful to the trier of fact. Reviewing Amazon's public statements regarding how Alexa works and determining whether those statements are inconsistent, confusing, unfair, or deceptive requires no scientific, technical, or other specialized knowledge and can be undertaken by the jury without Professor Hoffman's assistance.

ORDER GRANTING IN PART DEFENDANTS' DAUBERT
MOTION REGARDING TESTIMONY OF DAVID
HOFFMAN - 5

      Second, Professor Hoffman's conclusion that a user or group of users did not, in fact, understand how Alexa works or did not consent to the recording of their voice data is not supported by any surveys, interviews, research, or studies. There is no indication that Professor Hoffman has relevant experience or training that would allow him to opine on what Alexa users, individually or collectively, actually knew given the disparate sources of information regarding the Alexa device. While his experiences in evaluating privacy policies and establishing best practices for alerting consumers when and why their personal data is being collected necessarily involves an understanding of how the typical or reasonable consumer would react to and understand different practices, that is not the same as opining what a particular person or group of persons actually knew or understood. *See Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 972 (N.D. Cal. 2019).

      Finally, Professor Hoffman will not be permitted to testify regarding opinions that were not included in his report, such as that Amazon shares Alexa data with third-parties or that Amazon created its disclosures with the intent to mislead consumers. He may, however, opine on facts that may be relevant to the jury's understanding of Amazon's practices and intentions.

//

//

ORDER GRANTING IN PART DEFENDANTS' DAUBERT
MOTION REGARDING TESTIMONY OF DAVID
HOFFMAN - 6

For all of the forgoing reasons, defendants' *Daubert* motion regarding Professor Hoffman's opinions is GRANTED in part and DENIED in part.

Dated this 5th day of January, 2026.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge