UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

               Plaintiffs,

      v.

AMAZON.COM, INC., *et al.*,

               Defendants.

CASE NO. 2:21-cv-00750-RSL

ORDER GRANTING IN PART PLAINTIFFS' *DAUBERT* MOTION REGARDING TESTIMONY OF LORIN HITT

This matter comes before the Court on "Plaintiffs' Motion to Exclude Defendants' Proffered Expert Report, Opinion, and Testimony of Lorin Hitt." Dkt. 418. Plaintiffs seek to exclude Dr. Hitt's opinions because (a) they do not rebut the opinions offered by plaintiffs' experts and are untimely, (b) they are not supported by relevant experience, knowledge, or expertise, and (c) they are unreliable.[1]

Federal Rule of Evidence 702 provides that expert testimony is admissible if:

> (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts

---

[1] This matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 1

or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.

*City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). As construed in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, Rule 702 tasks a district judge with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). Where an expert offers non-scientific testimony, "reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind" the testimony. *Porter v. Martinez*, 64 F.4th 1112, 1127 (9th Cir. 2023) (quoting *Daubert*, 509 U.S. at 594, and *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F. 3d 998, 1017 (9th Cir. 2004)). The analysis "should be applied with a 'liberal thrust' favoring admission." *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert*, 509 U.S. at 588).

> Ultimately, the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology. The court is a gatekeeper, not a fact finder. Accordingly, the district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury. If the proposed testimony meets the thresholds of relevance and reliability, its proponent is entitled to have the jury decide upon its credibility, rather than the judge. Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury. This Court has previously noted that shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.

*Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (internal quotation marks, citations, and alterations omitted). "Basically, the judge is supposed to screen the

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 2

jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir. 2013).

Dr. Hitt has decades of experience teaching and researching "the economics of consumer behavior, firm organization, and market structure, with particular emphasis on the role of information on pricing, performance, and competition." Dkt. 300 at ¶ 1. He received his Bachelor and Master of Science degrees in electrical engineering from Brown University in 1988 and 1989, respectively, with a Ph.D. in management from MIT in 1996 that focused on economics and statistics. He is a professor in the Information Strategy and Economics Group of the University of Pennsylvania, Wharton School. Dr. Hitt has written on the pricing and management of information products/services,[2] the influence of information on consumer behavior in the online retail sphere, and how privacy concerns influence consumer choices. He has also been involved in consumer class actions, using various modeling techniques to measure economic injury, particularly in class actions involving data security incidents and the misuse of personal information. As described in his report, Dr. Hitt uses his experience and expertise in economics, a review of "online materials related to Alexa Devices, legal pleadings, deposition testimony, produced documents and data, and other publicly available materials," and the reports and deposition

---

[2] More specifically, Dr. Hitt asserts that he has "prior experience evaluating the value of products and product features in information goods and services such as software, online travel platforms, operating systems, and information security services; information technology hardware products such as smartphones, tablets, memory devices, microprocessors, communications chips, cloud storage services, and personal computers; and other products such as cosmetics, automobiles, and flat panel televisions." Dkt. 300 at ¶ 6.

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 3

testimony of plaintiffs' experts to assess whether plaintiffs can show that they suffered economic harm in this case and that such harm can be proven through common, class-wide evidence. Dkt. 300 at ¶¶ 26-27.

## A. Improper Rebuttal

Plaintiffs assert that certain paragraphs of Dr. Hitt's report (¶¶ 29, 34 n.61, 37, 74, 77, 81–82, 99–100, 104–07, 111–12) offer affirmative opinions about issues not addressed by plaintiffs' experts. No further analysis or argument is provided. A review of the first paragraphs identified by plaintiffs shows that Dr. Hitt is critiquing the reports, analysis, and deposition testimony of Professor Hoffman, Mr. Hochman, and Dr. Egelman. The Court declines to perform the comparative analysis eschewed by plaintiffs.

