UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

     Plaintiffs,

   v.

AMAZON.COM, INC., *et al.*,

     Defendants.

CASE NO. 2:21-cv-00750-RSL

ORDER DENYING PLAINTIFFS' *DAUBERT* MOTION REGARDING TESTIMONY OF RICHARD STERN AND TAKING CERTAIN MATTERS UNDER ADVISEMENT

  This matter comes before the Court on "Plaintiffs' Motion to Exclude Testimony of Richard Stern." Dkt. # 405.[1] Plaintiffs seek to exclude Dr. Stern's opinions that "[e]rrors are inevitable in all statistical decision-making systems based on speech input," that "[n]ot all Alexa voice recordings are personally identified," and that "Alexa-enabled devices cannot selectively process and store only the voices of Registrants." Dkt. 299 at ¶¶ 13-15. These opinions have been offered to rebut Dr. Serge Egelman's assertion that individuals can be personally identified from their voice recordings and Jonathan Hochman's opinion

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER DENYING PLAINTIFFS' DAUBERT MOTION
REGARDING TESTIMONY OF RICHARD STERN AND
TAKING CERTAIN MATTERS UNDER ADVISEMENT - 1

that Alexa could have been designed to capture the voices of only registered users. Dkt. 442 at 4.[2] Plaintiffs argue that Dr. Stern offers affirmative opinions that cannot fairly be characterized as rebuttal, that he failed to consider the materials and authorities on which Dr. Egelman and Mr. Hochman relied when developing their opinions, and that he failed to use any methodology or do any research to substantiate his affirmative opinions.

Federal Rule of Evidence 702 provides that expert testimony is admissible if:

> (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.

*City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). As construed in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, Rule 702 tasks a district judge with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). Where an expert offers non-scientific testimony, "reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind" the testimony. *Porter v. Martinez*, 64 F.4th 1112, 1127 (9th Cir. 2023) (quoting *Daubert*, 509 U.S. at 594, and *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F. 3d 998, 1017 (9th Cir. 2004)). The analysis "should be applied

---

[2] Dr. Egelman opines that voice recordings are personally-identifiable information because the speaker can be identified if the listener recognizes his or her voice, voice recordings can be matched even if the speaker is unknown, and voices, like fingerprints and retinal scans, are bio-metrics. Dkt. 324 at ¶¶ 47-48. Mr. Hochman opines that it is technologically feasible for products to not record a voice that is not registered or recognized. Dkt. 314 at ¶ 99.

ORDER DENYING PLAINTIFFS' DAUBERT MOTION
REGARDING TESTIMONY OF RICHARD STERN AND
TAKING CERTAIN MATTERS UNDER ADVISEMENT - 2

with a 'liberal thrust' favoring admission." *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert*, 509 U.S. at 588).

> Ultimately, the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology. The court is a gatekeeper, not a fact finder. Accordingly, the district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury. If the proposed testimony meets the thresholds of relevance and reliability, its proponent is entitled to have the jury decide upon its credibility, rather than the judge. Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury. This Court has previously noted that shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.

*Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (internal quotation marks, citations, and alterations omitted). "Basically, the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir. 2013).

Dr. Stern is a Professor of Electrical and Computer Engineering at Carnegie Mellon University whose main areas of research and study have been automatic speech recognition, auditory perception, signal processing, and acoustics. Dkt. 299 at ¶¶ 4-5. Plaintiffs do not challenge Dr. Stern's qualifications or expertise in the area of voice recognition systems.

## A. Rebuttal Nature of Report

Plaintiffs cite to twenty paragraphs of Professor Stern's rebuttal report as support for their assertion that he has presented arguments and opinions that should have been anticipated and presented by the initial expert disclosure deadline. No specific examples or discussion is provided. As a general matter, the opinions offered by Professor Stern rebut the opinions of Dr. Egelman and Mr. Hochman. The addition of background information supporting the rebuttal opinions does not make the report improper or untimely. Plaintiffs abandoned this argument in reply.

## B. Sufficiency of Facts and Data

Plaintiffs seek to exclude Dr. Stern's opinions because he did not review the deposition transcripts of Dr. Egelman or Mr. Hochman, the exhibits attached to those transcripts, or the authorities cited in their expert reports. The standard for the admissibility of expert testimony is whether it is based on sufficient facts and data. There is no requirement that an expert address every argument made or authority cited by the opposing expert, nor is the relevant universe of facts or data in any way limited by what the opposing expert considered. Dr. Stern's assignment was to rebut the opinions offered by plaintiffs' experts, not to distinguish the evidence or rebut the specific studies on which their opinions rely. As long as the rebuttal opinions are sufficiently based on the facts of the case and the experience/expertise of the witness, they would be considered relevant and may be helpful to the jury. Plaintiffs have not shown that Dr. Stern's opinions, which rely

ORDER DENYING PLAINTIFFS' DAUBERT MOTION
REGARDING TESTIMONY OF RICHARD STERN AND
TAKING CERTAIN MATTERS UNDER ADVISEMENT - 4

on data regarding how Alexa works, its Voice ID capabilities, and his own experience and expertise, run afoul of this basic requirement.

To the extent plaintiffs argue that Professor Stern misstates or exaggerates the opinions of Dr. Egelman and/or Mr. Hochman to create straw men that are easier to rebut, the relevancy and helpfulness objections may have some merit and are taken under advisement. Plaintiffs' experts did not, for example, opine that Alexa's voice identification system could identify any person in the world. Unless Dr. Egelman or Ms. Hochman were to offer such an opinion at trial or to suggest that Alexa has such capabilities, Dr. Stern's contrary opinion (Dkt. 299 at ¶ 34) is unhelpful and irrelevant.

**C. Reliability**

Plaintiffs argue that Dr. Stern's opinions are unreliable because he did nothing to independently review, investigate, or understand the voice recording system on which he opines. An expert offering non-scientific opinions must use the "same level of intellectual rigor" an expert would use in the relevant field. *Kumho Tire*, 526 U.S. at 152. Plaintiffs do not explain why Dr. Stern's opinions required a review of the code, algorithms, or models that make up Alexa. He primarily relies on Amazon employees' descriptions of how Alexa works and applies his knowledge of and experiences with speech variability, automated speech recognition technologies, and pattern classification systems to reach the conclusions to which plaintiffs object. If Dr. Stern's understanding of how Alexa works is faulty or his description of pattern classification systems is incorrect, such defects can be

ORDER DENYING PLAINTIFFS' DAUBERT MOTION
REGARDING TESTIMONY OF RICHARD STERN AND
TAKING CERTAIN MATTERS UNDER ADVISEMENT - 5

shown through cross-examination and would go to the weight of the testimony, not its admissibility.

For all of the forgoing reasons, plaintiffs' *Daubert* motion regarding Dr. Stern's opinions is DENIED, with the relevance and helpfulness objection taken under advisement as discussed above.

Dated this 30th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' DAUBERT MOTION
REGARDING TESTIMONY OF RICHARD STERN AND
TAKING CERTAIN MATTERS UNDER ADVISEMENT - 6