UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAELI GARNER, *et al.*,

                Plaintiffs,

      v.

AMAZON.COM, INC., *et al.*,

                Defendants.

CASE NO. 2:21-cv-00750-RSL

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF NEDIM FRESKO

This matter comes before the Court on "Plaintiffs' Motion to Exclude Testimony of Nedim Fresko." Dkt. # 409.[1] Plaintiffs seek to strike Mr. Fresko's declaration on the ground that he was not adequately disclosed as a fact witness, was not designated as an expert or Rule 30(b)(6) witness, and lacks personal knowledge of the matters discussed in his declaration. Amazon argues that the motion is untimely and violates LCR 7(g). It also asserts that Mr. Fresko has sufficient personal knowledge to offer high-level testimony regarding how Alexa works and how Alexa users agree to Amazon's terms and conditions through his work on the design, testing, integration, and user experience of Alexa-enabled devices. Having reviewed the memoranda, declarations, and exhibits submitted, the Court finds as follows:

---

[1]   This matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
EXCLUDE TESTIMONY OF NEDIM FRESKO - 1

(1) Although plaintiffs' motion is not entirely consistent with LCR 7(g), defendants' objections to the timing of this motion are overruled. Plaintiffs timely raised their objections in the context of both the class certification and summary judgment motions. Because a full explication of the alleged inconsistencies between Mr. Fresko's deposition testimony and his declaration could not be accomplished within the confines of a reply or response memorandum, the Court will consider this separate motion on the merits.

(2) Mr. Fresko was adequately disclosed as a fact witness.

(3) Defendants have not identified Mr. Fresko as an expert or as a Rule 30(b)(6) witness. His testimony must, therefore, be based on his personal knowledge. Fed. R. Ev. 602. "Under Rule 602, a 'witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.' Personal knowledge means knowledge produced by the direct involvement of the senses." *U.S. v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) (citing 3 Mueller & Kirkpatrick, Federal Evidence § 6.6 (3d ed. 2012)). *See also Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.").

(4) At the time Alexa launched, Mr. Fresko's team was tasked with integrating software components developed by other teams (*e.g.*, components for speech recognition and wake word detection) into the Alexa device and ensuring that the components worked seamlessly in the final product. Dkt. 440-1 at 4-5 (Fresko Dep. Tr.). In that role, Mr. Fresko would have been familiar with known and anticipated issues like false wakes: otherwise his team would flag as problems things that were inherent in the software and product. Dkt. 440-1 at 9-10 and 40-41. He also would have overseen the hardware implementation of desired functions, such as a mute button, and discussions regarding those functions. Dkt. 440-1 at 35-36. As part of product design, his team determined when and how the privacy policies and other disclosures would be presented to the user. Dkt.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
EXCLUDE TESTIMONY OF NEDIM FRESKO - 2

440-1 at 37-39. At some point after Alexa's launch, Mr. Fresko took over management of the Alexa Devices and Developer Technologies team ("ADDT"), which includes responsibility for (1) the software development kit third parties use to produce "3P skills" or experiences, (2) the low-level software and cloud software on which Echo devices operate, (3) Echo management, sales, and marketing, and (4) the software that goes into Alexa applications and Echo Show. Dkt. 440-1 at 14-16. To the extent Mr. Fresko's declaration is based on the above-described experiences, interactions, and responsibilities, it is based on personal knowledge, and plaintiffs' objections are overruled.

(5) Mr. Fresko's declaration is not, however, based entirely on information and knowledge that he gained as part of his job responsibilities. Rather, it appears that Mr. Fresko was given "records that Amazon keeps in the ordinary course of business and were provided to [him] by teams at Amazon" and that a review of these records forms the basis for some unspecified portion or portions of his declaration. Dkt. 298 at 2. To the extent Mr. Fresko has simply reviewed corporate records for litigation purposes, his summary and regurgitation of the content of the records is inadmissible. To find otherwise would eviscerate basic requirements of admissibility, such as personal knowledge and authentication, and run afoul of the hearsay rules.

An employee who authored, received, or used corporate records in furtherance of his or her work assignments[2] generally has personal knowledge of the documents (or type of documents) and is well-placed to testify that they are what they are claimed to be. Fed. R. Ev. 901(b)(1). Authenticity can also be established by the "appearance, contents,

---

[2] Defendants rely on cases saying that personal knowledge can be based on a review of documents. In the cases that provide details regarding the witness and documents, however, the witness' job titles and duties generally establish sufficient personal knowledge of the relevant policies, records, and/or data to permit testimony regarding the corporate documents reviewed. *See, e.g., Oatway v. Experian Info. Solutions, Inc*., 2:24-cv-00523-LK, 2024 WL 4879822, at *4 (W.D. Wash. Nov. 25, 2024) (witness attached and authenticated the documents relied upon, and his job title and duties were deemed sufficient to establish personal knowledge regarding the steps a customer takes to open an account).

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
EXCLUDE TESTIMONY OF NEDIM FRESKO - 3

substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Ev. 901(b)(4). In this case, Mr. Fresko has not attached to his declaration the documents he reviewed, making it impossible to evaluate their characteristics as indicia of authenticity. Nor is there any way to confirm that the corporate records Mr. Fresko was given "by teams at Amazon" were in any way related to his job responsibilities. While it is common for a witness to establish through his own testimony and/or through inferences arising from his job responsibilities that a document is authentic, no inference of authenticity arises here where Mr. Fresko seemingly acknowledges that his only connection to the undisclosed documents is that they were provided to him for litigation purposes.

Even if the Court were to assume that Mr. Fresko reviewed authentic documents, defendants are essentially attempting to admit the contents of the documents by having Mr. Fresko summarize them, substituting his testimony for the documents themselves. In this context, Mr. Fresko is offering the out-of-court statements made and recorded by someone else for the truth of the matters asserted therein, in violation of Federal Rule of Evidence 802. Although defendants repeatedly refer to these documents as business records, they make no effort to show that they qualify for the business records exception to the hearsay rule, Rule 803(6).

(6) The question, then, is what portions of Mr. Fresko's declaration are based solely on his review of unauthenticated documents and his hearsay summary thereof? Plaintiffs identify specific topics covered in the declaration that stumped Mr. Fresko at a deposition, taken less than nine months earlier. Having reviewed Mr. Fresko's deposition testimony and the subsequent declaration, the Court agrees that there are certain topics, such as the artificial intelligence team's goals and targets for false wakes and streaming volume and/or the details of Amazon's cloud-side wake work verification system work, for which personal knowledge has not been established.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
EXCLUDE TESTIMONY OF NEDIM FRESKO - 4

For all of the forgoing reasons, plaintiffs' motion to exclude the testimony of Mr. Fresko is GRANTED in part and DENIED in part. In ruling on defendants' motion for summary judgment, the Court has not considered testimony for which personal knowledge cannot be inferred.

Dated this 30th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
EXCLUDE TESTIMONY OF NEDIM FRESKO - 5