## B. Knowledge and Expertise

### 1. Legal Conclusions

Plaintiffs' object to Dr. Hitt's assertion that "[e]stablishing harm, if any, to members of the Putative Classes would require individualized inquiry" including the evaluation of whether each class member knew that Amazon retained and used voice recordings, whether each class member was concerned that Amazon retained and used voice recordings, and whether each class member experienced false wakes, arguing that Dr. Hitt is not qualified to opine on what the law requires to state an invasion of privacy or intrusion upon seclusion claim. Dkt. 418 at 8. The objection is overruled. Dr. Hitt is an economist with experience and expertise in the impacts of information and privacy concerns on consumer behavior. He also has experience modeling and measuring damages

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 4

in consumer class actions. While causation/reliance may be presumed for purposes of a CPA claim where the act or conduct at issue is an omission, the presumption is rebuttable and it may not apply to all of the causes of action asserted by plaintiffs in this case. *See* Dkt. 492 at 27. Dr. Hitt's opinion that causation and/or damages cannot be accurately determined in this case without considering individualized factors is within his area of expertise and is a legitimate avenue through which to critique plaintiffs' damages theory.

### 2. Hardware and Computer Processing Opinions

Dr. Hitt offers opinions regarding the technical difficulties Amazon would face in trying to reduce the number of false wakes and the hidden costs of preventing Amazon from relying on and utilizing the voice recordings of Alexa users. Dkt. 300 at ¶¶ 76, 79, and 131-32. Dr. Hitt studies "markets generally and markets for personal information specifically." Dkt. 458 at 8. While his expertise and knowledge arguably form a basis for modeling the market for voice recordings (including demand, pricing, and the impact of the seller's privacy concerns), they are inadequate to support opinions regarding hardware requirements and software limitations or trade-offs. Nor does his regurgitation of "academic literature" serve any purpose or form the basis of any opinion that is within his knowledge and expertise. Dr. Hitt may not, therefore, testify to the concepts presented in Dkt. 300 at ¶¶ 76, 79, and 131-32.

### 3. Markets and Valuation

Plaintiffs argue that Dr. Hitt lacks the necessary qualifications to opine regarding the market for voice recordings and that his degrees in economics have no bearing on this

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 5

case. These arguments are unpersuasive given his experience, expertise, and curriculum vitae, and plaintiffs abandoned them in reply. While plaintiffs are free to argue that Dr. Hitt's opinions should be discounted because they are based on his experiences with products and product features other than voice recordings, challenges to the weight of the testimony must be resolved by the fact finder.

## C. Reliability and Relevance

Plaintiffs argue that Dr. Hitt has failed to cite to reliable data or sources in support of his opinions or, if the data and sources are reliable, they do not support his conclusions.

### 1. Use of a Research Team

Plaintiffs' object to Dr. Hitt's use of a research team from Cornerstone Research to assist in the collection and analysis of documents. An expert's use of support staff, be they Ph.D. students, employees, or a third-party, in the preparation of a report is neither unusual nor prohibited. Plaintiffs argue, however, that Dr. Hitt had nothing to do with the selection or review of the documents on which his report relies and that his proffered opinions are therefore unsupported by any facts or evidence. This argument ignores significant portions of Dr. Hitt's deposition testimony and misquotes others. The actual testimony shows that, after consultations with counsel and Cornerstone Research, Dr. Hitt outlined an initial report, identified relevant documents, and indicated areas where additional support and analysis were needed. Dkt. 456 at 5-6. While Cornerstone Research was free to obtain other documents to support the requested analyses, the report was prepared under Dr.

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 6

Hitt's direction, using an iterative process, and he reviewed any documents on which the report relies. Dkt. 456 at 5-7. Plaintiffs' objection is overruled.

**2. Failure to Conduct Independent Research or Identify Supporting Evidence**

Plaintiffs argue that Dr. Hitt's opinions regarding consumers' privacy preferences should be excluded because (a) he failed to conduct his own research and (b) the sources on which he relies are irrelevant or contradict his conclusions. Dr. Hitt opines that "consumers (in aggregate) do not appear to materially change their behavior when information about Amazon's retention and use of Alexa Recordings became more available." Dkt. 300 at ¶ 30. As support, he cites the deposition testimony of the named plaintiffs (some of whom acknowledge that they continued using Alexa and made no effort to delete their voice recordings even after becoming aware of Amazon's recording, review, and use activities), a comparison of periods of intensive media coverage of Amazon's activities versus consumer use and purchases (showing no or limited correlation), and research reflecting the "privacy paradox." Dr. Hitt then applied a "revealed preferences" analysis to conclude that the behavior surrounding consumer use of Alexa devices – separate and apart from what consumers say – reveals the real extent of consumers' privacy concerns and the value users assign their voice recordings. That there are sources that dispute the existence of the "privacy paradox" and data showing that some portion of consumers do, in fact, take steps to protect their privacy goes to the weight of the evidence, not its admissibility. While Dr. Hitt's conclusions regarding consumer preferences are not unassailable, "[s]haky but admissible evidence is to be attacked by cross examination,

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 7

contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), as amended (Apr. 27, 2010).

Dr. Hitt also responds to Mr. Hochman's use of historical cost data to value the voice recordings at issue in this litigation. He hypothesizes about the circumstances in which those earlier recordings were gathered and the other data and services that may have been received for the specified amounts, then criticizes Mr. Hochman for failing to take those hypothesized circumstances into account. Dkt. 300 at ¶¶ 70-71. There is no evidence cited in support of Dr. Hitt's list of possibilities. Unless and until evidence is admitted showing that Amazon's historical cost data reflects money offered to research subjects in a lab-like environment and/or included charges for extraneous technologies or services, Dr. Hitt's critique of Mr. Hochman's valuation is speculative, unsupported, and inadmissible.

**3. Analytical Gaps and Internal Inconsistencies**

Plaintiffs argue that Dr. Hitt's opinions regarding consumer privacy preferences are inadmissible because the studies he relies upon relate to other forms of personal information disclosed in other contexts. Dkt. 418 at 13. Those studies are used to support the proposition that there is a "privacy paradox" between what individuals say they intend to or are willing to disclose and their actual behavior. Plaintiffs do not explain why the cited studies are insufficient for that purpose. Again, while Dr. Hitt's reliance on these studies may be subject to criticism, "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564.

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 8

Dr. Hitt's opinions regarding consumer privacy preferences are partly based on his analysis of media coverage between 2014 and 2024 regarding how Alexa works and whether there was a change in the number of users or purchases during periods of intensive coverage. Plaintiffs point out the superficiality of this analysis: Dr. Hitt searched "major" news and business publications on "Factiva" for articles that mention "Alexa" and/or "Echo" in conjunction with a wide range of marginally relevant "keywords." He then reviewed the headlines of the 4,995 hits and excluded articles that seemed to be unrelated to false wakes or Amazon's retention/use of voice recordings. Once periods of heightened media coverage were identified, Dr. Hitt (or his team) attempted to identify what precipitated the coverage and included an example quotation in the chart at Figure 2 of his report.[3] As long as Dr. Hitt refrains from suggesting that all of the practices and conduct about which plaintiffs complain were disclosed in the articles represented in Figure 2, plaintiffs' other criticisms of his analysis go to the weight of the testimony rather than its admissibility.

For all of the forgoing reasons, plaintiffs' *Daubert* motion regarding Dr. Hitt is GRANTED in part and DENIED in part. Dr. Hitt may not testify regarding the technical difficulties Amazon would face in trying to reduce the number of false wakes or the hidden costs of preventing Amazon from relying on and utilizing the voice recordings of Alexa

---

[3] With regards to the number of users or purchases in periods when media coverage regarding Alexa was at a peak, Dr. Hitt acknowledged that the data cited would not account for the possibility that consumers who stopped using Alexa were replaced by an equivalent number of new users.

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 9

users. Nor may Dr. Hitt criticize Mr. Hochman's use of historical cost data to value the voice recordings at issue unless and until the facts underlying that criticism are introduced into evidence.

Dated this 30th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS' DAUBERT
MOTION REGARDING TESTIMONY OF LORIN HITT - 10